IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION<br><br>This Document Relates To:<br>In re MFS<br>    04-md-15863-04 | MDL 1586<br>Case No. 04-MD-15863<br>(Judge J. Frederick Motz) |
| BRUCE RIGGS, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br>v.<br><br>MASSACHUSETTS FINANCIAL SERVICES COMPANY, et al.<br><br>                    Defendants. | Case No. 04-cv-01162-JFM |

## AMENDMENT BY INTERLINEATION OF THE
## CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), the City of Chicago Deferred Compensation Plan amends paragraphs 262 and 263 of its Consolidated Amended Class Action Complaint to read as follows:

> 262. The defendants named herein acted as controlling persons of the Registrants within the meaning of Section 20(a) of the Exchange Act for the reasons alleged herein. By virtue of their operational and management control of the Registrants' respective businesses and systematic involvement in the fraudulent scheme alleged herein, the defendants named in this Count each had the power to influence and control and did influence and control, directly or indirectly, the decision making and actions of the Registrants, including the content and dissemination of the various statements which Lead Plaintiff contends are false and misleading. MFS had the ability to prevent the issuance of the

statements alleged to be false and misleading or cause such statements to be corrected.

263.  In particular, each of the defendants named herein had direct and supervisory involvement in the operations of the Registrants and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

Pursuant to Local Rule 103(6)(c), a copy of the amended paragraphs in which the stricken material has been lined through and new material has been underlined is attached as Exhibit 1.

Dated:  December 7, 2004

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

_____/s/_____
ALAN SCHULMAN
ROBERT S. GANS
TIMOTHY A. DeLANGE
JERALD D. BIEN-WILLNER
12544 High Bluff Drive, Suite 150
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
        -and-
J. ERIK SANDSTEDT
JOSEPH A. FONTI
1285 Avenue of the Americas
New York, New York 10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444
*Lead Counsel*

Dated:  December 7, 2004

TYDINGS & ROSENBERG LLP

_____/s/_____
WILLIAM C. SAMMONS, Fed Bar No. 02366
JOHN B. ISBISTER, Fed Bar No. 00639
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Tel:    (410) 752-9700
Fax:    (410) 727-5460
*Liaison Counsel*

## Exhibit 1

262. The defendants named herein acted as controlling persons of the ~~MFS Funds~~ Registrants within the meaning of Section 20(a) of the Exchange Act for the reasons alleged herein. By virtue of their operational and management control of the ~~MFS Funds'~~ Registrants' respective businesses and systematic involvement in the fraudulent scheme alleged herein, the defendants named in this Count each had the power to influence and control and did influence and control, directly or indirectly, the decision making and actions of the ~~MFS Funds~~ Registrants, including the content and dissemination of the various statements which Lead Plaintiff contends are false and misleading. MFS had the ability to prevent the issuance of the statements alleged to be false and misleading or cause such statements to be corrected.

263. In particular, each of the defendants name~~s~~d herein had direct and supervisory involvement in the operations of the ~~MFS Funds~~ Registrants and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.