IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| IN RE ALGER, COLUMBIA, JANUS, MFS, ONE GROUP and PUTNAM | Civil Nos. 04-MD-15863 (JFM)<br>(Hon. J. Frederick Motz) |
| This Document Relates to: | |
| JANUS FUNDS SUB-TRACK | Civil No. 04-cv-15863-03 (D. Md.) |
| *Steinberg et al. v. Janus Capital Management LLC et al.* | Civil Nos. 04-cv-00518 (D. Md.) |

## TOLLING AGREEMENT

THIS AGREEMENT is made and entered into by and between the Named Plaintiffs, on the one hand, and Haidar Capital Management LLC (the "Tolled Party"), on the other hand, in consideration of the mutual exchange of covenants and promises contained herein.

THE NAMED PLAINTIFFS AND THE TOLLED PARTY AGREE AS FOLLOWS:

1. The running of all Limitations Periods applicable to any Claim(s) that the Named Plaintiffs may have against the Tolled Party will be interrupted, suspended, and deemed to have been tolled as of the date of this Tolling Agreement for a period of five (5) years from the date of this Agreement (the "Tolled Period"), and all statutes of limitations which were tolled by

virtue of the naming of the Tolled Party in the existing derivative complaints are also preserved through the end of the Tolled Period. Any Limitations Periods applicable to any Claims that the Named Plaintiffs may have against the Tolled Party, which have not run, elapsed, or expired prior to the Effective Date shall resume running (unless otherwise interrupted, suspended, or tolled by operation of law) thirty (30) days after the mailing of written Notice of termination of this Agreement by any Party to this Agreement or by Counsel to the Named Plaintiffs, to the individuals designated below for each Party. The Named Plaintiffs shall not name the Tolled Party as a defendant in any lawsuit asserting a Claim prior to the expiration of thirty (30) days following the giving of any Notice of termination as required by paragraph 2 above.

2. Except as otherwise provided herein, this Agreement shall not constitute a waiver or release of any rights, claims, or defenses by any Party hereto.

3. This Agreement shall not operate to revive any Claim that as of the Effective Date was already barred by any Limitations Period. This Agreement shall not prevent the Named Plaintiffs from arguing that any causes of action against the Tolled Party "relate back" to the original filing of the actions, nor shall it prevent the Tolled Party from arguing against such a relation back.

4. Nothing herein shall constitute or be deemed to constitute an admission, acknowledgement, waiver, or election on or on behalf of the Parties as to any liability, or the applicability or expiration of any Limitations Period.

84022586_1

5. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

6. This Agreement shall not prevent the Named Plaintiffs from identifying, describing, or characterizing the Tolled Party in the Consolidated Amended Derivative Complaint, or in any other pleading or papers filed with a Court in any action asserting Claims, provided that the Tolled Party is joined as a defendant in any action asserting Claims while this Agreement is in effect. We cannot control what the defendants do.

7. The Tolled Party agrees to comply with any document preservation order that may be entered in the MDL-1586 Court and agrees to appear at a deposition and produce documents upon notice (subject to any objections or defenses that Haidar may have. The Tolled Party agrees further upon the Effective Date of this Agreement to either preserve and/or deliver to the custody of its undersigned attorney all documents in the Tolled Party's care, custody, or control that relate to the Alger, Columbia, Janus, MFS, One Group and Putnam mutual funds and the Claims alleged in the complaint in MDL 1586, which documents shall be maintained during the period that this Tolling Agreement is in effect.

8. Capitalized terms in this Agreement shall have the following meanings:
   a. "Claims" means any and all causes of action, at law or in equity, arising from or relating to "market timing" and/or "late trading" in the mutual fund industry.

84022586_1

    b.    "Effective Date" means, with respect to each Party, the date of this Agreement is executed by or on behalf of that Party.

    c.    "Named Plaintiffs" means any or all of the individuals identified in the caption of the Consolidated Amended Fund Derivative Complaints as Plaintiffs.

    d.    "Limitations Period" means any statute of limitations, statute of repose, period of prescription, laches, and any other rule or doctrine, at law or in equity, relating to the timeliness of Claims.

    e.    "Tolled Party" means Haidar Capital Management LLC.

    f.    "Parties" means the Named Plaintiffs and the Tolled Party.

9. Notices required or permitted herein shall be mailed by certified mail, return receipt requested to (a) Lead Counsel for the Named Plaintiffs, and (b) Counsel for the Tolled Party.

10. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Maryland.

11. This Agreement constitutes the entire and integrated agreement of the parties with respect to the subject matters hereof, and may not be altered, modified or amended, except in writings signed by all the Parties herein or by their counsel.

12. This Agreement shall bind and ensure to the benefit of the respective Parties and their respective successors and assigns.

13. Each of the persons executing this document represents and warrants that he or she has the full legal power, capacity, and authority to bind the Party

84022586_1

on behalf of whom he or she is acting and that this agreement constitutes a legal, binding obligation of the Party, enforceable in accordance with its terms. Each Party represents and warrants by its execution hereof that it has the right, power, legal capacity, and authority to enter into and perform all of its obligations arising under this Agreement and has conferred with legal counsel of its choosing as to the significance and legal effect of this Agreement.

14. Each of the Parties to this Agreement represents and warrants that, prior to the execution of this Agreement, to the extent it has insurance that may provide funds to pay for any costs or adverse judgment against them arising from, or in connection with, these actions, its insurer has been notified of this Agreement tolling potential Claims. Nothing herein shall be construed to adversely affect any potential coverage available to the Tolled Party for the claims alleged in the Consolidated Amended Derivative Complaint and/or any other potential claims that may be later alleged against the Tolled Party.

15. This Agreement shall not be admissible in any proceeding in any court, agency, or other forum, for any purpose other than to enforce the terms of the Agreement itself.

IN WITNESS HEREOF, the Parties have caused this Agreement to be duly executed on this ___11___ day of _April_, 2005.

84022586_1

By: *[signature]*
Nicholas E. Chimicles
Denise Davis Schwartzman
Timothy N. Mathews
CHIMICLES & TIKELLIS LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500

Co-Lead Counsel for Fund Derivative Plaintiffs


By: *[signature]*
Anthony L. Paccione
KATTEN MUCHIN ZAVIS ROSENMAN
575 Madison Avenue
New York, NY 10022-2585
(212) 940-8800

Counsel for Haidar Capital Management LLC

6