UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

November 3, 2005

Memo To Counsel Re: MDL-15863, Columbia Subtrack;
*Dukes v. Columbia Acorn Fund, et al.*
Civil No. JFM-04-1763

Dear Counsel:

The purpose of this memorandum is to rule upon the motions to dismiss the **consolidated amended class action** complaint in the *Columbia* subtrack.

Motion of the Columbia defendants other than the Independent Trustees. Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the Janus defendants. The ruling regarding the section 36(b) claim is subject to later determination as to whether the claim may be brought in the class action or only in the derivative fund action.[1]

The jurisdictional argument made by Stephen E. Gibson is unpersuasive. He has been named as a defendant in an amended complaint in an action transferred here from Massachusetts, where unquestionably he is subject to personal jurisdiction The pretrial proceedings over which this court is presiding under 28 U.S.C. §1407 include the filing of amended complaints. It would make no sense - and be inconsistent with the purposes of section 1407 - to require a remand of an action to a transferor court whenever an amended complaint adding new defendants is filed and then to have the case re-transferred to the transferee court after service has been effected on the newly named defendants.

Motion of the Independent Trustees. Granted as to all claims that are being dismissed against the other Columbia defendants; ruling deferred as to claims not that are not being dismissed as to the other Columbia defendants. I will rule upon the particularized defenses these defendants assert at a later date when my schedule permits.

Motions of the Canary Defendants. Ruling deferred because action is stayed as to these defendants.

---

[1] Some of the Fund defendants may be trusts or other entities whose sole purpose is to hold assets for shareholders of a fund. If so, all of the claims against those defendants should be dismissed, as indicated in the letter regarding "general instructions" I am sending out today.

<u>Motion of Daniel G. Calugar and Security Brokerage, Inc.</u>  Ruling deferred because these defendants have filed a motion to stay.

<u>Motions of Ilytat, L.P., Ritchie Capital Management, Inc., D.R. Loeser & Co, Inc., Signalert Corporation, Tandem Financial Services, Inc., and Samaritan Asset Management.</u>  Granted in part and denied in part for the same reasons, and to the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the "trader defendants."

<u>Motions of Bank of America and Bear, Stearns Defendants.</u>   Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the Bank of America and Bear, Stearns defendants.

<u>Motion of STC and Grant D. Seeger</u>.  Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the Bank of America and Bear, Stearns defendants.  Plaintiffs have made sufficient allegations from which it could be inferred that STC and Seeger engaged in manipulative acts to facilitate late trades.

<u>Motions of the Market Timing Defendants and Clearing Defendants other than the Canary Defendants, Daniel G. Calugar and Security Brokerage, Inc., Ilytat, L.P., Ritchie Capital Management, Inc., D.R. Loeser & Co, Inc., Signalert Corporation, Tandem Financial Services, Inc., Samaritan Asset Management, the Bank of America and Bear Stearns Defendants, STC, and Grant D. Seeger.</u>  Granted, without leave to amend, for the same reasons stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the broker dealer defendants other than Bear, Stearns and Bank of America.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                         Very truly yours,


                         /s/


                         J. Frederick Motz
                         United States District Judge