# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

November 3, 2005

Memo To Counsel Re: MDL-15863, MFS Subtrack;
*Riggs v. Massachusetts Financial Services Company, et al.*
Civil No. JFM-04-1162

Dear Counsel:

The purpose of this memorandum is to rule upon the motions to dismiss the **consolidated amended class action** complaint in the *MFS* subtrack.

Motion of the MFS defendants other than Sun Life Financial, Inc.. Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the Janus defendants. The ruling regarding the section 36(b) claim is subject to later determination as to whether the claim may be brought in the class action or only in the derivative fund action.[1]

Motion of Sun Life Financial, Inc. Granted, without leave to amend, as to all claims.

Motions of the Canary Defendants. Ruling deferred because action is stayed as to these defendants.

Motion of Daniel G. Calugar and Security Brokerage, Inc.. Ruling deferred because these defendants have filed a motion to stay.

Motions of Wilshire Associates and Trout Trading Management Co. Granted in part and denied in part for the same reasons, and to the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the "trader defendants."

Motions of Bank of America and Bear, Stearns Defendants. Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtract in connection with the claims against the Bank of America and Bear, Stearns defendants.

---

[1]Some of the Fund defendants may be trusts or other entities whose sole purpose is to hold assets for shareholders of a fund. If so, all of the claims against those defendants should be dismissed, as indicated in the letter regarding "general instructions" I am sending out today.

Motion of STC and Grant D. Seeger.  Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the Bank of America and Bear, Stearns defendants.  Plaintiffs have made sufficient allegations from which it could be inferred that STC and Seeger engaged in manipulative acts to facilitate late trades.

Motion of Theodore Sihpol.  I will rule upon this motion at a later date when my schedule permits.

Motions of the Market Timing Defendants and Clearing Defendants other than the Canary Defendants, Daniel G. Calugar and Security Brokerage, Inc., Theodore Sihpol, the Bank of America and Bear Stearns Defendants, STC, and Grant D. Seeger.  Granted, without leave to amend, for the same reasons stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the broker dealer defendants other than Bear, Stearns and Bank of America.[2]

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge

---

[2]Defendants James Lewis, Kraig Kibble, and James Lin have filed motions to dismiss for lack of personal jurisdiction.  Although I should, as a matter of logic, decide those motions before considering whether plaintiffs have stated a claim against Lewis, Kibble, and Lin, as a matter of efficiency, I am not ruling on the motions because, for reasons stated by other defendants, even if Lewis, Kibble, and Lin are subject to personal jurisdiction, the claims against them must be dismissed.