UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

November 3, 2005

Memo To Counsel Re: MDL-15863, RS Investment Subtrack;
*Parthasarathy v. RS Investment Management, L.P.*
Civil No. JFM-04-3798

Dear Counsel:

The purpose of this memorandum is to rule upon the motions to dismiss the **amended investor class action** complaint in the *RS Investment* subtrack.

Motions of the RS Defendants.  Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the Janus defendants.  The ruling regarding the section 36(b) claim is subject to later determination as to whether the claim may be brought in the class action or only in the derivative fund action.[1]

The argument made by several of the RS defendants that they are not subject to personal jurisdiction in Maryland misses the mark.  In MDL proceedings the material question is whether a defendant is subject to personal jurisdiction in the transferor court, not the transferee court, *see In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 145, 163 (2d Cir. 1987), and none of the defendants have contended that they are not subject to jurisdiction in the Northern District of California, the transferor court.

Motion of the RS Independent Trustees.  Granted as to all claims that are being dismissed against the other Fund defendants; ruling deferred as to claims that are not being dismissed as to the other Fund defendants.  I will rule upon any particularized defenses these defendants assert at a later date when my schedule permits.

Motions of the Canary Defendants.  Ruling deferred because action is stayed as to these defendants.

Motions of Bank of America and Bear, Stearns Defendants.  Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and

---

[1] Some of the Fund defendants may be trusts or other entities whose sole purpose is to hold assets for shareholders of a fund.  If so, all of the claims against those defendants should be dismissed, as indicated in the letter regarding "general instructions" I am sending out today.

order I issued in the *Janus* subtrack in connection with the claims against the Bank of America and Bear, Stearns defendants.

Motion of STC and Grant D. Seeger. Granted in part and denied in part for the same reasons, and in the same respects, stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the Bank of America and Bear, Stearns defendants. Plaintiffs have made sufficient allegations from which it could be inferred that STC and Seeger engaged in manipulative acts to facilitate late trades.

Motion of Theodore Sihpol. I will rule upon this motion at a later date when my schedule permits.

Motions of the Facilitator Broker, Clearing Broker, and Financier Defendants other than Theodore Sihpol, the Bank of America and Bear, Stearns defendants, STC, and Grant D. Seeger. Granted, without leave to amend, for the same reasons stated in the investor class opinion and order I issued in the *Janus* subtrack in connection with the claims against the broker dealer defendants other than Bear, Stearns and Bank of America.

In regard to the motion of the CIBC defendants, I note that here, unlike in *Janus*, plaintiffs do not suggest that the CIBC defendants themselves engaged as traders in market timing transactions.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,


/s/


J. Frederick Motz
United States District Judge