IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MUTUAL FUNDS | * | |
| INVESTMENT LITIGATION | * | MDL-1586 |
| | * | |
| | * | |
| (In re RS Investment Subtrack) | * | Civil No. 04-MD-15863 |
| | * | |
| | * | |

*****

[PROPOSED] ORDER

For the reasons stated in the Investor Class Opinion of August 25, 2005 in the *Janus* subtrack and in the Court's November 3, 2005 letter memorandum and implementing instructions applying that opinion to the *RS Investment* subtrack:

ORDERED

1. The motions of RS Investment Management Co., LLC, RS Investment Management, LP, RS Investment Management, Inc., Eastbourne Capital Management, LLC, George Randall Hecht, Steven M. Cohen, James L. Callinan, Peter Keith, and Michael G. McCaffery[1] are:

   a). Denied as to all claims under the Exchange Act of 1934;

   b). Granted as to all claims under the Securities Act of 1933 without leave to amend;

   c). Granted as to claims under Sections 34(b) and 36(a) of the Investment Company Act without leave to amend;

   d). Denied as to claims under section 36(b) of the ICA and the related claims under section 48(a) of the ICA;

---

[1] By agreement of the parties, Michael G. McCaffery is deemed to have joined the motion of RS Investment Co., LLC.

   e). Granted as to state law claims but plaintiffs are granted leave to amend the Consolidated Amended Class Action Complaint within a deadline to be set after conferring with counsel;

2. All claims against RS Investment Trust are dismissed without leave to amend;

3. The motion of AIC Asset Management, LLC is:

   a). Denied as to all claims under the Exchange Act of 1934;

   b). Granted as to all claims under the Securities Act of 1933 without leave to amend;

   c). Granted as to claims under Sections 34(b) and 36(a) of the Investment Company Act without leave to amend;

   d). Denied as to claims under section 36(b) of the ICA and the related claims under section 48(a) of the ICA;

   e). Granted as to state law claims but plaintiffs are granted leave to amend the Consolidated Amended Class Action Complaint within a deadline to be set after conferring with counsel;

4. The motions of PFPC, Inc. and PFPC Distributors, Inc. are:

   a). Denied as to all claims under the Exchange Act of 1934;

   b). Granted as to all claims under the Securities Act of 1933 without leave to amend;

   c). Granted as to claims under Sections 34(b) and 36(a) of the Investment Company Act without leave to amend;

   d). Denied as to claims under section 36(b) of the ICA and the related claims under section 48(a) of the ICA;

   e). Granted as to state law claims but plaintiffs are granted leave to amend the Consolidated Amended Class Action Complaint within a deadline to be set after conferring with counsel;

5. The motions filed by Leonard B. Auerbach, Jerome S. Contro, John W. Glynn, Jr., and James K. Peterson are:

   a). Granted as to all claims under the Securities Act of 1933 without leave to amend;

   b). Granted as to claims under Sections 34(b) and 36(a) of the Investment Company Act without leave to amend;

   c). Granted as to state law claims but plaintiffs are granted leave to amend the Consolidated Amended Class Action Complaint within a deadline to be set after conferring with counsel;

   d). Under submission as to all claims under the Exchange Act of 1934;

   e). Under submission as to claims under section 36(b) of the ICA and the related claims under section 48(a) of the ICA;

6. The motions of Bear Stearns & Co., Inc., Bear Stearns Securities Corp., Bank of America Corporation, Security Trust Company, N.A., and Grant D. Seeger are:

   a). Denied as to claims under the Exchange Act of 1934;

   b). Granted as to state law claims but plaintiffs are granted leave to amend the Consolidated Amended Class Action Complaint within a deadline to be set after conferring with counsel;

7. All claims are dismissed against Cantella & Co., Inc., Damon LaTanzi, Kaplan & Co. Securities, Inc., Delano N. Sta.Ana, Lawrence S. Powell (f/k/a Larry Leibowitz), Brean Murray

& Co., Inc., Ryan Goldberg, Michael Grady, Canadian Imperial Bank of Commerce, Canadian Imperial Holdings, Inc., Paul A. Flynn, and JP Morgan Chase and Co.:

    a). without leave to amend as to all claims under federal law,

    b). but plaintiffs are granted leave to amend the Consolidated Amended Class Action Complaint for their claims under state law (Counts XI-XIII) within a deadline to be set after conferring with counsel;

8. The action is stayed as against:

    a). Defendants Edward J. Stern, Canary Capital Partners, LLC, Canary Investment Management, LLC, and Canary Capital Partners, Ltd. (the "Canary Defendants") pursuant to the Court's December 8, 2004 Order;

    b). Defendant Theodore C. Sihpol, III, pursuant to the Court's March 3, 2005 Order.

_____
J. Frederick Motz
United States District Judge