UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

February 28, 2006

Memo To Counsel Re: MDL-15863, Allianz Subtrack;
*McBride v. Allianz Dresdner Asset Mgmt. of America, et al.*
Civil No. JFM-04-1924

Dear Counsel:

The purpose of this letter is to address the concerns raised by certain defendants with respect to plaintiffs' proposed order implementing my rulings on the motions to dismiss.

I.   Kenneth Corba

The only surviving claim against Kenneth Corba is for control person liability under Section 48(a) of the Investment Company Act ("ICA" or "Act") as it relates to Section 36(b) of the same Act. Corba argues that the claim is insufficient as a matter of law because he is not alleged to have violated Section 36(b). Because I have yet to rule upon this argument, Corba objects to that portion of the plaintiffs' proposed order that states the motion to dismiss the Section 48(a) claim is "denied." He prefers that the word "deferred" be used instead.

As I stated in the recent teleconference, I agree with Corba that this issue is important and that the parties should proceed with supplemental briefing. Because I have made it clear that these issues are still open, it is of no moment whether "denied" or "deferred" is used in the order. Therefore, for the sake of efficiency and consistency across subtracks, the word "denied" will remain in the order. Please confer with one another about a briefing schedule. Once the briefs are

submitted, and as soon as my schedule permits, I will address the substance of Corba's argument.[1]

II      Subadvisers

The only surviving claim against the Subadvisers[2] is for liability under Section 36(b) of the ICA. Plaintiffs voluntarily dismissed these defendants by stipulation filed February 14, 2006. The Subadvisers now object to that portion of the proposed order that states their motion to dismiss the Section 36(b) claim is "denied." They prefer instead that the order state that both parties "reserve all rights with respect to the application to the [Subadvisers] of Judge Motz's rulings in the Janus Sub-track and Allianz Dresdner Sub-track relating to ICA Section 36(b), in the event that the Fund Derivative Plaintiffs seek to proceed" with such a claim in the future.

I agree with this change in language. Plaintiffs are not prejudiced by this change, and there is no need for the Subadvisers to shoulder the expense of continuing to brief this issue given that they are no longer defendants. If and when their status changes, I will resolve whether they are proper Section 36(b) defendants. Therefore, I am approving the proposed order submitted by the Subadvisers.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

---

[1] I agree with Corba that, if possible, omnibus briefs would be preferable. However, any parties wishing to submit supplemental briefs may do so.

[2] This group includes Cadence Capital Management LLC, NFJ Investment Group L.P., Nicholas-Applegate Capital Management LLC, RCM Capital Management LLC, and Parametric Portfolio Associates.

J. Frederick Motz
United States District Judge