# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>J. FREDERICK MOTZ<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-0782<br>(410) 962-2698 FAX |

February 27, 2006

Memo to Counsel Re: MDL-15863, Janus Subtrack
*Wiggins v. Janus Capital Group Inc., et al.*,
Civil No. JFM-04-818

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendants' motion to dismiss. The motion will be granted.

In ruling on the motion, my preference, of course, would be to write a formal opinion. However, my schedule simply does not permit me to do so. Therefore, in order to get these proceedings back on track, it has become necessary for me to set forth my ruling without extended analysis. Moreover, although the motion raises several difficult issues,[1] the question upon which my present ruling turns is simple and straightforward.

In *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S. Ct. 1627 (2005), the Supreme Court held that the allegation that plaintiffs purchased securities at "artificially inflated prices," without more, is not sufficient to establish "loss causation," as is required for recovery under the Exchange Act. *Id.* at 1629. In the present case, that is the only type of damage plaintiffs have alleged. In paragraph 125 of the amended complaint, they aver that "all purchasers of Janus Capital publically traded

---

[1] One such issue is whether Janus Capital Group Inc and Janus Capital Management LLC may themselves be deemed to have made any statements in the Janus prospectuses. In that regard, plaintiffs' allegations here are different from those of the plaintiffs in the Janus mutual fund class action where Janus Capital and JCM are only alleged to be "control persons" of the entities who made the statements in the prospectuses. It is likewise unclear to me (despite the authorities cited by plaintiffs) whether statements made in the mutual fund prospectuses were "in connection with" the sale of Janus Capital securities.

securities during the Class Period suffered similar injury through the purchase of those securities *at artificially inflated prices . . . .*" (emphasis added).

Plaintiffs do go on to further allege that "Janus Capital's shares began the descent that has ultimately wiped out hundreds of millions of dollars of market capitalization" the day after the Class Period ended when New York Attorney General Elliot Spitzer filed a complaint in the New York Supreme Court against Canary Partners. Compl. ¶ 91. However, the putative class is not defined to include only investors who purchased Janus Capital securities during the Class Period and who sold them after the market timing revelations were made. Rather, the definition encompasses every investor "who purchased the securities of Janus Capital between July 21, 2000 and September 2, 2003 inclusive (the 'Class Period'), and who were damaged thereby." *Id*. ¶ 19. Thus, plaintiffs' allegation of loss causation depends solely upon their allegedly having paid "artificially inflated prices," which is precisely the type of allegation the Supreme Court found to be insufficient in *Dura Pharmaceuticals*.

For these reasons defendants' motion to dismiss will be granted. I will enter a formal order to that effect after conferring with counsel about whether plaintiffs should be granted leave to amend. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

        Very truly yours,

        J. Frederick Motz
        United States District Judge