UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

February 27, 2006

Memo to Counsel Re: MDL-15863, One Group Subtrack;
*Zarate v. Bank One Corp., et al.*
Civil No. JFM-04-0830

Dear Counsel:

The purpose of this letter is to rule upon the Bank One Defendants' motion to dismiss the ERISA complaint in the One Group subtrack. Named as defendants are Bank One Corp. ("Bank One"); Bank One Trust Co. ("Bank One Trust"); James Dimon ("Dimon"); and Donald A. Hoy ("Hoy"). In accordance with Judge Blake's opinion in the *Strong* subtrack, *In re Mutual Funds Inv. Litig.*, 403 F. Supp. 2d 434 (D. Md. 2005),[1] with which I fully agree, my rulings are as follows:

I.   Standing

Plaintiff Lenore Zarate ("Zarate") has both constitutional and statutory standing to pursue her claims for relief under ERISA § 502(a)(2). *Strong* at 440-44. She does not, however, have standing under ERISA § 502(a)(3) to obtain equitable relief from the defendants in the form of constructive trusts or restitution. *Id*. at 443.

---

[1] Throughout the remainder of this letter I will use the following short-form citation for Judge Blake's opinion: *Strong* at [page number(s) from F. Supp. 2d].

II.     Pleading Standard

Zarate's complaint need only meet the Fed.R.Civ.P. 8 notice pleading requirements. *Id.* at 440-41. I discuss below whether she has met this requirement with respect to each defendant.

III.    Fiduciary Status

ERISA "fiduciary status [is not] an all-or-nothing concept. . . . [A] party is a fiduciary only as to the activities which bring the person within the definition. The statutory language plainly indicates that the fiduciary function is not an indivisible one. In other words, a court must ask whether a person is a fiduciary with respect to the particular activity at issue." *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992). Thus, before addressing whether Zarate has adequately pled facts to establish the ERISA fiduciary status of the various defendants, it is first necessary to delineate the theories of fiduciary liability that Zarate is pursuing.

Included in Zarate's complaint are the following causes of action: 1) violating the duties of prudence and loyalty by including or failing to remove from the Plan Bank One stock and the One Group mutual funds in which market timing and late trading were occurring; 2) violating the prohibition on self-interested transactions by offering such securities as investment options; 3) misrepresenting the prudence of such securities to Plan participants; 4) violating the duty to monitor; and 5) incurring co-fiduciary liability. Zarate indicated at oral argument that she was abandoning the second and third causes of action, and I agree with Judge Blake that inconsistencies between Zarate's complaint and briefs militate against addressing the fourth and fifth causes of action at this time. *Strong* at 450 & nn.20-21.[2] That leaves only the prudence and loyalty claims to be considered.

---

[2] Zarate may seek leave to amend her complaint, consistent with this opinion, within 40 days or by another date as set by the court upon request. If she does so, I recommend that she pay particular attention to footnote thirteen in Judge Blake's opinion, as well as the requirement, discussed below, that she plead specific facts to establish the *de facto* fiduciary status of defendants not named as fiduciaries in Plan documents.

Because I am only addressing these two claims, the particular fiduciary activities at issue are the addition and/or deletion of investment options from the Plan. As Judge Blake discussed in her opinion, there are two means by which Zarate can establish that a defendant had the fiduciary authority to engage in such activities: demonstrate that the defendant is a named Plan fiduciary that was assigned such authority, or plead specific facts that show the defendant performed specified discretionary functions with respect to the Plan's investment options such that it was a *de facto* fiduciary. *Id*. at 445. For the latter category of defendants, her factual allegations must amount to more than a mere recitation of the statutory language defining a fiduciary's roles. *Id*. at 446 (discussing *Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996)).

Having considered Zarate's complaint and the Plan documents, I conclude that she has succeeded in establishing the fiduciary status of only one defendant: Bank One Trust. Her prudence and loyalty claims against the remaining defendants are therefore dismissed. I will now address the allegations against each defendant in turn.

    A.    <u>Bank One Trust</u>

Bank One Trust is a named fiduciary in that it serves as the directed trustee of the Plan. The defendants argue that, as a directed trustee, Bank One Trust had no discretion over the investment or management of Plan assets, and thus it cannot be held liable for any alleged imprudent investments. *See* ERISA § 403(a)(1). However, they concede that directed trustees can retain some modicum of fiduciary responsibility with respect to Plan investment options. Defendants' Omnibus Brief at 21 (quoting U.S. Dep't of Labor, Field Assistance Bulletin No. 2004-03 at 5 (Dec. 17, 2004) ("*Absent non-public information*, a directed trustee, given its limited fiduciary duties as determined by statute, will rarely have an obligation under ERISA to question the prudence of a direction to purchase public traded securities at market price solely on the basis of publicly available

information.") (emphasis added)). At the least, then, because Zarate alleges that Bank One Trust was aware of late trading in One Group funds, which she claims was concealed from the public, it is possible that she may have a viable claim against Bank One Trust. Compl. ¶ 41; *id*. ¶ 40 (incorporating by reference the factual allegations concerning market timing and late trading contained in the consolidated amended complaint from the investor class action suit in the One Group subtrack).

B.  Bank One

Bank One is not, contrary to Zarate's assertion, the Plan Administrator, nor is it any other kind of named fiduciary. Zarate's *respondeat superior* theory is insufficient to establish Bank One as a *de facto* fiduciary, as a principal can be held liable for its agent's violation of ERISA only if the principal is an ERISA fiduciary to begin with. *Strong* at 447 n.15 (citing *Crowley v. Corning*, 234 F. Supp. 2d 222, 228 (W.D.N.Y. 2002)).

C.  Dimon

Dimon—Bank One's Chief Executive Officer and Chairman of the Board during the class period—is not a named fiduciary. His positions of authority within Bank One do not render him a *de facto* fiduciary. *Id*. at 447. That he may have disseminated Summary Plan Descriptions ("SPDs") is not enough to establish that he possessed the *de facto* fiduciary authority to add or remove investment options from the Plan.

D.  Hoy

Zarate claims that Hoy was a member of the Bank One Retirement Committee, which the Plan documents name as the Plan Administrator. However, Hoy was only the Secretary of the

Committee, not a member, and therefore had no authority with respect to the Plan's investment options. Like Dimon, that he disseminated SPDs does not make him a *de facto* fiduciary.

IV.     *Moench* Presumption

As for the merits of the prudence and loyalty claims against Bank One Trust, for the same reasons given by Judge Blake I will not grant the motion to dismiss based on Zarate's alleged failure to overcome the *Moench* presumption. *Id*. at 448-50.

Despite the informal nature of this letter, it should be flagged as an opinion. I ask that within thirty days from today the parties please submit orders reflecting the rulings made herein.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge