## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

<table>
<tr>
<td>CHAMBERS OF<br>J. FREDERICK MOTZ<br>UNITED STATES DISTRICT JUDGE</td>
<td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-0782<br>(410) 962-2698 FAX</td>
</tr>
</table>

February 27, 2006

Memo to Counsel Re: MDL-15863, Putnam Subtrack;
*Corbett v. Marsh & McLennan Cos., Inc.*
Civil No. JFM-04-0883

Dear Counsel:

The purpose of this letter is to rule upon the Putnam Defendants' motion to dismiss the ERISA complaint filed by Jessica Corbett ("Corbett") in the Putnam subtrack. Named as defendants are Marsh & McLennan Companies, Inc. ("MMC"), Putnam Investments Trust ("Investments Trust"), Putnam Investments, LLC ("Putnam Investments"), J.W. Greenberg ("Greenberg"), Sandra S. Wijnberg ("Wijnberg"), Francis N. Bonsignore ("Bonsignore"), and William L. Rosoff ("Rosoff"). In accordance with Judge Blake's opinion in the *Strong* subtrack, *In re Mutual Funds Inv. Litig.*, 403 F. Supp. 2d 434 (D. Md. 2005),[1] with which I fully agree, my rulings are as follows:

I.      Standing

Corbett has both constitutional and statutory standing to pursue her claims for relief under ERISA § 502(a)(2). *Strong* at 440-44. She does not, however, have standing under ERISA § 502(a)(3) to obtain equitable relief from the defendants in the form of constructive trusts or restitution. *Id*. at 443.

---

[1] Throughout the remainder of this letter I will use the following short-form citation for Judge Blake's opinion: *Strong* at [page number(s) from F. Supp. 2d].

II.      Pleading Standard

Corbett's complaint need only meet the Fed.R.Civ.P. 8 notice pleading requirements. *Id*. at 440-41. I discuss below whether she has met this requirement with respect to each defendant.

III.     Fiduciary Status

ERISA "fiduciary status [is not] an all-or-nothing concept. . . . [A] party is a fiduciary only as to the activities which bring the person within the definition. The statutory language plainly indicates that the fiduciary function is not an indivisible one. In other words, a court must ask whether a person is a fiduciary with respect to the particular activity at issue." *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992). Thus, before addressing whether Corbett has adequately pled facts to establish the ERISA fiduciary status of the various defendants, it is first necessary to delineate the theories of fiduciary liability that Corbett is pursuing.

Included in Corbett's complaint are the following causes of action: 1) violating the duties of prudence and loyalty by including or failing to remove from the Plan MMC stock and the Putnam mutual funds in which market timing and late trading were occurring; 2) violating the prohibition on self-interested transactions by offering such securities as investment options; 3) misrepresenting the prudence of such securities to Plan participants; 4) violating the duty to monitor; and 5) incurring co-fiduciary liability. Corbett indicated at oral argument that she was abandoning the second and third causes of action, and I agree with Judge Blake that inconsistencies between Corbett's complaint and briefs militate against addressing the fourth and fifth causes of action at this time. *Strong* at 450 & nn.20-21.[2] That leaves only the prudence and loyalty claims to be considered.

___

[2] Corbett may seek leave to amend her complaint, consistent with this opinion, within 40 days or by another date as set by the court upon request. If she does so, I recommend that she pay particular attention to footnote thirteen in Judge Blake's opinion, as well as the requirement, discussed below, that she plead specific facts to establish the *de facto* fiduciary status of defendants not named as fiduciaries in Plan documents.

Because I am only addressing these two claims, the particular fiduciary activities at issue are the addition and/or deletion of investment options from the Plan. As Judge Blake discussed in her opinion, there are two means by which Corbett can establish that a defendant had the fiduciary authority to engage in such activities: demonstrate that the defendant is a named Plan fiduciary that was assigned such authority, or plead specific facts that show the defendant performed specified discretionary functions with respect to the Plan's investment options such that it was a *de facto* fiduciary. *Id*. at 445. For the latter category of defendants, her factual allegations must amount to more than a mere recitation of the statutory language defining a fiduciary's roles. *Id*. at 446 (discussing *Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996)).

Having considered Corbett's complaint and the Plan documents, I conclude that she has succeeded in establishing the fiduciary status of every defendant except one: Investments Trust. Her prudence and loyalty claims against that entity are therefore dismissed. I will now address the allegations against each defendant in turn.

A.      Putnam Investments

Putnam Investments is a named fiduciary that possesses the authority to add and delete investment options.

B.      MMC and Greenberg

Both MMC and Greenberg are named fiduciaries. Under the 2001 Plan MMC was required to approve the addition of investment options to the Plan, and under the 1989 Plan Greenberg had the authority to concur or disagree with proposals to remove investment options.[3]

---

[3] Contrary to Greenberg's assertion, Corbett does not limit her claims to incidents that occurred after the 2001 Plan supplanted the 1989 Plan. She has defined the class period as extending from November 1, 1998 until the present, Compl. ¶ 30, and alleges that the defendants, including Greenberg, were aware of market timing and late trading throughout this time. *See e.g.*, *id*. ¶ 45.

C.      Bonsignore, Rosoff, and Wijnberg

Bonsignore, Rosoff, and Wijnberg are named fiduciaries in that they served as directed

trustees of the Plan. They argue that, as directed trustees, they had no discretion over the investment

or management of Plan assets, and thus they cannot be held liable for any alleged imprudent

investments. *See* ERISA § 403(a)(1). However, they concede that directed trustees can retain some

modicum of fiduciary responsibility with respect to Plan investment options. Defendants' Omnibus

Brief at 21 (quoting U.S. Dep't of Labor, Field Assistance Bulletin No. 2004-03 at 5 (Dec. 17, 2004)

("*Absent non-public information*, a directed trustee, given its limited fiduciary duties as determined

by statute, will rarely have an obligation under ERISA to question the prudence of a direction to

purchase public traded securities at market price solely on the basis of publicly available

information.") (emphasis added)). At the least, then, because Corbett alleges that they were aware

of late trading in Putnam funds, which she claims was concealed from the public, it is possible that

she may have a viable claim against them. Compl. ¶ 50; *id*. ¶ 42 (incorporating by reference the

substantive and scienter allegations contained in the consolidated amended complaint from the

investor class action suit in the Putnam subtrack).


D.      Investments Trust

Investments Trust is not a named fiduciary. It provided investment services to the mutual

funds included within the Plan, but that is not a fiduciary function. *Strong* at 447. While it is true that

if Investments Trust provided investment advice, "direct or indirect, with respect to any moneys or

other property of such plan," ERISA § 3(21)(A), it would be considered a *de facto* fiduciary, Corbett

has pled no facts from which to infer that it did indeed provide such advice. *Strong* at 447 & n.16.


IV.     *Moench* Presumption

As for the merits of the prudence and loyalty claims against Putnam Investments, MMC,

Greenberg, Bonsignore, Rosoff, and Wijnberg, for the same reasons given by Judge Blake I will not

grant the motion to dismiss based on Corbett's alleged failure to overcome the *Moench* presumption.

*Id.* at 448-50.

Despite the informal nature of this letter, it should be flagged as an opinion. I ask that within

thirty days from today the parties please submit orders reflecting the rulings made herein.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge