UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION<br><br>IN RE ALGER, COLUMBIA, JANUS, MFS, ONE GROUP, PIMCO AND PUTNAM | The Hon. J. Frederick Motz<br>Civil Action No. 04-MD-15863 |
| ZUBER v. PUTNAM INVESTMENT MANAGEMENT, et. al. | Civil Action No. 04-cv-00564 |

**THE PUTNAM EMPLOYEE DEFENDANTS' REPLY
IN SUPPORT OF SUPPLEMENTAL MEMORANDUM ON
MOTION TO DISMISS SECTION 48(a) CLAIM
IN CONSOLIDATED AMENDED FUND DERIVATIVE COMPLAINT**

The Plaintiffs' opposition (Docket No. 1946) to the Supplemental Memorandum in Support of Putnam Employee Defendants' Motion to Dismiss Section 48(a) Claim in Consolidated Amended Fund Derivative Complaint (Docket No. 1840) advances four points, each of which fails to withstand scrutiny. As such, the Putnam Employee Defendants' motion to dismiss should be granted.

**First**, Plaintiffs seek to avoid the consequences of their insufficient pleadings by encouraging this Court to adopt an entirely new standard under Section 48(a) of the Investment Company Act of 1940 ("ICA"). And, remarkably, Plaintiffs' Complaint does not even set forth allegations sufficient to state a claim under their own proposed standard for liability.

Recognizing that the Complaint fails to sufficiently plead causation, the Plaintiffs attempt to rewrite Section 48(a) in an effort to eliminate its causation requirement altogether. Opposition at 3. Plaintiffs argue that they need only allege that the Putnam Employee Defendants had some

"indirect means of discipline or influence over" Putnam Investment Management in order to survive the motion to dismiss.[1] *Id*. at 6. However, on its face Section 48(a) sets forth a causation element. *See* 15 U.S.C. § 80a-47(a) ("[i]t shall be unlawful for any person, . . . , **to cause to be done**. . . .) (emphasis added). Indeed, cases cited by Plaintiffs (Opposition at 2-3), specifically note this causation element. *Strougo* v. *Juris Padegs*, 964 F. Supp. 783, 806 (S.D.N.Y. 1997) (emphasizing the "to cause" element and supporting allegations); *In re ML-Lee Acquisition Fund II, L. P.* , 848 F. Supp. 527, 545 (D. Del. 1994) (same); *SEC* v. *The American Board of Trade, Inc.*, 593 F. Supp. 335, 341 (S.D.N.Y. 1984) (noting that the defendants **caused** the alleged violation) (emphasis added).

As stated more fully in the Putnam Employee Defendants' opening brief, the Complaint simply does not set forth sufficient allegations that Kamshad, Lode, Peters, and Scott actually caused the alleged primary violator, Putnam Investment Management, LLC ("Putnam Management"), to violate Section 36(b). More specifically, Plaintiffs have not alleged, nor could they, that the Putnam Employee Defendants had the power to control Putnam Management and to cause it to breach a duty to the funds by extracting excessive fees in negotiating and entering advisory or other agreements. In the absence of such allegations, Plaintiffs' cannot make out a claim under Section 48(a), and therefore, their claim must fail.

Nor does Plaintiffs' incongruous assertion that the Putnam Employee Defendants "**participated** in the underlying § 36(b) violation" (Opposition at 6 n.2 (emphasis original))

---

[1] Plaintiffs' over-reliance on cases discussing the pleading elements of Section 20(a) is misplaced. Opposition at 2-6. While it is true that courts have found guidance in understanding Section 48(a)'s term "control" by turning to "the cases which have construed Section 20(a)" (*Harriman* v. *E. I. DuPont De Nemours & Co.*, 372 F. Supp. 101, 104 (D. Del. 1974)), courts have not, as Plaintiffs encourages this Court to do, substituted the pleading requirements of Section 20(a) for those set forth in Section 48(a). This Court has reasoned that the structure of Section 20(a) suggests that its culpable participation requirement is in the nature of an affirmative defense, and need not be pled by the plaintiff. *See In re Royal Ahold N.V.*, 351 F. Supp. 2d 334, 408 (D. Md. 2004). The wording of Section 48(a) and placement of the causation requirement within the text of that provision is quite different and does not compel the same conclusion. *See* 15 U.S.C. §80a-47(a).

serve to satisfy their causation pleading requirements.  The few allegations in the Complaint that mention the Putnam Employee Defendants solely concern their alleged "market timing."  Complaint ¶¶ 301-318.  This Court already has held, however, that "plaintiffs may not use Section 36(b) as a means generally to challenge late trading and market timing practices."  *In re Mutual Funds Investment Litigation*, 384 F. Supp. 2d 845, 868 (D. Md. 2005).  The Court concluded that Section 36(b) only concerns compensation for disproportionate, excessive or unearned fees by investment advisors.  *Id.* at 867-68.  The Complaint is devoid, however, of allegations that the Putnam Employee Defendants participated in, much less caused, the alleged nondisclosures and/or wrongful disclosures by Putnam Management.  Having failed to set forth any facts tending to show that the Putnam Employee Defendants caused Putnam Management to violate Section 36(b), Plaintiffs' Complaint simply cannot survive a motion to dismiss.

     Moreover, Plaintiffs' claims would fail even if, as they argue, the causation requirement was read out of the statute.  Plaintiffs argue that they need only allege: "(1) the alleged control person actually exercised control over the general operations of the primary violator; and (2) the alleged control person possessed – but did not necessarily exercise – the power to determine the specific acts upon which the underlying primary violation is based."  Opposition at 3.  Once again, the Complaint does not allege a single fact to support these elements.  Plaintiffs' Complaint notes only the titles of each Putnam Employee Defendant and yet Plaintiffs have not offered any case where a party was found to be a control person by virtue of his or her title alone.  To the contrary, courts have held that a mere recitation of a defendant's title, status or position is insufficient to allege control.  *Royal Ahold*, 351 F. Supp. 2d at 409 & n.65 (status as executive of primary violator not enough by itself to support control person claim); Opening Brief at 8 (cases cited therein).

"[W]hen a plaintiff does not plead any facts from which it can reasonably be inferred the defendant was a control person," dismissal is proper. *Royal Ahold*, 351 F. Supp. 2d at 409 (internal quotation and citation omitted). Accordingly, Plaintiffs' Section 48(a) claim should be dismissed.

**Second**, Plaintiffs invite this Court to imply a private right of action under Section 48(a) despite the fact that numerous courts have found no such right under the standard articulated by the United States Supreme Court in *Alexander* v. *Sandoval*, 532 U.S. 275, 286-87 (2001) and the factors considered by the Second Circuit in *Olmsted* v. *Pruco Life Ins. Co.*, 283 F.3d 429, 436 (2d Cir. 2002). *See, e.g.*, *In re Evergreen Mutual Funds Fee Litigation*, No. 03-CV-5293, 2006 WL 753000, at *3-4, *7 n.5 (S.D.N.Y. Mar. 24, 2006); *Forsythe* v. *Sun Life Financial, Inc.*, No. 04-CV-10584, 2006 WL 148935, at *2-4 (D. Mass. Jan. 19, 2006); *In re Goldman Sachs Mutual Funds Fee Litig.*, No. 04-CV-2567, 2006 WL 126772, at *10 n.29 (S.D.N.Y. Jan 17, 2006); *Waldock* v. *M.J. Select Global, Ltd.*, No. 03-CV-5293, 2005 WL 3542527, at *8-9 (N.D. Ill. Dec. 27, 2005).

Plaintiffs do not, and cannot, contend that Section 48(a) includes an **express** private right of action. Instead, Plaintiffs argue that Section 48(a) may, or may not, include an **implied** private right of action, depending on the nature of the primary violation that is at issue. Opposition at 7. However, Plaintiffs offer no case to support their contention that "Congress presumptively intended to provide" a private right of action against control persons under Section 48(a) when the underlying predicate act supports a private right of action (Opposition at 7), instead relying on cases that neither raise nor discuss whether such a private right of action is available under Section 48(a). Once again, Plaintiffs ask this Court to extend the reach of Section 48(a).

**Third**, Plaintiffs invite this Court to import into the control person statute an exception to the demand requirement imposed in derivative actions. Opposition at 9. It is presumed that the "legislature says in a statute what it means and means in a statute what it says. . . ." *BedRoc Ltd., LLC* v. *United States*, 541 U.S. 176, 183 (2004) (internal citation and quotation marks omitted). Thus, if Congress had intended to provide exceptions to the demand requirements under Section 48(a), it would have done so. *Compare* 15 U.S.C. § 80a-47(a) *with* 15 U.S.C. § 80a-35(b).

Plaintiffs overstate the holding of their only cited case, *In re Dreyfus*, No. 04-0128, 2005 U.S. Dist. LEXIS 29152 (W.D. Pa. Sept. 30, 2005). In *Dreyfus*, the court held that the demand requirement could not be excused for claims arising under Sections 206 and 215 of the Investment Advisor Act of 1940. *Id.* at **14, 36-40. The *Dreyfus* court was not confronted with the question of whether the demand requirement of Section 48(a) of the ICA can be excused. Having not considered the issue, the court certainly cannot be deemed to have "held accordingly" (Opposition at 9) that demand requirements imposed on Section 48(a) claimants can be supplanted. In arguing for a further expansion of the scope of Section 48(a), Plaintiffs again ask this Court to do something that is not supported by the text of the statute, underlying Congressional intent, or the operative case law.

**Fourth**, Plaintiffs seek to circumvent the express limitations of liability set forth in Sections 48(a) and 36(b). Section 48(a) prohibits a control person from causing another to do that which he would be barred from doing as a primary violator. Liability under Section 36(b) is limited to the "recipient of such compensation and payments" challenged in the Section 36(b) claim. 15 U.S.C. 80a-35(b)(3). Because the Putnam Employee Defendants were not the recipients of compensation and payments from the funds, they could not be liable as primary violators of Section 36(b). Accordingly, they cannot be liable under Section 48(a). The Court

should reject Plaintiffs' efforts to thwart Congress's intent to impose the specific limitations in Section 36(b), by pressing claims under a general statute such as Section 48(a). *Morton* v. *Mancari*, 417 U.S. 535, 550-51 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one."). Thus, for this additional reason, the Plaintiffs' claim must be dismissed.

## Conclusion

For the reasons set forth above, the Putnam Employee Defendants respectfully request that the Court dismiss Count V of the Consolidated Amended Fund Derivative Complaint as to them with prejudice.

Dated: May 10, 2006

RESPECTFULLY SUBMITTED,

PUTNAM EMPLOYEE DEFENDANTS
By Their Respective Counsel

/s/ Michael T. Gass with permission of Bruce Barnett

_____

John A. D. Gilmore
Bruce Barnett
DLA Piper Rudnick Gray Cary US, LLP
33 Arch Street
26th Floor
Boston, MA  02110
Telephone:    (617) 406-6000
Facsimile:    (617) 406-6100
***Counsel to Omid Kamshad***

/s/ Michael T. Gass
_____

Michael T. Gass
Matthew A. Martel
Palmer & Dodge LLP
111 Huntington Avenue at Prudential Center
Boston, MA  02199
Telephone:     (617) 239-0100
Facsimile:     (617) 227-4420
***Counsel to Geirulv Lode***

/s/ Michael T. Gass with permission of Peter M. Casey
_____

Peter M. Casey
John F. Farraher, Jr.
Greenberg Traurig
One International Place
Boston, MA  02110
Telephone:     (617) 310-6048
Facsimile:     (617) 279-8440
***Counsel to Carmel Peters***

/s/ Michael T. Gass with permission of Adam L. Sisitsky
_____

John F. Sylvia
Adam L. Sisitsky
Mintz Levin Cohn Ferris Glovsky and Popeo
One Financial Center
Boston, MA  02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241
***Counsel to Justin Scott***