UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

May 30, 2006

Memo to Counsel Re: MDL-15863, all subtracks
MDL-15864, AIM/Invesco subtrack

Dear Counsel:

Today I resolve an issue that I deferred ruling upon in the *Janus* opinions: whether a claim may be stated against a defendant under Section 48(a) of the Investment Company Act, 15 U.S.C. § 80a-47(a), based upon an underlying violation of Section 36(b) of that same Act, *id*. § 80a-35(b), when the defendant is not alleged to have received excessive compensation. *In re Mut. Funds Inv. Litig.*, 384 F. Supp. 2d 845, 870 n.28 (D. Md. 2005). I find that such a claim is not permitted.

In ruling on this issue my preference, of course, would be to write a formal opinion. However, my schedule simply does not permit me to do so. Therefore, in order to keep these proceedings on track, it is necessary for me to set forth my ruling without extended discussion or analysis. Moreover, the question upon which my present ruling turns is simple and straightforward.

The various parties have briefed extensively whether Section 48(a) creates a private right of action generally, and, if it does, whether it is more akin to Section 20(a) or Section 20(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t. However interesting these questions may be, I believe they ultimately are beside the point. For what is at issue in this litigation is the

1

*specific* interplay between Sections 48(a) and 36(b). And what I find to be dispositive is Congress' explicit limitation of liability under Section 36(b) to those persons who *actually received* the purportedly excessive compensation. *Id*. § 80a-35(b)(3). *See Green v. Fund Asset Mgmt.*, 147 F. Supp. 2d 318, 330 (D.N.J. 2001) ("Congress took great pains to specify who may be held liable and from whom damages may be recovered under section 36(b)."). If this limitation, which was enacted thirty years after Section 48(a), is to have any force whatsoever, the plaintiffs cannot be permitted to proceed under Section 48(a) against defendants that did not receive such compensation. *See Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 375 (1990) ("It is an elementary tenet of statutory construction that 'where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one . . . .'") (quoting *Morton v. Mancari*, 417 U.S. 535, 550-51 (1974)). All such claims must therefore be dismissed.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order. I ask that the parties confer with one another and submit within two weeks proposed orders that implement this ruling.

Very truly yours,

/s/
J. Frederick Motz
United States District Judge