UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

May 30, 2006

Memo to Counsel Re: MDL-15863, Van Kampen Subtrack
*Starr v. Van Kampen Investments, Inc., et al*.
Civil No. JFM-05-502

Dear Counsel:

In the *Janus* fund derivative opinion I dismissed all claims except those brought under two sections of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-1, *et seq*.: Sections 36(b), *id*. § 80a-35(b), and 48(a), *id*. § 80a-47(a). *In re Mutual Funds Inv. Litig.*, 384 F. Supp. 873 (D. Md. 2005). In an order dated March 1, 2006, I did the same in the Van Kampen subtrack. Pending before me now is a motion filed by the remaining defendants[1] requesting reconsideration of my decision to permit the plaintiff to pursue the Section 36(b) and Section 48(a) claims.[2] The motion will be granted and the claims dismissed.

Plaintiff first sued defendants under Sections 36(b) and 48(a) on February 20, 2004 in the U.S. District Court for the Northern District of Illinois. However, the complaint did not contain any allegations of market timing or late trading as the underlying bases for the claims. Instead, plaintiff alleged that the Van Kampen funds paid excessive compensation to the broker Morgan

---

[1] Van Kampen Asset Management, Inc., Van Kampen Investor Services, Inc., Van Kampen Funds, Inc., Morgan Stanley Investment Advisors, Inc., Morgan Stanley Investments LP, Morgan Stanley Investment Management, Inc., Van Kampen Investments, Inc., Morgan Stanley, David C. Arch, J. Miles Branagan, Jerry D. Choate, Rod Dammeyer, Linda Hutton Heagy, R. Craig Kennedy, Howard J. Kerr, Jack E. Nelson, Hugo F. Sonnenschein, Suzanne H. Woolsey, Mitchell C. Merin, Richard F. Powers, and Wayne W. Whalen.

[2] Contrary to plaintiff's assertion, this motion is proper. My ruling in the *Janus* decision did not touch upon the dispositive issue raised by defendants, nor did I have an opportunity to rule upon it before I issued the initial letter ruling in November 2005 and the formal order in March 2006.

Stanley Dean Witter in exchange for the latter's vigorous promotion of the funds to its retail clients.

The action was transferred to the Southern District of New York on April 26, 2004. Plaintiff filed an amended complaint on October 8, but again did not include any allegations of market timing or late trading. It was not until two months later that these allegations arose when, on December 23, plaintiff filed a motion to further amend his complaint. Certain of the defendants opposed the motion, and on the eve of the motion hearing the parties stipulated that plaintiff would withdraw the motion and file a separate market timing and late trading action in the District of Maryland. In a confirmatory letter jointly signed by the parties on February 15, 2005, it was agreed "that for the purposes of the statute of limitations, the action in MDL 1586 will be deemed to have been filed as of December 23, 2004." Plaintiff filed a complaint with this court on February 22, 2005.

Section 36(b) provides that "[n]o award of damages shall be recoverable for any period prior to one year before the action was instituted." 15 U.S.C. § 80a-35(b)(3). The latest date on which plaintiff alleges that he suffered damage was July 2003. Because the complaint does not include any allegations of wrongdoing that occurred on or after December 23, 2003, defendants argue that the Section 36(b) claims, and therefore the Section 48(a) claims, must be dismissed.

In response, plaintiff argues that the complaint relates back to the original complaint filed on February 20, 2004, which included claims under Sections 36(b) and 48(a). The law is clear, however, that where, as here, a claim relies on a new set of operative facts, it is not part of the same cause of action for purposes of the relation back doctrine. Fed R. Civ. P. 15(c)(2) (stating that relation back is appropriate when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"); *Grattan v. Burnett,* 710 F.2d 160, 163 (4th Cir. 1983) (stating that "to relate

back there must[, *inter alia*,] be a factual nexus between the amendment and the original complaint") (citations omitted), *aff'd.* 468 U.S. 42 (1984). Because there is no factual nexus between the original complaint's allegations concerning Morgan Stanley Dean Witter's promotion of Van Kampen funds and the current complaint's allegations of market timing and late trading, the relation back doctrine is inapplicable and the claims must be dismissed.

Despite the informal nature of the letter, it shall be flagged as an opinion and docketed as an order. I ask that the parties confer with one another and submit within two weeks a proposed order implementing this ruling.

Very truly yours,

/s/
J. Frederick Motz
United States District Judge

3