UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

July 7, 2006

Memo to Counsel Re: MDL-15863, RS Investment Subtrack
*Parthasarathy v. RS Investment Management, L.P., et al.*,
Civil No. JFM-04-3798

Dear Counsel:

I have reviewed the memoranda submitted in connection with the Independent Trustees'[1] ("Trustees") motion to dismiss the claims brought against them under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Sections 36(b) and 48(a) of the Investment Company Act of 1940, which I expressly deferred ruling upon in the order I entered on March 1, 2006. In line with a letter ruling I recently issued, the parties submitted a proposed order on June 21, 2006, which I granted, that dismissed the 48(a) claim. I conclude that the remaining claims should also be dismissed.

I begin by noting my full agreement with Judge Blake's recent opinion in the Federated subtrack in which she dismissed a 10(b) claim against independent trustees due to the plaintiff's failure to plead scienter with specificity. Judge Blake's reasoning applies with equal force in this case and compels dismissal of the 10(b) claim because the complaint suffers from the same deficiency. Indeed, the complaint alleges that the Trustees "failed to fulfill their duties *by neglecting to detect* and stop the illicit trading activities that pervaded the RS Funds."(Compl. ¶ 38 (emphasis added)). This allegation does not come anywhere near to raising a strong inference

---

[1] These defendants are Leonard B. Auerbach, Jerome S. Contro, John W. Glynn, Jr., and James K. Peterson.

1

that they acted recklessly or knowingly.

Judge Blake's opinion also requires dismissal of the 20(a) claim. Like the Federated complaint, here there are no allegations establishing that the Trustees had the authority or power to control the corporate policies at issue in this case.

As for the 36(b) claim, while the complaint does include factual allegations about the "Investment Advisor [*sic*] Defendants" receipt of investment adviser fees, (*id*. ¶¶ 169-72), no such allegations are made about the Trustees. Absent any averments about specific facts, I find plaintiff's conclusory allegation that the Trustees, along with other RS defendants, "devised and implemented a scheme to obtain substantial fees and other income for themselves and affiliates," (*id*. ¶ 238), insufficient to support a viable 36(b) claim.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order. I ask that the parties submit a proposed order within two weeks reflecting the rulings made herein.

Very truly yours,

/s/
J. Frederick Motz
United States District Judge
