UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

August 15, 2006

Memo To Counsel Re: *In re Mutual Funds Invest. Litig.* - MDL-15863
*Craig Wangberger v. Janus Capital Group, Inc., et al.*
Civil No. JFM-05-2711

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendants' motion to dismiss and to strike the complaint. The motion will be treated as a motion to dismiss and, as such, will be granted.

As you know, on March 1, 2006, I denied similar motions to dismiss in four other cases: *Calderon v. Amvescap PLC*, JFM-04-824; *Corbett v. Marsh & McLennan Cos.*, JFM-04-883; *Walker v. Massachusetts Fin. Servs. Co.*, JFM-04-1758; and *Zarate v. Bank One Corp.*, JFM-04-830.[1] In denying the motions, I followed the decision in *In re Mutual Funds Invest. Litig.*, 403 F. Supp. 2d 434 (D. Md. 2005) ("*Strong*"). In *Strong* Judge Blake found that a former participant in an ERISA plan has standing under Section 502(a)(2) of ERISA, 29 U.S.C. §1132(a)(2), to assert a claim against Plan fiduciaries for adverse effects upon his retirement account caused by market timing activities permitted in certain mutual funds that the fiduciaries allegedly knew or should have know were not prudent investments. *Strong*, 403 F. Supp. 2d at 441-42.

---

[1] On the same date I also decided a motion to dismiss in *Walsh v. Marsh & McLennan Cos., Inc.*, JFM-04-888. However, that case does not present the same standing issue as *Wangberger* and the other four cases because plaintiff Walsh is a current participant in the ERISA plan.

Since the time that Judge Blake issued her opinion in *Strong*, numerous courts have found that former participants in an ERISA plan lack standing under circumstances similar to those presented here. *See Graden v. Conexant Sys., Inc.*, No. 05-0695, 2006 U.S. Dist. LEXIS 16176 at *8 (D.N.J. Mar. 31, 2006); *In re RCN Litig.*, No. 04-5068 (SRC), 2006 WL 753149 at *14 (D.N.J. Mar. 21, 2006); *Holtzscher v. Dynegy, Inc.*, No. Civ. A. H-05-3293, 2006 WL 626402 at *5 (S.D. Tex. Mar. 13, 2006); *Lalonde v. Textron*, C.A. No. 02-3348, 2006 WL 519671 at *5 (D.R.I. Mar. 1, 2006); *In re Admin. Comm. ERISA Litig.*, No. C03-3302 PJF, 2005 WL 3454126 at *5 (N.D. Cal. Dec. 16, 2005). Although I believe the question is a close one, I have concluded that these decisions are correct and that I erred in denying the motions to dismiss in *Calderon*, *Corbett*, *Walker*, and *Zarate*. Because the opinions in *Strong* and the cases cited above fully and clearly address the issues, I see no useful purpose in writing separately on them. Suffice it to say I find that the causes of action asserted in this action to be more in the nature of claims for damages than for payment of a vested benefit.[2]

I further note that while I previously expressed the view that deferral of final ruling on the standing question until the summary judgment stage might serve the interest of the orderly and expeditious resolution of this litigation, I have concluded that this view too was misplaced. ERISA plans that held the relevant mutual funds in their portfolios during the class periods are

---

[2] My ruling granting defendants' motion to dismiss in this action should not be read as implying that former participants do not have standing to sue Plan fiduciaries or the Plan itself in the event that a Plan obtains a recovery in an investor class action (by judgment or settlement) and then chooses not to distribute a *pro rata* portion of the recovery to former participants whose retirement accounts held shares in the relevant mutual funds during the class period. If that were to occur, the focus of litigation instituted by a former Plan participant would be upon how to allocate a sum certain among various beneficiaries with conflicting claims, not upon determining the fiduciaries' asserted liability for making imprudent investments - and, in the event of a finding of liability - reducing to a set amount alleged investment losses of inherently inchoate value. These questions are quite different from one another, and former participants may have the right to assure that the Plan or its fiduciaries distribute to them, rather than giving to others or retaining for the Plan itself, benefits that in fairness and good conscience are due to them.

themselves members of putative investor classes, and plaintiffs' counsel in the investor class actions can adequately represent the Plans' claims for losses arising from the allegedly improper market timing activities.[3]

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/
J. Frederick Motz
United States District Judge

---

[3] I find unpersuasive defendant's alternative argument that the complaint should be dismissed because it was not authorized under this court's Case Management Order No. 1.  If a former participant has standing to assert the claims on behalf of an ERISA plan, it clearly would be in the public interest to resolve particular issues pertaining to those claims as part of this MDL proceeding.  The Case Management Order was not intended to suggest to the contrary.