

ROPES & GRAY LLP
ONE INTERNATIONAL PLACE    BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

October 24, 2006

John C. Ertman
212-841-0669
John.Ertman@ropesgray.com

**VIA ECF**

Honorable J. Frederick Motz
United States District Judge
United States District Court for the
 District of Maryland
101 West Lombard Street
Baltimore, MD  21201

Re:   MDL 1586 -- In re Mutual Funds Investment Litigation
       In re Alger, Columbia, Janus, MFS, One Group, Putnam and Allianz Dresdner
       [This letter relates to the Allianz Dresdner Subtrack]

Dear Judge Motz:

We represent the Allianz investment adviser, distributor and parent entity defendants (the "Allianz Defendants") in the Allianz Subtrack.  As Your Honor requested, we are submitting this letter as a follow-up to the status conference held in this Subtrack on October 16.

Allianz has requested leave to file a motion to dismiss raising two legal issues:  (1) plaintiffs lack standing to pursue claims regarding almost all of the Allianz mutual funds, because they have never owned shares in those funds; and (2) plaintiffs' allegations regarding purported "under the radar" market timing do not state a cognizable claim.  Your Honor asked that we summarize our request in a letter, which could then be forwarded to Judge Blake and Judge Davis for discussion.

As we explained at the status conference, the SEC and the New Jersey Attorney General, after exhaustive investigations, found only a single timing arrangement, affecting four specific Allianz funds.  This single arrangement was with Canary Capital.  The IDC is expected to issue a report concluding that the arrangement caused approximately $3 million of damages to shareholders, far below the $50 million Fair Fund created as a result of the Allianz settlement with the SEC.

It is not in dispute that the named plaintiffs own shares in only six of the 33 Allianz funds.  Despite this, Plaintiffs have made allegations against the Allianz Defendants regarding activity in every one of these 33 mutual funds, asserting that so-called "under the radar" market timing occurred in these funds, for which the Allianz Defendants somehow can be held liable.

ROPES & GRAY LLP

Honorable J. Frederick Motz
October 24, 2006
Page 2

The Allianz Defendants respectfully submit that plaintiffs cannot pursue claims regarding the Allianz funds in which they do not own any shares. Indeed, a significant number of courts have ruled that named plaintiffs must own shares in the mutual funds in order to have standing to assert claims with respect to those funds.

Plaintiffs' counsel contends that a ruling on the standing issue would have "significant cross-track implications," by negatively impacting settlements or contemplated settlements in other Subtracks. We have surveyed the other members of the Defense Steering Committee. Only one defense counsel identified a potential concern, *viz*, that if the Court ruled that the named plaintiffs must own shares in the funds over which they are suing, the Court later would be unwilling to certify settlement classes of shareholders of all funds in a family of mutual funds if the named plaintiffs do not own shares in every fund. However, the standing issue would have to be decided at that juncture in any event, and a determination not to decide the issue now will severely jeopardize the prospect of settling the Allianz litigation.[1]

As Your Honor recognized at the status conference, the issue of standing has to be decided at some point. The Supreme Court has held in multiple cases that standing is a threshold issue, which must be resolved before the question of class certification can be addressed. Given the importance of the question in the Allianz Subtrack, the Allianz Defendants respectfully submit that the issue should be determined as a threshold issue in this case. Accordingly, the Allianz Defendants respectfully request that the Court set a briefing schedule on this issue.[2]

A second legal issue is raised by plaintiffs' conclusory allegations that the Allianz Defendants "allowed" or "acquiesced in" "under the radar" market timing. However, such allegations do not plead scienter, a requisite for their claims.

Indeed, at the status conference, plaintiffs' counsel argued that such a motion would be futile due to "fact issues." Plaintiffs' counsel cited to purported instances where fund shareholders engaged in frequent trading. However, such allegations at most raise issues of negligence or failure in Allianz's systems and controls. As the Court recognized at the status conference, however, negligence in preventing market timing does not give rise to a Rule 10b-5 cause of action.

---

[1] Of course, a number of Subtracks do not have the standing issue present in the Allianz Subtrack. For example, in the Janus Subtrack we understand that the named plaintiffs owned shares in virtually all of the Janus funds in question.

[2] The Allianz Defendants addressed the standing issue in their supplemental briefs in connection with the omnibus motions to dismiss. As we explained at the status conference, however, we believe the Court would benefit from further briefing that would discuss the most recent mutual fund standing decisions, and allow a somewhat more expansive analysis than was possible given the strict page limitations of the supplemental briefs.

Similar to the issues of standing, Your Honor indicated at the status conference that the Court also would be inclined to allow briefing on plaintiffs' under the radar allegations if there were no adverse cross-track implications.  Again, we surveyed the other Defense Steering Committee members on this point, and we have not learned of any negative effects such a motion might have in other Subtracks.  Rather, we understand that there is a motion to dismiss pending in the Scudder Subtrack before Judge Blake that addresses under the radar trading allegations similar to those made in this Subtrack.  The Allianz Defendants respectfully request leave to file a similar motion to dismiss.[3]

The Allianz Defendants believe that a resolution of this case would be significantly facilitated by the Court's addressing the standing and under the radar trading issues now.  We therefore respectfully request a briefing schedule for the filing of a motion to dismiss on both the issues of standing and under the radar market timing.

We very much appreciate the Court's attention to this matter.

Respectfully submitted,


/s/ *John C. Ertman*
John C. Ertman

---

[3] As with standing, the Allianz Defendants argued that plaintiffs' under the radar allegations failed to state a claim in their supplemental briefs, but believe the Court would benefit from additional briefing on the issue.