# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
_____

1050 Connecticut Avenue, N.W., Washington, D.C. 20036-5306
(202) 955-8500

www.gibsondunn.com

MPerry@gibsondunn.com

October 31, 2007

| | |
|---|---|
| Direct Dial | Client Matter No. |
| (202) 887-3667 | 46252-00038 |
| Fax No. | |
| (202) 530-9696 | |

The Honorable J. Frederick Motz
The Honorable Catherine C. Blake
The Honorable Andre M. Davis
United States District Judges
United States District Court
District of Maryland
101 West Lombard Street
Baltimore, Maryland  21201

      Re:    MDL-1586, *In re Mutual Funds Investment Litigation*
                 Janus Track, No. 04-15863
                 Fund Investor Class Subtrack, (*Marini v. Janus Investment Fund*, No. 04-497)

Dear Judges Motz, Blake and Davis:

      We represent Janus Capital Group Inc. and related entities in this multidistrict litigation. On behalf of Janus, I am writing concerning the Court's October 19, 2007 opinion in the *Invesco* subtrack.  (No. 04-15864, D.E. 895.)  That opinion concludes, *inter alia*, that a shareholder in one mutual fund lacks statutory standing to bring claims under Section 36(b) of the Investment Company Act of 1940 on behalf of shareholders in other mutual funds within the same "family." The opinion does not address, however, the parallel question whether a shareholder in one mutual fund has statutory standing to bring claims on behalf of shareholders in other mutual funds under Section 10(b) of the Securities Exchange Act of 1934.

      The Court's opinion on the Section 36(b) claims is correct, and the same reasoning compels the conclusion that there is no statutory standing for a shareholder in one mutual fund to bring a claim on behalf of shareholders of different funds.  The Court explained that "a shareholder in one separately registered mutual fund cannot bring an action under Section 36(b) on behalf of other separately registered mutual funds against an investment adviser common to all of them because he is not, as the statute requires, 'a security holder of' the other mutual funds."

The Honorable J. Frederick Motz
October 31, 2007
Page 2

*Invesco* Op. at 11. The Court recognized, correctly, that the same analysis applies to mutual fund series of a single registered investment company. *Id.* at 12.

Just as Section 36(b) authorizes suit only by "a security holder" of a registered investment company (or a particular series thereof), Section 10(b)—as implemented through Rule 10b-5—authorizes suit only by purchasers or sellers of securities. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 747 (1975) ("limit[ing] the class of [private] plaintiffs to those who have at least dealt in the security to which the prospectus, representation, or omission relates"). A person who has not purchased or sold the securities in issue lacks standing to sue. *See*, *e.g.*, *Advanced Res. Int'l., Inc. v. Tri-Star Petroleum Co.*, 4 F.3d 327, 331-32 (4th Cir. 1993). It necessarily follows that a purchaser or seller of one security—or mutual fund series—lacks statutory standing to sue on behalf of purchasers or sellers of different securities. *Cats v. Prot. One*, *Inc.*, 2001 WL 34070630 (C.D. Cal. June 4, 2001) (holding that shareholders lacked statutory standing to bring claims on behalf of bondholders who were allegedly harmed by the identical misconduct).

We respectfully request that the Court rule directly on whether purchasers and sellers of shares in one mutual fund (whether separately registered or a separate series) have statutory standing under Section 10(b) of the Exchange Act to bring claims on behalf of persons who may have purchased or sold shares in a different mutual fund.

        Respectfully submitted,

        /s/

        Mark A. Perry


MAP/dl
cc:    All Counsel (via CM/ECF)