ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

100 EAST PRATT STREET
BALTIMORE MARYLAND  21202
410/752-9700
FAX 410/727-5460

WASHINGTON DC OFFICE
202/296-1642
FAX 202/828-4130

John B. Isbister
jisbister@tydingslaw.com
410-752-9700

November 1, 2007

The Honorable J. Frederick Motz
The Honorable Catherine C. Blake
The Honorable Andre M. Davis
United States District Judges
United States District Court
   District of Maryland
101 West Lombard Street
Baltimore, MD  21201

> **Re:    MDL-1586, *In re Mutual Funds Investment Litigation***
> **Janus Track, No. 04-15863**
> **Fund Investor Class Subtrack (*Marini v. Janus Investment Fund* No. 04-497)**

Dear Judges Motz, Blake and Davis:

In my capacity as Plaintiffs' Administrative Chair, I write to respond to the Janus defendants' letter of October 31 "concerning the Court's October 19, 2007 opinion."  Plaintiffs urge the Court to reject the Janus defendants' "request"[1] because there should not be yet another interim round of briefing on a legal issue that can be addressed when defendants file their summary judgment motions.

In the Spring, the parties negotiated the provisions of the Order Governing Pre-Trial Scheduling and Cross-Track Discovery in MDL 1586 ("Order").  At the instigation of defendants, that order included a provision for defendants to make motions concerning various issues, including "[w]hether plaintiffs have Article III standing to assert claims in connection with funds that the plaintiffs did not own in the same mutual fund complex." (Paragraph 4a). That Order also included a briefing schedule, and the Fund Defendants filed a 40 page brief and a 33 page reply in support of their standing argument.  Plaintiffs invested substantial time and

---

[1]  If this application had been in the form of a motion for reconsideration it would have been untimely.  Local Rule 105 (10).

The Honorable J. Frederick Motz
The Honorable Catherine C. Blake
The Honorable Andre M. Davis
November 1, 2007
Page 2

resources to respond to the motion.  On October 5, all three Judges heard argument on the motion the defendants wanted to make, and the parties had briefed.  Now, the Janus defendants want the Court to consider a different standing argument — and rely on cases that were not cited in their recent briefing.

It is strange that the Janus defendants did not raise the standing issue they now claim requires attention when the parties were negotiating the Order, or include it in the briefs filed by defendants over the summer.  However, it is counter productive for the Janus defendants to now suggest that while the parties are in the midst of fact discovery, they should engage in another round of omnibus briefing.  If they so desire, the Janus defendants can make their arguments at the time scheduled for defendants to file motions for summary judgment.

Accordingly, plaintiffs respectfully ask that the Court to decline the Janus defendants recent request. [2]

Sincerely,

/ s /

John B. Isbister

JBI:djw

cc:      All Counsel of Record via e-filing

---

[2]   The October 31 letter was filed not only in the Janus subtrack, but also in tracks 1 and 2.  This issue clearly has cross-track implications.  Accordingly, with Mr. Molumphy's consent, I have responded in an omnibus manner.