**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| Allianz Dresdner Sub-track | 1:04-MD-15863-JFM |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION, PROPOSED SETTLEMENT OF DERIVATIVE ACTION, MOTION
FOR ATTORNEYS' FEES AND EXPENSES AND SETTLEMENT HEARING**

*IF YOU PURCHASED AND/OR HELD SHARES IN THE FOLLOWING MUTUAL
FUNDS IN THE ALLIANZ FUNDS, FORMERLY KNOWN AS PIMCO FUNDS:
MULTI-MANAGER SERIES ("ALLIANZ FUNDS"): PEA TARGET FUND (N/K/A OCC
TARGET FUND); PEA INNOVATION FUND; PEA OPPORTUNITY FUND (N/K/A
OCC OPPORTUNITY FUND); PIMCO INTERNATIONAL FUND; PIMCO PRECIOUS
METALS FUND; RCM INTERNATIONAL GROWTH EQUITY FUND (N/K/A RCM
DISCIPLINED INTERNATIONAL EQUITY FUND); PEA RENAISSANCE FUND (N/K/A
NFJ RENAISSANCE FUND); PEA GROWTH FUND (N/K/A OCC GROWTH FUND);
AND PIMCO INTERNATIONAL GROWTH FUND (LATER CALLED PIMCO/ALLIANZ
SELECT INTERNATIONAL FUND) (COLLECTIVELY, THE "CLASS SETTLING
FUNDS" OR THE "FUNDS") DURING THE PERIOD FROM FEBRUARY 23, 1999
THROUGH FEBRUARY 17, 2004, INCLUSIVE, (THE "CLASS") YOU COULD
RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

*IF YOU ARE A CURRENT SHAREHOLDER OF THE FOLLOWING MUTUAL FUNDS
IN THE ALLIANZ FUNDS: RCM EMERGING MARKETS; RCM INTERNATIONAL
GROWTH EQUITY (N/K/A RCM DISCIPLINED INTERNATIONAL EQUITY FUND);
PEA INNOVATION; PEA TARGET (N/K/A OCC TARGET); NFJ SMALL-CAP VALUE;
PEA OPPORTUNITY (N/K/A OCC OPPORTUNITY); and NACM PACIFIC RIM
(COLLECTIVELY, THE "DERIVATIVE SETTLING FUNDS"), YOUR RIGHTS MAY BE
AFFECTED.*

<u>*A federal court authorized this Notice. This is not a solicitation from a lawyer.*</u>

 **Securities and Time Period:** Shares purchased and/or held in the following
Allianz Funds: PEA Target Fund; PEA Innovation Fund; PEA Opportunity Fund;
PIMCO International Fund; PIMCO Precious Metals Fund; RCM International Growth
Equity Fund; PEA Renaissance Fund; PEA Growth Fund; and PIMCO International
Growth Fund (later known as PIMCO/Allianz Select International Fund), at any time
during the period from February 23, 1999 through February 17, 2004, inclusive (the
"Class Period").

 **Settlement Amount and Statement of Recovery:** In connection with the
proposed settlement of this litigation (the "Settlement"), the defendants have agreed to
pay collectively $10,612,500 in cash (the "Settlement Fund"), comprised of $9.75 million

in cash paid on behalf of the Allianz Defendants (as defined below), pursuant to the Stipulation and Agreement of Settlement dated June 17, 2009 (the "Stipulation") entered in the above-captioned action, and $862,500 paid on behalf of other Third Party Settling Defendants (defined below) not parties to the Stipulation.[1]  The Class, and the Derivative Settling Funds (including those Class Settling Funds which are also included in the Derivative Settling Funds) receiving payments pursuant to the Settlement, will also receive interest accrued on the Settlement Fund (the "Gross Settlement Fund").   In addition, the Allianz Defendants have agreed to pay for most of the costs of notice and administration of the Settlement, subject to certain limitations based on the Court's approval of the notice and administration procedures proposed by the parties, representing an additional Settlement benefit.  Because the Allianz Defendants will pay for most of the notice and administration costs, a higher percentage of the Settlement Fund will be disbursed to Class Members with valid claims.

The average recovery per share will vary significantly depending on the specific Class Settling Fund(s) in which a given Class Member owned shares, and the time period during which such shares were owned.  The following table illustrates the estimated average recovery per share for each Fund (before deduction of Court-awarded attorneys' fees and expenses and other Court-approved deductions described in this Notice):

| Class Settling Funds (2/23/99 - 2/17/04) | Approximate Average Per Share Recovery ($) |
|---|---|
| PIMCO International Fund | $0.193 |
| PEA Renaissance Fund (n/k/a NFJ Renaissance Fund) | $0.002 |
| PEA Growth Fund (n/k/a OCC Growth Fund) | $0.019 |
| PEA Opportunity Fund (n/k/a OCC Opportunity Fund) | $0.028 |
| PEA Target Fund (n/k/a OCC Target Fund) | $0.045 |

---

[1]  Since the Stipulation was signed, Class Lead Plaintiffs and/or the Derivative Lead Plaintiffs (defined in the Stipulation) (collectively, "Plaintiffs") have entered into settlements with third party defendants ("Third Party Settling Defendants"): (i) Bear Stearns & Co. Inc. and certain of its affiliates and successor entities ("Bear Stearns") for the expected sum of $546,000 plus interest; (ii) Canary Capital Partners, LLC and certain affiliated entities and Edward Stern (collectively, "Canary"), for the expected sum of $270,000 plus interest; and (ii) Banc of America Securities LLC ("BAS"), for the expected sum of $46,500 plus interest. Additionally, pursuant to the terms of their settlement with the Office of the New York State Attorney General ("OAG"), Canary paid thirty million dollars ($30,000,000) into an interest bearing escrow account.  A total of $540,000 plus interest (the "OAG Amount") has been allocated to Class Members of this litigation.

| PIMCO Precious Metals Fund | $0.064 |
|---|---|
| PEA Innovation Fund | $0.060 |
| RCM International Growth Equity Fund (n/k/a RCM Disciplined International Equity Fund) | $0.016 |
| PIMCO International Growth Fund, later known as PIMCO/Allianz Select International Fund | $0.006 |

**Please Note: The average per share recovery amounts provided here are only estimates**. A Class Member's actual recovery will depend on: (1) the number of claims filed; (2) the particular Fund(s) in which the Class Member held shares; (3) when Class Members purchased their shares in the Funds during the Class Period; (4) whether Class Members either sold their shares in the Funds during the Class Period, or held their shares past the end of the Class Period; (5) any administrative costs, including the costs of notice, for the class action lawsuit (the "Class Action") and derivative lawsuit ("Derivative Action") as described below (collectively, the "Actions"), beyond such costs being paid by the Allianz Defendants; and (6) the amount awarded by the Court for attorneys' fees, costs, and expenses. Distributions to Class Members and/or the Funds will be made based on the Plan of Allocation set forth in this Notice. *See* the Plan of Allocation on pages 13-28. The recovery in the Derivative Action will be allocated among the Derivative Settling Funds, or their successor funds, in a manner that reflects the Derivative Lead Counsel's reasonable judgment as to the amounts recoverable by each Derivative Settling Fund.

**Proof of Claim Requirement**: Certain Class Members held shares of the Funds through intermediary accounts ("Omnibus Accounts") managed by third party institutions ("Omnibus Account Providers"), including among others Citigroup, Charles Schwab, Morgan Stanley, and Merrill Lynch. Class Members who received their account statements from a financial intermediary or advisor, including a broker, dealer, or other financial intermediary ("Omnibus Sub-Account Holders") will be required to submit a Proof of Claim form ("Proof of Claim"), in order to be eligible for a payment from the Settlement Fund. The completed Proof of Claim must include information regarding the Omnibus Sub-Account Holder's holdings in the Funds. In most instances, year-end account statements or quarterly account statements should include the holdings information necessary to complete the Proof of Claim. The Proof of Claim is found at the end of this Notice, as well as at www.mutualfundsettlements.com/allianz, and Omnibus Sub-Account Holders can contact the Claims Administrator with questions pertaining to the Proof of Claim. Class Members who held shares directly through Allianz Funds, meaning they received monthly account statements directly from the Allianz Funds, need not submit a Proof of Claim in order to receive payment from the Settlement Fund.

**Requirements for Nominees:**  If you held or purchased shares in any of the Class Settling Funds listed above during the period from February 23, 1999 through February 17, 2004, inclusive, as **nominee for a beneficial owner**, then within ten (10) days after you are notified of this Settlement, in writing or otherwise, you must either: (1) send a copy of the postcard notice provided to you by the Claims Administrator by first class mail to all such beneficial owners; or (2) provide a list of the names and addresses of such beneficial owners to the Claims Administrator.

**The Class Action Lawsuit:**  The proposed Settlement resolves class action litigation over whether or not the Allianz Settling Defendants (described below) violated the securities laws by, among other things, permitting select investors to engage in market-timing activities pursuant to undisclosed arrangements in order to increase the amount of assets in the Funds.  *See* Question 2 below for more information.  The "Allianz Settling Defendants" include (i) Allianz Global Investors of America L.P. (f/k/a Allianz Dresdner Asset Management of America L.P. or ADAM) ("AGI"), Allianz Global Investors Distributors LLC (f/k/a PIMCO Advisors Distributors LLC or PA Distributors LLC or PAD) ("AGID"), Allianz Global Investors Fund Management LLC (f/k/a PIMCO Advisors Fund Management LLC or PA Fund Management LLC or PAFM) ("AGIFM"), and PEA Capital LLC (f/k/a PIMCO Equity Advisors LLC) ("PEA Capital") (collectively, the "Allianz Defendants"); and (ii) Stephen J. Treadway, Kenneth W. Corba, and John E. Cashwell, Jr. (the "Individual Defendants").  The Settlement also resolves class action litigation over whether certain of the Third Party Settling Defendants (described above) violated securities laws by participating in or facilitating alleged market-timing activities in the Funds.  The Allianz Settling Defendants and Third Party Settling Defendants are collectively referred to hereinafter as the "Settling Defendants."  As noted below, the Settling Defendants deny any liability for the claims alleged in the Class Action.

**The Derivative Lawsuit:**  The proposed Settlement also resolves derivative litigation over whether or not certain managers, investment advisers and trustees of the Funds breached their fiduciary duties to the Funds by allowing improper trading practices to occur in the Funds.  The derivative lawsuit is brought derivatively on behalf of the Funds, and not on behalf of the individual shareholders of the Funds.  As noted below, the Allianz Settling Defendants deny any liability for the claims alleged in the Derivative Action.

**Statement of Potential Outcome of Case:**  The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to have prevailed on each claim alleged.  Investor Class Plaintiffs (defined below) estimated that if they were able to prove liability and the fact finder found most favorably for Plaintiffs and the Class, the potential damage award could range from $0.03 per mutual fund share to no more than $0.27 per mutual fund share.  The Settling Defendants deny that they are liable to the Plaintiffs or the Class, and deny that Plaintiffs or the Class have suffered any damages.

**Fees and Expenses:**  Investor Lead Counsel and Derivative Counsel (collectively, "Lead Counsel") have litigated their respective actions on a contingent

basis and have litigated the Actions and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class and/or the Funds, they would receive fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation.   Court-appointed Lead Counsel, together with the Court-appointed Plaintiffs' Administrative Chair/Liaison Counsel, will apply to the Court for attorneys' fees in no event to exceed 30% of the Settlement Fund and reimbursement of litigation expenses not to exceed $300,000, plus interest on both amounts at the same rate and for the same time period as earned by the Gross Settlement Fund, all to be paid from the Gross Settlement Fund.   In addition, the Investor Class Plaintiffs may seek reimbursement pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (and any named plaintiff in the Derivative Action may otherwise seek reimbursement) of a total of up to $50,000 for their expenses incurred (including lost wages/employee time) in prosecuting the Actions.

The following table illustrates the estimated average cost per share for each fund of the attorneys' fees and costs being requested from the Court.  **Please note that this amount is only an estimate**:

| *Class Settling Funds (2/23/99 - 2/17/04)* | *Approximate Average Per Share Fees & Costs ($)* |
|---|---|
| PIMCO International Fund | $0.063 |
| PEA Renaissance Fund (n/k/a NFJ Renaissance Fund) | $0.001 |
| PEA Growth Fund (n/k/a OCC Growth Fund) | $0.006 |
| PEA Opportunity Fund (n/k/a OCC Opportunity Fund) | $0.009 |
| PEA Target Fund (n/k/a OCC Target Fund) | $0.015 |
| PIMCO Precious Metals Fund | $0.021 |
| PEA Innovation Fund | $0.020 |
| RCM International Growth Equity Fund (n/k/a RCM Disciplined International Equity Fund) | $0.005 |
| PIMCO International Growth Fund, later known as PIMCO/Allianz Select International Fund | $0.002 |

**Deadlines:**

Submit Proof of Claim (Omnibus Sub-Account Holders only): _____
Request Exclusion: _____
File Objection: _____
**Court Hearing on Fairness of Settlement:** <u>October 1, 2010</u>

**More Information:**

> <u>Claims Administrator</u>:
>
> Rust Consulting, Inc.
> P.O. Box 2324
> Faribault, MN  55021-9024
> (800) 243-8544

| | |
|---|---|
| <u>Investor Lead Counsel</u>: | <u>Derivative Counsel</u>: |
| Robert M. Kornreich, Esq. | Mark C. Rifkin, Esq. |
| Chet B. Waldman, Esq. | Demet Basar, Esq. |
| Andrew E. Lencyk, Esq. | Paulette S. Fox |
| **Wolf Popper LLP** | **Wolf Haldenstein Adler Freeman** |
| **845 Third Avenue** | **  & Herz, LLP** |
| New York, NY 10022 | 270 Madison Avenue |
| Telephone:  (212) 759-4600 | Telephone:  (212) 545-4600 |

Your legal rights are affected whether you act or do not act.  Please read this Notice carefully.

### The Circumstances of the Settlement

The principal reason for Plaintiffs' consent to the Settlement is to provide a benefit to the Class and, with respect to the Derivative Action, the Derivative Settling Funds.  This benefit must be compared to the risk that a lesser recovery, or even no recovery at all, might be achieved after further contested motions, a trial and likely appeals, possibly years into the future. While Lead Counsel believe their claims were meritorious, they also recognize that further litigation of complex claims such as the ones brought in the Actions, including a potential trial, is a risky proposition and that Plaintiffs and the Class, and the Derivative Settling Funds, might not prevail on all, or any, of their claims.  The claims advanced in the Actions involve numerous complex legal and factual issues, including complicated trading practices, which would require additional voluminous discovery and extensive expert discovery and testimony, and would add considerably to the expenses and duration of the litigation.   If the Actions were to proceed, Plaintiffs would have to overcome significant defenses to the claims, including, *inter alia,* defenses regarding lack of scienter and damages, among other things.   The parties disagree about, among other things: (1) whether the Settling Defendants engaged in conduct that was unlawful or harmful to the members of the Class; (2) the method for determining whether or not the value of shares in the Funds was damaged by market timing; (3) the amount of any such change in value; (4) the extent, if any, that various facts alleged by Plaintiffs influenced the trading price of such shares during the relevant period; (5) whether the Settling Defendants acted with scienter; (6) whether the Settling Defendants are liable under the federal securities and other laws; and (7) whether the Class and the Derivative Settling Funds suffered damage for which they have not been compensated.  If the Actions went to trial, issues of liability and the measure of damages,

if any, would be hotly contested.  This Settlement therefore enables the Class to recover $9.75 million, along with the $862,500 paid on behalf of other Third Party Settling Defendants (plus accrued interest thereon), and the Derivative Settling Funds to recover some portion thereof (as described on p. 13 below), without incurring any additional risk or costs. As a result, Plaintiffs believe this Settlement is a fair, reasonable, and adequate recovery for the Class and the Derivative Settling Funds.

In agreeing to the Settlement, the Settling Defendants do not concede that the asserted claims are valid or have merit, and have expressly denied, and continue to deny, each and all of the claims and contentions alleged by the Plaintiffs in the Actions.  The Settling Defendants expressly have denied, and continue to deny, all charges of wrongdoing or liability against them arising out of any of the conduct alleged, or that could have been alleged, in the Actions.  The Settling Defendants have also denied and continue to deny, among other things, the allegations that any alleged conduct by the Settling Defendants caused the value of shares held by the Plaintiffs or the Class to decline in value.  The Settling Defendants also believe that their defenses to the claims are meritorious, and do not concede that the claims are valid or have merit.  Nonetheless, the Settling Defendants consent to the Settlement to eliminate the burden and expense of further litigation.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**SUBMIT A CLAIM**  If you owned shares through an Omnibus Account administered by a broker, dealer, or other financial intermediary (meaning that you received your account statements regarding your shares in the Class Settling Funds from an entity other than the Allianz Funds), you must submit a Proof of Claim to the Claims Administrator in order to receive a payment from the Settlement Fund.  Other Authorized Claimants are eligible to receive a payment without submitting a Proof of Claim.

**EXCLUDE YOURSELF**    Receive no payment from the Settlement Fund.  This is the only option that allows you to file or participate in another lawsuit at your own expense against the Settling Defendants or the Released Persons concerning the Released Claims.

**OBJECT**    You may write to the Court if you do not like this Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and expenses, or the reimbursement to the Lead Plaintiffs for time and expenses.

**GO TO A HEARING**    You may ask to speak in Court about the fairness of the Settlement or any part thereof.

**DO NOTHING**    If you owned shares through an Omnibus Account administered by a broker, dealer, or other financial intermediary, and do not submit a claim form, you will receive no payment from the Settlement Fund and claims that you may have that relate to the subject matter of these lawsuits will be released.

DOC 167454

• These rights and options – **and the deadlines to exercise them** – are explained in this Notice.  Please note the date of the Settlement Hearing (as described in Question 21 below) – currently scheduled for October 1, 2010 – is subject to change without further notice.  If you believe you are a Class Member and plan to attend the hearing, you should check the website, www.mutualfundsettlements.com/allianz, or with either Investor Lead Counsel or Derivative Counsel as set forth above, to be sure that no change to the date and time of the hearing has been made.

• The Court in charge of the Actions still has to decide whether to approve the Settlement.  Payments will be made to Class Members and/or the Funds if the Court approves the Settlement and that approval is upheld if any appeals are filed.  Please be patient.

**BASIC INFORMATION**

PAGE

1. **Why am I being provided notice of the Settlement?**.......................................................

2. **What is this lawsuit about?** .............................................................................................

3. **Why is the Class Action a class action?** ........................................................................

4. **Why is the Derivative Action a derivative action?** ........................................................

5. **Why is there a settlement?** ...............................................................................................

6. **How do I know if I am part of the Settlement?**..............................................................

7. **What are the exceptions to being included?**..................................................................

8. **What do I do if I am still not sure whether I am included?**..........................................

9. **What does the Settlement provide?**................................................................................

10. **How much will my payment be?**......................................................................................

11. **How will I receive a payment?**........................................................................................

12. **When will I receive my payment?**...................................................................................

13. **What am I giving up by staying in the Class?** ...............................................................

14. **How do I exclude myself from the Settlement?**.............................................................

15. **If I do not exclude myself, can I sue the Settling Defendants for the same thing later?**......................................................................................................................

16. **If I exclude myself, can I receive a payment from this Settlement?**...............................

17. **Do I have a lawyer in this case?**.....................................................................................

18. **How will the lawyers be paid?** ........................................................................................

19. **How do I tell the Court that I do not like the Settlement?**............................................

20. **What is the difference between objecting and excluding?** ............................................

21. **When and where will the Court decide whether to approve the Settlement?**...............

22. **Do I have to come to the Settlement Hearing?** ..............................................................

23. **May I speak at the Settlement Hearing?**.......................................................................

24. **What happens if I do nothing at all?** .............................................................................

25. **Are there more details about the Settlement?**...............................................................

26. **Special Notice to Securities Brokers and other Nominees** ...............................................

# BASIC INFORMATION

**1.      Why Am I Being Provided Notice of the Settlement?**

You or someone in your family may have held or purchased shares in one or more of the following mutual funds in the Allianz Funds: PEA Target Fund (n/k/a OCC Target Fund); PEA Innovation Fund; PEA Opportunity Fund (n/k/a OCC Opportunity Fund); PIMCO International Fund; PIMCO Precious Metals Fund; RCM International Growth Equity Fund (n/k/a RCM Disciplined International Equity Fund); PEA Renaissance Fund (n/k/a NFJ Renaissance Fund); PEA Growth Fund (n/k/a OCC Growth Fund); and PIMCO International Growth Fund (later called PIMCO/Allianz Select International Fund) (the "Class Settling Funds" or the "Funds"), during the period from February 23, 1999 through February 17, 2004, inclusive.

If this description applies to you, you have a right to know about a proposed settlement of a class action lawsuit and a derivative lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This Long-Form Notice explains the lawsuits, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

**2.      What Is This Lawsuit About?**

On or about February 20, 2004, the first in a series of putative securities class action complaints was filed against Allianz Dresdner Asset Management of America L.P. (n/k/a Allianz Global Investors of America L.P.) and related entities in the United States District Court for the District of New Jersey, alleging market-timing and/or late trading in the Funds in violation of the federal securities laws.  Market-timing has been described as an investment technique involving short-term, "in and out" trading of mutual fund shares, designed to benefit from inefficiencies in the way mutual fund companies price their shares.  Late trading has been described as an investment practice whereby investors are permitted to place orders to buy, sell or exchange mutual fund shares using the day's net asset value ("NAV") after the 4:00 p.m. eastern time cut-off, capitalizing on post-4:00 p.m. information.  On or about March 15, 2004, the first of a series of putative derivative actions resulting from the same alleged market-timing and/or late trading practices was filed in the United States District Court for the Southern District of New York.

In the weeks and months that followed, numerous suits were filed in District Courts throughout the country.  Various other mutual fund families identified as being involved in regulatory market-timing and/or late trading investigations likewise were named in numerous complaints filed in courts throughout the United States.  On February 20, 2004, the Judicial Panel on Multi-District Litigation issued an order centralizing all of these actions in one multi-district docket in the United States District Court for the District of Maryland under the caption *MDL-1586 - In re Mutual Funds Investment Litigation* (the "MDL Actions").  By letters to counsel in the MDL Actions dated April 9,

2004 and April 12, 2004, the Court assigned four Judges a separate track of the MDL Actions, with multiple mutual fund families assigned to sub-tracks within each track. The Allianz Sub-track was ultimately assigned to the Honorable J. Frederick Motz.

On May 25, 2004, the Court issued a case management order consolidating all class actions and other direct cases involving Alger, Columbia, Janus, MFS, One Group and Putnam mutual funds, as well as all cases filed on behalf of purchasers or holders of shares of the corporate parents of these entities or their investment advisors (including all cases brought nominally on behalf of the funds or corporate parents of the funds or their investment advisors and styled as derivative actions), for pretrial purposes under the caption *In re Alger, Columbia, Janus, MFS, One Group and Putnam*, Civil No. 04-md-15863. By conditional transfer order entered on June 21, 2004, all cases involving the Allianz Funds were consolidated with the other MDL Actions. By letter order dated July 6, 2004, the Court ordered that all cases brought against the Allianz Funds be consolidated with the other MDL Actions and assigned to Judge J. Frederick Motz. By letter order dated November 5, 2004, the Court granted the Combined Welfare Fund's motion for appointment as lead plaintiff for the consolidated class claims and its selection of Wolf Popper LLP as lead class counsel for the MDL Allianz Dresdner Sub-track ("Investor Lead Counsel"). Wolf Haldenstein Adler Freeman & Herz, LLP was appointed lead fund derivative counsel for the Allianz Sub-track ("Derivative Counsel").

On September 29-30, 2004, amended complaints were filed in most of the MDL class and derivative actions, including the Derivative Action; however, because the class case involving the Allianz Funds arose (and lead plaintiff and lead counsel were appointed) after most of the other actions were filed, the amended complaint in the class action against the Settling Defendants was filed on January 14, 2005. Claims were asserted in the Actions against persons affiliated with the Funds, including the investment advisor to the Funds and its affiliates, as well as unaffiliated entities, including alleged market-timers and other parties that were alleged to have participated in or facilitated the market timers' trading of the Funds. Plaintiffs in the Class Action asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), Sections 34(b), 36(a), 36(b) and 48(a) of the Investment Company Act of 1940 ("ICA"), and state law. Likewise, the plaintiffs in the Derivative Action asserted claims under Sections 36(a), 36(b), 47 and 48 of the ICA, Sections 206 and 215 of the Investment Advisors Act of 1940 ("IAA"), and state law. On February 25, 2005, certain defendants moved to dismiss the Complaints, and on March 11, 2005, most of the Allianz Settling Defendants filed a Joint Supplemental Memorandum in Support of Their Motions to Dismiss the Consolidated Amended Class Action Complaint, and one of the Individual Defendants filed his separate motion to dismiss.

On August 25, 2005, Judge Motz issued two opinions addressing common issues presented in the class actions and derivative lawsuits, respectively, in the MDL Actions. On November 3, 2005, Judge Motz issued a ruling on the separate motions to dismiss in the Allianz Sub-track, denying in part and granting in part the motions to dismiss. In December 2005, the parties submitted proposed orders for the Court's review and entry,

and, following submission of letters by various parties, on March 8, 2006, the Court entered the Investor Class Order on the motions to dismiss.  During this time, as directed by the Court, certain of the parties began formal discovery.

On February 17, 2006, as directed by the Court, Plaintiffs filed a Second Consolidated Amended Class Action Complaint ("Second Amended Class Action Complaint").  In October 2006, certain of the Allianz Settling Defendants moved for leave to file renewed motions to dismiss (i) based on standing grounds, and (ii) with respect to market-timing that was not explicitly approved by the Allianz Settling Defendants.  The parties submitted letter briefs and argued the motion for leave to file renewed motions to dismiss, which motion the Court denied.

In the meantime, certain of the parties continued to pursue formal discovery.  In particular, these parties served document requests, and responses thereto, and Plaintiffs engaged in extensive document discovery of the Allianz Settling Defendants.  Plaintiffs also obtained trading data in the Funds for analysis, with the assistance of an expert consultant retained in these MDL 1586 actions, to determine potential damages in this class action.

Plaintiffs initially brought claims against all of the mutual funds in the Allianz Funds which were allegedly harmed by market timing and/or late trading.  After further investigation and discovery during the course of this litigation, as well as expert damages analysis, Plaintiffs concluded that the evidence indicated that only the Class Settling Funds had potentially suffered any significant damage from market-timing, and that there had not been any significant late trading which had taken place in the Allianz Funds.

While discovery was ongoing, the parties began to discuss a possible settlement of the Actions.   Following ongoing and extensive discussions and arm's-length negotiations, Plaintiffs entered into a Memorandum of Understanding ("MOU") setting forth the principal terms of the settlement with the Allianz Settling Defendants on February 27, 2008.  The Court thereafter ordered a stay of the Actions against the Allianz Settling Defendants.  Plaintiffs had previously entered into an MOU, along with plaintiffs in other MDL sub-tracks, setting forth the principal terms of the settlement with Canary.  Plaintiffs subsequently negotiated the detailed terms of the Stipulation with the Allianz Settling Defendants, then negotiated separate settlements with each of the other Third Party Settling Defendants, and entered into stipulations of settlement with all of the Third Party Defendants.   The Stipulation with the Allianz Settling Defendants, and the stipulations reached with the Third Party Settling Defendants, are collectively referred to as the "Stipulations."

**3.      Why is the Class Action a class action?**

In a class action, one or more individuals and/or entities called class representatives (in this case the court-appointed lead plaintiff, Combined Welfare Fund, and additional plaintiff, Warren Meier (together, the "Investor Class Plaintiffs")) sue on behalf of individuals and entities who have similar claims.  All of these individuals and

entities who have similar claims are referred to collectively as a Class, or individually as a "Class Member". One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement. The United States District Court for the District of Maryland, the Honorable J. Frederick Motz, is in charge of the Class Action as well as the Derivative Action.

**4.     Why is the Derivative Action a derivative action?**

In a derivative action, one or more people and/or entities who are shareholders of a corporation sue on behalf of the corporation itself, alleging that it was injured, and seek to enforce the corporation's legal rights. In a derivative action, the corporation and not the individual shareholders usually receive the direct benefit of a settlement, and the individual shareholders may receive an indirect benefit such as an increase in the value of their shares. In this case, Derivative Plaintiffs sued on behalf of the Allianz Funds, and the Derivative Settling Funds are beneficiaries of certain of the Settlements, as described further below.

**5.     Why is There a Settlement?**

The Court did not decide in favor of either the Plaintiffs or the Settling Defendants. Instead, in order to avoid the risks and costs of further litigation and trial, all parties agreed to a settlement. As explained above, Investor Class Plaintiffs and their attorneys believe the Settlement is best for all Class Members and likewise, Derivative Plaintiffs and their counsel believe the Settlement is best for the Funds.

**WHO IS IN THE SETTLEMENT**

To see if you will receive money from this Settlement, you first have to determine if you are a Class Member.

**6.     How Do I Know if I Am Part of the Settlement?**

The Class includes: every person (meaning a natural person or any legal entity, including, without limitation, individuals, corporations, employee pension or other benefit or ERISA plans, and trusts) who, during the Class Period of February 23, 1999 through February 17, 2004, inclusive, purchased, owned or held shares in any of the following mutual funds in the Allianz Funds: PEA Target Fund (n/k/a OCC Target Fund); PEA Innovation Fund; PEA Opportunity Fund (n/k/a OCC Opportunity Fund); PIMCO International Fund; PIMCO Precious Metals Fund; RCM International Growth Equity Fund (n/k/a RCM Disciplined International Equity Fund); PEA Renaissance Fund (n/k/a NFJ Renaissance Fund); PEA Growth Fund (n/k/a OCC Growth Fund); and PIMCO International Growth Fund (later known as PIMCO/Allianz Select International Fund) (the "Class Settling Funds"), ***except those persons and entities that are excluded, as described below.*** Any Class Member who is determined to be eligible for payment from the Net Settlement Funds (defined below) is referred to as an Authorized Claimant in the Plan of Allocation.

**7.      What Are the Exceptions to Being Included?**

Excluded from the Class are Settling Defendants, members of the immediate family of each of the Individual Defendants, any subsidiary, affiliate, director, officer, or employee of any of the Settling Defendants, any entity in which any excluded person or entity has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person or entity.  Also excluded from the Class are all persons and entities who exclude themselves from the Settlement by timely requesting exclusion in accordance with the requirements set forth herein.

**8.      I Am Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call the Claims Administrator, Rust Consulting, Inc., at 1-800-243-8544, for more information.

**THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE**

**9.      What Does the Settlement Provide?**

The proposed Settlement consists of $10,612,500 in cash, comprised of (i) $9,750,000 paid on behalf of the Allianz Settling Defendants, (ii) most of the costs of notice and administration being paid for by the Defendants, and (iii) $862,500 paid on behalf of the other Third Party Defendants not parties to the Stipulation.  The balance of this fund (the "Net Settlement Funds"), plus the $540,000 OAG Amount to be distributed to Class Members pursuant to Canary's settlement with the OAG, after payment of court-approved attorneys' fees and litigation expenses and, certain of the costs of claims administration and notice, and any other Court approved deductions, shall be paid to qualifying Authorized Claimants.  *See* Question 10 below for more details regarding the allocation of the Net Settlement Funds.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUNDS**

**10.     HOW MUCH WILL MY PAYMENT BE?**

The proposed Plan of Allocation provides for distribution of the Net Settlement Funds to persons or entities entitled to recovery ("Authorized Claimants") as follows:

If you are entitled to a payment, your share of the Net Settlement Funds will depend on, among other things, the number of shares in the Class Settling Funds you purchased and/or held during the Class Period, and when you purchased and sold your shares.  By following the Plan of Allocation described herein, you can estimate your "Recognized Claim."  The Claims Administrator will distribute the Net Settlement Funds according to the Plan of Allocation.

**THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS**

(1)    A total of $10,612,500 in cash has been paid into escrow for the benefit of the Class.

(2)    After approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Funds will be distributed to Authorized Claimants in accordance with the Plan of Allocation.  If any amount of the Net Settlement Funds remains undistributed after one distribution of the Net Settlement Funds to Authorized Claimants on account of a lack of current addresses or forwarding addresses or otherwise after reasonable and diligent efforts by the Claims Administrator, or any returned or uncashed checks, such undistributed amounts shall be distributed to the Derivative Settling Funds, or their successor funds.

(3)    The Settlement Fund will be distributed as follows:

   (i)    to pay all federal, state and local taxes on any income earned by the Settlement Fund and to pay the reasonable costs incurred in connection with determining the amount of, and paying, taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants);

   (ii)    to pay any costs and expenses in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members, other than those notice and administration-related costs that certain Defendants have agreed to pay;

   (iii)    to reimburse Plaintiffs and Plaintiffs' Counsel for the costs and expenses that Plaintiffs' Counsel incurred in connection with commencing and prosecuting the Actions (potentially including expenses incurred by Common Benefit Counsel), with interest thereon, if and to the extent allowed by the Court;

   (iv)    to pay Plaintiffs' Counsel's attorneys' fees, and any Plaintiffs' Award to the Class and/or Derivative Plaintiffs, to the extent allowed by the Court (including any attorneys' fees awarded to Common Benefit Counsel);

   (v)    to compensate Authorized Claimants with the balance of the Net Settlement Funds in accordance with the Plan of Allocation; and

   (vi)    to the extent funds remain in the Net Settlement Funds after one distribution to Authorized Claimants is made because of uncashed distributions or otherwise, to compensate those Derivative Settling Funds that have incurred alleged harm which remains uncompensated.

As noted above, before any distributions can be made from the Settlement Fund, the Court must first issue an Order approving the Settlement and the Plan of Allocation (or such other allocation plan as the Court may approve) (the "Approval Order"), and the Approval Order must become final (meaning that the time for appeal or appellate review of the Approval Order has expired, or, if the Approval Order is appealed, that the appeal is either decided without causing a material change to the Approval Order or is upheld on appeal and no longer subject to appellate review by further appeal or writ of certiorari).

(4)   The Net Settlement Funds will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

(5)   Defendants are not entitled to get back any portion of the settlement funds once the Court's Order approving the respective settlements becomes final.

(6)   Approval of the Settlement is independent from approval of the Plan of Allocation.  Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

(7)   Omnibus Sub-Account Holders, that is, Class Members who received their account statements from a broker, dealer, or financial intermediary other than through the Allianz Funds, will be required to submit a Proof of Claim establishing their membership in the Class, in order to be eligible for a payment from the Settlement Fund.  The Proof of Claim must include all required documentation, and must be postmarked on or before _____, 2010, to the address set forth in the Claim Form.  A copy of the Proof of Claim is found at the end of this Notice and may be downloaded from www.mutualfundsettlements.com/allianz or may be requested from the Claims Administrator at P.O. Box 2324, Faribault, MN  55021-9024.  Unless the Court otherwise orders, any Omnibus Sub-Account Holder who fails to submit a Proof of Claim postmarked no later than _____, 2010, shall be forever barred from receiving payments pursuant to the Settlement set forth in the Stipulations but will in all other respects remain a Class Member and be subject to the provisions of the Stipulations, including the terms of any Judgment entered and releases given.  This means that each Omnibus Sub-Account Holder releases the Released Claims (as defined in paragraph 1(jjj) of the Stipulation) against the Allianz Released Parties (as defined in paragraph 1(k) of the Stipulation), as well as, with respect to the Third Party Settling Defendants, the "Released Claims" as defined in their respective settlement agreements with the Plaintiffs, and is enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Allianz Released Parties, or the other Third Party Settling Defendants, regardless of whether or not such Omnibus Sub-Account Holder submits a Proof of Claim.  Note that Class Members who received account statements regarding their shares in the Class Settling Funds directly from the Allianz Funds are not required to submit a Proof of Claim, and will be directly mailed checks if eligible pursuant to the terms set forth in this Notice.

(8)   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

(9)   The Court has also reserved the right to modify the Plan of Allocation without further notice to Class Members.  Any Orders regarding a modification of the Plan of Allocation will be posted on the Settlement website, www.mutualfundsettlements.com/allianz.

(10) Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Defendants, Defendants' Counsel, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further

orders of the Court. Plaintiffs, Defendants, their respective counsel, and all other Allianz Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Funds, the Net Settlement Funds, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

(11)  As soon as practicable after the Effective Date has occurred, the Claims Administrator shall distribute the Net Settlement Funds to eligible Class Members in accordance with the terms of the Plan of Allocation. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who were allegedly damaged by the alleged misconduct.

(12)  Payments from the Net Settlement Funds to Class Members who held their shares in the Class Settling Funds directly with Allianz Funds (i.e., those Class Members who received account statements regarding their shares directly from Allianz Funds), will be calculated by the Claims Administrator pursuant to the Plan of Allocation using share trading and holdings data provided by the Allianz Defendants or their transfer agents to the Claims Administrator. Such payments may be made by the Claims Administrator to Authorized Claimants by mail to their last known addresses. Omnibus Sub-Account Holders will be required to submit a Proof of Claim in order to be eligible to participate in the distribution of the Net Settlement Funds. Each Omnibus Sub-Account Holder will need to submit information and supporting documentation concerning the total assets held at various times in the Class Settling Funds, in conjunction with his or her or its Proof of Claim. In most cases, information contained in year-end or quarterly mutual fund statements from the relevant 1999-2004 period will be sufficient. Please check the Proof of Claim form for further instructions on what documentation to submit. If an Omnibus Sub-Account Holder did not hold any shares as of a particular date, they do not need to submit documentation of their lack of holdings. Note that Class Members who received account statements regarding their shares in the Class Settling Funds directly from Allianz Funds are not required to submit a Proof of Claim. All Authorized Claimants who cash a payment check received from the Claims Administrator will be deemed to have represented to the Court that they have not, to the best of their knowledge, engaged in wrongful market-timing or late trading activity in any Class Settling Fund.

## CALCULATION OF RECOGNIZED CLAIMS

(13) An Authorized Claimant's recognized claim ("Recognized Claim") will be calculated as follows:

(i)      For each Class Settling Fund, the Claims Administrator will calculate the Authorized Claimant's "Cumulative Asset Value" for each calendar year during the Class Period by adding the daily asset values for each fund held by the Claimant. For purposes of calculating a claimant's Cumulative Asset Value (a) "calendar year 1999" will be deemed to begin as of February 23, 1999 and (b) "calendar year 2004" will be deemed to end on February 17, 2004. If an Authorized Claimant did not hold shares in a

particular Class Settling Fund during a particular calendar year, his, her, or its Cumulative Asset Value for that Fund and for that year shall be zero.

(ii)    For each Class Settling Fund, the Claims Administrator will calculate the Authorized Claimant's "Annual Losses" for each year during the Class Period by multiplying the Authorized Claimant's Cumulative Asset Value by a settlement ratio based on the estimated "dilution" in a fund to the total cumulative daily asset values of the fund (the "Settlement Ratio"). The general methodology for determining dilution is set forth on Exhibit A of the Stipulation (available at www.mutualfundsettlements.com/allianz). A distinct Settlement Ratio applies for each fund and each calendar year. The total of the Annual Losses for a particular Fund across all years during the Class Period shall equal the Authorized Claimant's "Total Losses" for that Fund.

(iii)   The Authorized Claimant's Recognized Claim will equal the sum of the Claimant's "Total Losses" across all Class Settling Funds.  The amount eventually paid to each Claimant is likely to be less than his, her, or its Recognized Claim amount as all Recognized Claims will be adjusted on a pro rata basis, based on the available amount in the Net Settlement Funds, as set forth in paragraph 17.

***You do not need to have held shares for the entire Class Period in order to have a Recognized Claim.***  However, Class Members who held any Class Settling Fund shares for a relatively short period of time may not have a Recognized Claim, depending on the specific period when the shares were held.

(14)  An Authorized Claimant may estimate his, her, or its Recognized Claim under the Plan of Allocation by using the information in the worksheet contained in Exhibits A and B hereto.  Exhibit A also contains an illustration of how a sample holder of Class Settling Funds during the Class Period can utilize the worksheet to calculate her Recognized Claim.  Exhibit C allows you to convert a Recognized Claim amount into a per share figure.

(15)  Note that the Claims Administrator will be using more extensive and detailed data to calculate Recognized Claims than is required in the worksheet on Exhibit A, including adding the <u>daily</u> asset values for each fund held by the Claimant where the data is available to the Claims Administrator, as opposed to <u>yearly</u> total assets required in the worksheet.  As a result, Exhibit A provides only an estimate of a Class Member's Recognized Claim.

## ADDITIONAL PROVISIONS

(16)  The Net Settlement Funds will be allocated among all eligible Class Members. The following Class Members shall not be eligible for any payment from the Net Settlement Funds:

   i.   any person or legal entity identified as a market-timer by Plaintiffs' damages expert;

ii. any holder of shares of any Class Settling Fund during the Class Period whose account was frozen by the Allianz Defendants or Allianz Funds due to violations of the Class Settling Funds' policies on market-timing; and/or

iii. any other person who engaged in wrongful conduct alleged in the Second Amended Class Action Complaint.

(17) The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Funds based upon each Authorized Claimant's Recognized Claim. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Funds is greater than the Net Settlement Funds, however, each such Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Funds. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of all Recognized Claims to be paid from the Net Settlement Funds, multiplied by the total amount in the Net Settlement Funds. Notwithstanding the foregoing, if an Authorized Claimant's Recognized Claim is $10 or less or if an Authorized Claimant's *pro rata* share of the Net Settlement Fund is $10 or less, that Authorized Claimant shall not be eligible for a distribution from the Net Settlement Funds. In addition, if the Total Losses of an Authorized Claimant in any particular Class Settling Fund is $10 or less, that amount of Total Losses will not be included in the calculation of the Authorized Claimant's Recognized Claim.

(18) If the Net Settlement Funds exceed the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Funds, the excess amount in the Net Settlement Funds shall be distributed *pro rata* to the Authorized Claimants who would have a *pro rata* share of more than $10. If any monies remain in the Net Settlement Funds because of any uncashed checks or other reasons, then they shall be distributed among the Derivative Settling Funds, or their successor funds, in a manner that reflects the Derivative Lead Counsel's reasonable judgment as to the amounts recoverable by each Derivative Settling Fund.

(19) The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiffs and Plaintiffs' Counsel to the Court for approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.

(20) The Recognized Claim formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Funds will be proportionately allocated to the Authorized Claimants.

**Exhibit A**

  This Exhibit provides a worksheet that you can use to estimate your Recognized Claim.  If you owned shares in more than one Class Settling Fund, you should complete a separate worksheet for your holdings in each Class Settling Fund, and then add your "Total Losses" in each of the different funds to compute your Recognized Claim.  You should make copies of this worksheet so that you can estimate your "Total Losses" for each Class Settling Fund in which you held shares during the Class Period.  You will find step by step instructions for completing the worksheet below.

**You do not need to submit the worksheets in Exhibits A and C.  They are only for your informational purposes so you can estimate your Recognized Claim amounts if you wish to do so.**

**Worksheet for Calculating Your "Total Losses" in a Class Settling Fund**

Name of Fund      _____

|     |     | Estimation of Recognized Claim | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
|     |     | **1999** | **2000** | **2001** | **2002** | **2003** | **2004** |
| **(A)** | Starting Asset Balance (as of first day of year) [1] | $ | $ | $ | $ | $ | $ |
| **(B)** | Ending Asset Balance (as of last day of year) [2] | $ | $ | $ | $ | $ | $ |
| **(C)** | Sum of Balances - Add Row (A) and Row (B) | $ | $ | $ | $ | $ | $ |
| **(D)** | Average Asset Balance - Divide Row (C) by 2 | $ | $ | $ | $ | $ | $ |
| **(E)** | Estimated Loss Factors - from Exhibit B | - | - | - | - | - | - |
| **(F)** | Multiply Row (D) times Row (E) | - | - | - | - | - | - |
| **(G)** | Adjustment Factor | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| **(H)** | **Annual Losses - Divide Row (F) by Row (G)** | $ | $ | $ | $ | $ | $ |

**TOTAL LOSS**   $ _____

*Sum of Row (H)*

[1]  If you own more than one class of shares in any Allianz Class Settling Fund, sum the Asset Balance for the classes.  Additionally, for "Starting Asset Balance", as of first day of 1999, use the value of assets held as of either February 23, 1999 or as of the quarter ended March 31, 1999.

[2]  If you own more than one class of shares in any Allianz Class Settling Fund, sum the Asset Balance for the classes.  Additionally, for "Ending Asset Balance", as of the last day of 2004, use the value of assets held as of either February 17, 2004 or as of the quarter ended March 31, 2004.

You can calculate your "Total Losses" in any Class Settling Fund in seven easy steps:

i.   Complete a separate version of the table in Exhibit A for each Fund in which you owned shares by entering the yearly starting and ending asset balances held in the Fund in Row A and Row B, respectively.

ii.  Determine the Sum of Balances by adding the entries in Row A and Row B for each column of the table in Exhibit A, and enter the total for each year in Row C, "Sum of Balances."

iii. Determine the Average Asset Balance by dividing the entries in Row C by 2, and enter the total for each year in Row D, "Average Asset Balance."

iv.  Identify the relevant Loss Factor from the table in Exhibit B for each calendar year and for the relevant Fund.  Enter the Loss Factor in Row E.

v.   Next, multiply the Loss Factor amount in Row E times the Average Asset Balance amount in Row D, and enter the result in Row F.

vi.  To determine your Annual Losses, divide the amount in Row F by the Adjustment Factor listed in Row G, and enter the Result in Row H.  For any year in which your Average Asset Balances were zero, or for which the Loss Factor is zero, your Annual Loss will also be zero.

vii. Finally, add together all of the Annual Losses to get your "Total Losses" for this Class Settling Fund.  **If you held shares during a year for which the Loss Factor is a negative value, you must complete the worksheet for those years, and include the results in your "Total Loss" amount.**

If you had holdings in more than one Class Settling Fund during the Class Period, repeat these calculations for each Fund and add the results together to calculate your "Recognized Claim".

**An Illustration**

      Mrs. Sample Shareholder reviews her account statements and determines that she held shares in the PEA Target Fund during the Class Period.  Based on her statements, she records the following holdings of assets in this fund in a copy of the table in Exhibit A.

Name of Fund        PEA Target

|  |  | *Estimation of Recognized Claim* | | | | | |
|---|---|---|---|---|---|---|---|
|  |  | **1999** | **2000** | **2001** | **2002** | **2003** | **2004** |
| **(A)** | Starting Asset Balance (as of first day of year) [1] | $25,000 | $10,000 | $40,000 | $15,000 | $20,000 | $40,000 |
| **(B)** | Ending Asset Balance (as of last day of year) [2] | $10,000 | $40,000 | $15,000 | $20,000 | $40,000 | $40,000 |
| **(C)** | Sum of Balances - Add Row (A) and Row (B) | $35,000 | $50,000 | $55,000 | $35,000 | $60,000 | $80,000 |
| **(D)** | Average Asset Balance - Divide Row (C) by 2 | $17,500 | $ 25,000 | $27,500 | $17,500 | $30,000 | $40,000 |
| **(E)** | Estimated Loss Factors - from Exhibit B | 30.964 | 31.110 | 0.039 | (13.071) | - | - |
| **(F)** | Multiply Row (D) times Row (E) | 541,870 | 777,750 | 1,073 | (228,743) | - | - |
| **(G)** | Adjustment Factor | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| **(H)** | **Annual Losses - Divide Row (F) by Row (G)** | **$54.19** | **$77.78** | **$0.11** | **$(22.87)** | **$-** | **$-** |

                              **TOTAL LOSS**    **$109.21**

*Sum of Row (H)*

[1]  If you own more than one class of shares in any Allianz Class Settling Fund, sum the Asset Balance for the classes.  Additionally, for "Starting Asset Balance", as of first day of 1999, use the value of assets held as of either February 23, 1999 or as of the quarter ended March 31, 1999.

[2]  If you own more than one class of shares in any Allianz Class Settling Fund, sum the Asset Balance for the classes.  Additionally, for "Ending Asset Balance", as of the last day of 2004, use the value of assets held as of either February 17, 2004 or as of the quarter ended March 31, 2004.

Mrs. Shareholder follows the instructions above to complete the Exhibit A worksheet for estimating her losses from market-timing in the PEA Target Fund, based on her holdings information, as shown above. She does the required addition to get her Sum of Balances in Row C, and then divides that balance by 2 to get her Average Asset Balance in Row D. She then enters the relevant Loss Factor from Exhibit B into Row E, and multiplies this times the Row D Average Asset Balances, entering the result in Row F. Next, Mrs. Shareholder divides Row F by the Row G Adjustment Factor to obtain her Annual Loss, which she enters in Row H. Mrs. Shareholder adds up her Annual Losses to obtain a "Total Loss" amount of $109.21. Because this is the only Class Settling Fund in which Mr. Shareholder held shares during the Class Period, Mrs. Shareholder's estimated Recognized Claim would be $109.21. She understands that the amount eventually paid to her is likely to be less than this amount for the reasons explained above regarding *pro rata* distribution.

**Exhibit B**

**Loss Factors to be used to calculate Claims in Exhibit A[2]**

| | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 |
|---|---|---|---|---|---|---|
| PIMCO International Fund | 140.903 | 196.696 | (21.828) | - | - | - |
| PEA Renaissance Fund (n/k/a NFJ Renaissance Fund) | 0.498 | 1.932 | (0.068) | (0.108) | (0.108) | (0.000) |
| PEA Growth Fund (n/k/a OCC Growth Fund) | 8.961 | 0.229 | (0.174) | 5.099 | - | - |
| PEA Opportunity Fund (n/k/a OCC Opportunity Fund) | 35.603 | (5.671) | 3.191 | (15.702) | (2.134) | - |
| PEA Target Fund (n/k/a OCC Target Fund) | 30.964 | 31.110 | 0.039 | (13.071) | - | - |
| PIMCO Precious Metals Fund | 270.714 | (66.379) | - | - | - | - |
| PEA Innovation Fund | 28.697 | 0.240 | (0.522) | (1.446) | (0.342) | - |
| RCM International Growth Equity Fund (n/k/a RCM Disciplined International Equity Fund) | - | - | - | 42.262 | (0.510) | - |
| PIMCO International Growth Fund, later known as PIMCO/Allianz Select International Fund | - | - | 19.935 | 21.533 | - | - |

---

[2] The Loss Factors listed in this Exhibit B are derived from the Settlement Ratios referred to in paragraph 13(ii) above that the Claims Administrator will be employing to calculate Recognized Claims.  You must input the appropriate Loss Factor in the Exhibit A worksheet where indicated.  Where a Loss Factor is negative, that means the Fund in question, for the year in question, actually experienced a *gain* as a result of market-timing activities, and as a result a Claimant will have not a loss but a gain for that year in that fund, which must be added to the losses and gains for other years to arrive at the Claimant's Total Loss for that fund.  To avoid difficult calculations with small decimals, the Loss Factors have all been multiplied by an "Adjustment Factor" of 10,000.  This is why, on the worksheet on Exhibit A, all annual loss numbers have to be divided by 10,000 to arrive at the claimant's Total Loss for each Fund.

DOC 167454

**Exhibit C**

       This Exhibit provides a worksheet that you can use to translate your Recognized Claim into a per share amount.  If you owned shares in more than one Class Settling Fund, you should complete a separate worksheet for your holdings in each Class Settling Fund.

       To use the worksheet, you will use the information from Exhibit A.  You should make copies of this worksheet so that you can estimate your Recognized Claim on a per share basis for each Class Settling Fund in which you held shares during the Class Period.  You will find step by step instructions for completing the worksheet below.

   i.   Complete a separate version of the table in Exhibit C for each Fund in which you owned shares by entering the yearly starting and ending number of shares held in the Fund in Row A and Row B, respectively

   ii.   Determine the Sum of Number of Shares by adding the entries in Row A and Row B for each column of the table in Exhibit C, and enter the total for each year in Row C, "Sum of Number of Shares."

   iii.   Determine the Average Number of Shares by dividing the entries in Row C by 2, and enter the total for each year in Row D, "Average Number of Shares."

   iv.   Next, find your Annual Losses, reflected in Row H from the chart in Exhibit A. Enter the amount for each year in Row E of the chart in Exhibit C, "Annual Losses."

   v.   Finally, divide the amount in Row E by the amount in Row D, and enter the amount in Row F.  The amount reflected in Row F represents an estimation of your Annual Losses Per Share.

DOC 167454

| | | Estimation of Annual Losses Per Share | | | | | |
|---|---|---|---|---|---|---|---|
| | | **1999** | **2000** | **2001** | **2002** | **2003** | **2004** |
| **(A)** | Starting Number of Shares (as of first day of year) [1] | - | - | - | - | - | - |
| **(B)** | Ending Number of Shares (as of last day of year) [2] | - | - | - | - | - | - |
| **(C)** | Sum of Number of Shares - Add Row (A) and Row (B) | - | - | - | - | - | - |
| **(D)** | Average Number of Shares - Divide Row (C) by 2 | - | - | - | - | - | - |
| **(E)** | Annual Losses - from Exhibit A Table, Row (H) | $ | $ | $ | $ | $ | $ |
| **(F)** | **Annual Losses per Share - Divided Row (E) by Row (D)** | $ | $ | $ | $ | $ | $ |

[1]  If you own more than one class of shares in any Allianz Class Settling Fund, sum the Number of Shares for the classes.  Additionally, for "Starting Number of Shares," as of first day of 1999, use the number of shares held as of either February 23, 1999 or as of the quarter ended March 31, 1999.

[2]  If you own more than one class of shares in any Allianz Class Settling Fund, sum the Number of Shares for the classes.  Additionally, for "Ending Number of Shares", as of the last day of 2004, use the number of shares held as of either February 17, 2004 or as of the quarter ended March 31, 2004.

A sample of a completed worksheet is copied below:

**Name of Fund:  <u>PEA Target</u>**

|  |  | Estimation of Annual Losses Per Share | | | | | |
|---|---|---|---|---|---|---|---|
|  |  | **1999** | **2000** | **2001** | **2002** | **2003** | **2004** |
| **(A)** | Starting Number of Shares (as of first day of year) [1] | 1,670 | 670 | 2,670 | 1,000 | 1,330 | 2,670 |
| **(B)** | Ending Number of Shares (as of last day of year) [2] | 670 | 2,670 | 1,000 | 1,330 | 2,670 | 2,670 |
| **(C)** | Sum of Number of Shares - Add Row (A) and Row (B) | 2,340 | 3,340 | 3,670 | 2,330 | 4,000 | 5,340 |
| **(D)** | Average Number of Shares - Divide Row (C) by 2 | 1,170 | 1,670 | 1,835 | 1,165 | 2,000 | 2,670 |
| **(E)** | Annual Losses - from Exhibit A Table,  Row (H) | $54.19 | $77.78 | $0.11 | $(22.87) | $0 | $0 |
| **(F)** | **Annual Losses per Share - Divided Row (E) by Row (D)** | **$0.05** | **$0.05** | **$0.00** | **$(0.02)** | **$0** | **$0** |

[1]  If you own more than one class of shares in any Allianz Class Settling Fund, sum the Number of Shares for the classes.  Additionally, for "Starting Number of Shares," as of first day of 1999, use the number of shares held as of either February 23, 1999 or as of the quarter ended March 31, 1999.

[2]  If you own more than one class of shares in any Allianz Class Settling Fund, sum the Number of Shares for the classes.  Additionally, for "Ending Number of Shares", as of the last day of 2004, use the number of shares held as of either February 17, 2004 or as of the quarter ended March 31, 2004.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement if approved by the Court. The Plan of Allocation may be modified in connection with, among other things, a ruling by the Court, or an objection filed by a Class Member, without further notice to the Class.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Funds based upon each Authorized Claimant's "Recognized Claim." If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive a payment out of the Net Settlement Funds exceeds or is less than the amount of the Net Settlement Funds, each such Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Funds. The Recognized Claim formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Funds will be proportionately allocated to the Authorized Claimants. No distribution will be made where an Authorized Claimant's Recognized Claim is $10.00 or less, or where an Authorized Claimant's *pro rata* share of the Net Settlement Funds is $10.00 or less. In addition, if the Total Losses of an Authorized Claimant in any particular Class Settling Fund is $10 or less, that amount of Total Losses will not be included in the calculation of the Authorized Claimant's Recognized Claim.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member. Each claimant is deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim under the Plan of Allocation. No discovery shall be allowed on the merits of the Actions.

Payments will be final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court will be barred from participating in distributions from the Net Settlement Funds, but otherwise shall be bound by all of the terms of the Settlement, including the terms of the Final Order and Judgment to be entered in the Actions and will be barred from bringing any Released Claim against any of the Allianz Released Parties or any other person or entities released under the Settlement, including the Third Party Settling Defendants ("Released Persons"), including Unknown Claims (as those terms are defined in the Stipulation, which is available on the website at www.mutualfundsettlements.com/allianz, or through the mail upon request).

## HOW YOU RECEIVE A PAYMENT

**11.    How Will I Receive a Payment?**

If you are an Omnibus Sub-Account Holder, to qualify for a payment you must be an eligible Class Member and you must submit a Proof of Claim.  A Proof of Claim is found at the end of this Notice.  Read the instructions carefully, fill out the Proof of Claim, include all the documents requested, sign it, and mail it in an envelope postmarked no later than _____, **2010**.  Please retain a copy of everything you mail, in case the materials are lost or destroyed during shipping.

If you are not an Omnibus Sub-Account Holder, you do not need to take any affirmative action to qualify for a payment.  If you qualify as an Authorized Claimant under the Plan of Allocation, you will receive a payment so long as you do not take the steps required to exclude yourself as a Class Member, as discussed further below.

**12.    When Will I Receive My Payment?**

The Court will hold a hearing on October 1, 2010, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether appeals, if any, can be resolved, and resolving them can take time, perhaps several years.  In addition, the Claims Administrator must process a substantial number of shareholder records to allocate the Net Settlement Funds among Authorized Claimants.  The processing is complicated and will take many months.  Please be patient.

**13.    What Am I Giving Up By Staying in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit concerning any claims of market-timing, late-trading, or short-term excessive trading in the Funds against the Allianz Released Parties, the Third Party Settling Defendants or their Related Parties (as that term is defined in the stipulations entered into between Investor Class Plaintiffs and the Third Party Settling Defendants, which together, along with the Stipulation, are referred to as the "Stipulations").  It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in the Actions against the Settling Defendants relating to market-timing or late-trading in the Funds.  However, you can only receive your share of the proceeds of the Net Settlement Funds if you remain a Class Member and do not seek exclusion.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Settling Defendants on your own at your expense about the same claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement.  This is referred to as "opting out" of the Class.

DOC 167454

**14.    How Do I Exclude Myself From the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement in the *In re Mutual Funds Investment Litigation – Allianz Dresdner Sub-Track*, 1:04-MD-15863-JFM.  You must include your name, address, telephone number, signature, and detailed information concerning your holding(s) and purchase(s) of shares in the Funds, including the number of shares and the dates of each purchase and sale of such shares.  You must mail your exclusion request so that it is received no later than _____, **2010** to:

> ***In re Mutual Funds Investment Litigation – Allianz Dresdner Sub-Track***
> **c/o Rust Consulting, Inc.**
> **Claims Administrator**
> **P.O. Box 2324**
> **Faribault, MN  55021-9024**

Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

You cannot exclude yourself over the phone or by e-mail.  If you ask to be excluded from the Settlement, you are not eligible to receive any payment from the Net Settlement Funds, and you cannot object to the Settlement or any aspect related to it.  You will not be legally bound by anything that happens in this lawsuit and you will be able to pursue the claims that are being released in this Settlement at your own expense.

Pursuant to separate supplemental and letter agreements, certain of the Settling Defendants shall have the option to withdraw from the Settlement in the event that putative Class members whose aggregate holdings in the Funds during the Class Period exceed a certain value choose to exclude themselves from the Class.

**15.    If I Do Not Exclude Myself, Can I Sue the Settling Defendants for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Settling Defendants or the Released Persons for the claims being released by this Settlement.  If you have a pending lawsuit relating to the claims being released in the Actions against any of the Settling Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, **2010**.

**16.    If I Exclude Myself, Can I Receive a Payment from This Settlement?**

No.  But, you may sue, continue to sue, or be part of a different lawsuit asserting the claims being released in this Settlement against the Settling Defendants or the Released Persons.  You will be able to pursue such claims at your own expense.

## THE LAWYERS REPRESENTING YOU

### 17.    Do I Have a Lawyer in This Case?

The Court appointed the law firm of Wolf Popper LLP as lead class counsel to represent you and the other Class Members.  These lawyers are called Investor Lead Counsel.  The Court also appointed the law firm of Wolf Haldenstein Adler Freeman & Herz, LLP as lead fund derivative counsel.  You will not be individually charged for the services of these lawyers beyond your *pro rata* share of any attorneys' fees and expenses awarded by the Court that will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.  You do not, however, need to retain a lawyer to exclude yourself from the Class or to object to the Settlement.

### 18.    How Will the Lawyers Be Paid?

Investor Lead Counsel and Derivative Counsel, together with the Court-appointed Plaintiffs' Administrative Chair/Liaison Counsel, will jointly apply to the Court for attorneys' fees in no event to exceed 30% of the Settlement Fund and for reimbursement of their expenses advanced in connection with the Actions up to an amount of $300,000, plus interest on both amounts at the same rate as earned by the Settlement Fund.  In addition, Lead Counsel are also asking the Court to award up to $50,000 to the Plaintiffs in reimbursement of the reasonable costs of their time and expenses (including lost wages/employee time) directly relating to their prosecution of the Actions on behalf of the Class and the Funds.  *Such sums as may be approved by the Court will be paid from the Settlement Fund.*  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payments to Investor Lead Counsel and Derivative Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis and advancing the money necessary to pursue the Actions.  To date, Investor Lead Counsel and Derivative Counsel have not been paid for their services, including Investor Lead Counsel's efforts on behalf of the Class, or for their substantial litigation expenses.  The fee requested will compensate Investor Lead Counsel and Derivative Counsel for their work in achieving the Settlement and Investor Lead Counsel and Derivative Counsel believe that it is well within the range of fees awarded to counsel under similar circumstances in other cases of this type.  The Court has discretion, however, to award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**19.     How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it.  To object, you must send a letter saying that you object to the Settlement in the *In re Mutual Funds Investment Litigation – Allianz Dresdner Sub-Track*, 1:04-MD-15863-JFM, and the reasons why you object to the Settlement.  Be sure to include your name, address, telephone number and signature.   You must also include detailed information concerning your holding(s), purchase(s) and sale(s) of your shares in the Funds during the Class Period, including the number of shares and the dates of each purchase and sale of such shares.  Any objection to the Settlement must be received by *each of the following* by _____, **2010**:

| COURT | LEAD COUNSEL | COUNSEL FOR SETTLING DEFENDANTS |
|---|---|---|
| Clerk of the Court United States District Court District of Maryland 101 W. Lombard Street Baltimore, MD  21201 | Investor Lead Counsel: Robert M. Kornreich, Esq. Chet B. Waldman, Esq. Andrew E. Lencyk, Esq. **WOLF POPPER LLP** 845 Third Avenue New York, NY 10022<br><br><br>Derivative Counsel: Mark C. Rifkin, Esq. Demet Basar, Esq. Paulette S. Fox **WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP** 270 Madison Avenue New York, NY  10016 | Counsel for Allianz Defendants: John C. Ertman, Esq. **ROPES & GRAY LLP** 1211 Avenue of the Americas New York, New York  10036<br><br>Counsel for Banc of America Securities LLC: Stephen R. DiPrima, Esq. **WACHTELL LIPTON, ROSEN & KATZ** 51 West 52nd Street New York, NY  10019<br><br>Counsel for Bear Stearns: Lewis J. Liman, Esq. Neil P. Forrest, Esq. **CLEARY GOTTLIEB STEEN & HAMILTON LLP** One Liberty Plaza New York, NY  10006<br><br>Counsel for Canary: Stephen M. Sinaiko, Esq. **KRAMER LEVIN NAFTALIS & FRANKEL LLP** 1177 Avenue of the Americas New York, NY  10036 |

**20.     What is the Difference Between Objecting and Excluding?**

Objecting means telling the Court that you do not like something about the Settlement, the Plan of Allocation, or the application for attorneys' fees and litigation expenses, and want the Court to disapprove the Settlement or modify it in some way.

You can object **only if** you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

**21.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at 10:00 a.m., on October 1, 2010, at the United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201, Courtroom (the "Settlement Hearing").  At this hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have requested in writing by _____, **2010** to speak at the Settlement Hearing.  The Court may also consider Lead Counsel's application for attorneys' fees and reimbursement of expenses.

**22.    Do I Have to Come to the Settlement Hearing?**

No.  Lead Counsel will answer any questions Judge Motz may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection so that it is received on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not required.

**23.    May I Speak at the Settlement Hearing?**

Yes, but you must first ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter stating your intention to appear in the *In re Mutual Funds Investment Litigation – Allianz Dresdner Sub-Track*, 1:04-MD-15863-JFM.  Be sure to include your name, address, telephone number, signature, and detailed information concerning your holding(s), purchase(s) and sale(s) of your shares in the Funds during the Class Period, including the number of shares and the dates of each purchase and sale of such shares.  Your notice of intention to appear must be received no later than _____, **2010**, and be sent to the Clerk of the Court, Investor Lead Counsel, Derivative Counsel and Counsel for the Settling Defendants, at the addresses listed in the answer to Question 19.  You cannot speak at the Settlement Hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

**24.    What Happens if I Do Nothing at All?**

If you do nothing, you may or may not receive money from this Settlement but in either case you will be bound by its terms.  Unless you exclude yourself, you will not be

able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Defendants or the Released Persons about the same claims being released in this Settlement.

## OBTAINING MORE INFORMATION

**25.    Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement.  More details can be found in the Stipulation dated June 17, 2009 and amendments to the Stipulation dated January 27, 2010 and April 20, 2010.  All terms used in this Notice shall have the same meanings as in the Stipulations.  You can obtain copies of the Stipulations and amendments to the Stipulation or more information about the Settlement by visiting www.mutualfundsettlements.com/allianz or by writing to either Investor Lead Counsel or Derivative Counsel as listed above in the answer to Question 19.  You can also obtain copies of the Stipulations and amendments to the Stipulation, or other papers filed in the Actions, from the Clerk's office at the United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201, during regular business hours.

## <u>DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE</u>

## SPECIAL NOTICE TO NOMINEES

If you held or purchased shares in any of the Class Settling Funds listed above during the period from February 23, 1999 through February 17, 2004, inclusive as nominee for a beneficial owner, then within ten (10) days after you are notified, in writing or otherwise, of this Settlement, you must either: (1) send a copy of the postcard notice provided to you by the Claims Administrator by first class mail to all such beneficial owners; or (2) provide a list of the names and addresses of such beneficial owners to the Claims Administrator:

*In re Mutual Funds Investment Litigation – Allianz Dresdner Sub-Track*
**c/o Rust Consulting, Inc.**
  **Claims Administrator**
**P.O. Box 2324**
**Faribault, MN  55021-9024**

If you choose to mail the postcard notice yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of such notices as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the postcard notice and which would not have been incurred but for the obligation to forward that notice, upon submission of appropriate documentation to the Claims Administrator.

DOC 167454

DATED:        _____ _____, 2010        BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF MARYLAND