## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL No. 1586 |
| This Document Relates To: *Alger Sub-Track* | 1:04-MD-15863-JFM |

### LONG-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENTS OF CLASS AND DERIVATIVE ACTIONS, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT HEARING

*TO: (I) ALL PERSONS WHO PURCHASED AND/OR HELD SHARES IN CERTAIN MUTUAL FUNDS IN THE ALGER FUND COMPLEX ADVISED AND/OR MANAGED BY FRED ALGER MANAGEMENT, INC. (THE "ALGER FUNDS" OR "FUNDS") DURING THE PERIOD FROM NOVEMBER 1, 1998 TO SEPTEMBER 3, 2003, INCLUSIVE (THE "CLASS"), AND (II) CURRENT SHAREHOLDERS OF MUTUAL FUNDS IN THE ALGER FUND COMPLEX.*

### *A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**The Mutual Funds (or Securities) at Issue:** The following mutual funds in the Alger Fund Complex: Alger LargeCap Growth Portfolio (f/k/a Alger Growth Portfolio) (n/k/a Alger Large Cap Growth Fund); Alger MidCap Growth Portfolio (n/k/a Alger Mid Cap Growth Fund); Alger SmallCap Growth Portfolio (f/k/a Alger Small Cap Portfolio) (n/k/a Alger Small Cap Growth Fund); Alger Capital Appreciation Portfolio (n/k/a Alger Capital Appreciation Fund); Alger American Balanced Portfolio (n/k/a Alger Balanced Portfolio); Alger Health Sciences Portfolio (n/k/a Alger Health Sciences Fund); Spectra Fund (n/k/a Alger Spectra Fund); China – US Growth Fund (n/k/a Alger China – U.S. Growth Fund); The Alger Institutional Fund (n/k/a The Alger Institutional Funds); The Alger American Fund (n/k/a The Alger Portfolios); and Castle Convertible Fund, Inc. (collectively, the "Alger Releasing Funds"). **Please Note: As set forth in the Plan of Allocation on pages __ - __ herein, Investor Lead Counsel's expert has concluded that only the following Alger Releasing Funds should recover from Settlements related to allegations of market-timing and/or late trading in the Alger Fund Complex: (i) Alger American Balanced Portfolio (n/k/a Alger Balanced Portfolio); (ii) Alger American Small Capitalization Portfolio (n/k/a Alger Small Cap Growth Portfolio); (iii) Alger Capital Appreciation Portfolio (n/k/a Alger Capital Appreciation Fund); (iv) Alger LargeCap Growth Portfolio (f/k/a Alger Growth Portfolio) (n/k/a Alger Large Cap Growth Fund); and (v) Alger MidCap Growth Portfolio (n/k/a Alger Mid Cap Growth Fund). These mutual funds are described in this Notice as the "Alger Settlement Funds."**[1]

---

[1] Investor Lead Counsel brought the class action, described herein, to represent and pursue the claims of all holders of the Alger Funds alleged to have been damaged by market-timing or late trading in the Alger Funds during the Class Period. In connection with the settlement, Investor Lead Counsel hired an expert to examine the trading records of the Alger Funds and to investigate which of the Alger Funds, if any, and thereby their holders, had been potentially damaged, and after a thorough review, Investor Lead Counsel's expert concluded that the Alger

   **The Settlement Class:**  If you purchased or held shares in any of the Alger Releasing Funds during the period from November 1, 1998 to September 3, 2003, inclusive (the "Class Period"),[2] you are a member of the Class. If you are a Class Member, your rights will be affected by the proposed settlements described herein (the "Settlements"), and you may be entitled to a payment from the settlement proceeds.

   **Settlement Amount and Statement of Recovery:**  As more fully described in Question 10 below, the proposed Settlements collectively provide for payment of $4,828,800 in cash (the "Settlement Fund") plus interest earned thereon (the "Gross Settlement Fund").  The Settlement Fund is comprised of (i) $2,950,000 paid on behalf of the Alger Defendants (as defined below), (ii) $950,000 paid on behalf of Wilshire Associates Inc. ("Wilshire"), (iii) $404,800 paid on behalf of Banc of America Securities LLC ("BAS"), (iv) $224,000 paid on behalf of the Bear Stearns Defendants (as defined below), and (v) $300,000 paid on behalf of the Canary Defendants (as defined below).  In addition to these amounts, Investor Lead Counsel will distribute $600,000 plus interest, which was obtained by the Office of the New York Attorney General ("OAG") in a settlement with the Canary Defendants, to the Class.

   Based on Plaintiffs' estimate of the number of shares in the Alger Settlement Funds entitled to participate in the Settlements,[3] and assuming that all such shares entitled to participate do so, Plaintiffs estimate that the average recovery per share (before deduction of Court-awarded attorneys' fees and expenses and the costs of providing notice and administering the Settlements, and not including the OAG/Canary payment) for Class Members will be as follows:

### TABLE 1:  AVERAGE RECOVERY PER ELIGIBLE SHARE

| Alger Settlement Fund | Average Recovery per Eligible Share |
|---|---|
| Alger American Balanced Portfolio (n/k/a Alger Balanced Portfolio) | $0.0011 |
| Alger Capital Appreciation Portfolio (n/k/a Alger Capital Appreciation Fund) | $0.0129 |
| Alger LargeCap Growth Portfolio (f/k/a Alger Growth Portfolio) (n/k/a Alger Large Cap Growth Fund) | $0.0154 |
| Alger MidCap Growth Portfolio (n/k/a Alger Mid Cap Growth Fund) | $0.0183 |
| Alger American Small Capitalization Portfolio (n/k/a Alger Small Cap Growth Portfolio) | $0.0137 |

_____

Settlement Funds had been potentially affected as a result of market-timing and/or late trading.

[2]  Certain persons and entities are excluded from the Class as discussed below in Question 7.

[3]  Plaintiffs estimate that approximately 332,888,641 million shares in the Alger Settlement Funds were owned during the Class Period.

**Please Note: The average amounts listed above are only estimates**. A Class Member's actual recovery will depend on, among other things: (i) the total number of claims filed; (ii) the particular Fund(s) in which the Class Member held shares; (iii) the number of shares the Class Member held in the Alger Settlement Funds (as listed above in Table 1) during the Class Period; (iv) when a Class Member purchased or sold his, her or its shares; (v) administrative costs, including the costs of notice, for the class action lawsuit and derivative lawsuit as described below (the "Actions"); and (vi) the amount awarded by the Court for attorneys' fees and expenses. Distributions to Class Members and/or the Alger Settlement Funds will be made based on the Plan of Allocation set forth in this Notice. *See* the Plan of Allocation on pages __-__.

Plaintiffs and the Settling Entities (as defined below) disagree on the amount of damages per share, if any, that would be recoverable if Plaintiffs prevailed on their claims at trial. The issues on which the parties disagree are discussed below in *The Circumstances of the Settlement*, on page __.

   **The Class Action Lawsuit:** This Notice relates to five proposed Settlements of claims in a pending class action lawsuit. A description of the nature of the class action lawsuit and the claims alleged in that lawsuit can be found on page __. The "Settling Entities" are: (i) Fred Alger Management, Inc., Fred Alger and Company, Incorporated, Alger Associates, Inc. and Alger Shareholder Services, Inc., and any and all of their present or former officers, directors and trustees, including without limitation, Fred M. Alger, III, Daniel C. Chung, Gregory S. Duch and James P. Connelly, Jr. (the "Alger Defendants");[4] (ii) Wilshire; (iii) Banc of America Securities LLC ("BAS"); (v) Bear, Stearns & Co. Inc. (n/k/a J.P. Morgan Securities Inc.), Bear, Stearns Securities Corp. (n/k/a J.P. Morgan Clearing Corp.), and The Bear Stearns Companies Inc. (n/k/a The Bear Stearns Companies LLC) (collectively, the "Bear Stearns Defendants"); and (vi) Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward J. Stern (collectively, the "Canary Defendants"). The proposed Settlements will resolve all claims in the action against Settling Entities as well as other related parties ("Released Parties"). *See* Question __ below for more information.

   **The Derivative Lawsuit:** The proposed Settlements also resolve derivative litigation against many of the same parties over whether certain managers, investment advisers and trustees of the Alger Funds breached their fiduciary and contractual duties to the Funds by allowing improper trading practices to occur in the Funds, and whether other defendants violated applicable laws by engaging in or facilitating such trading. The derivative lawsuit is brought derivatively on behalf of the Alger Funds, and not on behalf of the individual shareholders of the Funds. *See* Questions 2 and 4 below for more information.

---

[4]   Although all claims against The Alger Fund, The Alger American Fund, Alger Institutional Fund and Spectra Fund and their trustees were previously dismissed from the lawsuit, it is understood and agreed that these funds, together with any other registered investment company managed by Fred Alger Management, Inc., as well as their current and former trustees or directors, shall be deemed to be included among the "Alger Defendants" for purposes of settlement.

**Attorneys' Fees and Expenses:**   Investor Lead Counsel and Derivative Counsel (together, "Lead Counsel") have litigated their respective actions on a contingent fee basis and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class and/or the Funds, they would receive fees and be reimbursed for their litigation expenses from the Gross Settlement Fund, as is customary in this type of litigation.  Court-appointed Lead Counsel will apply to the court for attorneys' fees not to exceed 20% of the Gross Settlement Fund and reimbursement of litigation expenses not to exceed $325,000, plus interest on this amount at the same rate and for the same time period as earned by the Gross Settlement Fund, also to be paid from the Gross Settlement Fund.  In addition, Court-appointed Plaintiffs' Administrative Chair and Liaison Counsel, which has also performed its work on a contingent basis, will apply for an award of attorneys' fees and expenses of 1.25% of the Gross Settlement Fund.  If the above amounts are approved by the Court, for each of the Alger Settlement Funds the average cost of attorneys' fees and expenses per share will be equal to approximately 28% of the average recovery per eligible share as set forth in Table 1 above. **Please note that this amount is only an estimate.**

*NOTE: This Notice (except with respect to the OAG/Canary recovery described above) concerns the settlement of private lawsuits.  These Settlements are distinct from the settlements that government regulators, including the Securities and Exchange Commission ("SEC"), previously reached concerning market-timing and late trading in Alger mutual funds.  Any payment that you may be eligible for under this private settlement is in addition to any payment you may receive from the SEC and/or other regulators.  For more information about the SEC litigation, see:*
*http://www.sec.gov/divisions/enforce/claims/fredalgermanagement.htm*

**Deadlines:**
    Submit Proof of Claim:                  _____
    Request Exclusion:                     _____
    File Objection:                          _____
    **Court Hearing on Fairness of Settlement**:  _____

**More Information:**
    Claims Administrator:

        Rust Consulting, Inc.
        P.O. Box 2307
        Faribault, MN  55021-9307
        (866) 880-0443

| Investor Lead Counsel: | Derivative Counsel: |
|---|---|
| Michael K. Yarnoff, Esq. | Mark C. Rifkin, Esq. |
| Jennifer L. Enck, Esq. | Demet Basar, Esq. |
| **Barroway Topaz Kessler** | Paulette S. Fox, Esq. |
| **Meltzer & Check, LLP** | **Wolf Haldenstein Adler Freeman** |
| 280 King of Prussia Road | **& Herz, LLP** |
| Radnor, PA  19087 | 270 Madison Avenue |
| Telephone:  (610) 667-7706 | New York, NY  10016 |
| | Telephone:  (212) 545-4600 |

Plaintiffs' Administrative Chair
<u>and Liaison Counsel</u>:
John B. Isbister, Esq.
**Tydings & Rosenberg LLP**
100 East Pratt Street, 26th Floor
Baltimore, MD  21202
Telephone:  (410) 752-9700

*Your legal rights are affected whether you act or do not act.  Please read this Notice carefully.*

## The Circumstances of the Settlement

The principal reason for Plaintiffs' consent to the Settlement is to provide a benefit to the Class and, with respect to the derivative litigation, the Alger Funds.  This benefit must be compared to the risk that a lesser recovery, or even no recovery at all, might be achieved after contested motions, a trial and likely appeals, possibly years into the future. While Lead Counsel believe Plaintiffs' claims were meritorious, they also recognize that further litigation of complex claims such as those brought in the Actions, including a trial, is a risky proposition and that Plaintiffs and the Class, and the Funds, might not prevail on all their claims.  The claims advanced in the Actions involve numerous complex legal and factual issues, including complicated trading practices, which would require voluminous discovery and extensive expert discovery and testimony, and would add considerably to the expenses and duration of the litigation.  If the Actions were to proceed, Plaintiffs would have to overcome significant defenses.  Among other things, the parties disagree about: (i) the method for determining whether shares in the Alger Funds or the Funds at issue were damaged; (ii) the amount, if any, of any such damage, and the extent to which such shares have already been compensated for such damage; (iii) the extent, if any, to which various facts alleged by Plaintiffs influenced the trading price of such shares during the relevant period; and (iv) whether the Settling Entities acted with scienter and are liable under the federal securities laws.  If the Actions went to trial, issues of liability and the measure of damages, if any, would be hotly contested.  These Settlements therefore enable the Class to recover a substantial cash payment without incurring any additional risk or costs.  As a result, Plaintiffs believe the Settlements provide a fair, reasonable, and adequate recovery for the Class and the Funds.

In agreeing to the Settlements, the Settling Entities do not concede that the claims asserted are valid or have merit or that their defenses to the claims asserted are invalid or lack merit.  The Settling Entities have denied, and continue to deny, each and all of the claims and contentions alleged by the Plaintiffs in the Actions.  The Settling Entities expressly have denied, and continue to deny, each and all charges of wrongdoing or liability against them arising out of any of the conduct alleged, or that could have been alleged, in the Actions.  The Settling Entities have also denied and continue to deny, *inter alia*, the allegations that the Plaintiffs or the Class have suffered damages by reasons of alleged conduct by the Settling Entities or otherwise, and that Plaintiffs or the Class were harmed by the conduct alleged in the Actions.  Nonetheless, the Settling Entities consent to the Settlements to eliminate the burden and expense of further litigation.

## YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS

**SUBMIT A CLAIM**          The only way for Class Members to receive a payment from the Settlement Fund.

**EXCLUDE YOURSELF**          Receive no payment from the Settlement Fund.  This is the only option that allows Class Members to bring or participate in another lawsuit against the Settling Entities, their related parties or the Released Parties concerning the Settled Claims and Released Claims (as defined in the Stipulations).

**OBJECT**          You may write to the Court if you do not like this Settlement, the proposed Plan of Allocation, or Plaintiffs' Counsel's request for attorneys' fees and expenses.

**GO TO A HEARING**          You may ask to speak in Court about the fairness of the Settlements, the proposed Plan of Allocation, or Plaintiffs' Counsel's request for attorneys' fees and expenses.

**DO NOTHING**          Class Members will receive no payment from the Settlement Fund and their claims that relate to the subject matter of these lawsuits will be released.  *See* Question __ below.

• These rights and options – **and the deadlines to exercise them** – are explained in this Notice.  Please note the date of the Settlement Hearing (as described in Question 24, below) – currently scheduled for October 1, 2010 – is subject to change without further notice.  If you plan to attend the hearing, you should check the website, www.AlgerMutualFundLitgation.com, or with either Investor Lead Counsel or Derivative Counsel as set forth above to be sure that no change to the date and time of the hearing has been made.

• The Court in charge of the Actions still has to decide whether to approve the Settlement. Payments will be made to Class Members and/or the Alger Settlement Funds if the Court approves the Settlements and that approval is upheld if any appeals are filed.  Please be patient.

### BASIC INFORMATION

**PAGE**
1.  **What is the purpose of this Long-Form Notice?** ....................................................
2.  **What is this lawsuit about?** .................................................................................
3.  **Why is the Class Action a class action?** ............................................................
4.  **Why is the Derivative Action a derivative action?** ..........................................
5.  **Why is there a settlement?** ..................................................................................
6.  **How do I know if I am part of the Settlements?** ...............................................
7.  **What are the exceptions to being included?** ......................................................
8.  **Who is affected by the settlement of the Derivative Action?** ..........................
9.  **I am still not sure if I am included?** ..................................................................
10. **What do the Settlements provide?** .....................................................................

11. How much will my payment be? ...................................................................................
12. How will I receive a payment? .....................................................................................
13. When will I receive my payment? ...............................................................................
14. What am I giving up by staying in the Class? ............................................................
15. How do I exclude myself from the Class? ..................................................................
16. If I do not exclude myself, can I sue the Settling Entities for the same thing later? .....
17. Can I exclude myself from the Derivative Action? ....................................................
18. If I exclude myself, can I receive a payment from these Settlements? ............................
19. Do I have a lawyer in this case? ................................................................................
20. How will the lawyers be paid? ...................................................................................
21. How do I tell the Court that I do not like the Settlements? ............................................
22. What is the difference between objecting and excluding? .........................................
23. How can I object to the Settlements of the Derivative Action? .......................................
24. When and where will the Court decide whether to approve the Settlement? ................
25. Do I have to come to the Settlement Hearing? .........................................................
26. May I speak at the Settlement Hearing? ...................................................................
27. What happens if I do nothing at all? .........................................................................
28. Are there more details about the Settlements? .............................................................

## BASIC INFORMATION

### 1.      What Is The Purpose Of This Long-Form Notice?

You or someone in your family may have held or purchased shares in certain of the mutual funds in the Alger Fund Complex advised and/or managed by Fred Alger Management, Inc. (*i.e.*, the Alger Releasing Funds) during the period from November 1, 1998 to September 3, 2003, inclusive.  You may also currently hold shares in one of the Alger Funds.

If this description applies to you, you have a right to know about proposed Settlements of a class action lawsuit and a derivative lawsuit, and about all of your options, before the Court decides whether to approve the Settlements.  If the Court approves the Settlements and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlements allow.

This Long-Form Notice explains the lawsuits, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

### 2.      What Is This Lawsuit About?

On October 31, 2003, the first in a series of putative securities class action complaints was filed against Fred Alger Management, Inc. and related entities in the United States District Court for the Southern District of New York, alleging market-timing and late trading in the Alger Funds in violation of the federal securities laws.  Market-timing is an investment technique involving short-term, "in and out" trading of mutual fund shares, designed to exploit inefficiencies in the way mutual fund companies price their shares.  Late trading is an investment practice whereby investors are permitted to place orders to buy, sell or exchange mutual fund shares using the day's net asset value ("NAV") after the 4:00 p.m. eastern time cut-off,

capitalizing on information obtained after the close of the market. On November 24, 2003, a derivative action resulting from the same alleged market-timing and late trading practices was filed in the United States District Court for the Eastern District of New York.[5]

In the weeks and months that followed, numerous additional suits were filed in courts throughout the country. Various other mutual fund families identified as being involved in the regulatory market-timing and late trading investigations likewise were named in numerous complaints filed in courts throughout the United States. On February 20, 2004, the Judicial Panel on Multi-District Litigation issued an order centralizing all of these actions in one multi-district docket in the United States District Court for the District of Maryland under the caption *MDL-1586 - In re Mutual Funds Investment Litigation* (the "MDL Actions"). By letters to counsel in the MDL Actions dated April 9, 2004 and April 12, 2004, the Court assigned four Judges separate tracks of the MDL Actions, with multiple mutual fund families assigned to sub-tracks within each track. The Alger Sub-track was assigned to the Honorable J. Frederick Motz.

On May 25, 2004, the Court issued a case management order coordinating all class actions and other direct cases involving Alger, Columbia, Janus, MFS, One Group and Putnam mutual funds, as well as all cases filed on behalf of purchasers or holders of shares of the corporate parents of any of these entities or their investment advisors (including all cases brought nominally on behalf of the funds or corporate parents of the funds or their investment advisors and styled as derivative actions), for pretrial purposes under the caption *In re Alger, Columbia, Janus, MFS, One Group and Putnam*, Civil No. 04-md-15863-JFM. By this same case management order, the Court appointed Donna Roubicek (formerly, Donna Gaffney) as lead plaintiff for the consolidated class claims and her selection of Schiffrin & Barroway, LLP[6] as lead class counsel for the MDL Alger Sub-track ("Investor Lead Counsel") and Wolf Haldenstein Adler Freeman & Herz, LLP as lead fund derivative counsel for the MDL Alger Sub-track ("Derivative Counsel").

On September 29, 2004, amended complaints were filed in the class and derivative actions (the "Complaints"). Claims were asserted in the Actions against persons and entities affiliated with the Alger Funds, including the investment advisor to the Alger Funds and its affiliates, as well as unaffiliated entities, including alleged market-timers and other parties that were alleged to have participated in or facilitated the market timers' trading of the Alger Funds. Specifically, plaintiffs in the class action asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), Sections 34(b), 36(a), 36(b), 47 and 48(a) of the Investment Company Act of 1940 ("ICA"), and state law. Plaintiffs in the derivative action asserted claims under Sections 36(a), 36(b), 47 and 48 of the ICA, Sections 206 and 215 of the Investment Advisors Act of 1940 ("IAA"), and state law. On February 25, 2005, defendants moved to dismiss the Complaints.

---

[5]  The Derivative Action was transferred to the United States District Court for the District of Maryland on March 29, 2004 and assigned case number JFM-04-0861.

[6]  Schiffrin & Barroway, LLP has since changed its name to Barroway Topaz Kessler Meltzer & Check, LLP.

On August 25, 2005, Judge Motz issued an order addressing common issues presented in the MDL Actions. On November 3, 2005, Judge Motz issued a Memorandum ruling on the motions to dismiss filed by various defendants in the Alger Sub-track, denying in part and granting in part the motions to dismiss. On December 1, 2005, Wilshire filed a motion for reconsideration of the Court's November 3, 2005 Order, and on January 11, 2006, the Alger Defendants filed a motion for partial reconsideration of the Court's November 3, 2005 Order. Following further briefing, the parties submitted proposed orders for the Court's review and entry. Thereafter, certain of the parties began discovery.

Discussions of possible settlements of the Actions proceeded with various groups of defendants at various times throughout the litigation. The Canary Defendants reached the first agreement in principle to settle and provide cooperation to Plaintiffs in pursuing their claims against the other defendants. Subsequently, agreements in principle to settle were reached with the other Settling Entities.

### 3.    Why is the Class Action a class action?

In a class action, one or more individuals or entities called class representatives (in this case, the court-appointed lead plaintiff, Donna Roubicek (formerly, Donna Gaffney), and additional plaintiff Gerald Born (together, the "Investor Class Plaintiffs")) sue on behalf of individuals and entities who have similar claims. All of these individuals and entities who have similar claims are referred to collectively as a class, or individually as a class member. One court resolves the issues for all class members, except for those who exclude themselves from the settlement. Here, the United States District Court for the District of Maryland, the Honorable J. Frederick Motz, is in charge of the Class Action as well as the Derivative Action.

### 4.    Why is the Derivative Action a derivative action?

In a derivative action, one or more individuals or entities who are shareholders of a corporation, or as here, the Alger Funds (in this case, David Grant, Jonathan Clain, James Laufer, Harry Schipper, Barbara Cordani, Joseph Cordani and John Vining (collectively, the "Derivative Plaintiffs")), sue on behalf of the corporation, alleging that the corporation was injured, and seek to enforce the corporation's legal rights. In a derivative action, the corporation usually receives the benefit of the settlement. In the mutual fund context, payments to the Alger Settlement Funds may increase the NAV of present holders of shares.

### 5.    Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or the Settling Entities. Instead, in order to avoid the risks and costs of further litigation and trial, all parties agreed to a series of Settlements. As explained above, Investor Class Plaintiffs and their attorneys believe the Settlements are best for all Class Members and likewise, Derivative Plaintiffs and their counsel believe the Settlements are best for the Alger Funds.

## WHO IS PART OF THE SETTLEMENTS

To see if you will receive money from the Settlements or if the Fund(s) in which you currently hold shares may receive a distribution, you first have to determine if you are a Class Member or a holder.

### 6.     How Do I Know if I Am Part of the Settlements?

The Class includes: all persons who, during the period from November 1, 1998 to September 3, 2003, inclusive, purchased and/or held shares in one or more of the following mutual funds in the Alger Fund Complex advised and/or managed by Fred Alger Management, Inc.: Alger LargeCap Growth Portfolio (f/k/a Alger Growth Portfolio) (n/k/a Alger Large Cap Growth Fund); Alger MidCap Growth Portfolio (n/k/a Alger Mid Cap Growth Fund); Alger SmallCap Growth Portfolio (f/k/a Alger Small Cap Portfolio) (n/k/a Alger Small Cap Growth Fund); Alger Capital Appreciation Portfolio (n/k/a Alger Capital Appreciation Fund); Alger American Balanced Portfolio (n/k/a Alger Balanced Portfolio); Alger Health Sciences Portfolio (n/k/a Alger Health Sciences Fund); Spectra Fund (n/k/a Alger Spectra Fund); China – US Growth Fund (n/k/a Alger China – U.S. Growth Fund); The Alger Institutional Fund (n/k/a The Alger Institutional Funds); The Alger American Fund (n/k/a The Alger Portfolios); and Castle Convertible Fund, Inc. (*i.e.*, the Alger Releasing Funds), *except those persons and entities that are excluded, as described below.*

For purposes of the derivative litigation, you are a "holder" if you currently hold shares in one of the Alger Funds, or a successor fund, on the date of this Notice.

### 7.     What Are the Exceptions to Being Included?

Excluded from the Class are the Settling Entities, members of the immediate family of each of the individual defendants, any subsidiary, affiliate, director, officer, or employee of any of the Settling Entities, any entity in which any excluded person or entity has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person or entity. Also excluded from the Class are all persons and entities who exclude themselves from the Settlements by timely requesting exclusion in accordance with the requirements set forth herein.

### 8.     Who is Affected by the Settlement of the Derivative Action?

The Derivative Action was brought on behalf of the Alger Funds. The Alger Funds, and not the individual shareholders (except insofar as the value of their shares increase), will receive the benefit of the settlement of the Derivative Action.

### 9.     I Am Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can call the Claims Administrator, Rust Consulting, Inc., at 1-866-880-0443, for more information. Or

you can fill out and return the Proof of Claim and Release form described in Question 11, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

### 10.      What Do the Settlements Provide?

The proposed Settlements provide for a payment of a total of $4,828,800 in cash, comprised of (i) $2,950,000 paid on behalf of the Alger Defendants for the benefit of the Class and the Alger Releasing Funds, (ii) $950,000 paid on behalf of defendant Wilshire for the benefit of the Class and the Alger Releasing Funds, (iii) $404,800 paid on behalf of BAS for the benefit of the Class and the Alger Releasing Funds,[7] (iv) $224,000 paid on behalf of the Bear Stearns Defendants for the benefit of the Class, and (v) $300,000 paid on behalf of the Canary Defendants for the benefit of the Class and the Alger Releasing Funds.  Investor Lead Counsel will also distribute to the Class a total of $600,000 plus interest which was obtained by the OAG in a settlement with the Canary Defendants.

The Settlement Fund plus all interest earned thereon shall be referred to as the "Gross Settlement Fund."  The balance of the Gross Settlement Fund, after payment of taxes owed on any income earned by the Settlement Fund, court-approved attorneys' fees and litigation expenses and the costs of claims administration, including the costs of printing and mailing of this Notice, the cost of publishing notice and the costs of processing claims (the "Net Settlement Fund"), will be divided among all Class Members who submit timely and valid Proof of Claim and Release forms.  Any funds remaining in the Net Settlement Fund following the distribution to the Class, will be distributed to the Alger Settlement Funds, as agreed upon by Plaintiffs' Counsel, in proportion to the alleged harm to each fund as determined by Investor Lead Counsel's expert.  *See* Question 11 below for more details regarding the allocation of the Settlement Fund.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### 11.      How Much Will My Payment Be?

The proposed Plan of Allocation set forth below provides for distribution of the Net Settlement Fund to persons and entities entitled to recovery (the "Authorized Claimants") as follows:

Each person or entity claiming to be an Authorized Claimant shall be required to submit a Proof of Claim and Release form ("Proof of Claim") signed under penalty of perjury and

---

[7]  The $404,800 paid on behalf of BAS is comprised of a $341,000 principal settlement amount and a $63,800 contribution by BAS towards the costs of notice and administration of the settlement.  Any portion of the $63,800 that is not used for payment of notice and administration costs (including any interest earned or accrued thereon) shall be added to the $341,000 principal settlement amount and distributed to members of the Class in accordance with the terms of the Plan of Allocation set forth in Question 11 below.

supported by such documents as specified in the Proof of Claim  **Class Members who purchased, owned or held shares in any of Funds listed in Table 1, above (*i.e.*, Alger American Balanced Portfolio (n/k/a Alger Balanced Portfolio), Alger American Small Capitalization Portfolio (n/k/a Alger Small Cap Growth Portfolio), Alger Capital Appreciation Portfolio (n/k/a Alger Capital Appreciation Fund), Alger LargeCap Growth Portfolio (f/k/a Alger Growth Portfolio) (n/k/a Alger Large Cap Growth Fund) and Alger MidCap Growth Portfolio (n/k/a Alger Mid Cap Growth Fund)) during the Class Period may receive a payment from the Net Settlement Fund.**

If you are entitled to a payment, your share of the Net Settlement Fund will depend on (i) the number of valid Proofs of Claim that Class Members submit, (ii) the particular Fund(s) in which you held shares, (iii) the number of shares in the Alger Settlement Funds you purchased and/or held during the Class Period, and (iv) when you purchased and sold your shares.  By following the Plan of Allocation described herein, you can calculate your "Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund to Authorized Claimants according to the Plan of Allocation after all Proofs of Claim have been processed and the Court has finally approved the Settlements.  The $600,000 (plus interest) OAG/Canary recovery described in Question 10 above, will also be distributed to Authorized Claimants pursuant to the Plan of Allocation.

All Proofs of Claim must be postmarked or received by _____, **2010**, addressed as follows:

***In re Mutual Funds Investment Litigation – Alger Sub-Track***
**c/o Rust Consulting, Inc.**
**Claims Administrator**
**P.O. Box 2307**
**Faribault, MN  55021-9307**

Unless otherwise ordered by the Court, any Class Member who fails to submit a properly completed and signed Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Settlements, but will in all other respects be subject to the provisions of the Stipulations (as defined herein) and the final judgments entered by the Court.

## CALCULATION OF RECOGNIZED CLAIMS

The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to Class Members who held shares in the Fund(s) potentially impacted by the matters addressed in the litigation.  The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund and the OAG/Canary recovery based upon each Authorized Claimant's "Recognized Claim."  The Recognized Claim formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlements. The Recognized Claim formula is the basis upon which the Net Settlement Fund and the OAG/Canary recovery will be proportionately allocated to the Authorized Claimants.  No

distribution will be made on a claim where the potential distribution amount is less than $10.00 in cash.

Under the Plan of Allocation, a "Recognized Claim" will be calculated for each Class Member who submits an acceptable Proof of Claim. Recognized Claims are based on Investor Lead Counsel's expert's analysis of transaction records in the Alger Settlement Funds during the Class Period. Based on its analysis of the trading data, Investor Lead Counsel's expert has estimated the potential uncompensated dilution which are monies allegedly drained from a fund and thereby taken from shareholders due to alleged market-timing and/or late trading suffered by shareholders in each Alger Settlement Fund in each calendar year of the Class Period, or part thereof.

As described below, to determine your "Recognized Claim" amount, the Claims Administrator will need you to submit information and supporting documentation concerning the number of shares you held in the Alger Settlement Funds during the Class Period. Specifically, the number of shares of each Alger Settlement Fund you held at or around each year-end, will be necessary for you to fill out a Proof of Claim, consistent with formulas set forth below. In most cases, information contained in your year-end mutual fund statements from the relevant 1998-2003 period (plus a statement showing your holdings at the beginning of the Class Period, on November 1, 2003, and a statement showing your holdings at the end of the Class Period, on September 3, 2003) will be sufficient. If you did not hold any shares as of a particular date, you do not need to submit documentation of your lack of holdings.

**An Authorized Claimant's Recognized Claim will be calculated as follows:**

(i)     For each Fund listed in Table 2, below, the Claims Administrator will calculate the Authorized Claimant's "Average Share Holdings" for each calendar year during the Class Period by *averaging* the claimant's starting share count for the year and the claimant's ending share count for the year. For purposes of calculating a claimant's Average Share Holdings (a) "calendar year 1998" will be deemed to begin as of November 1, 1998 and (b) "calendar year 2003" will be deemed to end on September 3, 2003. If an Authorized Claimant did not hold shares in a particular Fund during a particular calendar year, his, her, or its Average Share Holdings for that Fund and for that year shall be zero.

(ii)    For each Fund listed in Table 2, below, the Claims Administrator will calculate the Authorized Claimant's "Annual Losses" for each calendar year during the Class Period by multiplying the Authorized Claimant's Average Share Holdings by the Estimated Uncompensated Dilution Losses Per Share as set forth in Table 2 below. A claimant's total Annual Losses for a particular Alger Settlement Fund across all years during the Class Period shall equal the Authorized Claimant's "Total Losses" for that Fund.

(iii)   The Authorized Claimant's Recognized Claim will equal the sum of the claimant's Total Losses across all Alger Settlement Funds.

## TABLE 2: ESTIMATED UNCOMPENSATED DILUTION PER SHARE

| Alger Settlement Fund | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|---|
| Alger American Balanced Portfolio (n/k/a Alger Balanced Portfolio) | $    - | $ 0.0102 | $ 0.0000 | $ 0.0070 | $ 0.0007 | $ 0.0083 |
| Alger American Small Capitalization Portfolio (n/k/a Alger Small Cap Growth Portfolio) | $    - | $ 0.1255 | $ 0.1165 | $ 0.0638 | $ 0.0041 | $ 0.0004 |
| Alger Capital Appreciation Portfolio (n/k/a Alger Capital Appreciation Fund) | $    - | $ 0.1874 | $ 0.1435 | $ 0.0098 | $ 0.0003 | $ 0.0000 |
| Alger LargeCap Growth Portfolio (f/k/a Alger Growth Portfolio) (n/k/a Alger Large Cap Growth Fund) | $    - | $ 0.1079 | $ 0.2084 | $ 0.0117 | $ 0.0225 | $ 0.0000 |
| Alger MidCap Growth Portfolio (n/k/a Alger Mid Cap Growth Fund) | $    - | $ 0.1773 | $ 0.1444 | $ 0.0959 | $ 0.0634 | $ 0.0258 |

***You do not need to have held shares for the entire 1998-2003 period in order to have a Recognized Claim.*** However, Class Members who held shares in an Alger Settlement Fund for a relatively short period of time (*i.e.*, less than a year) may not have a Recognized Claim.

## ADDITIONAL PROVISIONS

The Settling Entities do not have any responsibility or liability with respect to claims administration, the management, investment or distribution of the Settlement Fund, the Net Settlement Fund or the OAG/Canary recovery, or the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlements if approved by the Court. The Plan of Allocation may be modified in connection with, among other things, a ruling by the Court, or an objection filed by a Class Member, without further notice to the Class.

Each Authorized Claimant shall be paid the percentage that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. The Court has reserved

14

jurisdiction to allow, disallow, or adjust the claim of any Class Member. Each claimant is deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim under the Plan of Allocation. No discovery shall be allowed on the merits of the Actions.

Payments will be final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court will be barred from participating in distributions from the Net Settlement Fund, as well as from the OAG/Canary recovery, but otherwise shall be bound by all of the terms of the Settlements, including the terms of the final judgments to be entered in the Actions and will be barred from bringing any Settled Claim or Released Claims against any of the Settling Entities, their related parties and the Released Parties, including Unknown Claims (as those terms are defined in the Stipulations (as defined below), which are available on the Internet or through the mail upon request). Further, no person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or Plaintiffs' Counsel's experts, the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulations, the Plan of Allocation, or further orders of the Court.

If any funds remain in the Net Settlement Fund because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Funds one (1) year after the initial distribution of such funds shall be distributed to the Alger Settlement Funds, as agreed upon by Plaintiffs' Counsel, in proportion to the alleged harm to each Alger Settlement Fund as determined by Investor Lead Counsel's expert.

## HOW YOU RECEIVE A PAYMENT – SUBMITTING A CLAIM FORM

### 12.    How Will I Receive a Payment?

To qualify for a payment, you must be an eligible Class Member and you must submit a Proof of Claim. The Proof of Claim is available at www.AlgerMutualFundLitigation.com. You may also obtain a Proof of Claim by calling the Claims Administrator at 1-866-880-0443. Read the instructions carefully, fill out the Proof of Claim, include all the documents requested, sign it, and mail it in an envelope postmarked no later than _____, 2010. Please retain a copy of everything you mail, in case the materials are lost or destroyed during shipping.

### 13.    When Will I Receive My Payment?

The Court will hold a hearing on October 1, 2010, to decide whether to approve the Settlements. If the Court approves the Settlements, there may be appeals. It is always uncertain whether appeals, if any, can be resolved, and resolving them can take time, perhaps several years. In addition, the Claims Administrator must process all of the Proofs of Claim. The processing is complicated and will take many months. Please be patient.

### 14.   What Am I Giving Up By Staying in the Class?

Unless you exclude yourself from the Class in accordance with the procedures below, you will remain in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Settling Entities or certain parties related to the Settling Entities concerning any claims of market-timing, late trading, or short-term or excessive trading in the Alger Funds during the Class Period, including all claims that were or could have been brought in the Complaints.  It also means that all of the Court's orders will apply to you and legally bind you, and you will release forever any claims you may have against the Settling Entities, and their related parties, relating to market-timing or late trading in the Alger Releasing Funds.  If you are interested in more information regarding the release of claims, please visit the website www.AlgerMutualFundLitigation.com, and click on the "Releases" tab.

### EXCLUDING YOURSELF FROM THE SETTLEMENTS

If you are a member of the Class and do not want a payment from these Settlements, but you want to keep the right to sue or continue to sue the Settling Entities on your own about the same claims being released in these Settlements, then you must take steps to exclude yourself from the Settlements.  This is referred to as opting out of the class.

### 15.   How Do I Exclude Myself from the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from the Class in the *In re Mutual Funds Investment Litigation – Alger Sub-Track*, 1:04-MD-15863-JFM.  Your request for exclusion must include your name, address, telephone number, signature, and information or documents concerning your holding(s) and purchase(s) of shares in the Alger Settlement Funds during the Class Period, including the amount of shares you held at the beginning of the Class Period, the end of the Class Period, and at the end of each calendar year during the Class Period.  You must mail your exclusion request so that it is received no later than _____, 2010 to:

*In re Mutual Funds Investment Litigation – Alger Sub-Track*
**c/o Rust Consulting, Inc.**
**Claims Administrator**
**P.O. Box 2307**
**Faribault, MN  55021-9307**

Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

You cannot exclude yourself over the phone or by e-mail.  If you request to be excluded, you will not be eligible to receive any payment from the Net Settlement Fund, and you cannot object to the Settlements.  You will not be legally bound by anything that happens in this lawsuit and you will be able to pursue the claims that are being released in these Settlements.

Pursuant to separate supplemental agreements, the Settling Entities shall have the option to withdraw from the Settlements in the event that certain threshold levels of investors who would otherwise be entitled to participate as members of the Class timely and validly request to exclude themselves from the Class.

### 16. If I Do Not Exclude Myself, Can I Sue the Settling Entities for the Same Thing Later?

No.  Unless you exclude yourself from the Class, you give up any right to sue the Settling Entities or the Released Parties for the claims being released by these Settlements.  If you have a pending lawsuit relating to the claims being released in the Actions against any of the Settling Entities, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2010.

### 17. Can I exclude myself from the Derivative Action?

No.  Because the Derivative Action was brought on behalf of the Alger Funds, you cannot exclude yourself from the settlement of the Derivative Action.  As discussed below in Question 23, current shareholders of the Alger Funds, or their successor funds, may object to the Settlements of the Derivative Action.

Any amounts distributed to the Alger Settlement Funds may benefit current holders of shares in the Alger Settlement Funds to the extent that such payments may increase share value.

### 18. If I Exclude Myself, Can I Receive a Payment from These Settlements?

No.  If you exclude yourself, do not send in a Proof of Claim.  But, you may sue, continue to sue, or be part of a different lawsuit or arbitration asserting the claims being released in these Settlements against the Settling Entities or the Released Parties.

### THE LAWYERS REPRESENTING YOU

### 19. Do I Have a Lawyer in This Case?

The Court appointed the law firm of Barroway Topaz Kessler Meltzer & Check, LLP (formerly, Schiffrin & Barroway, LLP) as lead class counsel to represent you and the other Class Members.  These lawyers are called Investor Lead Counsel.  The Court also appointed the law firm of Wolf Haldenstein Adler Freeman & Herz, LLP as lead fund Derivative Counsel and Tydings & Rosenberg LLP as Plaintiffs' Administrative Chair and Liaison Counsel.  You will not be individually charged for the services of these lawyers beyond your *pro rata* share of any attorneys' fees and expenses awarded by the Court that will be paid from the Gross Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.  You do not, however, need to retain a lawyer to exclude yourself from the Class or to object to the Settlements.

### 20.      How Will the Lawyers Be Paid?

Investor Lead Counsel and Derivative Counsel will jointly apply to the Court for attorneys' fees not to exceed 20% of the Gross Settlement Fund and for reimbursement of their expenses advanced in connection with the Actions up to an amount of $325,000, plus interest.. In addition, Court-appointed Plaintiffs' Administrative Chair and Liaison Counsel, Tydings & Rosenberg LLP, will apply for an award of attorneys' fees and expenses of an additional 1.25% of the Gross Settlement Fund for its efforts on behalf of the plaintiffs. *Such sums as may be approved by the Court will be paid from the Gross Settlement Fund.* Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payments to Plaintiffs' Counsel for their efforts in achieving the Settlements and for their risk in undertaking this representation on a wholly contingent basis and advancing the money necessary to pursue the Actions. To date, Plaintiffs' Counsel have not been paid for their services or for their substantial litigation expenses. The fee requested will compensate Plaintiffs' Counsel for their work in achieving the Settlements and Plaintiffs' Counsel believe that it is well within the range of fees awarded to counsel under similar circumstances in other cases of this type. The Court has discretion, however, to award less than this amount.

## OBJECTING TO THE SETTLEMENTS

You can tell the Court that you do not agree with the Settlement or some part of it.

### 21.      How Do I Tell the Court that I Do Not Like the Settlements?

If you are a Class Member, you can object to the Settlements if you do not like any part of them, the Plan of Allocation, or the application for attorneys' fees and litigation expenses. To object, you must send a letter saying that you object to one or more of the Settlements in the *In re Mutual Funds Investment Litigation – Alger Sub-Track*, 1:04-MD-15863-JFM, and the reasons why you object to the Settlements. Be sure to include your name, address, telephone number and signature. You must also include information or documents concerning your holding(s) of shares in the Alger Settlement Funds during the Class Period or a statement attesting to the fact that you held or purchased shares in one or more of the Alger Settlement Funds during the Class Period. You must file any objection with the Clerk's Office at the United States District Court for the District of Maryland at the address set forth below on or before _____, 2010. You must also serve any objection on Investor Lead Counsel, Derivative Counsel and Counsel for the Settling Entities at the addresses set forth below, so that the objections are received by _____, 2010:

| COURT | LEAD COUNSEL | COUNSEL FOR THE SETTLING ENTITIES |
|---|---|---|
| Clerk of the Court United States District Court District of Maryland 101 W. Lombard Street Baltimore, MD  21201 | Investor Lead Counsel: Michael K. Yarnoff, Esq. Jennifer L. Enck, Esq. **BARROWAY TOPAZ KESSLER MELTZER &** | Counsel for the Alger Defendants: Stewart D. Aaron, Esq. **ARNOLD & PORTER LLP** 399 Park Avenue |

| | | |
|---|---|---|
| | **CHECK, LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087<br><br>Derivative Counsel:<br>Mark C. Rifkin, Esq.<br>Demet Basar, Esq.<br>Paulette S. Fox, Esq.<br>**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**<br>270 Madison Avenue<br>New York, NY 10016 | New York, NY 10022-4690<br><br>Counsel for Wilshire:<br>Frank Kaplan, Esq.<br>Roland Tellis, Esq.<br>**BINGHAM MCCUTCHEN LLP**<br>The Water Garden<br>1620 26th Street<br>Fourth Floor, North Tower<br>Santa Monica, CA 90404-4060<br><br>Counsel for Bear Stearns Defendants:<br>Lewis J. Liman, Esq.<br>Neil P. Forrest, Esq.<br>**CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>One Liberty Plaza<br>New York, NY 10006<br><br>Counsel for Canary Defendants:<br>David S. Frankel, Esq.<br>**KRAMER LEVIN NAFTALIS AND FRANKEL LLP**<br>1177 Avenue of the Americas<br>New York, NY 10036<br><br>Counsel for Banc of America Securities LLC:<br>Stephen R. DiPrima, Esq.<br>Martin J.E. Arms, Esq.<br>**WACHTELL, LIPTON, ROSEN & KATZ**<br>51 West 52nd Street<br>New York, NY 10019 |

**22.      What is the Difference Between Objecting and Excluding?**

Objecting means telling the Court that you do not like something about the Settlements, the Plan of Allocation, or the application for attorneys' fees and litigation expenses, and that you want the Court to disapprove one or more of the Settlements or modify them in some way. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

23.     **How Can I Object to Settlements of the Derivative Action?**

If you are a current shareholder of one of the Alger Funds and will continue to own shares in one of the Alger Funds through the date of the Settlement Hearing, you also have the right to object to the Settlements of the Derivative Action, the proposed Plan of Allocation, and the requests for attorneys' fees and expenses with respect to the Derivative Action.  To object, you must send a letter saying that you object to one or more of the Settlements in the *In re Mutual Funds Investment Litigation – Alger Sub-Track*, 1:04-MD-15863-JFM, and the reasons why you object to the Settlements.  Be sure to include your name, address, telephone number and signature.  You must also include information concerning your current holdings of shares in one or more of the Alger Funds.  Any such objections must be filed with the Court and counsel listed above in Question 21, so that the objection is *received* no later than _____ __, **2010**.  You may retain an attorney at your own expense to object on your behalf, but you are not required to do so, and you can object without retaining a lawyer.

**THE COURT'S SETTLEMENT FAIRNESS HEARING**

24.     **When and Where Will the Court Decide Whether to Approve the Settlements?**

The Court will hold a fairness hearing at 10:00 a.m., on October 1, 2010, at the United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201, Courtroom __ (the "Settlement Hearing").  At this hearing, the Court will consider whether the Settlements and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have requested in writing by _____, **2010** to speak at the hearing.  The Court may also consider Plaintiffs' Counsel's application for attorneys' fees and reimbursement of expenses.

25.     **Do I Have to Come to the Settlement Hearing?**

No.  Plaintiffs' Counsel will answer any questions Judge Motz may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection so that it is received on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not required.

26.     **May I Speak at the Settlement Hearing?**

Yes, but you must first ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter stating your intention to appear in the *In re Mutual Funds Investment Litigation – Alger Sub-Track*, 1:04-MD-15863-JFM.  Be sure to include your name, address, telephone number, signature, and also identify (i) information or documents concerning your holding(s) in the Alger Settlement Funds during the Class Period, including the amount of shares you held at the beginning of the Class Period, the end of the Class Period, and at the end of each calendar year during the Class Period, or (ii) information concerning your current holdings of shares in the Alger Funds.  Your notice of intention to appear must be received no later than _____, **2010**, and be sent to the Clerk of the Court, Investor Lead Counsel,

Derivative Counsel and Counsel for the Settling Entities), at the addresses listed in Question 21. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 27.    What Happens if I Do Nothing at All?

If you do nothing, claims that you may have that relate to the subject matter of these lawsuits will be released, and you will receive no money from these Settlements but nonetheless will be bound by their terms.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Entities or the Released Parties about the same claims being released in these Settlements.

## OBTAINING MORE INFORMATION

### 28.    Are There More Details About the Settlements?

This Long-Form Notice summarizes the proposed Settlements.  More details can be found in a series of stipulations with the Settling Entities dated June 2, 2009, January 15, 2010 and January 28, 2010 (the "Stipulations").  All terms used in this Long-Form Notice (unless otherwise defined) shall have the same meanings as in the Stipulations.  You can obtain copies of the Stipulations or more information about the Settlements by visiting www.AlgerMutualFundLitigation.com or by calling (866) 880-0443.  You can also obtain copies of the Stipulations and other papers filed in the Actions from the Clerk's office at the United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201, during regular business hours.  If you have other questions, you may contact the Claims Administrator, Investor Lead Counsel or Derivative Counsel at the addresses and telephone numbers listed on page __.  You may also email your questions to the Claims Administrator at Info@AlgerMutualFundLitigation.com.

## DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE


DATED:  _____ __, 2010          BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
                                 DISTRICT OF MARYLAND