IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | ) MDL-1586 ) ) Case No. 04-md-15863 |
| Columbia sub-track | ) ) ) |

**SHORT-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENTS OF CLASS AND DERIVATIVE ACTIONS AND SETTLEMENT HEARING**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

To:  all persons and entities who, during the period November 1, 1998 through February 25, 2004, inclusive (the "Class Period"), purchased and/or held shares in any of the Columbia Mutual Funds (the "Class"),[1] and current shareholders of the Columbia Mutual Funds or their successor funds.

YOU ARE HEREBY NOTIFIED of settlements totaling $12,653,000 in cash in U.S. securities class action and derivative lawsuits affecting investors in Columbia Mutual Funds,  consolidated in the actions-captioned:  *In re Mutual Funds Investment Litigation*, MDL-1586 (D. Md.), *In re Alger, Columbia, Janus, MFS, One Group, Allianz Dresdner and Putnam* (*Columbia Sub-track*), No. 1:04-MD-15863 (D. Md.), *Dukes, et al.* v. *Columbia Acorn Fund, et al.*, Civil Action No. 04cv01763 (D. Md.) (the "Securities Class Action") and *Slabe v. Columbia Management Advisors, Inc. et al.*, Civil Action No. 04-cv-1768 (D. Md.) (the "Derivative Action") (collectively, the "Actions").  You may be eligible for a payment from these settlements (the "Settlements"), or you may act on other legal rights.  Important facts are highlighted below, and explained in detail in the Long-Form Notice of Pendency and Proposed Settlements of Class and Derivative Actions, Motion for Attorneys' Fees and Expenses, and Settlement Hearing (the "Long-Form Notice") available at *www._____.com*.  The terms of these Settlements are embodied in a series of Stipulations and Agreements of Settlement with the Settling Defendants[2] (the "Stipulations") also available on the website.

---

[1]  Excluded from the Class are:  (i) any and all defendants named in any action that is part of the Columbia Subtrack of MDL-1586; (ii) for defendants who are natural persons, members of their immediate families (parents, spouses (current or former), siblings, and children), their heirs, successors or assigns, and any person acting on their behalf for purposes of collecting a payment under this Settlement; (iii) for defendants that are legal entities, their parents, subsidiaries, affiliates, successors or assigns; (iv) any entity in which any defendant has, or during the Class Period had, a controlling interest; and (v) all Columbia portfolio managers during the Class Period (defined as the person or persons with primary responsibility for the day-to-day management of the investment portfolio of a Columbia Mutual Fund during the Class Period).

[2] The Settling Defendants are:  (i) Columbia Management Group, LLC, Columbia Management Services, Inc., Columbia Management Distributors, Inc., Columbia Wanger Asset Management, L.P., Columbia Management Advisors, LLC, the Columbia Settling Trustees, the Columbia Trusts and Registrants, and the Columbia Mutual Funds (collectively, the "Columbia Defendants"); (ii) Bank of America Corporation and Banc of America Securities LLC ("BAS"), (iii) Bear, Stearns & Co. Inc. (n/k/a J.P. Morgan Securities Inc.), Bear, Stearns Securities Corp. (n/k/a J.P. Morgan Clearing Corp.), and The Bear Stearns Companies Inc. (n/k/a The Bear Stearns Companies LLC)

*NOTE: This Notice (except with respect to the OAG/Canary recovery described below) concerns the settlement of private lawsuits. These Settlements are distinct from the settlements that government regulators, including the Securities and Exchange Commission ("SEC"), previously reached concerning market-timing and late trading in certain Columbia Mutual Funds. Any payment that you may be eligible for under these private settlements is in addition to any payment you may have received from the SEC and/or other regulators. For more information about the SEC litigation, see*
*<http://www.sec.gov/divisions/enforce/claims/columbiamanage.htm>*

- **Securities:** Shares in all of the mutual funds or series of mutual funds issued or housed by the Columbia Trusts and Registrants, including, without limitation, the following: Columbia Acorn Trust (f/k/a Liberty Acorn Trust (f/k/a Acorn Investment Trust)), the Columbia Acorn Fund (f/k/a Liberty Acorn Fund), the Columbia Acorn International Fund (f/k/a Liberty Acorn International Fund), the Columbia Acorn International Select Fund (f/k/a Liberty Acorn Foreign Forty Fund), Columbia Funds Trust I (f/k/a Liberty Funds Trust I (f/k/a Colonial Trust I)), Columbia High Yield Opportunity Fund (f/k/a Liberty High Yield Securities Fund), Columbia Strategic Income Fund (f/k/a Liberty Strategic Income Fund), Columbia Tax-Managed Growth Fund (f/k/a Liberty Tax-Managed Growth Fund) (which merged, on September 22, 2006, into Columbia Large Cap Growth Fund, a series of Columbia Funds Series Trust I), Columbia Funds Trust II (f/k/a Liberty Funds Trust II (f/k/a Colonial Trust II)), Columbia Newport Japan Opportunities Fund (f/k/a Liberty Newport Japan Opportunities Fund) (which was liquidated on December 5, 2003), Columbia Funds Trust III (f/k/a Liberty Funds Trust III (f/k/a Colonial Trust III)), Columbia Federal Securities Fund (f/k/a Liberty Federal Securities Fund, which acquired Liberty Intermediate Government Fund on November 4, 2002), Columbia Liberty Fund (f/k/a Liberty Fund), Columbia Mid Cap Value Fund (f/k/a Liberty Select Value Fund, which merged, on September 16, 2005, into Columbia Mid Cap Value Fund (f/k/a Nations Mid Cap Value Fund)), Columbia World Equity Fund (f/k/a Columbia Global Equity Fund (f/k/a Liberty Newport Global Equity Fund, a series of Liberty Funds Trust III)), Columbia Funds Trust IV (f/k/a Liberty Funds Trust IV (f/k/a Colonial Trust IV)), Columbia Tax-Exempt Fund (f/k/a Liberty Tax-Exempt Fund), Columbia Funds Trust V (f/k/a Liberty Funds Trust V (f/k/a Colonial Trust V)), Columbia California Tax-Exempt Fund (which acquired Liberty California Tax-Exempt Fund, a series of Liberty Stein Roe Funds Municipal Trust, on October 13, 2003), Columbia Massachusetts Tax-Exempt Fund (f/k/a Liberty Massachusetts Tax-Exempt Fund), Columbia Funds Trust VI (f/k/a Liberty Funds Trust VI (f/k/a Colonial Trust VI)), Columbia Growth & Income Fund (f/k/a Liberty Growth & Income Fund) (which merged, on September 16, 2005, into Columbia Value Fund (f/k/a Nations Value Fund)), Columbia Newport Asia Pacific Fund (f/k/a Liberty Newport Asia Pacific Fund) (which was liquidated on December 10, 2004), Columbia Funds Trust VII (f/k/a Liberty Funds Trust VII (f/k/a Colonial Trust VII)), Columbia Europe Fund (f/k/a Liberty Newport Europe Fund) (which was liquidated on December 10, 2004), Columbia Newport Tiger Fund (f/k/a Liberty Newport Tiger Fund) (which merged, on October 10, 2005, into Columbia International Stock Fund, Inc.), Columbia Funds Trust VIII (f/k/a Liberty Stein Roe Funds Income Trust (f/k/a Stein Roe Income Trust)), Columbia Income Fund (f/k/a Stein Roe Income Fund), Columbia Intermediate Bond Fund (f/k/a Liberty Intermediate Bond Fund

---

(collectively, the "Bear Stearns Defendants"); (iv) Daniel G. Calugar, Security Brokerage, Inc. (now known as Symphonic Alpha, LLC), DCIP, L.P., RCIP, L.P., the Security Brokerage, Inc. Profit Sharing Trust (now known as the Calugar Corporation Profit Sharing Trust) and any of their successors (collectively, the "Security Brokerage Defendants") and (v) Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern (collectively, the "Canary Defendants"). The proposed Settlements will resolve all claims in the action against the Settling Defendants as well as other released parties (the "Released Parties").

(f/k/a Stein Roe Intermediate Bond Fund)), Columbia Funds Trust XI (f/k/a Liberty-Stein Roe Funds Investment Trust (f/k/a Stein Roe Investment Trust)), Columbia Disciplined Value Fund (f/k/a Liberty Equity Value Fund, which acquired Galaxy Equity Value Fund, a series of the Galaxy Fund, on November 15, 2002), Columbia Growth Stock Fund (f/k/a Liberty Growth Stock Fund (f/k/a Stein Roe Growth Stock Fund)) (which merged, on March 27, 2006, into Columbia Large Cap Growth Fund (f/k/a Liberty Equity Growth Fund, which acquired Galaxy Equity Growth Fund, a series of the Galaxy Fund, on November 15, 2002)), Columbia Common Stock Fund (f/k/a Columbia Large Cap Core Fund and f/k/a Liberty Growth & Income Fund (which acquired Galaxy Growth & Income Fund, a series of The Galaxy Fund on July 29, 2002)), Columbia Small Company Equity Fund (f/k/a Liberty Small Company Equity Fund, which acquired Galaxy Small Company Equity Fund on November 15, 2002), Columbia Young Investor Fund (which merged, on September 25, 2006, into Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I), Columbia Small Cap Core Fund (f/k/a Columbia Small Cap Fund), Columbia High Yield Fund (f/k/a Columbia High Yield Fund, Inc.), Columbia International Stock Fund (f/k/a Columbia International Stock Fund, Inc.) (which acquired Stein Roe International Fund and Newport International Equity Fund on November 1, 2002 and Columbia International Equity Fund on March 18, 2005), Columbia Mid Cap Growth Fund (f/k/a Columbia Special Fund, Inc., f/k/a Columbia Mid Cap Growth Fund, Inc. (which acquired Liberty Stein Roe Capital Opportunities Fund on October 18, 2002)), and Liberty Variable Investment Trust, Newport Tiger Fund, Variable Series (which was liquidated on September 18, 2005).

- **Time Period:** Columbia Mutual Funds shares purchased or held during the period November 1, 1998 through February 25, 2004, inclusive.

- **Total Settlement Amount:** $12,653,000 (the "Settlement Funds") plus interest earned on the Settlement Funds (the "Gross Settlement Funds"). The Settlement Funds are comprised of (i) $9,600,000 paid on behalf of the Columbia Defendants and BAS, (ii) $588,000 paid on behalf of the Bear Stearns Defendants, (iii) $2,450,000 paid on behalf of the Security Brokerage Defendants, and (iv) $15,000 paid on behalf of the Canary Defendants. In addition to these amounts, Class Counsel intends to distribute another $30,000, plus interest, which was obtained by the Office of the New York Attorney General ("OAG") in its settlement with certain of the Canary Defendants. Further details about the Settlements are available in the Long-Form Notice.

- **Statement of Recovery:** Based on Plaintiffs' estimate of the number of shares in the Columbia Mutual Funds entitled to participate in the Settlements, and assuming that all such shares entitled to participate do so, Plaintiffs estimate that the average recovery per eligible share (before deduction of Court-awarded attorneys' fees and expenses, and not including any OAG/Canary payment) for Class Members will be as set forth below for the funds listed below:

| **Columbia Mutual Fund Name** | **Average Recovery per Eligible Share (in ¢)** |
|---|---|
| COLUMBIA SMALL CAP VALUE FUND | 0.4627 |
| COLUMBIA ACORN INTERNATIONAL FUND (F/K/A LIBERTY ACORN INTERNATIONAL FUND) | 1.5241 |
| COLUMBIA ACORN INTL SELECT FUND (F/K/A LIBERTY ACORN FOREIGN FORTY FUND) | 5.3270 |

3

| Columbia Mutual Fund Name | Average Recovery per Eligible Share (in ¢) |
|---|---:|
| COLUMBIA EUROPE FUND (F/K/A LIBERTY NEWPORT EUROPE FUND) | 2.1858 |
| COLUMBIA WORLD EQUITY FUND (F/K/A COLUMBIA GLOBAL EQUITY FUND (F/K/A LIBERTY NEWPORT GLOBAL EQUITY FUND)) | 0.4535 |
| COLUMBIA GROWTH STOCK FUND (N/K/A COLUMBIA LARGE CAP GROWTH FUND, F/K/A LIBERTY GROWTH STOCK FUND (F/K/A STEIN ROE GROWTH STOCK FUND)) | 0.3310 |
| COLUMBIA INTERNATIONAL EQUITY FUND | 1.9516 |
| COLUMBIA INTERNATIONAL STOCK FUND (F/K/A COLUMBIA INTERNATIONAL STOCK FUND, INC.) | 1.0639 |
| COLUMBIA MID CAP GROWTH FUND (F/K/A COLUMBIA SPECIAL FUND, INC., F/K/A COLUMBIA MID CAP GROWTH FUND, INC.) | 0.1258 |
| COLUMBIA MID CAP VALUE FUND (F/K/A LIBERTY SELECT VALUE FUND) | 0.1890 |
| COLUMBIA NEWPORT ASIA PACIFIC FUND (F/K/A LIBERTY NEWPORT ASIA PACIFIC FUND) | 1.2445 |
| COLUMBIA NEWPORT GREATER CHINA FUND | 1.0322 |
| COLUMBIA NEWPORT JAPAN OPPORTUNITIES FUND (F/K/A LIBERTY NEWPORT JAPAN OPPORTUNITIES FUND) | 5.8498 |
| COLUMBIA NEWPORT TIGER FUND (F/K/A LIBERTY NEWPORT TIGER FUND) | 3.3292 |
| COLUMBIA SMALL CAP GROWTH FUND | 0.7121 |
| COLUMBIA SMALL CAP VALUE FUND | 1.8820 |
| COLUMBIA SMALL COMPANY EQUITY FUND (F/K/A LIBERTY SMALL COMPANY EQUITY FUND) | 0.9348 |
| COLUMBIA TECHNOLOGY FUND | 0.2073 |
| COLUMBIA YOUNG INVESTOR FUND (N/K/A COLUMBIA STRATEGIC INCOME FUND) | 0.7438 |
| GALAXY UTILITY INDEX FUND | 0.0000 |
| LIBERTY GROWTH STOCK FUND | 0.8040 |
| LIBERTY NEWPORT GLOBAL EQUITY FUND (N/K/A COLUMBIA WORLD EQUITY FUND) | 2.1923 |
| LIBERTY NEWPORT INTL EQUITY FUND | 7.5780 |
| LIBERTY SELECT VALUE FUND (N/K/A COLUMBIA MID CAP VALUE FUND) | 0.2362 |
| LIBERTY YOUNG INVESTOR FUND | 2.4368 |
| NEWPORT TIGER FUND | 4.1504 |
| SR CAPITAL OPPORTUNITIES FUND | 4.3470 |
| SR DISCIPLINED STOCK FUND | 0.0000 |

| **Columbia Mutual Fund Name** | **Average Recovery per Eligible Share (in ¢)** |
|---|---|
| SR INTERNATIONAL FUND | 9.1603 |
| SR MIDCAP GROWTH FUND | 0.2173 |
| WANGER FOREIGN FORTY | 2.8002 |
| WANGER INTERNATIONAL SMALL CAP FUND | 1.7387 |
| WANGER US SMALLER COMPANIES FUND | 0.1671 |

**Please note that these average amounts are only estimates.**  Further detail is available in the Long-Form Notice available at *www._____.com*.  Any actual payment to a Class Member will depend on, among other things, (i) the total number of claims filed; (ii) the particular Columbia Mutual Fund(s) in which the Class Member purchased and/or held shares during the Class Period; (iii) the number of Columbia Mutual Fund shares the Class Member purchased and/or held during the Class Period; (iv) the timing of the Class Member's purchases and sales of Columbia Mutual Fund shares; and (v) the amounts awarded by the Court for attorneys' fees, costs and expenses.  Distributions to Class Members and/or the Columbia Mutual Funds will be made based on the plan of allocation set forth in the Long-Form Notice on pages __-__.  The $1,500,000 recovery in the Derivative Action, less a *pro rata* share of court-approved attorneys' fees and litigation expenses, will be distributed to the Columbia Mutual Funds, or their successors, in accordance with a plan of allocation to be reasonably determined by Lead Fund Derivative Counsel in consultation with counsel for the then-current trustees of the Columbia Mutual Funds family of mutual funds, which they reasonably believe redresses any alleged harm to the Columbia Mutual Funds.  See the plan of allocation set forth in the Long-Form Notice on pages __-__.

Not all Columbia Mutual Funds are listed above.  Lead Class Counsel determined, in consultation with an expert retained to analyze the effect of alleged market timing in Columbia Mutual Funds, (a) not to allocate any of the Settlement Funds to certain Columbia Mutual Funds, based either on a lack of evidence those Columbia Mutual Funds had been affected by market timing or the conclusion that any impact to those Columbia Mutual Funds was minimal and (b) to allocate Settlement Funds in respect of holdings in certain other Columbia Mutual Funds only for shares held for certain times but not during the entire Class Period, because they determined that market timing potentially had an adverse effect on those Columbia Mutual Funds only at certain times.  The Plan of Allocation reflects the conclusions of Lead Class Counsel concerning the extent to which alleged market timing potentially impacted the various Columbia Mutual Funds from year to year.

- **Summary Description of the Actions:**  In late 2003, a number of putative securities class action complaints were filed against Columbia Management Advisors, Inc. and related Columbia entities in various United States District Courts. Those actions alleged market-timing and late trading in the Columbia family of mutual funds (as well as fund families acquired by Columbia during the Class Period) in violation of the federal securities laws.  Market-timing is an investment technique involving short-term, "in and out" trading of mutual fund shares, designed to exploit inefficiencies in the way mutual fund companies price their shares.  Late trading is an investment practice whereby investors are permitted to place orders to buy, sell or exchange mutual fund shares using the day's net asset value ("NAV") after the 4:00 p.m. eastern time cut-off, capitalizing on post-4:00 p.m. information. On March 16, 2004, the first derivative action resulting from the same alleged market-timing and late trading practices was filed in the United States District Court for the District of Massachusetts.

In the weeks that followed, numerous additional suits were filed throughout the country

against the Columbia Defendants as well as various other mutual fund families identified as being involved in regulatory market-timing and late trading investigations. On February 20, 2004, the Judicial Panel on Multi-District Litigation issued an order, followed on March 3, 2004 and April 5, 2004, with the Judicial Panel's Conditional Transfer Orders Nos. 1 & 2, respectively, centralizing all of these actions in one multi-district docket in the United States District Court for the District of Maryland under the caption *MDL-1586 - In re Mutual Funds Investment Litigation* (the "MDL Actions"). On September 29, 2004, consolidated amended complaints were filed in the Actions.  Claims were asserted in the Actions against persons and entities affiliated with the Columbia Mutual Funds, including the investment advisor to the Columbia Mutual Funds and its affiliates, as well as unaffiliated entities, including alleged market-timers and other parties that were alleged to have participated in or facilitated the market timers' trading of the Columbia Mutual Funds.  Defendants moved to dismiss the consolidated amended complaints on February 25, 2005. After certain claims were sustained by the District Court, the plaintiffs and the Columbia Defendants engaged in informal discovery related to merits and damages, and entered into settlement discussions soon thereafter that led to this settlement.  At the same time, the plaintiffs in the MDL Actions entered into settlement discussions with the Security Brokerage Defendants and the Bear Stearns Defendants on a coordinated basis that led to MDL-wide settlements with these defendants. Plaintiffs had agreed to settle their claims with the Canary Defendants before the consolidated amended complaints were filed because they believed that information provided by Canary (in return for the agreed settlement) would be useful in developing their cases.

- **Reasons for Settlements:**  Settlement of the Actions, among other things, avoids the substantial costs and risks from continuing the lawsuits; pays money to investors; and releases all settling defendants from other lawsuits based on matters at issue in the Actions.  *See* the Long-Form Notice available at *www._____.com*.  All defendants participating in these Settlements deny any wrongdoing.

- **If the Actions Had Not Settled:**  There would likely have been a trial and Plaintiffs would have faced an uncertain outcome.  The parties disagree about, among other things:  (1) whether the defendants engaged in, permitted, or facilitated market-timing and late trading practices during the Class Period; (2) whether, and to what extent, such conduct was unlawful; (3) whether shareholders in the Columbia Mutual Funds were adversely affected by any such market-timing and late trading practices; (4) whether the Plaintiffs were damaged by defendants' alleged conduct; and (5) the amount of any such damages.  In addition, the Plaintiffs and Settling Defendants disagree on how much money could have been awarded even if the Plaintiffs had won at a trial.

- **Attorneys' Fees and Expenses:**  Plaintiffs' Counsel have performed their work in these Actions on a contingent-fee basis.  Lead Class Counsel and Lead Fund Derivative Counsel will jointly apply to the Court for attorneys' fees not to exceed 20% of the Gross Settlement Funds for their efforts in connection with the Actions, including investigating the facts, litigating the case, and negotiating the Settlements.  Plaintiffs' Counsel will also apply to the Court for reimbursement of their litigation expenses paid or incurred in connection with the commencement, prosecution and resolution of the Actions in an amount not to exceed $550,000, to be paid from the Gross Settlement Funds.  In addition, Court-appointed Plaintiffs' Administrative Chair and Liaison Counsel will apply for an award of attorneys' fees and expenses of an additional 1.25% of the Gross Settlement Funds for its efforts on behalf of plaintiffs.  If the above amounts are requested and approved by the Court, the average cost of attorneys' fees and expenses per eligible share will be equal to approximately 25.6% of the average recovery per eligible share as set forth above.  **Please note that this amount is only an estimate.**

- **Plaintiffs' Representatives:**  The Court has appointed the following lawyers as counsel for the Plaintiffs:  Clifford Goodstein, Milberg LLP, One Penn Plaza, New York, NY  10119-0165 (212-594-5300) (Lead Class Counsel); and Mark C. Rifkin, Wolf Haldenstein Adler Freeman and Herz LLP, 270 Madison Avenue, New York, NY  10016 (212-545-4600) (Lead Fund Derivative Counsel).  The Court has also appointed John B. Isbister, Tydings & Rosenberg LLP, 100 East Pratt Street, 26th Floor, Baltimore, MD 21202 as Plaintiffs' Administrative Chair and Liaison Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance in the Actions.

- **Deadlines:**
    - Submit a Proof of Claim and Release Form:  _____, 2010
        - Class Members who invested in Columbia Mutual Funds through brokers or other intermediaries must submit a valid claim form in order to participate in the Settlements.  A copy of the Proof of Claim and Release form can be obtained at *www._____.com*.  Class Members who invested in Columbia Mutual Funds directly through direct Columbia retail accounts are not required to submit a Proof of Claim and Release.  Class Members who are uncertain about whether they are required to file a proof of claim should seek assistance from the Settlement Administrator.  If the Settlements are approved, distributions to eligible Class Members will be made pursuant to the Plan of Allocation set forth in the Long-Form Notice.

    - Request Exclusion from the Class:  _____, 2010
        - Class Members may elect to be excluded from the Settlements.  If you ask to be excluded from the Settlements, you will not be eligible to receive any payment from the Settlements and you cannot object to the terms of the Settlements, the Plan of Allocation, or counsel's application for attorneys' fees and reimbursement of expenses.  You will not be legally bound by the Settlements or any related events relating to this lawsuit and you may be able to pursue the claims that are being released in the Settlements.  This is the only option that allows you to participate in another lawsuit against the Settling Defendants or the other Released Parties (as defined in the Long-Form Notice available at *www._____.com*) concerning any claims of alleged market-timing, late-trading, or short-term or excessive trading in Columbia Mutual Funds during the Class Period, including all claims that were or could have been brought in these Actions.  If you wish to exclude yourself from the Settlements, please follow the instructions in the Long-Form Notice available at *www._____.com*.

        - Pursuant to separate letter agreements, the Settling Defendants may withdraw from and terminate their respective Settlements if certain threshold levels of investors who would otherwise be entitled to participate as members of the Class timely and validly request exclusion from the Class.

    - File an Objection to the Settlements:  _____, 2010
        - A Class Member may object to the Settlements, the Plan of Allocation, or counsel's request for attorneys' fees and reimbursement of expenses for any reason.  To object, a Class Member must notify the Court and  counsel for the Plaintiffs and counsel for the Columbia Defendants (on behalf of all Settling Defendants)(at the

7

    addresses set out in the Long-Form Notice, available at *www._____.com*), in writing, of his, her or its reason(s) for objection.  Objections must be *received* no later than _____ __, **2010**.  Class Members may object *only if* they stay in the Class.  Excluding oneself constitutes telling the Court that the Class Member does not want to be part of the Settlements.  If Class Members exclude themselves, they have no basis to object because the case no longer affects them.

- If you are a current shareholder of one of the Columbia Mutual Funds, or successor fund of one of the Columbia Mutual Funds, and will continue to own shares in one of the Columbia Mutual Funds through the date of the Settlement Hearing, you also have the right to object to the Settlements of the Derivative Action, the proposed Plan of Allocation, and the requests for attorneys' fees and expenses with respect to the Derivative Action.  Any such objections must be filed with the Court and delivered to counsel for the Plaintiffs and counsel for the Columbia Defendants (at the addresses set out in the Long-Form Notice) so that they are *received* no later than _____ __, **2010**.

- Court Hearing on Fairness of Settlements:  _____, **2010**
  - The Court will hold a hearing at the United States District Court for the District of Maryland, 101 West Lombard Street, Baltimore, MD  21201 on _____, **2010** to determine whether to grant final approval to the Settlements and Plan of Allocation of the settlement proceeds.  The Court may also consider counsel's request for attorneys' fees and expenses at this time.  Information for Class Members or current shareholders of the Columbia Mutual Funds who wish to appear at the hearing can be found in the Long-Form Notice.  Please note that the date of the Settlement Hearing is subject to change without further notice.  If you plan to attend the hearing, you should check the website, *www._____.com*, or with one of Plaintiffs' Representatives listed above to be sure that no change to the date and time of the hearing has been made.

- **More Information:**

  - Visit the Website: *www._____.com*

  - Write the Columbia Mutual Funds Settlement Administrator, Rust Consulting, Inc., at _____, or call toll-free at ___-___-____.

  - Email questions to _____@_____.com

- **Special Notice to Nominees:**  If you held or purchased shares in one or more of the Columbia Mutual Funds during the period November 1, 1998 through February 25, 2004, inclusive, as nominee for a beneficial owner, then within fourteen (14) days after you receive this Notice, you must either: (i) send a copy of this Notice by first class mail to all such beneficial owners; or (ii) provide a list of the name and addresses of such beneficial owners to the Settlement Administrator:

*In re Mutual Funds Investment Litigation – Columbia Sub-Track*

   **c/o Rust Consulting, Inc.**
   **Settlement Administrator**
   **P.O. Box \_\_\_\_\_**
   **_____, \_\_ \_\_\_\_\_**

▪  If you choose to mail this Notice yourself, you may obtain from the Settlement Administrator (<u>without</u> cost to you) as many additional copies of these documents as you will need to complete the mailing.

▪  Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding this Notice and which would not have been incurred but for the obligation to forward this Notice, upon submission of appropriate documentation to the Settlement Administrator.