EXHIBIT 1.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE MUTUAL FUNDS ) | MDL No. 1586 |
| INVESTMENT LITIGATION ) | |
| ) | Case No. 04-MD-15863 |
| This Document Relates To: ) | (Hon. J. Frederick Motz) |
| *Janus Sub-Track*, ) | |
| 04-md-15863 ) | |
| ) | |

**LONG-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENTS**
**OF CLASS AND DERIVATIVE ACTIONS, MOTION FOR**
**ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT HEARING**

TO:    (i) all persons or entities who, during the period from January 1, 2000 through September 30, 2003, inclusive, purchased, redeemed, exchanged, owned, and/or held shares in certain mutual funds in the Janus family of mutual funds listed below (the "Janus Funds" or "Funds"); and (ii) current shareholders of the Janus Funds.

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

**The Janus Funds (or Securities) at Issue**:  Janus Adviser Worldwide Fund, Janus Adviser International Growth Fund (f/k/a Janus Advisor International Fund), Janus Enterprise Fund, Janus Overseas Fund, Janus Worldwide Fund, Janus Mercury Fund, and Janus High Yield Fund.  These funds are described in this Notice as the "Janus Funds" or the "Funds."

**The Settlement Class**:  If you held, purchased or otherwise acquired shares in any of the Janus Funds during the period from January 1, 2000 through September 30, 2003, inclusive (the "Class Period"), you may be a member of the Settlement Class.[1]  Your rights will be affected by the proposed Settlements and you may be entitled to a payment from the settlement proceeds.

**Derivative Settlement**:  If you continue to hold shares in any of the Janus Funds certain other rights may be affected.

**Total Settlement Amount and Statement of Recovery**:  As more fully described below in Question 10, the proposed Settlements collectively provide for payment of $2,604,700 in cash (the "Settlement Fund"), plus interest earned on the Settlement Fund (the "Gross Settlement Fund) comprised of (i) $342,500 paid on behalf of the Round Hill Defendants (as defined below), (ii) $90,000 paid on behalf of the Rydex Defendants (as defined below), (iii) $1,803,200 paid on behalf of Banc of America Securities LLC ("BAS") and related entities, (iv) $294,000 paid on behalf of the Bear Stearns Defendants (as defined below), and (v) $ paid on behalf of the Canary Defendants (as defined below).  In addition to these amounts, Class Counsel will distribute $150,000 plus interest (the "OAG/Canary Amount"), which was obtained

---

[1] Certain persons and entities are excluded from the Settlement Class as discussed below in Question 7.

by the Office of the New York Attorney General ("OAG") in a settlement with the Canary Defendants, to the Settlement Class.

Based on Class Plaintiff's estimate of the number of shares in the Janus Funds entitled to participate in the Settlements,[2] and assuming that all such shares entitled to participate do so, Class Plaintiff estimates that the average recovery per eligible share (before deduction of Court-awarded attorneys' fees and expenses and the costs of providing notice and administering the Settlements, and not including the OAG/Canary Amount) for Settlement Class Members will be as follows:

| **Janus Fund** | **Average Recovery per Eligible Share** |
|---|---|
| Janus Adviser Worldwide Fund | $0.0120 |
| Janus Adviser International Growth | $0.0303 |
| Janus Enterprise Fund | $0.0005 |
| Janus Overseas Fund | $0.0044 |
| Janus Worldwide Fund | $0.0007 |
| Janus Mercury Fund | $0.0003 |
| Janus High Yield Fund | $0.0002 |

**Please Note: The average amounts listed above are only estimates**.  Any actual payment to a Settlement Class Member will depend on, among other things:  (i) the total number of claims filed; (ii) the particular Janus Fund(s) in which the Class Member held shares, (iii) the number of shares the Settlement Class Member held in the Janus Funds during the Class Period; (iv) when the Settlement Class Member purchased or sold his, her or its shares; (v) administrative costs, including the costs of notice, for the Actions; and (vi) the amount awarded by the Court for attorneys' fees and expenses.  Distributions to Settlement Class Members and/or the Janus Funds will be made based on the Plan of Allocation set forth in this Notice.  *See* the Plan of Allocation on pages 11-16. The derivative recovery will computed after distribution to the Settlement Class and will be paid to the Janus Funds as set forth in the Plan of Allocation set forth on pages 11-16.

**Statement of Potential Outcome of Case:** Plaintiffs and the Settling Defendants disagree on the amount of damages per share, if any, that would be recoverable if Plaintiffs prevailed on their claims at trial.  Among other things, the parties disagree about: (1) whether the defendants engaged in conduct that was unlawful or harmful to the members of the Settlement Class or the Janus Funds; (2) the method for determining whether shares in the Janus Funds at issue were damaged; (3) the amount of any such damage; (4) the extent, if any, that various facts alleged by Plaintiffs influenced the trading price of such shares during the relevant period; and (5) whether the Settlement Class and the Janus Funds have already been made whole because of amounts certain defendants paid to settle similar claims asserted by the SEC and government regulators, which amounts have been or will be distributed to Funds' investors and the Janus Funds.

---

[2] Plaintiffs estimate that approximately 875 million shares in the Janus Funds were owned at the end of the Class Period.

**The Class Action Lawsuit:** This notice relates to six proposed Settlements of claims in a pending class action lawsuit. A description of the nature of the class action lawsuit and the claims alleged in that lawsuit can be found below in Question 2 and 3. The Settling Defendants are: (i) Janus Capital Group Inc.; Janus Capital Management LLC, and Janus Distributors LLC (collectively, the "Janus Defendants"); (ii) First Allied Securities, Inc., legal successor in interest to Round Hill Securities, Inc.("Round Hill"); (iii) Rydex Distributors, Inc.("Rydex"); (iv) BAS; (v) Bear, Stearns & Co. Inc. (n/k/a J.P. Morgan Securities Inc.); Bear, Stearns Securities Corp. (n/k/a J.P. Morgan Clearing Corp.); and The Bear Stearns Companies Inc. (n/k/a The Bear Stearns Companies LLC) (collectively, the "Bear Stearns Defendants"); and (vi) Canary Capital Partners, LLC; Canary Capital Partners, Ltd.; Canary Investment Management, LLC; and Edward Stern (collectively, the "Canary Defendants"). The proposed Settlements will resolve all claims in the action against Settling Defendants as well as certain parties related to them. *See* Question 14 below for more information.

**The Derivative Lawsuit:** The Settlements also resolve derivative litigation against many of the same parties over whether certain defendants violated applicable laws by engaging in improper trading practices in the Funds, and whether other defendants violated applicable laws by engaging in or facilitating such trading. The derivative lawsuit is brought derivatively on behalf of the Janus Funds and not on behalf of the individual shareholders of the Funds. *See* Question 2 and 4 below for more information.

**Attorneys' Fees and Expenses:** Class Lead Counsel and Derivative Counsel (together, "Plaintiffs' Counsel") have litigated their respective actions on a contingent basis and have litigated the Actions and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Settlement Class and/or the Janus Funds, they would receive fees and be reimbursed for their litigation expenses from the Gross Settlement Fund, as is customary in this type of litigation. Court-appointed Plaintiffs' Counsel will jointly apply to the court for attorneys' fees not to exceed 20% of the Gross Settlement Fund, with this fee amount to be paid from the Gross Settlement Fund. Plaintiffs' Counsel will also apply to the court for reimbursement of litigation expenses not to exceed $630,000, also to be paid from the Gross Settlement Fund. In addition, Court-appointed Plaintiffs' Administrative Chair and Liaison Counsel, which has also performed its work on a contingent basis, will apply for an award of attorneys' fees and expenses of 1.25% of the Gross Settlement Fund. If the above amounts are approved by the Court, for each of the Janus Funds the average cost of attorneys' fees and expenses per share will be equal to approximately 45% of the average recovery per eligible share as set forth above. **Please note that this amount is only an estimate.**

**Identification of Plaintiffs' Representatives:** The Court has appointed the following lawyers as counsel for the Plaintiffs: Mark C. Molumphy, Cotchett, Pitre & McCarthy, 840 Malcolm Road, Burlingame, CA (650-697-6000) (counsel for Class Lead Plaintiff); and Nicholas E. Chimicles, Denise Davis Schwartzman, Timothy N. Mathews, Chimicles & Tikellis LLP, 361 West Lancaster Avenue, Haverford, PA 19041 (610-642-8500) (counsel for the Derivative Plaintiffs). The Court has also appointed John B. Isbister, Tydings & Rosenberg LLP, 100 East Pratt Street, 26th Floor, Baltimore, MD 21202 as Plaintiffs' Administrative Chair and Liaison Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance in the Action.

*NOTE: This Notice (except with respect to the OAG/Canary recovery described above) concerns the settlement of private lawsuits. These Settlements are distinct from the settlements that government regulators, including the Securities and Exchange Commission ("SEC"), previously reached concerning market-timing in Janus mutual funds. Any payment that you may be eligible for under this private settlement is in addition to any payment you may have received from the SEC and/or other regulators. For more information about the SEC litigation, see:*
*http://www.sec.gov/divisions/enforce/claims/janus.htm*

**Deadlines:**

> Submit Proof of Claim:                             _____
> Request Exclusion:                                 _____
> File Objection:                                     _____
> **Court Hearing on Fairness of Settlements**:   _____

**More Information:**

> Claims Administrator:
>
> Epiq Systems
> P.O. Box ____
> _____, __ _____
> Telephone:  (___) ___-____

Class Lead Counsel:                     Derivative Counsel:
Mark C. Molumphy                        Nicholas E. Chimicles, Esq.
**Cotchett, Pitre & McCarthy**          Denise Davis Schwartzman, Esq.
840 Malcolm Road, Ste. 200             Timothy N. Mathews, Esq.
Burlingame, CA 94010                   **Chimicles & Tikellis LLP**
Telephone:  (650) 697-6000             361 West Lancaster Avenue
                                       Haverford, PA 19041
                                       Telephone:  (610) 642-8500

*Your legal rights are affected whether you act or do not act. Please read this Notice carefully.*

## The Circumstances of the Settlement

The principal reason for Plaintiffs' consent to the Settlements is to provide a benefit to the Settlement Class and, with respect to the Derivative Action, the Janus Funds. This benefit must be compared to the risk that a lesser recovery or even no recovery at all, might be achieved after contested motions, a trial and likely appeals, possibly years into the future. While Plaintiffs' Counsel believe their claims are meritorious, they also recognize that further litigation of complex claims such as the ones brought in the Actions, including a trial, is a risky proposition

4

and that Plaintiffs, the Settlement Class and the Funds, might not prevail on all their claims. The claims advanced by the Settlement Class involve numerous complex legal and factual issues, including complicated trading practices, which would require voluminous discovery and extensive expert discovery and testimony, and would add considerably to the expenses and duration of the litigation. If the Actions were to proceed, Plaintiffs would have to overcome significant defenses, and if the Actions went to trial, issues of liability and the measure of the damages, if any would be hotly contested. These Settlements enable the Settlement Class to recover a cash payment without incurring any additional risk or costs. As a result, Plaintiffs believe the Settlements provide a fair, reasonable, and adequate recovery for the Settlement Class and the Janus Funds.

In agreeing to the Settlements, the Settling Defendants do not concede that the claims asserted by Plaintiffs are valid or have merit, nor do they concede that their defenses to the claims are invalid or lack merit. The Settling Defendants have denied, and continue to deny, each and all of the claims and contentions alleged against them by the Plaintiffs in the Actions. The Settling Defendants expressly have denied, and continue to deny, all charges of fault, wrongdoing or liability of any kind against them arising out of any of the conduct alleged, or that could have been alleged, in the Actions. The Settling Defendants have also denied and continue to deny, *inter alia*, the allegations that the Plaintiffs or the Settlement Class have suffered damages by reason of alleged conduct by the Settling Defendants or otherwise, and that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Actions. Nonetheless, the Settling Defendants consent to the Settlements to eliminate the burden and expense of further litigation.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM** | The only way for Settlement Class Members to receive a payment from the Settlement Fund. |
| **EXCLUDE YOURSELF** | Receive no payment from the Settlement Fund. This is the only option that allows Settlement Class Members to file or participate in another lawsuit against the Settling Defendants or the related parties concerning the Released Claims. |
| **OBJECT** | You may write to the Court if you do not like the Settlements, the proposed Plan of Allocation, or Plaintiffs' Counsel's request for attorneys' fees and expenses. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlements, the proposed Plan of Allocation, or the request for attorneys' fees and expenses. |
| **DO NOTHING** | If they do nothing, Settlement Class Members will receive no payment from the Settlement Fund and their claims that relate to the subject matter of this lawsuit will be released. *See* Question 14 below. |

• These rights and options – **and the deadlines to exercise them** – are explained in this Notice.  Please note the date of the Final Settlement Hearing – currently scheduled for _____ __, **2010** – is subject to change without further notice.  If you plan to attend the hearing, you should check the case website, www._____, or with either Class Lead Counsel or Derivative Counsel as set forth above to be sure that no change to the date and/or time of the hearing has been made.

• The Court in charge of the Actions still has to decide whether to approve the Settlements.  Payments will be made to Settlement Class Members and/or the Janus Funds if the Court approves the Settlements and that approval is upheld if any appeals are filed.  Please be patient.

**BASIC INFORMATION**

                                                                                                       **PAGE**
1. **What is the purpose of this Long-Form Notice?** ...............................................................7
2. **What is this lawsuit about?** ...................................................................................7
3. **Why is the Class Action a class action?** ..................................................................8
4. **Why is the Derivative Action a derivative action?** ...................................................8
5. **Why is there a settlement?** ...................................................................................9
6. **How do I know if I am part of the Settlements?** ......................................................9
7. **Who is excluded from the Settlement Class?** ...........................................................9
8. **Who is affected by the Settlements of the Derivative Action?** ...................................9
9. **I am still not sure if I am included?** .....................................................................9
10. **What do the Settlements provide?** ........................................................................10
11. **How much will my payment be?** ............................................................................10
12. **How will I receive a payment?** .............................................................................16
13. **When will I receive my payment?** .........................................................................17
14. **What am I giving up by staying in the Settlement Class?** ..........................................17
15. **How do I exclude myself from the Settlement Class?** ................................................17
16. **If I do not exclude myself, can I sue the Settling Defendants for the same thing later?** ...............................................................................................................18
17. **Can I exclude myself from the Derivative Action?** ...................................................18
18. **If I exclude myself, can I receive a payment from these Settlements?** ........................18
19. **Do I have a lawyer in this case?** ..........................................................................18
20. **How will the lawyers be paid?** ............................................................................19
21. **How can I object to the Settlements?** ...................................................................19
22. **What is the difference between objecting and excluding?** .........................................20
23. **How can I Object to Settlements of the Derivative Action?** .......................................20
24. **When and where will the Court decide whether to approve the Settlements?** ...........20
25. **Do I have to come to the Final Settlement Hearing?** ...............................................21
26. **May I speak at the Final Settlement Hearing?** ........................................................21
27. **What happens if I do nothing at all?** .....................................................................21
28. **Are there more details about the Settlements?** ........................................................21

## WHAT THIS NOTICE CONTAINS

### 1.    What is the Purpose of This Long-Form Notice?

You or someone in your family may have held, purchased or acquired shares in one or more of the Janus Funds during the period from January 1, 2000 through September 30, 2003, inclusive.  You may also currently hold shares in one or more of the Janus Funds.

If this description applies to you, you have a right to know about proposed settlements of a class action lawsuit and a derivative lawsuit, and about all of your options, before the Court decides whether to approve the Settlements.  If the Court approves the Settlements and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlements allow.

This Long-Form Notice explains the lawsuits, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

### 2.    What Is This Lawsuit About?

Starting in 2003, the first in a series of putative securities class action complaints was filed in federal court, alleging unlawful market-timing and late trading in the Janus Funds and the communication of portfolio information.  Market-timing is a term used to describe the short-term, "in and out" trading of mutual fund shares, which may be used to capitalize on inefficiencies in the way mutual fund shares are priced.  Late trading is a form of market-timing that involves placing orders to buy, sell or exchange mutual fund shares using the prior day's price to capitalize on information obtained after the close of the market.  In 2003, the first derivative action based on the same alleged market-timing and late trading practices was also filed in the federal court.

In the weeks and months that followed, numerous suits were filed in courts throughout the country.  Various other mutual fund families identified as being involved in the regulatory market-timing and late trading investigations likewise were named in numerous complaints filed in courts throughout the United States.  On February 20, 2004, the Judicial Panel on Multi-District Litigation issued an order centralizing all of these actions in one multi-district docket in the United States District Court for the District of Maryland under the caption *MDL-1586 - In re Mutual Funds Investment Litigation* (the "MDL Actions").  By letters to counsel in the MDL Actions dated April 9, 2004 and April 12, 2004, the Court assigned four Judges a separate track of the MDL Actions, with multiple mutual fund families assigned to sub-tracks within each track.  The Janus Sub-track was assigned to the Honorable J. Frederick Motz.

On May 24, 2004, the Court issued a case management order consolidating all class actions and other cases involving Janus mutual funds, and all cases brought nominally on behalf of the funds or corporate parents of the funds or their investment advisors and styled as derivative actions), for pretrial purposes.  By this same case management order, the Court appointed lead plaintiff for the consolidated class claims ("Class Lead Plaintiff") and approved its selection of Cotchett Pitre & McCarthy as lead class counsel for the Janus Sub-track ("Class

Lead Counsel") and Chimicles & Tikellis LLP as lead fund derivative counsel for the Janus Sub-track ("Derivative Counsel").

In late September 2004, consolidated amended complaints were filed in the class and derivative actions (the "Complaints"). Claims were asserted in the Actions against persons affiliated with the Janus Funds, including the investment advisor to the Janus Funds and its affiliates, as well as unaffiliated entities, including alleged market-timers and other parties that were alleged to have participated in or facilitated the market-timers' trading of Janus Funds (the "Class Complaint"). Class Lead Plaintiff in the class action asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), Sections 34(b), 36(a), 36(b) and 48(a) of the Investment Company Act of 1940 ("ICA"), and state law. The consolidated amended fund derivative complaint filed (the "Derivative Complaint") asserted claims under Sections 36(a), 36(b), 47 and 48 of the ICA, Sections 206 and 215 of the Investment Advisers Act of 1940 ("IAA"), and state law. In February 2005, certain defendants moved to dismiss the Complaints.

On August 25, 2005, the Honorable J. Frederick Motz issued an opinion addressing common issues presented in the motions to dismiss filed by various defendants in the MDL Actions, which denied in part and granted in part defendants' motions to dismiss.

Certain parties began discovery, including production and review of documents and depositions. Discussions of possible settlements of the Actions proceeded with various groups of defendants at various times throughout the litigation. The Canary Defendants reached the first agreement in principle to settle and, subsequently, agreements in principle to settle were reached with the other Settling Defendants.

### 3.     Why is the Class Action a class action?

In a class action, one or more individuals and/or entities called class representatives (in this case the court-appointed lead plaintiff) sue on behalf of individuals and entities who have similar claims. All of these individuals and entities who have similar claims are referred to collectively as a Settlement Class, or individually as a Settlement Class Member. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlements. The United States District Court for the District of Maryland, the Honorable J. Frederick Motz, is in charge of the Class Action as well as the Derivative Action.

### 4.     Why is the Derivative Action a derivative action?

In a derivative action, one or more people and/or entities who are shareholders of a corporation (collectively, the "Derivative Plaintiffs"), sue on behalf of the corporation (here, the mutual funds), alleging that the corporation was injured, and seek to enforce the corporation's legal rights. In a derivative action, the corporation itself and not the individual shareholders of the corporation usually receives the benefit of the settlement. In this case, the Janus Funds, and not the individual shareholders of such funds, are beneficiaries of certain of the Settlements.

**5.      Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or the Settling Defendants.  Instead, in order to avoid the risks and costs of further litigation and trial, all parties agreed to a series of Settlements.  As explained above, Class Lead Plaintiff and its attorneys believe the Settlements are best for all Settlement Class Members and likewise, Derivative Plaintiffs and their counsel believe the relevant Settlements are best for the Janus Funds.

## WHO IS PART OF THE SETTLEMENTS

To see if you will receive money from these Settlements, you first have to determine if you are a member of the Settlement Class.

**6.      How Do I Know if I Am Part of the Settlement Class?**

The Settlement Class includes all persons or entities who, during the period from January 1, 2000 to September 30, 2003, inclusive, purchased, redeemed, exchanged, owned and/or held shares in any of the following Janus Funds: Janus Adviser Worldwide Fund, Janus Adviser International Growth Fund (f/k/a Janus Advisor International Fund), Janus Enterprise Fund, Janus Overseas Fund, Janus Worldwide Fund, Janus Mercury Fund, and Janus High Yield Fund. Persons and entities are excluded from the Settlement Class, as described below.

**7.      Who is excluded from the Settlement Class?**

Excluded from the Settlement Class are the defendants, members of their immediate family and their legal representatives, parents, heirs, successors and assigns, and any entity in which defendants have or had a controlling interest (the "Excluded Persons").  Also excluded are any officers, directors, or trustees of the Excluded Persons, and all trustees and portfolio managers of the Janus Funds.  Also excluded are all persons and entities who exclude themselves from the Settlements by timely requesting exclusion in accordance with the requirements set forth herein.

**8.      Who is Affected by the Settlement of the Derivative Action?**

The Derivative Action was brought on behalf of the Janus Funds. The Janus Funds will receive the monetary benefit of the settlements of the Derivative Action.  Current shareholders may benefit indirectly to the extent that the value of their shares may increase).

**9.      I Am Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call the Claims Administrator, Epiq Systems., at 1-___-___-____, for more information.  Or you can fill out and return the Proof of Claim and Release form described in Question 11, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

**10.     What Do the Settlements Provide?**

The proposed Settlements provide for a payment of a total of $2,604,700 in cash (the "Settlement Fund"), comprised of (i) $342,500 paid on behalf of the Round Hill Defendants for the benefit of the Settlement Class, (ii) $90,000 paid on behalf of the Rydex Defendants for the benefit of the Settlement Class, (iii) $1,803,200 [3] paid on behalf of BAS for the benefit of the Settlement Class and the Janus Funds, (iv) $294,000 paid on behalf of the Bear Stearns Defendants for the benefit of the Settlement Class, and (v) $75,000 paid on behalf of the Canary Defendants for the benefit of the Settlement Class and the Janus Funds. Class Counsel will also distribute to the Settlement Class a total of $150,000 plus interest which was obtained by the OAG in a settlement with the Canary Defendants.

The Settlement Fund plus all interest earned thereon shall be referred to as the "Gross Settlement Fund." The balance of the Gross Settlement Fund, after payment of court-approved attorneys' fees and litigation expenses and the costs of claims administration, including the costs of printing and mailing the Settlement Notices, the costs of publishing notice and the costs of processing claims (the "Net Settlement Fund"), will be divided among all Settlement Class Members who submit timely and valid Proof of Claim and Release forms. Any undistributed amounts remaining after distribution to the Settlement Class will be distributed to the Janus Funds according to the terms of the Plan of Allocation set forth in Question 11 below.

**11.     How Much Will My Payment Be?**

The proposed Plan of Allocation provides for distribution of the Net Settlement Fund to Authorized Claimants as follows:

Each person or entity claiming to be an Authorized Claimant shall be required to submit a separate Proof of Claim and Release form ("Proof of Claim") signed under penalty of perjury and supported by such documents as specified in the Proof of Claim. A copy of the Proof of Claim may be downloaded from www._____ or requested from the Claims Administrator at _____. If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that are submitted, the number of shares in the Janus Funds you owned during the Class Period, and when you purchased and sold your shares. By following the Plan of Allocation described herein, you can calculate your "Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund according to the Plan of Allocation after the deadline for submission of Proofs of Claim has passed.

---

[3] The $1,803,200 paid on behalf of BAS is comprised of a $1,519,000 principal settlement amount and a $284,200 contribution by BAS towards the costs of notice and administration of the settlement. Any portion of the $284,2000 that is not used for payment of notice and administration costs (including any interest earned or accrued thereon) shall be added to the $1,519,000 principal settlement amount and distributed to eligible Settlement Class Members in accordance with the terms of the Plan of Allocation set forth in Question 11 below.

Any undistributed amounts remaining will be distributed to the Janus Funds according to the terms of the Plan of Allocation.

All Proofs of Claim must be postmarked or received by _____, **2010**, addressed as follows:

***In re Mutual Funds Investment Litigation – Janus Sub-Track***
**c/o Epiq Systems**
**Claims Administrator**
**P.O. Box _____**
**_____, __ _____**

## THE PROPOSED PLAN OF ALLOCATION

A.      As explained on page 10 above, under Question 10, the proposed Settlements have resulted in the creation of a Settlement Fund of $2,604,700. The Settlement Fund plus all interest earned thereon is called the "Gross Settlement Fund" throughout this Notice.

B.      The "Net Settlement Fund" means the Gross Settlement Fund less (i) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs paid or incurred in connection with determining the amount of, and paying, taxes owned by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (ii) all costs and expenses paid or incurred in connection with the notice and administration of the Settlements; and (iii) any attorneys' fees and expenses awarded to Plaintiffs' Counsel (as set forth on below, under Question 20). The OAG/Canary recovery described, above, under Question 10, is not a part of the Net Settlement Fund, but will be distributed along with the Net Settlement Fund, as described below.

C.      Subject to Court approval, the Net Settlement Fund will be distributed to all eligible Settlement Class Members who submit valid Claim Forms ("Authorized Claimants") in accordance with the provisions of the Plan of Allocation. The $150,000 (plus interest) OAG/Canary recovery described above, under Question 10, will also be distributed to Authorized Claimants pursuant to the Plan of Allocation.

D.      The Net Settlement Fund and the OAG/Canary recovery will not be distributed to Authorized Claimants until the Court has issued a final order of approval of each of the respective Settlements and the Court has also issued an order approving the proposed Plan of Allocation (or such other allocation plan as the Court may approve), and the time periods for any petition for rehearing, appeal or review, whether by certiorari or otherwise, of each of the orders approving the Settlements and the order approving the Plan of Allocation have expired.

E.      Defendants are not entitled to get back any portion of the Settlement Funds once the Court has issued a final order of approval of each of the respective Settlements, and the time periods for any petition for rehearing, appeal or review, whether by certiorari or

otherwise, of the final orders approving each of the respective Settlements have expired. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlements or disbursement of the Net Settlement Fund or the Plan of Allocation.

F.      Approval of the Settlements is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlements, if approved.

G.      Only those Settlement Class Members who owned shares in any of the Janus Funds during the Class Period will be eligible to share in the distribution of the Net Settlement Fund. Each person or entity wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Settlement Class, and including all required documentation, postmarked no later than _____, 2010 to the address set forth in the Claim Form. Unless the Court otherwise orders, any Settlement Class Members who fails to submit a properly completed Claim Form postmarked no later than , 2010 shall be forever barred from receiving payments pursuant to the Settlement set forth in the Stipulations but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulations, including the terms of any Judgment entered and releases given. This means that each Settlement Class Member releases certain claims against the defendants and affiliated parties and is enjoined and prohibited from filing, prosecuting, or pursuing any of the released claims against them regardless of whether or not such Settlement Class Member submits a Claim Form.

H.      The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Members.

I.      The Court has also reserved the right to modify the Plan of Allocation without further notice to Settlement Class Members. Any Orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www._____.com.

J.      Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' or Plaintiffs Counsel's experts, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court. Plaintiffs, Plaintiffs' Counsel, Plaintiffs' or Plaintiff' Counsel's experts, Defendants and their respective counsel, and all other released parties shall have no responsibility whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the OAG/Canary recovery, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

K.      The formulas set forth in this Plan of Allocation are not intended to estimate the amount a Class Member might have been able to recover after a trial, nor do they provide an estimate of the amount that will be paid to Authorized Claimants pursuant to the

Settlements.  The formulas are the basis upon which the Net Settlement Fund and the OAG/Canary recovery will be proportionally allocated to Authorized Claimants.  The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those who suffered losses as a result of the alleged wrongdoing, as opposed to by market or other factors.

L.      Under the Plan of Allocation, a "Recognized Claim" will be calculated for each Settlement Class Member who timely submits an acceptable Claim Form.  Recognized Claims are based on Class Lead Plaintiff's damages expert's (the "Damages Expert") analysis of fund transaction records and other data concerning the Janus Funds during the Class Period, which analysis has permitted the Damages Expert to examine in detail the potential harm caused by alleged market timing and/or late trading in the Janus Funds during the Class Period.  Based on its analysis of this information, the Damage Expert has reasonably calculated potential dilution losses, which are monies allegedly drained from a fund and thereby taken from shareholders, due to alleged market timing and/or late trading suffered by shareholders in each Janus Fund in each calendar year of the Class Period, or part thereof.  In formulating the Plan of Allocation, the Damages Expert has examined and considered payments from regulatory settlements that have been or will be paid to certain shareholders concerning alleged market timing and late trading in the Janus Funds.

M.      **Information Required on the Claim Form**:   To determine your "Recognized Claim" amount, the Claims Administrator will need you to submit information concerning the number of shares you held in the Janus Funds during the Class Period. Specifically, it will be necessary for you to determine and submit the number of shares of each Janus Fund you held at or around each year-end (which should be contained in your year-end mutual fund statements from the relevant 1999-2003 period) in order for you to fill out a Claim Form, consistent with paragraph N, below, which explains how the Claims Administrator will calculate your Recognized Claim amount.  Note that you will need to submit copies of your mutual fund statements from at or around each Class Period year-end in which you owned Janus Funds (or other documents demonstrating your ownership of the Janus Funds at or around each year-end of each year of the Class Period in which you owned Janus funds on which you are making a claim) with your Claim Form.  If you did not hold any shares as of a particular date, you do not need to submit documentation of your lack of holdings.  For the convenience of Class Members, the amount of shares a claimant held at (or around) December 31, 2003 may be submitted by a claimant to demonstrate his, her or its Janus Funds share holdings at the end of the Class Period (September 30, 2003).

## CALCULATION OF RECOGNIZED CLAIMS

N.      An Authorized Claimant's Recognized Claim will be calculated as follows:

(i)      With respect to each Janus Fund, the Claims Administrator will calculate the Authorized Claimant's "Interval Share Holdings" for each of four "Intervals" during the Class Period:

"Interval 1" (January 1, 2000 – December 31, 2000);
"Interval 2: (January 1, 2001 – December 31, 2001);
"Interval 3" (January 1, 2002 – December 31, 2002); and
"Interval 4" (January 1, 2003 – September 30, 2003).

"Interval Share Holdings" will be determined for each Interval by averaging the number of shares held by and Authorized Claimant at the end of an Interval and the number of shares held by an Authorized Claimant at the end of the Interval immediately preceding that Interval. Thus, for example, if an Authorized Claimant held 1,000 shares at the end of Interval 2 (i.e., December 31, 2001) and held 500 shares at the end of Interval 1 (i.e., December 31, 2000), that Authorized Claimant's Interval Share Holdings for Interval 2 would be 750 shares. Likewise, if an Authorized Claimant who held 1,000 shares at the end of Interval 2 did not hold any shares at the end of Interval 1, that Authorized Claimant's Interval Share Holding for Interval 2 would be 500 shares. Should a claimant hold no shares at both the beginning and the end of any interval, the Interval Share Holdings for any such interval shall be zero. Not that, as described in Paragraph M above, the amount of shares held figure used for each claimant in these calculations will be based on the information provided in that claimant's Claim Form (and supporting documentation).

(ii)     With respect to each Janus Fund, the Claims Administrator will calculate the Authorized Claimant's "Interval Losses" for each Interval during the Class Period by multiplying the Authorized Claimant's Interval Share Holdings by the Alleged Dilution Losses Per Share as set forth on Table A, on page 16, below. The total of the Annual Losses for a particular Fund for all Intervals during the Class Period shall equal the Authorized Claimant's "Total Losses" for the Fund.

(iii)    The Authorized Claimant's Recognized Claim will equal the sum of the Claimant's Total Losses for all Janus Funds.

O.      The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement and the OAG/Canary recovery based upon each Authorized Claimant's Recognized Claim. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of all Recognized Claims of all Authorized Claimants, multiplied by the total amount available for distribution. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment is greater than the available funds, each such Authorized Claimants shall receive his, her, or its *pro rata* share of the available funds. If the funds available for distribution exceed the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment, the excess amount of the available funds shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment. If a prorated payment calculates to less than $50.00, it will not be included in the calculation and it will not be distributed.

14

P.      Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlements.  All checks shall become stale 90 days from the date of issuance, at which time all funds remaining for such stale checks shall be irrevocably forfeited and such funds shall be made available to be redistributed.  Following the distribution, the Claims Administrator shall use reasonable efforts to have Authorized Claimants cash their distribution checks.  Subsequent to the passage of six (6) months from the distribution, if Plaintiffs' Class Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of any funds remaining in the Net Settlement Fund and of any remaining OAG/Canary funds, by reason of returned or uncashed checks or otherwise, to Authorized Claimants who have cashed their distribution checks and who would receive at least $100.00 on such re-distribution based on their Recognized Claims, after payment from the Net Settlement Fund of any unpaid costs or fees incurred in administering the funds, including for such re-distribution.  At any such time as it is determined by Class Lead Counsel that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be distributed to the Janus Funds in proportion to the alleged dilution losses found by Class Lead Plaintiff's Damages Expert, subject to Court approval.

Q.      Authorized Claimants that are ERISA Plans, retirement plans or other fiduciaries that have submitted a claim on behalf of their beneficiaries may treat any monies received by them pursuant to the Plan of Allocation in any manner that is consistent with their fiduciary, contractual, and/or legal obligations to participants and/or beneficiaries, which may include (as determined by the relevant fiduciaries): (a) allocating the settlement proceeds they may receive to their current participants on a *pro rata* basis, or (b) using all or part of the settlement proceeds they may receive to pay reasonable administrative expenses for the benefit of their plan participants and/or beneficiaries.

R.      The information requested in the Claim Form is intended to provide an appropriate amount of information necessary to process claims.  However, the Claims Administrator may request additional information, as necessary, to fairly, efficiently and reliably calculate a Recognized Claim.  In some cases where the Claim Administrator cannot perform its calculations accurately, reliably or at a reasonable cost to the Class with the information provided by a claimant, the Claims Administrator may condition acceptance of the claim upon the production of additional information.  The Claims Administrator may request additional information or documentation from any claimant to determine if that claimant is ineligible to participate in the Settlement.

S.      The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiffs and Plaintiffs' Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice of the Settlement Class.

**Table A**

**ALLEGED DILUTION LOSSES PER SHARE[4]**

| Janus Fund | Interval 1 (2000) | Interval 2 (2001) | Interval 3 (2002) | Interval 4 (1/1/2000-9/30/2003) |
|---|---|---|---|---|
| Janus Adviser Worldwide Fund | $0.5440 | $0.2327 | $0.1810 | $0.0295 |
| Janus Adviser International Growth | $0.5186 | $0.2584 | $0.6670 | $0.2450 |
| Janus Enterprise Fund | ___ | $0.0196 | $0.0030 | $0.0034 |
| Janus Overseas Fund | $0.0749 | $0.0349 | $0.0707 | $0.0450 |
| Janus Worldwide Fund | $0.0137 | $0.0064 | $0.0140 | $0.0017 |
| Janus Mercury Fund | ___ | ___ | $0.0183 | $0.0005 |
| Janus High Yield Fund | $0.0015 | ___ | $0.0009 | $0.0084 |

## 12.    How Will I Receive a Payment?

To qualify for a payment, you must be an eligible Settlement Class Member and you must submit a Proof of Claim and Release form ("Proof of Claim").  The Proof of Claim form is available at www._____, or you may request a copy from the Claim Administrator at _____.  Read the instructions carefully, fill out the Proof of Claim, include all the documents requested, sign it, and mail it in an envelope postmarked no later than _____, **2010**.  Please retain a copy of everything you mail, in case the materials are lost or destroyed during shipping.

## 13.    When Will I Receive My Payment?

The Court will hold a hearing on _____ __, 2010, to decide whether to approve the Settlements.  If the Court approves the Settlements, there may be appeals.  It is always uncertain whether appeals, if any, can be resolved, and resolving them can take time, perhaps several years.  In addition, the Claims Administrator must process all of the Proofs of Claim.  The processing is complicated and will take many months.  Please be patient.

---

[4] Where Table A presents a "_" this means that the Plan of Allocation, consistent with Damages Expert's analysis of mutual funds trading in those funds and during those time period, does not provide for a payment.

### 14.    What Am I Giving Up By Staying in the Settlement Class?

Unless you exclude yourself using the procedures described below, you are staying in the Settlement Class, and that means that you cannot sue or be part of any other lawsuit against the Settling Defendants or certain related parties (the "Released Parties") concerning any claims of market-timing, late-trading, or short-term or excessive trading during the Class Period, including all claims that were or could have been brought in the Complaints (the "Released Claims").  It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in the Actions against the Settling Defendants and the Released Parties.  If you are interested in more information regarding the release of claims, please visit the case website, www. _____.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you are a member of the Settlement Class and do not want a payment from these Settlements, but you want to keep the right to sue the Settling Defendants on your own about the same claims being released in any of these Settlements, then you must take steps to exclude yourself from the Settlement Class.  This is referred to as opting out of the Settlement Class.

### 15.    How Do I Exclude Myself from the Settlement Class?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from the Settlement Class in the *In re Mutual Funds Investment Litigation – Janus Sub-Track*, 1:04-MD-15863.  You must include your name, address, telephone number, signature, and information or documents concerning your holdings of shares in the Janus Funds during the Class Period, including the amount of shares you held at the beginning of the Class Period, the end of the Class Period, and at the end of each calendar year during the Class Period.  You must mail your exclusion request so that it is received no later than _____, **2010** to:

*In re Mutual Funds Investment Litigation – Janus Sub-Track*
**c/o Epiq Systems**
**Claims Administrator**
**P.O. Box _____**
**_____, __ _____**

Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

You cannot exclude yourself over the phone or by e-mail.  If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund, and you cannot object to the Settlements.  You will not be legally bound by anything that happens in this lawsuit and you will be able to pursue the claims that are being released in these Settlements.

The Settling Defendants shall have the option to withdraw from the Settlements in the event that the certain threshold levels of investors who would otherwise be entitled to participate as members of the Settlement Class timely and validly request exclusion from the Settlement Class.

**16.    If I Do Not Exclude Myself, Can I Sue the Settling Defendants for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Settling Defendants or the Released Persons for the claims being released by these Settlements (*See* Question 14 above). If you have a pending lawsuit relating to the claims being released in the Actions against any of the Settling Defendants, speak to your lawyer in that case immediately.   Remember, the exclusion deadline is _____, **2010**.

**17.    Can I exclude myself from the Derivative Action?**

No.  Because the Derivative Action is on behalf of the mutual funds, you cannot exclude yourself from the settlement in the Derivative Action.   As discussed below in Question 23, current shareholders of any of the Janus Funds may object to the Settlements of the Derivative Action.

**18.    If I Exclude Myself, Can I Receive a Payment from These Settlements?**

No.  If you exclude yourself from the Settlement Class, do not send in a Proof of Claim. But, you may sue or be part of a different lawsuit asserting the claims being released in these Settlements against the Settling Defendants or the Released Persons.

**THE LAWYERS REPRESENTING YOU**

**19.    Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Cotchett, Pitre & McCarthy as lead class counsel to represent you and the other Settlement Class Members.   These lawyers are called Class Lead Counsel.   You will not be individually charged for the services of these lawyers beyond your *pro rata* share of any attorneys' fees and expenses awarded by the Court that will be paid from the Gross Settlement Fund.   If you want to be represented by your own lawyer, you may hire one at your own expense.   The Court also appointed the law firm of Chimicles & Tikellis LLP as lead derivative counsel ("Derivative Counsel") and Tydings & Rosenberg LLP as Plaintiffs' Administrative Chair and Liaison Counsel.

**20.    How Will the Lawyers Be Paid?**

Class Lead Counsel and Derivative Counsel will jointly apply to the Court for attorneys' fees not to exceed 20% of the Gross Settlement Fund.  Plaintiffs' Counsel will also apply to the Court for reimbursement of their expenses advanced in connection with the Actions, up to an

amount of $630,000, to be paid from the Gross Settlement Fund. In addition, Court-appointed Plaintiffs' Administrative Chair and Liaison Counsel will apply for an award of attorneys' fees and expenses of an additional 1.25% of the Gross Settlement Fund for its efforts on behalf of plaintiffs. *Such sums as may be approved by the Court will be paid from the Gross Settlement Fund.* Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payments to Plaintiffs' Counsel for their efforts in achieving these Settlements and for their risk in undertaking this representation on a wholly contingent basis and advancing the money necessary to pursue the Actions. To date, Plaintiffs' Counsel have not been paid for their services or for their substantial litigation expenses. The fees requested will compensate Plaintiffs' Counsel for their work in achieving the Settlements and Plaintiffs' Counsel believe that it is well within the range of fees awarded to counsel under similar circumstances in other cases of this type. The Court has discretion, however, to award less than this amount.

## OBJECTING TO THE SETTLEMENTS

You can tell the Court that you do not agree with the Settlements or some parts of them.

### 21.    How Can I Object to the Settlements?

If you are a Settlement Class Member, you can object to the Settlements if you do not like any part of them, the Plan of Allocation, or the application for attorneys' fees and litigation expenses. To object, you must send a letter saying that you object to one or more of the Settlements in the *In re Mutual Funds Investment Litigation – Janus Sub-Track*, 1:04-MD-15863, and the reasons why you object to the Settlements. Be sure to include your name, address, telephone number and signature. You must also include information or documents concerning your holdings of shares in the Janus Funds during the Class Period or a statement attesting to the fact that you held, purchased or acquired shares in one or more of the Janus Funds during the Class Period. You must file any objection with the Clerk's Office at United States District Court for the District of Maryland at the address set forth below on or before _____, 2010. You must also serve any objection on Class Lead Counsel, Derivative Counsel, and Counsel for Janus (on behalf of all Settling Defendants) at the addresses set forth below, so that the objection is *received* by _____, 2010.

| COURT | PLAINTIFFS' COUNSEL | COUNSEL FOR DEFENDANTS |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Maryland<br>101 W. Lombard Street<br>Baltimore, MD  21201 | Class Lead Counsel:<br>Mark C. Molumphy<br>**Cotchett, Pitre & McCarthy**<br>840 Malcolm Road, Ste. 200<br>Burlingame, CA 94010<br>Telephone: (650) 697-6000<br><br>Derivative Counsel:<br>Nicholas E. Chimicles, Esq.<br>Denise Davis Schwartzman, Esq.<br>Timothy N. Mathews, Esq.<br>**Chimicles & Tikellis LLP**<br>361 West Lancaster Avenue<br>Haverford, PA 19041<br>Telephone:  (610) 642-8500 | Counsel for Janus:<br>Mark A. Perry<br>**Gibson, Dunn & Crutcher**<br>1050 Connecticut Avenue N.W.<br>Washington, D.C. 20036<br>Telephone: (202) 887-3667<br><br>Counsel for BAS:<br>Stephen R. DiPrima<br>**Wachtell, Lipton, Rosen & Katz**<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 403-1000<br><br>Counsel for Bear Stearns:<br>Lewis J. Liman<br>**Cleary Gottlieb Steen & Hamilton LLP**<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212) 225-2000 |

### 22.    What is the Difference Between Objecting and Excluding?

Objecting means telling the Court that you do not like something about the Settlements, the Plan of Allocation, or the application for attorneys' fees and litigation expenses, and that you want the Court to disapprove one or more of the Settlements or modify them in some way.  You can object to Settlements of the Class Action *only if* you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlements.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### 23.    How can I Object to Settlements of the Derivative Action?

If you are currently a shareholder of any of the Janus Funds, and will continue to own shares in one or more of these funds through the date of the Final Settlement Hearing, you also have the right to object to the Settlements of the Derivative Action, the proposed Plan of Allocation, and the requests for attorneys' fees and expenses with respect to the Derivative Action. To object, you must send a letter saying that you object to one or more of the Settlements in the *In re Mutual Funds Investment Litigation – Janus Sub-Track*, 1:04-MD-15863, and the reasons why you object to the Settlements.  Be sure to include your name, address, telephone number and signature.  You must also include information concerning your current holdings of shares in these funds.  Any such objections must be filed with the Court and counsel listed above in Question 21 such that they are *received* no later than _____ __, 2010.  You may retain an attorney at your own expense to object on your behalf, but you are not required to do so, and you can object without retaining a lawyer.

### THE COURT'S SETTLEMENT FAIRNESS HEARING

**24.     When and Where Will the Court Decide Whether to Approve the Settlements?**

The Court will hold a fairness hearing at _:__ __.m., on _____, 2010, at the United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201, Courtroom __ (the "Final Settlement Hearing").  At this hearing, the Court will consider whether the Settlements and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have requested in writing by _____ __, **2010** to speak at the hearing.  The Court may also consider Plaintiffs' Counsel's application for attorneys' fees and reimbursement of expenses.

### 25.     Do I Have to Come to the Final Settlement Hearing?

No.  Plaintiffs' Counsel will answer any questions Judge Motz may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection so that it is received on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not required.

### 26.     May I Speak at the Final Settlement Hearing?

Yes, but you must first ask the Court for permission to speak at the Final Settlement Hearing.  To do so, you must send a letter stating your intention to appear in the *In re Mutual Funds Investment Litigation – Janus Sub-Track*, 1:04-MD-15863.  Be sure to include your name, address, telephone number, signature, and also provide (a) information or documents concerning your holdings of shares in the Janus Funds during the Class Period or a statement attesting to the fact that you held, purchased or acquired shares in one or more of the Janus Funds during the Class Period or (b) information concerning your current holdings of shares in the Janus Funds.  Your notice of intention to appear must be received no later than _____ __, **2010**, and be sent to the Clerk of the Court, Class Lead Counsel, Derivative Counsel and Counsel for the Janus Defendants, at the addresses listed in Question 21.  You cannot speak at the hearing if you exclude yourself from the Settlements.

### IF YOU DO NOTHING

### 27.     What Happens if I Do Nothing at All?

If you do nothing, claims that you may have that relate to the subject matter of these lawsuits will be released, and you will receive no money from these Settlements but nonetheless will be bound by their terms.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Defendants or the Released Persons about the same claims being released in these Settlements.

## OBTAINING MORE INFORMATION

### 28.    Are There More Details About the Settlements?

     This Long-Form Notice summarizes the proposed Settlements.  More details can be found in a series of stipulations of settlement with the Settling Defendants (the "Stipulations"). Unless otherwise defined in this Long-Form Notice, all terms used herein shall have the same meanings as in the Stipulations.  You can obtain a copy of the Stipulations by visiting www.xxxxxxxxxx.  You can also obtain a copy of the Stipulations and all other papers filed in the Actions from the Clerk's office at the United States District Court for the District of Maryland, 101 W. Lombard Street, Baltimore, MD 21201, during regular business hours.  If you have other questions you may contact the Claims Administrator, Class Lead Counsel or Derivative Counsel at the addresses and telephone numbers listed above.

## DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE

DATED:   _____ __, 2010                BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         DISTRICT OF MARYLAND