UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| This Document Relates To: The Putnam Subtrack | Civil Action No. 04-MD-15863 Honorable J. Frederick Motz |
| Saunders, et al. v. Putnam American Government Income Fund, et al. | Civil Action No. 04-cv-00560 |
| | Civil Action No. 04-md-0564 |
| Zuber v. Putnam Investment Management LLC, et al. | |

## ORDER OF PRELIMINARY APPROVAL

The Court has reviewed the Stipulations and Agreements of Settlement (together, the "Stipulations") attached as Exhibits 1-4 to the Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Class Settlements, Certification of Settlement Class and Appointment of Class Counsel, which Stipulations were entered into between Lead Plaintiff Ohio Tuition Trust Authority and Plaintiff Joseph Shanis (collectively, "Class Plaintiffs") and Putnam Investment Management, LLC, Putnam Investments Trust, Putnam, LLC, Putnam Investment Management Trust, Putnam Retail Management Limited Partnership, Irene M. Esteves, Lawrence J. Lasser, Robert F. Lucey, Stephen M. Oristaglio and Gordon H. Silver (collectively the "Putnam Defendants"), Prudential Securities Incorporated ("Prudential"), Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC and Edward Stern (collectively "the Canary Defendants"), and Banc of America Securities LLC ("BAS"). Also

parties to the BAS and Canary Stipulations are Fund Derivative Plaintiffs named in those Stipulations. The Putnam Defendants, Prudential, the Canary Defendants and BAS are collectively referred to as the "Settling Defendants." The Court has also reviewed the Motion for Preliminary Approval and all exhibits to thereto, including the proposed Plan of Notice and the Settlement Notice, and the recitals and definitions included in the Stipulations (which are incorporated by reference herein). In determining whether the terms of the Stipulations are fair, reasonable and adequate, and within the range of possible approval, the Court has fully considered the comprehensive terms of the Stipulations, the submissions of counsel, and all other matters of record brought to the Courts' attention. Based thereon, the Court preliminarily concludes that the Settlements are fair, reasonable and adequate and that they falls within the range of possible approval. It is therefore:

ORDERED as follows:

1. For purposes of this Order, unless defined herein otherwise, the Court adopts all defined terms as set forth in the Stipulations and Settlements.

2. The Court decrees that none of the Stipulations, nor this Order, nor the fact of the Settlements, are an admission or concession by any of the Settling Defendants or any of their related entities and individuals, as set forth in the respective Stipulations, of any liability or wrongdoing whatsoever or that Plaintiffs, the Putnam Funds or any member of the Class suffered any damages as a result of any conduct alleged in the Actions.

3. The Settlements are properly before the Court, which has jurisdiction over the subject matter of the Actions and all parties to the Actions, for preliminary approval. The Court hereby orders that Preliminary Approval of the Stipulations and Agreements of Settlement (attached to the Motion for Preliminary Approval and incorporated by reference herein) is GRANTED.

4. For purposes of settlement only, Plaintiffs have proposed conditional certification of the following Class under Fed. R. Civ. P. 23(a) and (b)(3):

> All persons who purchased and/or held shares in any of the Putnam Funds during the period January 1, 1997 to December 31, 2003, inclusive. Excluded from the Class are defendants, members of their immediate families and their legal representatives, parents, affiliates, heirs successors or assigns, and any entity in which any defendant has or had a controlling interest. Also excluded are the registrants of the Putnam Mutual Funds, any officers, directors or trustees of entities listed in the previous sentence, and all trustees and portfolio managers of the Putnam Mutual Funds or registrants. Also excluded are any persons or entities who timely and validly request exclusion from the Class by filing a request for exclusion.

5. The Court hereby preliminarily finds and concludes that the Class set forth above satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3). The Court preliminarily determines that the requirements of Rule 23(a) -- numerosity, commonality, typicality, and adequacy -- are satisfied, and that the Class also satisfies the requirements for certification under Rule 23(b)(3) as common questions of law and fact predominate over individualized issues, and a class is superior to other available methods for the fair and efficient adjudication of the controversy. Accordingly, the Court conditionally certifies the Class for purposes of these Settlements only, under Rules 23(a) and 23(b)(3).

6. The Court further finds pursuant to Rule 23(a) (4) requires the named Plaintiffs that will fairly and adequately protect the interests of the class. The interests of the named Plaintiffs in this litigation is the same as other investors in the Putnam Mutual Funds and free of any conflicts of interest. In addition, Plaintiffs' counsel has the experience and ability to vigorously litigate the case. The Court therefore certifies Lead Plaintiff's attorneys, Waite, Schneider, Bayless & Chesley, as Class Counsel.

7. Plaintiffs shall file their motion for final approval of the settlements on or before September 14, 2010. All briefs in objection or response thereto, or other memoranda regarding the proposed judgment, shall be filed on or before September 21, 2010. Plaintiffs shall file any replies to timely-filed objections or other memoranda by October 6, 2010.

8. The Settlement Hearing shall be held at the United States District Court for the District of Maryland, on October 21 and 22 at 10:00 a.m. to (a) determine whether the terms of the Settlements, as set forth in the Stipulations and Agreements of Settlement, are fair, reasonable and adequate to the Class and to the Putnam Mutual Funds and should be approved; (b) determine whether the proposed Order and Final Judgment should be entered; (c) confirm that the requirement for certification of the Class under Federal Rule of Civil Procedure 23 have been satisfied; (d) consider applications by Plaintiffs' counsel for awards of attorneys' fees and litigation expenses and (e) consider such other matters as the Court may deem appropriate. The Court may approve the Stipulations and Settlements with any modifications agreed to by the settling parties and may adjourn the Settlement Hearing without further notice other than to counsel of record.

9. No later than ten (10) business days after the entry of this Order, Lead Plaintiffs' counsel shall cause a copy of the Settlement Notice, substantially in the form annexed to this Order as Attachment 2, along with other documents pertinent to the Settlements with the exception of the Supplemental Agreements, to be posted on a publicly-accessible website created and maintained by Lead Plaintiffs' Counsel in connection with the Settlements.

10 No later than twenty (20) business days after the entry of this Order, Lead Plaintiffs' counsel shall cause a copy of the Settlement Notice, substantially in the form annexed to this Order as Attachment 2, to be mailed by First Class U.S. Mail to all named plaintiffs who filed any of the lawsuits listed in the form annexed to this Order as Attachment 3.

11. No later than thirty (30) business days after the entry of this Order, and, in any event, at least thirty (30) days prior to the date of the Settlement Hearing, Lead Plaintiffs' counsel shall cause to be published the Publication Notice, substantially in the form annexed to this Order as Attachment 1, once in the national edition of both <u>The New York Times</u> and the <u>Wall Street Journal</u>.

12. At least seven (7) calendar days prior to the Settlement Hearing, Lead Plaintiffs' counsel shall serve on counsel for the Settling Defendants and file with the Court a Declaration setting forth the completion of the Notice Program as set forth in paragraphs 3 – 5 hereof.

13. The manner of giving notice of Settlement to Class Members, as described in the Plan of Notice, constitutes the best notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Class Members, complying with the requirements of Federal Rule of Civil Procedure 23, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended, including the Private Securities Litigation Reform Act of 1995, Due Process and any and all other applicable laws. The Court also finds and concludes that the Plan of Notice provides reasonable and adequate notice to current shareholders of the Putnam Mutual Funds of the Settlement of the Derivative Action and satisfies the notice requirements of Rule 23.1(c) and due process.

14. Class Members shall be bound by all determinations and judgments in the Lead Case, whether favorable or unfavorable, including the release provided for under the Stipulation, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. Any Class Member who requests to be excluded from the Class must do so by sending a written request for exclusion to Class Plaintiffs' counsel by first-class mail to the address listed in the Notice, signed by the Class Member and providing all information called for in the Notice. A request for exclusion is valid *only if* postmarked no later than September 21, 2010. Any Class

Member who does not properly and timely request exclusion from the Class shall be included, and if the Settlements are approved and become effective, shall be bound by all the terms and provisions of the Stipulations and Settlements, including but not limited to the releases and covenants not to sue described therein, whether or not such Class Member has objected to the Settlements.

15. Any objections by any Class Member or current shareholders of entities that are nominal defendants in the Derivative Action to (a) the Settlement and/or (b) the Plan of Allocation shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Settlement Hearing *only if*, on or before September 21, 2010, such objector files with the Clerk of Court a notice of his/her intention to appear, submits documentary proof that he/she is a Class Member or current shareholder, states the basis for his objections, and serves copies of the foregoing papers and all other papers in support of his objections upon Class Plaintiffs' counsel, as directed in the Settlement Notice. Any class member or other person entitled to object to the Settlements who fails to do so in the manner set forth in this Order and the Notice of Putnam Subtrack Proposed Settlement and Settlement Fairness Hearing shall be forever barred from objecting to the Settlements in the future.

16. Class Plaintiffs' counsel shall, upon receiving any requests for exclusion or objections, send copies of all such requests and objections to counsel for the Settling Defendants by fax or overnight express within two days of receipt.

17. As to Class Members' claims against the Settling Defendants and the Fund Derivative Plaintiffs' claims against BAS and the Canary Parties, all proceedings in the MDL Actions are stayed until further Order of the Court, except as may be necessary to implement the Settlements or comply with the Stipulations. Pending final determination of whether the

Settlements should be approved, such plaintiffs are hereby preliminarily barred, enjoined and restrained from instituting, commencing or prosecuting any action, suit, proceeding, claim or cause of action in any capacity in any jurisdiction or court that asserts one or more claims released in the Stipulations against any Released Party. Such actions, suits, proceedings, claims or causes of action include without limitation the Actions listed in the form annexed to this Order as Attachment 3, including without limitation the following State Court Actions:

(a)     *Kircher, et al. v. Putnam Funds Trust, et al.*, Cause No. 03-L-1255, which pends in the Circuit Court, Third Judicial Circuit, Madison County, Illinois;

(b)     *Dudley, et al. v. Putnam Int'l Equity Fund, et al.*, Cause No. 03-L-1539, which pends in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, and

(c)     *Dudley, et al. v. Putnam Inv. Funds, et al.*, Cause No. 03-L-1540, which pends in the Circuit Court, Third Judicial Circuit, Madison County, Illinois.

18.     The Court approves passage of title and ownership of the settlement funds to the Escrow Agent in accordance with the terms and obligations of the Stipulations. All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis and shall remain subject to the jurisdiction of the Court until the time such funds are distributed or returned in accordance with the terms of the Stipulations or further orders of the Court.

19.     The Settling Defendants and the other Released Parties (as defined in the Stipulations, the motion for preliminary approval and papers filed therewith) shall not have any responsibility for the Plan of Allocation, and the Court will consider such matters separately from the fairness, reasonableness and adequacy of the proposed Settlements.

20.     If the Settlement is terminated or otherwise fails to become effective in accordance with the terms of the Stipulations, the Stipulations, including any amendment(s) thereto, and this

Order shall be null and void, of no further force or effect, and without prejudice to any party, and none of them thereafter may be introduced as evidence or referred to in any actions or proceedings by any person or entity, and the parties to the MDL Actions shall be restored to their respective litigation positions as they existed prior to the execution of the Stipulations; provided, however, that the Putnam Defendants shall remain responsible for and will not be entitled to reimbursement of the expenses related to providing class notice under paragraph 4(c)(1) of the Putnam Defendants' Stipulation.

21.     The Court retains exclusive jurisdiction over the MDL Actions to consider all further matters arising out of or connected with the Settlements.

IT IS SO ORDERED.

5/17/10

_____
Honorable J. Frederick Motz
United States District Judge