IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION<br><br>This Document Relates to:<br>In re RS Funds | MDL 1586<br>Case No. 04-MD-15863 |
| Parthasarathy v. RS Investment Management, L.P., et al. | Case No. 04-cv-3798-JFM |

[PROPOSED] ORDER PRELIMINARILY APPROVING THE PROPOSED
SETTLEMENTS, PRELIMINARILY CERTIFYING CLASS
FOR SETTLEMENT PURPOSES ONLY, APPROVING FORM AND
MANNER OF NOTICE, AND SETTING FAIRNESS HEARING

WHEREAS:

A.   The Court has received the proposed Direct and Long-Form (as defined below) Notices of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses and Settlement Hearing ("Class Notice") and the proposed Plan of Allocation incorporated therein, and the following proposed stipulations of settlements:

(i)   The Severed Agreement and Stipulation of Settlement, dated January 28, 2010 ("BAS Severed Agreement"), entered into by the RS Plaintiffs and Banc of American Securities LLC ("BAS");

(ii)   The Severed Agreement and Stipulation of Settlement, dated January 14, 2010 ("Bear Stearns Severed Agreement"), entered into by the RS Plaintiffs and Bear, Stearns & Co. Inc. (currently d/b/a J.P. Morgan Securities Inc.), Bear, Stearns Securities

Corp. (currently d/b/a J.P. Morgan Clearing Corp., and The Bear Stearns Companies Inc. (currently d/b/a The Bear Stearns Companies LLC) (together, "Bear Stearns");

(iii) The Severed Agreement and Stipulation of Settlement, dated January 26, 2010 ("Canary Severed Agreement," and together with the BAS Severed Agreement and the Bear Stearns Severed Agreement, the "RS Settlement Stipulations"), entered into by the RS Plaintiffs and Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern (together, "Canary");[1]

B. The RS Plaintiffs having moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the RS Settlement Stipulations, and the settlements embodied therein (the "Settlements"), and providing for notice of the proposed Settlements; and

C. The Court having read and considered the, the Class Notice and the Plan of Allocation incorporated therein, and the RS Settlement Stipulations, and good cause appearing,

IT IS HEREBY FOUND, CONCLUDED AND ORDERED as follows:

1. The Court, for purposes of this preliminary order (the "Preliminary Approval Order"), unless such terms are defined otherwise herein, adopts all of the defined terms as set forth in the Memorandum of Law in Support of Plaintiffs' Motion for an Order Preliminarily Approving the Proposed Settlements, Preliminarily Certifying Class For Settlement Purposes Only, Approving Form and Manner Of Notice, And Setting Fairness Hearing to which this [Proposed] Order is attached (the "Memorandum"), and incorporates them herein by reference as if fully set forth herein.

---

[1] BAS, Bear Stearns, and Canary will be collectively referred to herein as the "Settling Defendants." The BAS Severed Agreement, the Bear Severed Agreement, and Canary Severed Agreement will be collectively referred herein as the "RS Settlement Stipulations."

2

2. This Court has jurisdiction over the subject matter of the above-captioned action (the "Action") and over all parties to the Action, including all members of the Class, as defined below.

3. The Court hereby preliminarily certifies, solely for purposes of effectuating the Settlements in the RS sub-track, a settlement class consisting of all persons and entities who purchased and/or held shares of the RS Emerging Growth Fund (the "RS Fund") during the period from January 1, 2000 to September 30, 2003, inclusive (the "Class"). Excluded from the Class are (i) RS Investment Management, LP, RS Investment Management Co., LLC, and RS Investment Management, Inc. (together, RS Adviser Corporate Defendants), (ii) George Randall Hecht, Steven M. Cohen, James L. Callinan, Peter Keith, and Michael G. McCaffery, and (ii) the Settling Defendants (collectively, "Defendants"). Also excluded are the legal representatives, parents, affiliates, heirs, successors or assigns, and the immediate family members of the RS Advisor Individual Defendants, as well as any officers, directors, or trustees of the Defendants, all trustees and portfolio managers of the RS Emerging Growth Fund, and any persons or entities who timely and validly exclude themselves by filing a request for exclusion from the Class (collectively, the "Excluded Persons").

4. The Court hereby preliminarily appoints Lead Plaintiff Anthony S. Cacciola as Class Representative of the Class.

5. The Court hereby preliminarily appoints Plaintiffs' Lead Counsel Stull, Stull & Brody as Class Counsel of the Class and authorizes Stull, Stull & Brody to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Settlements or such other acts which are reasonably necessary to consummate the proposed settlement set forth in the RS Settlement Stipulations.

6.The Court hereby preliminarily finds, for purposes of effectuating the Settlements, that each element for certification of the Class pursuant to Fed. R. Civ. P. 23 is met: (a) the members of the Class are so numerous that joinder of all Class members is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and his Class Counsel have fairly and adequately represented and protected the interests of all members of the Class; and (e) a class action is the superior method of adjudicating the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7.The Court hereby preliminarily approves: (a) the Settlements as set forth in the RS Settlement Stipulations; and (b) the proposed Plan of Allocation, as set forth in the Class Notice, which is attached as Exhibits 8 and 9 to the Memorandum, subject to the right of any Class member to challenge the fairness, adequacy, and reasonableness of the Settlements or the Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the RS Settlement Stipulations should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

8.The Court preliminarily finds and concludes that the proposed Settlements are fair, reasonable, adequate, and in the best interests of the members of the Class.

9.The Court will hold a final settlement hearing (the "Settlement Fairness Hearing") on October 1, 20010 at 10:00 a.m., at the United States District Court for the District of

4

Maryland, 101 W. Lombard Street, Baltimore, MD 21201, in order to: (i) determine whether the Action should be finally certified, solely for settlement purposes, as a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure, (ii) determine whether the Settlements should be finally approved as fair, reasonable, adequate and in the best interests of the Class, (iii) determine whether a final order and judgment should be entered dismissing the Released Claims (here, and hereinafter, as defined in the RS Settlement Stipulations) against the Bank of America Released Parties, the Bear Stearns Released Parties, and the Canary Released Parties (as defined in the RS Settlement Stipulations, collectively, the "Released Parties"), as well as the Bank of America, Bear Stearns, and Canary Released Parties' Claims against Plaintiffs and members of the Class (collectively, the " Parties' Released Claims"), on the merits and with prejudice as provided in the RS Settlement Stipulations, and to determine whether the releases set forth in the RS Settlement Stipulations should be provided, (iv) rule upon an application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses, and (v) consider any other matters that may properly be brought before the Court in connection with the Settlements.

10.     The Settlement Fairness Hearing may be adjourned by the Court without notice to the members of the Class. The Court may consider modifications of the Settlements (with the consent of the Class Representative and the Settling Defendants) without further notice to the members of the Class.

11.     Pursuant to the terms of the Settlements: (i) BAS deposited the principal amount of $15.5 million into a joint escrow account held at Valley National Bank (the "BAS Escrow Account") to settle various claims asserted against the BoA Defendants in the MDL and 2.1% of the $15.5 million (*i.e.*, $325,500) will be used to fund this Settlement ("BAS RS Amount"); (ii) Bear Stearns will deposit the principal amount of $14 million into a joint escrow account ("Bear

Stearns Escrow Account") no later than ten (10) days after this Court enters orders preliminarily approving all of the Bear Stearns Severed Agreements executed with respective plaintiffs in the MDL and 7.5% of the $14 million (*i.e.*, $1,050,000) will be used to fund this Settlement ("Bear Stearns RS Amount"); (iii) Defendant Stern paid or caused to be paid $15 million into an interest bearing joint escrow account held at HSBC Bank (the "Canary Escrow Account," together with the BAS Escrow Account and the Bear Stearns Escrow Account, the "Escrow Accounts") to settle various claims asserted against Canary in the MDL and 9.7% of the $15 million (*i.e.*, $1,455,000) will be used to fund this Settlement ("Canary RS Amount," together with the BAS RS Amount and the Bear Stearns RS Amount, the "Settlement Funds"). Funds shall not be released from the joint escrow accounts without signatures from at least one representative of both Plaintiffs and the respective Settling Defendant, and upon the terms described in this Order.

12. The passage of title and ownership of the Settlement Funds to the agents of the Escrow Accounts in accordance with the terms of the RS Settlement Stipulations is approved. No person that is not a member of one of the Classes, the RS Fund or Plaintiffs' Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Funds unless otherwise ordered by the Court or otherwise provided in the RS Settlement Stipulations.

13. All funds held in the escrow accounts shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the RS Settlement Stipulations and/or further order of the Court.

14. As provided in the RS Settlement Stipulations, and subject to the limitations contained therein, Plaintiffs' Counsel may pay the Claims Administrator the reasonable fees and

costs associated with giving notice of the Settlements and the review of claims and administration of the Settlements out of the Settlement Fund without further order of the Court.

15.     Plaintiffs' Counsel or their agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Accounts and to cause any taxes due and owing to be paid from the Escrow Accounts without further Order of the Court, and to otherwise perform all obligations with respect to taxes and any reportings or filings in respect thereof as contemplated by the RS Settlement Stipulations without further order of the Court.

16.     The Court hereby approves the form, manner, and content of notice to be distributed to potential members of the Class, which includes individual mailings to reasonably identifiable Class members ("Direct Notice"), the establishment of a notice and claims information website that will include a detailed long-form notice ("Long-form Notice"), nationwide publication notice ("Summary Notice", and collectively, "Settlement Notices"), and establishment of a toll-free number to take questions. The Court hereby approves the content of the Direct Notice, the Long-form Notice, and the Summary Notice substantially in the form of, respectively, Exhibits 8, 9, and 10 of the Memorandum.

17.     Subject to the limitations contained in the RS Settlement Stipulations, the costs and expenses relating to the administration of the Settlements, including disseminating notice to potential Class members, shall be paid from the combined Settlement Amount (here, and hereinafter, as defined in the Long-form Notice).

18.     On or before June 30, 2010, Plaintiffs shall cause notice to be provided to the Class by: (i) sending the Direct Mail Notice, substantially in the form as attached hereto, by first class mail to the last known mailing addresses of the members of the Class and (ii) publishing the Long Notice, substantially in the form as attached hereto, on

7

www.mutualfundsettlements.com/rs, and shall be made available for mailing to members of the Class upon request.

19.     On or before July 14, 2010, Plaintiffs shall cause the Summary Notice to be published in the manner as described in the Memorandum.

20.     The Court finds and concludes, with respect to both the form of the notice given and the procedure used to give notice, that the notice provided for in this Order is the best notice reasonably practicable under the circumstances, fully satisfies the requirements of Fed. R. Civ. P. 23, the due process clause of the Constitution of the United States, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable laws, and constitutes due and sufficient notice to all persons entitled to receive notice.

21.     The form of the Settlement Notices fairly, plainly, accurately, and reasonably informs members of the Class of: (1) appropriate information about the nature of the Actions, the Class, the identity of Plaintiffs' Counsel, and the essential terms of the Settlements, including the Plan of Allocation; (2) appropriate information about the applications of Plaintiffs' Counsel for attorneys' fees and litigation expenses that will be deducted from the Settlement Amount (as that term is described in the Long-form Notice); (3) appropriate information about how to participate in the Settlements; (4) appropriate information about this Court's procedures for final approval of the Settlements, and about the right of members of the Class to appear through counsel if they desire; (5) appropriate information about how to object to the Settlements, or opt out of the Settlements; and (6) appropriate instructions about how to obtain additional information regarding the Settlements.

22. Berdon LLP is approved to serve as the claims administrator for the Settlements (the "Claims Administrator").]

23. On or before September 14, 2010, Plaintiffs' Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice to members of the Classes, the posting of the Long-Form Notice and the Proof of Claim to the settlement website, and the publication of the Publication Notice shall have been made, showing that such mailing, posting and publication have been made in accordance with this Order.

24. Plaintiffs' Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who held shares of RS Releasing Funds during the Class Period as record owners but not as beneficial owners. Such nominees who held such shares of RS Releasing Funds for the benefit of members of the Class are directed to send a copy of the Notice to the beneficial owner of the shares postmarked no more than fourteen (14) days from their receipt of the Notice, or to provide the names and addresses of such persons no later than fourteen (14) days from their receipt of the Notice to the Claims Administrator, c/o Berdon Claims Administration LLC, at the address specified in the Notice, who shall promptly send a copy of the Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall, subject to the limitations contained in the RS Settlement Stipulations, be paid from the Settlement Amount (as that term is defined in the Long-form Notice).

25.     Any member of the Class may request to be excluded from the Settlements. The request for exclusion from the Class must be made no later than September 21, 2010, must be in writing, and must include the following information: (i) the person's name, address, telephone number, (ii) the person's account number(s), (iii) information or documents concerning their holdings of the RS Emerging Growth Fund, as set forth in the Class Notice, (iv) a statement that the person "requests exclusion from the Class in the RS Settlement" in the *In re Mutual Funds Investment Litigation* and (v) the person's signature. The request to be excluded must be mailed by first class mail as specified in the Notice. Any person who requests exclusion from the Settlements in accordance with the terms stated in this Order shall not be a member of the Class, shall not be bound by the terms of the Settlements, and shall have no right to participate in the distribution of the Net Settlement Fund (as that term is defined in the Long-form Notice).

26.     Any member of the Class who does not request exclusion from the Settlements in the manner required by this Order may object to the Settlements and/or to the request by Plaintiffs' counsel for attorneys' fees and reimbursement of expenses, or otherwise request to be heard in person or by counsel concerning any matter properly before the Court at the Settlement Fairness Hearing. No person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlements, the Orders and Final Judgments to be entered approving the same, the proposed Plan of Allocation or the applications of Plaintiffs' Counsel for awards of attorneys' fees and expenses, unless no later than September 21, 2010, such person objects in writing, and includes the following: (i) the person's name, address and telephone number, (ii) the person's account number(s), (iii) information or documents concerning their holdings of the RS Emerging Growth Fund, including the amount of shares held at the beginning of the Class Period, the end of the Class Period, and at the end of each calendar year during the Class Period,

10

(iv) a detailed statement of the reasons why the person objects to the Settlements, (v) the person's signature, and (vi) any supporting papers, including all documents and writings that the person desires the Court to consider. The objection, statement or request to be heard at the Settlement Hearing must be filed by September 21, 2010 via ECF with the Clerk of the United States District Court for the District of Maryland, Baltimore Division, 101 W. Lombard Street, Baltimore, Maryland 21201. At the same time that the objection, statement or request to be heard is filed with the Clerk of the Court, it must be delivered by hand, overnight delivery, or first class mail to James E. Lahm or Jules Brody of Class Counsel Stull, Stull & Brody at the following address: 6 East 45th Street, New York, New York 10017, as also described in the Class Notice. Class Counsel shall forward any objections to counsel for the Settling Defendants, within three business days of receipt. Shareholders who have not retained an attorney to represent them in connection with these Settlement proceedings may mail their objections to the Clerk of Court and to Class Counsel, at the addresses indicated above and in the Class Notice. The Court will file and serve via ECF any objections it receives by mail.

27.     Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of any of the Settlements, the Plan of Allocation, and/or the requests for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlements, the Plan of Allocation, and/or the applications of Plaintiffs' Counsel for awards of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Members of the Class and shareholders do not need to appear at the hearing or take any other action to

indicate their approval. Class Members may retain an attorney at their own expense to appear at the Settlement Fairness Hearing, but there is no need for Class Members to retain an attorney and Class Members can appear at the hearing without hiring an attorney.

28. Any member of the Class who does not submit a request to be excluded from the Settlements in the manner stated in this Order shall be deemed to have waived his, her or its right to be excluded from the Settlements and the releases contained therein, and shall forever be barred from requesting exclusion from the Settlements in this or any other proceeding.

29. Any member of the Class who does not object to the Settlements or to the request for attorneys' fees and reimbursement of expenses or otherwise request to be heard concerning the Settlements in the manner stated in this Order shall be deemed to have waived his, her or its right to object to the Settlements or to the request for attorneys' fees and reimbursement of expenses or otherwise be heard concerning the Settlements, and shall forever be barred from objecting to the Settlements or to the request for attorneys' fees and reimbursement of expenses or otherwise being heard concerning the Settlements in this or any other proceeding. Objections raised at the Settlement Fairness Hearing will be limited to those previously submitted in writing.

30. The passage of title and ownership of the Settlement Amount and OAG Restitution Amount (as defined in the Long-form Notice) to the joint escrow accounts in accordance with the RS Settlement Stipulations and the Plan of Allocation is approved. No person that is not a member of the Class or Plaintiffs' counsel shall have any right to a portion of, or any distribution from, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the RS Settlement Stipulations or the Plan of Allocation.

31. All funds held in the joint escrow accounts shall be deemed to be in *custodia legis* of the Court in accordance with the RS Settlement Stipulations and the Plan of Allocation, and

shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the RS Settlement Stipulations, the Plan of Allocation, and/or further order(s) of the Court, consistent with the terms of the Settlement Stipulations.

32. On or before September 14, 2010, all briefs supporting the Settlements, the Settlement Stipulations, the Plan of Allocation, and the requests for attorneys' fees and costs shall be served and filed.

33. On or before October 6, 2010, Plaintiffs' Counsel shall file and serve any and all papers in response to objections to the Settlements, the Plan of Allocation, or the requests for attorneys' fees and costs.

34. Neither the Settlement, the RS Settlement Stipulations, the Class Notice, or the Plan of Allocation, nor this Order, nor any act performed or document executed pursuant to or in furtherance of the Settlements, the RS Settlement Stipulations, the Class Notice, or the Plan of Allocation: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of Parties' Released Claims, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be, or may be used as, an admission, or evidence of, any fault or omission of any of Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.

35. Pending the final approval of the RS Settlement Stipulations, the Court enjoins all proceedings in the Action until further order of the Court, except as may be necessary to implement or enforce the terms and conditions of the RS Settlement Stipulations, and enjoins all putative class members from pursuing, whether in this Court or elsewhere, any claims to be released in these Settlements.

36. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

37. In the event that these Settlements fail to become effective in accordance with their terms, or if the Final Order and Judgment is not entered or is reversed, vacated, or materially modified on appeal, this Order (except for this Paragraph) shall be null and void.

38. The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlements.

**IT IS SO ORDERED.**

Dated: *May 17, 2010*

Honorable J. Frederick Motz
United States District Court Judge
District of Maryland