IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| IN RE ALGER, COLUMBIA, JANUS, MFS, ONE GROUP, PUTNAM, and ALLIANZ DRESDNER | Case No. 04-md-15863 (Judge Motz) |
| [Allianz Dresdner Sub-track] | |
| Pingitore v. Allianz Dresdner Asset Management of America, L.P., *et al*. | Case No. 04-md-1933 |
| McBride v. Allianz Dresdner Asset Management of America L.P., *et al.* | Case No. 04-md-1924 |

**PLAINTIFFS' RESPONSE TO THE OBJECTION OF MARTIN SIR AND THE LETTERS OF THEODORE A. BECHTOLD, ESQ.**

Robert M. Kornreich
Chet B. Waldman
Andrew E. Lencyk
Sheryl H. Altwerger
WOLF POPPER LLP
845 Third Avenue
New York, NY  10022
Tel.:    (212) 759-4600

*Attorneys for Investor Class Plaintiffs*

Daniel W. Krasner
Mark C. Rifkin
Demet Basar
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY  10016
Tel:    (212) 545-4600

*Attorneys for Derivative Plaintiffs*

John B. Isbister, Fed Bar No. 00639
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Tel:    (410) 752-9700

*Class Liaison Counsel*

## I.      Introduction

Class Lead Plaintiffs, the Combined Welfare Fund and Warren Meier ("Class

Lead Plaintiffs"), and Derivative Plaintiffs, Edward Segel, Iris Segel, Donna Alexander,

Anil Kapoor, Jack McBride, Robert Rubin, Richard Befort, Janet Befort, Jean Stigas and

Lawrence A. Stigas, Virginia Wilcox, Thomas F. Bednarek, Ira Newman and Raquel

Benun ("Derivative Plaintiffs," and, together with Class Lead Plaintiffs, "Plaintiffs"), file

this response to (i) the objection of Martin Sir, Esq., and (ii) the letters of Theodore A.

Bechtold, Esq. (filed in 04-md-15864, Dkt # 1061, 1062 and 1068, and sent to Investor

Class Counsel in this subtrack (attached as Ex. A hereto)), asserting objections in *another*

subtrack (*Strong*), "some or all of which" Mr. Bechtold believes may be "relevant" in this

subtrack, even though he acknowledges he does not represent any client who purchased

or held any of the Allianz Settling Funds.

## II.     The Objection of Mr. Sir Has Been Withdrawn

Plaintiffs are pleased to report that, after explaining in greater detail to Mr. Sir's

counsel the requirements for persons seeking to exclude themselves from the Settlement

as set forth in the Long Form Notice, and this Court's Amended Order Preliminarily

Approving Settlements of Class Action and Establishing Notice Procedures, entered May

19, 2010 ("Preliminary Approval Order") (Dkt # 3365), and the reasons for those

requirements, Mr. Sir has withdrawn his objection.  *See* Dkt # 3482.[1]

---

[1] Mr. Sir has requested to opt out of the Class and counsel for Investor Class Plaintiffs and the Allianz
Defendants have agreed to treat him as such.

**III.     The Bechtold Letters Should Be Disregarded as Mr. Bechtold Represents No Clients Who Are Class Members in this Subtrack or Otherwise Have Standing to Assert Any Objection[2]**

**A.     Non-Class Members Do Not Have Standing to Object**

In his letters to the Court, Mr. Bechtold acknowledges that he represents a single client, Luanne M. Lo Monte, who purports to have held shares in only one of the mutual fund families in this MDL 1586 litigation, namely, in the *Strong* subtrack.  *See* 04-md-15864, Dkt # 1061, 1062 and 1068, and Ex. A hereto.  Since Ms. Lo Monte did not hold shares in any funds in the Allianz subtrack during the Class Period, and is thus not a class member, she has no standing to object in this subtrack.  *See* Fed. R. Civ. P. 23(e)(5) ("Any *class member* may object to the [settlement] proposal if it requires court approval....") (emphasis added).  The Fourth Circuit has made this absolutely clear in *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989), holding:

> The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals.  *Kusner v. First Penn Corp.*, 74 F.R.D. 606, 610 n. 3 (E.D.Pa. 1977), *aff'd* 577 F.2d 726 (3rd Cir. 1978); *Jenson v. Continental Financial Corp.*, 591 F.2d 477, 482 n. 7 (8th Cir. 1979).  Beginning from the unassailable premise that settlements are to be encouraged, it follows that to routinely allow non-class members to inject their concerns via objection at the settlement stage would tend to frustrate this goal.  Were the rule as Weisman contends, every objection from a non-class member would trigger an examination by the court of the effects of the proposal on the objector.  *Kusner*, at 611.  We cannot conceive that the drafters of the Rules intended to permit such eleventh-hour expansion of class actions. We hold, therefore, that non-class members have no standing to object, pursuant to a Rule 23(e) notice directed to class members, to a proposed class settlement.

*See also In re CP Ships Ltd. Sec. Litig.*, No. 8:05-MD-1656, 2008 WL 2473684, at *1-2 (M.D. Fla. June 19, 2008) (noting that "only 'class members' may object to a proposed

---

[2] Class Lead Plaintiffs in the Allianz subtrack also respectfully refer the Court to the memoranda contemporaneously submitted in the other MDL 1586 subtracks addressing Mr. Bechtold's history as a "serial objector", lack of a client with standing, as well as the substantive confusion and infirmities of his scattershot observations purportedly applicable to "some or all" of the settlements at bar.

class action settlement" and rejecting objection by a plaintiff in a parallel class action for

lack of standing); *Root v. Ames Department Stores, Inc.*, 989 F. Supp. 274, 275 (D. Mass.

1997) (non-class member who was thus unaffected by the settlement lacked any interest

in the matter sufficient to give her standing to object); *see also Manners v. American*

*General Life Ins. Co.*, No. Civ. A. 3-98-0266, 1999 WL 33581944, at \*22 n.9 (M.D.

Tenn. Aug. 11, 1999) (noting, with respect to objector who timely filed a request for

exclusion after filing his objection, that "[b]ecause [he] is no longer a Class Member, he

lacks standing to object, and his objection is invalid.").  Mr. Bechtold should be well

aware of this basic requirement of standing since he has previously sought to be heard in

other circumstances where he had no client with standing, and his attempts at objecting to

a class action settlement were rejected by the court.  *See In re Genta Sec. Litig.*, No. 04-

2123 (JAG), 2008 WL 2229843, at \*5 (D.N.J. May 28, 2008) ("Bechtold's objections

should not be taken into consideration because he submitted no information identifying

any potential members of the Settlement Class on whose behalf he was speaking.  Indeed,

Bechtold admitted at the Fairness Hearing that he has no standing to raise objections

against the Settlement.").

Mr. Bechtold does not even claim that his client is an objector to the Settlement in

this litigation.  He simply states that "I believe some or all of these objections [in the

*Strong* subtrack] are relevant to settlement of the balance of the Mutual Fund Market

timing cases [sic]" and that "[t]he objections identified below relate to issues which affect

absent Class members in In re Mutual Funds Investment Litigation – Allianz Dresdner

Sub-Track...."  Bechtold 9/20/10 letter to R. Kornreich, Esq. (Ex. A hereto).

3

Accordingly, because his only client, Ms. Lo Monte, is not a member of the Class in the Allianz subtrack, the Court should reject any request by Mr. Bechtold to be heard on behalf of Ms. Lo Monte (or for any other reason) in this case.

**B.      In Any Event, the Substantive Grounds Described in Mr. Bechtold's Letter Are Meritless**

Even if the Court were inclined for some reason to consider Mr. Bechtold's letters in *this* subtrack, which it should not, Mr. Bechtold's general criticisms (which even he acknowledges do not apply to all subtracks) are substantively without merit.

*Attorneys' Fees*

First, no Class Member has objected to the fee or expense request in any respect in the *Allianz* subtrack.  Mr. Bechtold suggests that the fees, nevertheless, must be based on a percentage of the net settlement fund, after deduction of all expenses, including administration costs (although he does not mention notice costs specifically), and any payments to liaison counsel, rather than a percentage of the gross recovery.  (Ex. A, Bechtold 9/20/10 letter, p.1.)  However, case law is clear that it is perfectly proper to award fees based on a percentage of the gross settlement fund, with the net settlement fund being distributed to class members.  *See, e.g.*, *Muhammad v. Nat'l City Mortg., Inc.*, No. 2:07-0423, 2008 WL 5377783, at *6, 9, 10 (S.D. W. Va. Dec. 19, 2008) (in granting final approval of settlement, court awarded attorneys' fees totaling one-third of gross settlement amount); *Horton v. Merrill Lynch, Pierce, Fenner & Smith*, 855 F. Supp. 825, 827, 834 (E.D.N.C. 1994) (granting final approval of settlement calling for distribution of attorney fee award from gross settlement sum); *see also, e.g., In re AT&T Corp.*, 455 F.3d 160, 172 n.8 (3d Cir. 2006) (rejecting objector's view that attorneys' fees must be calculated based on the net settlement amount, noting that "[e]xpenses are generally

considered and reimbursed separately from attorneys' fees"); *Powers v. Eichen*, 229 F.3d

1249, 1258 (9th Cir. 2000) (holding that district court did not err in calculating attorneys'

fees as a percentage of gross recovery and observing that "the choice of whether to base

an attorneys' fee award on either net or gross recovery should not make a difference so

long as the end result is reasonable").  Whatever denominator is used as the basis for the

percentage method, the relevant question is whether the attorneys' fees awarded are

reasonable.  *See Powers*, 229 F.23d at 1258.  As discussed in detail in Plaintiffs'

Counsel's earlier papers, the fee requested here is reasonable.  This is particularly so,

where, as here, counsel have undertaken tremendous effort to achieve an excellent result

for the Class, and have not been paid (or had their expenses reimbursed) since this

litigation was begun some six years ago.[3]

   *Notice*

   Any objection based on the notice program, specifically, that the "cover page"

does not contain sufficient information, is also without merit.  The Long Form Notice in

this subtrack, posted on the Allianz settlement website

(http://www.mutualfundsettlements.com/Allianz) (the "Website") at

http://www.mutualfundsettlements.com/Allianz/Allianz_LFN_v5.pdf, includes the

"cover page" referred to by the Private Securities Litigation Reform Act ("PSLRA"),

which unquestionably contains precisely the information required by the PSLRA.

Specifically, the cover page contains a summary of the amount of recovery including an

estimate of the amount of recovery per share; a statement concerning the parties'

---

[3] Bechtold also argues that attorneys' fees are excessive in part because of counsel's alleged reliance on the SEC investigations.  This is not the case.  In fact, the amounts paid by certain defendants in their regulatory settlements were put forward by such defendants as a defense to Plaintiffs' recovery in this Action, and purchasers/holders in the majority of Allianz Funds covered by the instant Settlement received nothing in the regulatory settlements.

disagreement on the amount of damages potentially at issue; a statement of the attorneys'

fees and expenses sought, including on a per share basis; identification of class counsel

and their contact information; the reasons for the settlement; and the pertinent deadlines.

*See* Long Form Notice (cover page).  The Short Form Notice, here delivered in the form

of Summary Postcard Notice (available at http://www.mutualfundsettlements.com

/Allianz/Allianz_PCN_Final_v3.pdf), was preliminarily approved by the Court, and is an

economical method of providing notice to Class Members that will not excessively eat

into the settlement fund to be distributed to them.  It, too, contains all the pertinent

information required by the PSLRA to be set forth on a cover page, snugly fit on the front

side of the postcard, and, moreover, refers the recipient to the Website for a review of the

Long Form Notice, which, again, contains the requisite cover page summary and full

detail in the body.  In particular, the Summary Postcard Notice contains, in summary

format, a statement of the amount of recovery (including on a per share basis); a

statement concerning the parties' disagreement on the amount of damages; a statement of

the attorneys' fees and expenses sought, including on a per share basis; and identifies

class counsel and their contact information, the reasons for the settlement, and the

pertinent deadlines.  *See* Short Form (Summary Postcard) Notice; *see also* Class Lead

Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Proposed

Settlement ("Preliminary Approval Brief") (*see* Dkt # 3336), at pp. 20-24, and the

Wheatman Declaration cited therein and submitted therewith, for a detailed explanation

of the Summary Postcard Notice's compliance with the PSLRA and due process.

Accordingly, the mailed notice program here clearly satisfies all pertinent requirements

of due process and the PSLRA, and, particularly in combination with the entire notice

program which includes the robust publication program (*see* Preliminary Approval Brief, at pp. 18-24), constitutes the best notice practicable under the circumstances, and is more than sufficient.

> *Documentation Requirements*

With respect to documentation requirements for proofs of claim, the Court is well aware that the parties have sought to minimize the amount of necessary documentation to the barest possible level, while maintaining the minimum level required to verify whether a claimant is indeed a Class Member, is entitled to compensation, and the amount thereof. Accordingly, in the *Allianz* subtrack, (i) claimants who held shares directly with Allianz are not even required to submit *any* documentation, as such records are accessible to Allianz, and (ii) claimants who held through financial intermediaries (*e.g.*, Omnibus account providers such as Merrill Lynch) are required to include information regarding their holdings in the Funds to substantiate their claims on the Settlement Fund; however, as set forth in the Settlement documents, including the Proof of Claim, contained on the Website, in most instances, year-end account statements or quarterly account statements should include the holdings information necessary to complete the Proof of Claim. *See* Website (http://www.mutualfundsettlements.com/Allianz/Allianz_POC_Website_v4.pdf). This latter requirement is necessary for the basic reason that Allianz simply has no account data for individuals who held shares through omnibus accounts, and would have no way to determine the identities of these Class Members, or to calculate their claims.

Moreover, at least in the *Allianz* subtrack, the documentation requirements are also relaxed for objectors or those seeking exclusion. Thus, anyone wishing to object or opt-out need only submit one year-end account statement sufficient to show that they

held in at least one of the nine Allianz Class Settling Funds at some time during the Class

Period.  Those Class Members holding through financial intermediaries are requested to

provide authorization for the financial intermediary through which they held their shares

to disclose records of their shareholdings to the Claims Administrator.[4]  *See, e.g.*,

Website, http://www.mutualfundsettlements.com/Allianz/faq.php ("14.  How Do I

Exclude Myself From the Settlement?")  This minimal requirement is necessary for two

reasons:  (1) only Class Members may seek exclusion or have standing to object,

therefore, at least *some* evidence that one was actually a member of the Class must be

provided; and (2) because, as stated in the Long Form Notice, the *Allianz* settlement, like

most settlements, is subject to "separate supplemental and letter agreements," pursuant to

which "certain of the Settling Defendants shall have the option to withdraw from the

Settlement in the event that putative Class members whose aggregate holdings in the

Funds during the Class Period exceed a certain value choose to exclude themselves from

the Class."  (Long Form Notice, http://www.mutualfundsettlements.com/Allianz/

Allianz_LFN_v5.pdf, at p. 24.)  The parties therefore need to know the size of the

holdings of the Class Members seeking exclusion, to ascertain whether the aggregate

holdings thresholds of the supplemental agreements are implicated, giving certain

Settling Defendants the option to withdraw from the Settlement.  The documentary

requirements are set at the bare minimum necessary to effectuate the valid purpose for

which they exist, and are eminently reasonable.  Indeed, as stated above, only one

objector had referenced these requirements, based on a misunderstanding of the

---

[4] Here again, because Allianz lacks any data regarding the identities and holdings of individuals who held shares through certain intermediaries, some additional information is necessary with respect to such shareholders.

requirements, and withdrew his objection when the true nature of such requirements were explained to him.

*Minimum Distribution Threshold*

The ten dollar threshold for distribution (which, as Mr. Bechtold acknowledges, was utilized by the Securities and Exchange Commission ("SEC") in the administration of its Fair Fund settlements), was also explained to and preliminarily approved by the Court, and was utilized because it would be economically irrational to make distributions that would cost more to administer than their value. Such minimum distribution thresholds are routinely used in class actions for these very reasons. *See, e.g.*, *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 4526593, at *12 (S.D.N.Y Dec. 20, 2007) (approving $50 minimum distribution amount and noting that "courts have approved minimum payouts in class action settlements in order to foster the efficient administration of the settlement.").[5]

*Liaison Counsel*

Finally, this Court is well aware of the function and value provided in this MDL 1586 by Liaison Counsel, Mr. Isbister of Tydings & Rosenberg LLP ("Tydings"). Liaison Counsel's petition, filed September 14, 2010 (Dkt # 1050) (the "Tydings Petition"), seeking compensation for work performed in these proceedings pursuant to its Court-appointed role as liaison counsel, is modest and eminently reasonable in light of

---

[5] *See also In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1268 (D. Kan. 2006) ($25 minimum approved); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y.2004) ("[c]lass counsel are entitled to use their discretion to conclude that, at some point, the need to avoid excessive expense to the class as a whole outweighs the minimal loss to the claimants who are not receiving their *de minimis* amounts of relief"); *see generally* 3 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 10:14, at 512 n.12 (4th ed. 2002) ("most distribution schemes for class recovery provide a minimum threshold amount of a claim for eligibility to participate"); 2 JOSEPH M. MCLAUGHLIN, MCLAUGHLIN ON CLASS ACTIONS § 6:22 (6th ed.) ("Courts have recognized that minimum payment thresholds for payable claims benefit the class as a whole because they protect the settlement fund from being depleted by the administrative costs associated with claims unlikely to exceed those costs.").

the services provided, which ranged far beyond the ministerial, as set forth in the Tydings

Petition, and in Tydings' Opposition to Mr. Bechtold's letters, also being filed this day.

### IV.        Conclusion

For the foregoing reasons, the Court should deem the objection of Martin Sir

withdrawn, and disregard the letters of Mr. Bechtold with respect to the *Allianz* subtrack.

Dated:  October 6, 2010


**WOLF POPPER LLP**                               **TYDINGS & ROSENBERG LLP**

By:  __/s/ Chet B. Waldman__                      By:  __/s/ John B. Isbister__
Robert M. Kornreich                               John B. Isbister, Fed Bar No. 00639
Chet B. Waldman                                   100 East Pratt Street, 26th Floor
Andrew E. Lencyk                                  Baltimore, MD 21202
Sheryl H. Altwerger                               Tel:  (410) 752-9700
845 Third Avenue                                  Fax:  (410) 727-5460
New York, NY  10022
Tel:  (212) 759-4600                              *Class Liaison Counsel*
Fax: (212) 486-2093


*Lead Class Counsel in the Allianz Dresdner*
*Sub-track, on behalf of Class Lead Plaintiff*
*Combined Welfare Fund and the Class*


**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
Daniel W. Krasner
Mark C. Rifkin
Demet Basar
270 Madison Avenue
New York, NY  10016
Tel:    (212) 545-4600


*Derivative Lead Counsel*