IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION<br><br>This Document Relates to:<br>In re RS Funds | MDL 1586<br>Case No. 04-MD-15863 |
| Parthasarathy v. RS Investment Management, L.P., *et al.* | Case No. 04-cv-3798-JFM |

### [~~PROPOSED~~]
### FINAL JUDGMENT AND ORDER OF DISMISSAL

On the 21st ~~and 22nd days~~ of October 2010, a hearing was held before this Court to determine whether the terms and conditions of the Settlement, which is comprised of the following stipulations of settlements (collectively, the "Stipulations"), is fair, reasonable, and adequate for the settlement of all claims asserted by Plaintiffs against the Settling Defendants pending in this Court under the above caption, including the release of the Settling Defendants Released Parties (as defined below), and should be approved:

  (i)  The Severed Agreement and Stipulation of Settlement, dated January 28, 2010 ("BAS Severed Agreement"), entered into by the RS Plaintiffs and Banc of American Securities LLC ("BAS");

  (ii)  The Severed Agreement and Stipulation of Settlement, dated January 14, 2010 ("Bear Stearns Severed Agreement"), entered into by the RS Plaintiffs and Bear, Stearns & Co. Inc. (currently d/b/a J.P. Morgan Securities Inc.), Bear Stearns Securities

Corp. (currently d/b/a J.P. Morgan Clearing Corp., and The Bear Stearns Companies Inc. (currently d/b/a The Bear Stearns Companies LLC) (together, "Bear Stearns");

(iii) The Severed Agreement and Stipulation of Settlement, dated January 26, 2010 ("Canary Severed Agreement"), entered into by the RS Plaintiffs and Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern (together, "Canary");[1] (Collectively, the BAS Severed Agreement, the Bear Stearns Severed Agreement, and the Canary Severed Agreement are the "Severed Agreements.")

The October 21-22, 2010 hearing was also held to determine: (1) whether judgment should be entered dismissing the above-captioned action (the "Action") with prejudice in favor of the Settling Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom; (2) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and (3) whether and in what amount to award fees and reimbursement of expenses to Plaintiffs' Counsel.

The Court, having considered all matters submitted to it at the hearing and otherwise, along with all prior submissions by the Parties and others (including any and all objections); and it appearing that: (1) a notice of the hearing substantially in the form of the Direct Notice approved by the Court was sent by First Class Mail to all persons or entities reasonably identifiable, who purchased and/or held shares of the RS Emerging Growth Fund (the "RS

---

[1] BAS, Bear Stearns, and Canary will be collectively referred to herein as the "Settling Defendants." The term "Settling Defendants Released Parties" means the Bank of America Released Parties, the Bear Stearns Released Parties, the Canary Released Parties, and their respective Related Parties, as those terms are defined in the BAS Severed Agreement, the Bear Stearns Severed Agreement, and the Canary Severed Agreement.

2

Fund") during the period from January 1, 2000 to September 30, 2003 (the "Class Period"); (2) a long-form notice of the hearing substantially in the form of the Long-form Notice approved by the Court has been made available on the website, www.berdonclaims.com, since June 30, 2010; and (3) a Global Notice describing, in summary form, all of the settlements in MDL-1586 was widely published in various media outlets between July 6, 2010 and August 4, 2010 [2], and reference to the Settlement was included therein (collectively, the "Settlement Notices"), and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and, unless otherwise defined herein, all capitalized terms used herein having the meanings as set forth and defined in the Memorandum of Law in Support of Plaintiffs' Motion for an Order Preliminarily Approving Proposed Class Action Settlements, Preliminarily Certifying Class For Settlement Purposes, Approving Form and Manner Of Notice, and Setting Fairness Hearing, filed on April 21, 2010, enters this final judgment and order of dismissal ("Final Order and Judgment") as set forth below.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff Anthony S. Cacciola, all members of the Settlement Class, and the Settling Defendants.

2. The Court hereby finds the prerequisites for a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) has been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any

---

[2] The Summary Notice was published once in the nationally circulated *People* Magazine, once in *The Wall Street Journal*, once in *The New York Times*, and over the *PR Newswire*; and was posted on various web-based media outlets, including, but not limited to, CNN.com, AOL.com, Hotmail.com, Facebook.com, Yahoo.com, *The Wall Street Journal* online, and through RSS Feed.

3

individual questions; (c) the claims of Lead Plaintiff Anthony S. Cacciola are typical of the claims of the Settlement Class; (d) Lead Plaintiff Anthony S. Cacciola and his counsel have fairly and adequately represented and protected the interests of all members of the Settlement Class; and (e) a class action is the superior method of adjudicating the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the RS Action.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies, for purposes of settlement only, a Settlement Class consisting of any person or entity who purchased and/or held shares of the RS Emerging Growth Fund during the period from January 1, 2000 to September 30, 2003. Excluded from the Class are (i) RS Investment Management, LP, RS Investment Management Co., LLC, and RS Investment Management, Inc. (together, RS Adviser Corporate Defendants), (ii) George Randall Hecht, Steven M. Cohen, James L. Callinan, Peter Keith, and Michael G. McCaffery, and (ii) the Settling Defendants (collectively, "Defendants"). Also excluded are the legal representatives, parents, affiliates, heirs, successors or assigns, and the immediate family members of the RS Advisor Individual Defendants, as well as any officers, directors, or trustees of the Defendants, all trustees and portfolio managers of the RS Emerging Growth Fund, and any persons or entities who timely and validly excluded themselves by filing a request for exclusion from the Class, as listed on Exhibit 1 hereto. (collectively, the "Excluded Persons").

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies, for purposes of settlement only, Anthony S. Cacciola as the representative of the Settlement Class, and Stull, Stull & Brody as Plaintiffs' Counsel for the Class.

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all members of the Settlement Class who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the due process clauses of the Constitution of the United States, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable laws, and constituted due and sufficient notice to all persons entitled to receive notice.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class members, advising them of the Settlement, the Plan of Allocation, and Plaintiffs' Counsel's intent to apply for attorneys' fees and reimbursement of litigation expenses associated with the Actions, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Settlement Class members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Settlement Notices and the Preliminary Approval Order are bound by this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable, adequate, and in the best interests of the Settlement Class members. This Court further finds that the Settlement set forth in the Stipulations is the result of extensive arm's-length negotiations between experienced counsel representing the interests of the respective Parties. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulations.

8. The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Fed. R. Civ. P. 11 based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulations, as against Settling Defendants, as are all other claims against any of the Settling Defendants in any action relating to the subject matter of the Settlement in any action filed in or transferred to MDL-1586. All claims or causes of action asserted in the Class Complaint against the Settling Defendants on behalf of shareholders that are not Class Members shall be dismissed.

9. Lead Plaintiff Anthony S. Cacciola and all of the members of the Settlement Class, on behalf of themselves, their heirs, executors, administrators, successors and assigns, are hereby: (i) conclusively deemed to have fully, finally and forever released, relinquished, and discharged all Released Claims (as that term is defined in the Stipulations) against the Settling Defendants Released Parties; (ii) conclusively deemed to have covenanted not to sue the Settling Defendants Released Parties in any action alleging any claim that is a Released Claim; (iii) conclusively deemed to have covenanted not to knowingly and voluntarily assist in any way any third party in commencing or prosecuting any suit against the Settling Defendants Released Parties relating to any Released Claim, including any derivative suit, and (iv) forever enjoined and barred from asserting the Released Claims against any of the Settling Defendants Released Parties in any action or proceeding of any nature.

6

10.     The Settling Defendants and their respective heirs, executors, administrators, successors and assigns, are hereby conclusively deemed to have fully, finally and forever released, relinquished, and discharged all Released Parties' Claims,[3] and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against Lead Plaintiff Anthony S. Cacciola and the members of the Class, and their counsel.

11.     Neither this Final Order and Judgment, the Stipulations, nor any of the terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein shall be:

    a.     offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

    b.     offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant;

---

[3] The "Released Parties' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether under federal, state, local, statutory or common law, whether known or unknown (including "Unknown Claims" as defined below), whether suspected or unsuspected, whether accrued or unaccrued, that have been or could have been asserted in the Class Action or any other forum by BAS, Bear Stearns or Canary, or the successors and assigns of any of them, against the Lead Plaintiff, any Class members, or their respective attorneys that concern, arise out of or relate in any respect to the institution, prosecution, or settlement of the Class Action (except for claims to enforce this Severed Settlement).

7

      c.    offered or received against the Settling Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Defendants, in any other civil, criminal or administrative action or proceeding, in any forum, other than such proceedings as may be necessary to effectuate the provisions of the Stipulations; provided, however, that the Settling Defendants may refer to it to effectuate the liability protection granted them hereunder;

      d.    construed against the Settling Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

      e.    construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiff or any of the members of the Class that any of their claims are without merit, or that any defenses asserted by the Settling Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount (here and hereinafter as defined in the Long-form Notice).

12. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel, or their designated agents, are directed to administer the Stipulations in accordance with their terms and provisions.

13. Plaintiffs' Counsel are hereby awarded fees in an amount equal to 20.00% of the $2,830,000.00 total Settlement Amount, plus interest, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are hereby also awarded $471,152.59 in reimbursement of expenses, plus interest. Interest on the fee and expense award will be from the respective dates

that the Settling Defendants deposited their respective principal amounts pursuant to the Stipulations, at the same rates that the Settlement Amounts earned in the respective joint escrow accounts.

14. Liaison Counsel is hereby awarded attorneys' fees in an amount equal to 1.25% of the $2,830,000.00 total Settlement Amount, plus interest, which sum the Court finds to be fair and reasonable. Interest on the fee award will be from the respective dates that the Settling Defendants deposited their respective principal amounts pursuant to the Stipulations, at the same rates that the Settlement Amounts earned in the respective joint escrow accounts.

15. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement has created benefits amounting to $2,830,000, plus interest, comprised of (i) $325,000 paid on behalf of the Bank of America Defendants, (ii) $1,050,000 paid on behalf of the Bear Stearns Defendants, and (iii) $1,455,000 paid on behalf of the Canary Defendants;

    b. The Direct Notice, which was sent to approximately three hundred thousand (300,000) putative members of the Class members by first class mail, and the Long-form Notice, which has been published on www.berdonclaims.com since June 30, 2010, both indicated that Plaintiffs' Counsel were moving for attorneys' fees in an amount not to exceed 20.00% of the total of the Settlement Amount and for reimbursement of expenses, plus accrued interest;

    c. Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

9

  d. The Action involves complex factual and legal issues and was actively prosecuted over five years and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

  e. Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the Class may have recovered less or nothing from the Settling Defendants in the Action;

  f. Plaintiffs' Counsel have submitted declarations or affidavits attesting to having spent over 8,000 hours, with a lodestar value of $5,213,707.25, to achieve the Settlement; and

  g. The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

16. Lead Plaintiff Anthony S. Cacciola is hereby awarded $2,812.50 to reimburse his costs and expenses incurred in connection with his representation of the Class, which sum the Court finds to be fair and reasonable.

17. Lead Plaintiff Harold D. Skripsky is hereby awarded $6,000.00 to reimburse his costs and expenses incurred in connection with its representation of the Class, which sum the Court finds to be fair and reasonable.

18. Lead Plaintiff Joseph L. Goldman is hereby awarded $4,500.00 to reimburse his costs and expenses incurred in connection with his representation of the Class, which sum the Court finds to be fair and reasonable.

19. Lead Plaintiff John Hegstrom is hereby awarded $6,000.00 to reimburse his costs and expenses incurred in connection with his representation of the Class, which sum the Court finds to be fair and reasonable.

20.     Exclusive jurisdiction is hereby retained over all parties to this Action and the members of the Class, as well as individuals and entities who have opted out of the Action, for all matters relating to the administration, interpretation, effectuation or enforcement of the Settlement Stipulations and this Final Order and Judgment, and the distribution of the proceeds from Net Settlement Fund to the members of the Class.

21.     Upon the Effective Date, as that term is defined in the Stipulations, to the maximum extent allowed by applicable state or federal law (including the PSLRA), the Court bars and enjoins, and discharges the Settling Defendants from, any and all claims for contribution, and indemnification or the like, however styled (including any claim where the injury to the person asserting the claim is such person's threatened or actual liability to Plaintiffs, any Settlement Class ember or the RS Fund), by any person or entity, whether arising under state, federal, local, statutory or common law, or any other law, rule or regulation, based upon, arising out of, relating to, or in connection with the Released Claims (the "Bar Order").  This Bar Order will bar all such claims for contribution to the full extent provided by the PSLRA, and all such claims for indemnification or the like to the maximum extent allowed by applicable state or federal law (including the PSLRA): (a) against by any person or entity the Settling Defendants; and (b) by the Settling Defendants against any person or entity other than any person or entity whose liability to the Settlement Class has been extinguished pursuant to the Stipulations and this Final Judgment and Order of Dismissal.

22.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Stipulations, that the Stipulations are voided in accordance with their terms, or in the event that the Settlement Amount, or any portion thereof, is returned to the Settling Defendants (or any other person or entity responsible for funding the Settlement Amounts), and

11

such amount is not replaced by others, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulations, and shall be vacated to the extent provided by the Stipulations and, in such event:

 (a) the Settlement Amount and the RS Cost Reduction Amount (as defined in the BAS Severed Agreement) (less any and all amounts paid or payable, consistent with the Stipulations, towards Costs of Notice and Administration and less any and all accrued but as yet unpaid Taxes or escrow fees) shall be returned to the Settling Defendants in accordance with the terms of the Stipulations;

 (b) the Settlement shall be deemed null and void with respect to the Parties and shall have no further force and effect with respect to any of the Parties;

 (c) the Parties to the Stipulations shall be deemed to have reverted to their respective status in the Actions as of the date a day prior to the date of the execution of the Stipulations, except as otherwise expressly provided, the Parties shall proceed as if the Severed Agreements, the Master Agreement, and the Stipulations, and any related orders entered in connection with the contemplated settlement of the claims against the Settling Defendants in this Sub-Track, had not been executed or entered; and

 (d) neither the Master Agreement nor the Stipulations (including any of the exhibits thereto), nor any communications or negotiations with respect to the Master Agreement or the Stipulations, nor any of the other severed settlement agreements entered into by the Settling Defendants in any of the other MDL sub-tracks, shall be used or referred to in this Sub-Track by any of the parties to the Actions in this Sub-Track.

23. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulations.

24. The Court hereby finds, after reviewing the objection submitted by Theodore Bechtold in the Strong sub-track of the MDL Actions and the objections that Theodore Bechtold attempts to raise in this sub-track, that Theodore Bechtold has no standing to object in the RS sub-track.

25. The Court hereby overrules all objections raised in this sub-track.

26. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: October 25, 2010

Honorable J. Frederick Motz
United States District Court Judge
District of Maryland