FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OCT 25 2010

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                    DEPUTY

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION ) ) ) ) This Document Relates To: ) ) *Janus Sub-Track*, ) ) 04-md-15863 ) ) | MDL 1586 Case No. 04-MD-15863 (Hon. J. Frederick Motz) |

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT

J. FREDERICK MOTZ, District Judge

WHEREAS:

A.     Class Lead Plaintiff in the Class Action, Maloon, Powers, Pitre, Higgins LLC d/b/a California Financial Advisors (the "Class Lead Plaintiff"), and Janus Capital Group Inc., Janus Capital Management LLC and Janus Distributors LLC (the "Janus Defendants") have entered into a Settlement Agreement and Release dated April 8, 2010 (the "Janus Stipulation") providing for the settlement of claims against the Janus Defendants and related entities and individuals (the "Janus Settlement");

B.     Class Lead Plaintiff and First Allied Securities Inc., legal successor in interest to Round Hill Securities Inc. ("Round Hill") have entered into a Stipulation and Agreement of Settlement dated March 3, 2010 (the "Round Hill Stipulation") providing for the Settlement of claims against Round Hill and related entities and individuals (the "Round Hill Settlement").

C.     Class Lead Plaintiff and Rydex Distributors, Inc. ("Rydex") have entered into the Rydex Distributors, Inc., Agreement and Stipulation of Settlement dated March

31, 2010 (the "Rydex Stipulation") providing for the settlement of claims against Rydex and related entities and individuals (the "Rydex Settlement");

D.      Class Lead Plaintiff, Fund Derivative Plaintiffs and Banc of America Securities LLC ("BAS") have entered into a Janus/BAS Severed Agreement and Stipulation of Settlement dated January 28, 2010 (the "BAS Stipulation") providing for the settlement of claims against BAS and related entities and individuals (the "BAS Settlement");

E.      Class Lead Plaintiff and Bear, Stearns & Co. Inc., Bear, Stearns Securities Corp. and The Bear Stearns Companies Inc., currently known as J.P. Morgan Securities Inc., J.P. Morgan Clearing Corp. and The Bear Stearns Companies LLC, respectively (collectively, the "Bear Stearns Defendants") have entered into a Janus/Bear Stearns Severed Agreement and Stipulation of Settlement dated January 15, 2010 (the "Bear Stearns Stipulation") providing for the settlement of claims against the Bear Stearns Defendants and related entities and individuals (the "Bear Stearns Settlement");

F.      Class Lead Plaintiff, Fund Derivative Plaintiffs, and Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern (the "Canary Defendants") have entered into a Janus/Canary Severed Agreement and Stipulation of Settlement dated January 27, 2010 (the "Canary Stipulation") providing for the settlement of claims against the Canary Defendants (the "Canary Settlement");

G.      The Janus Stipulation, the Round Hill Stipulation, the Rydex Stipulation, the BAS Stipulation, the Bear Stearns Stipulation, and the Canary Stipulation shall be known collectively as the "Stipulations" and the settlements set forth in the Stipulations

2

shall be known collectively as the "Settlements." Class Lead Plaintiff and Fund Derivative Plaintiffs shall be known collectively as "Plaintiffs"; the Janus Defendants, Round Hill, Rydex, BAS, the Bear Stearns Defendants, and the Canary Defendants shall be known collectively as the "Settling Defendants"; and Plaintiffs and the Settling Defendants shall be known together as the "Settling Parties";

H.      Plaintiffs have moved, pursuant to Rule 23(e) and Rule 23.1(c) of the Federal Rules of Civil Procedure, for an Order finally approving their respective Settlements as fair, reasonable and adequate for settlement of claims asserted by Class Plaintiffs and Fund Derivative Plaintiffs, and entering judgment accordingly;

I.      The Court previously entered Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings in the Janus Subtrack, dated May 19, 2010, and Order Granting Plaintiff's Uncontested Motion to Amend Preliminary Approval Order to Authorize Postcard Notice, dated June 7, 2010 (together, the "Preliminary Approval Order"), and all Capitalized terms used herein shall have the same meanings as set forth in the Preliminary Approval Order. Any capitalized terms that are not defined in the Preliminary Approval Order shall have the same meanings as set forth in the Stipulations;

J.      Pursuant to the Preliminary Approval Order, it appears that the Postcard Notice of Proposed Settlements (the "Notice") was mailed to all Settlement Class Members reasonably identifiable from Janus' records; the Long-Form Notice of Proposed Settlements (the "Long-Form Notice"), including the Plan of Allocation, and the Proof of Claim form, were posted on the settlement website and mailed to Settlement Class Members and current shareholders of Janus Mutual Funds upon request; and the

3

Summary Notice of Proposed Settlements (the "Publication Notice") was published in accordance with the Preliminary Approval Order; and

      K.      The Court has considered all matters submitted to it at the Final Settlement Hearing, along with all prior submissions by the Parties and others, and finds that substantial and sufficient grounds exist for entering this Order and Final Judgment;

      **NOW, THEREFORE, IT IS HEREBY ORDERED**:

      1.      This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Actions, all matters relating thereto, and over all parties to the Actions, including all members of the Settlement Class, as defined below.

      2.      The Court hereby affirms its findings in its Preliminary Approval Order that, for purposes of settlement only, the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied. Specifically, the Court determines that the requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy – are satisfied, and that the Settlement Class also satisfies the requirements for certification under Rule 23(b)(3), as questions of law or fact common to the Settlement Class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

      3.      The Court further affirms its determinations in the Preliminary Approval Order and hereby finally certifies, for purposes of settlement only, a Settlement Class defined as follows:

> All persons or entities that purchased, redeemed, exchanged, owned, and/or held shares in any of the Janus Funds set forth on **Exhibit 1** hereto (the "Janus Funds") at any time during the period from January 1, 2000 through September 30, 2003 (the

"Class Period"). Excluded from the Class are defendants, members of their immediate families and their legal representatives, parents, affiliates, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest (the "Excluded Persons"). Also excluded are any officers, directors, or trustees of the Excluded Persons, all trustees and portfolio managers of the Janus Funds, and any persons who timely and validly excluded themselves by filing a request for exclusion from the Class as listed on **Exhibit 2** annexed hereto.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, this Court affirms its findings in the Preliminary Approval Order and hereby finally certifies Class Lead Plaintiff Maloon, Powers, Pitre, Higgins LLC as Class Representative, and finally certifies the law firm of Cotchett, Pitre & McCarthy as Class Counsel.

5.    The Court hereby finds that notice of the pendency of this action as a class action and of the proposed Settlements was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the pendency of the action as the Class Action and of the terms and conditions of the proposed Settlements met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7), of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

6.    Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the Settlements, the Plan of Allocation, and Plaintiffs' Counsel's intent to apply for attorneys' fees and reimbursement of litigation expenses associated with the Actions, and

of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Settlement Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Settlement Notices and the Preliminary Approval Order, are bound by this Order and Final Judgment.

7.      The Court hereby finds that the form and method of providing notice of the BAS Settlement and Canary Settlement of the Fund Derivative Action to current shareholders of Janus Mutual Funds was reasonable and adequate and in compliance with Rule 23.1(c) and all other legal and due process requirements.

8.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlements set forth in the Stipulations, and finds that the Settlements are, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. Further, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the BAS Settlement and Canary Settlement of the Fund Derivative Action and finds that the Settlements are fair, reasonable and adequate to the Janus Mutual Funds and any other interested persons. This Court further finds that the Settlements set forth in the Stipulations are the result of extensive arm's-length negotiations between experienced counsel representing the interests of the respective Parties. Accordingly, the Settlements embodied in the Stipulations are hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulations.

9.      Upon the Effective Date, as defined in the respective Stipulations:

6

(a)    all Released Claims brought by or on behalf of any Releasing Plaintiffs Parties and their respective heirs, executors, administrators, successors and assigns against the Janus Released Parties, the Canary Released Parties, the Bank of America Released Parties, the Bear Stearns Released Parties, the Released Round Hill Parties, and the Rydex Released Parties, as those terms are defined in the applicable Stipulations, in any case or complaint transferred to or filed in MDL-1586, including, without limitations, the Actions, shall be dismissed with prejudice;

(b)    all claims or causes of action asserted in the Class Complaint against any or all of the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties, on behalf of shareholders that are not Settlement Class Members shall be dismissed;

(c)    all Releasing Plaintiffs Parties, on behalf of themselves, their heirs, executors, administrators, successors and assigns: (i) shall be conclusively deemed to have fully, finally and forever released, remised, relinquished, dismissed, discontinued, withdrawn and discharged all Released Claims, as defined in the respective Stipulations; (ii) shall be conclusively deemed to have convenanted not to sue or assert in any manner any claim, right, cause of action or liability against any or all of the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties, in any action alleging any claim that is a Released Claim, as defined in the respective Stipulations; (iii) shall be

conclusively deemed to have covenanted not to assist in any way any third party in commencing, prosecuting, continuing, or pursuing any legal, administrative, investigative, or any other action or proceeding or suit of any nature or in asserting any claim, right, cause of action, or liability against any or all of the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties, relating to any of the Released Claims, as defined in the respective Stipulations; and (iv) shall forever be enjoined and barred from asserting or assisting, participating in, providing information for, engaging in, facilitating the assertion of, or being involved in any way in the assertion of any Released Claims, as defined in the respective Stipulations, against the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties in any action or proceeding of any nature;

(d)     each of the Janus Defendants and Janus Related Entities, the Bank of America Parties, the Bear Stearns Released Parties, the Canary Released Parties, the Round Hill Released Parties, and the Rydex Released Parties, as those terms are defined in the respective Stipulations, on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall be conclusively deemed to have fully, finally and forever released, remised, relinquished, dismissed, discontinued, withdrawn, and discharged all Released Claims, including those against the Releasing Plaintiffs Parties and/or their counsel, as described in the Stipulations; and

(e)      the Cross-Claim Releases, copies of which are attached hereto as **Exhibit 3**, shall become effective in accordance with their terms.

10.     Upon the Effective Date, to the maximum extent allowed by applicable state or federal law (including PSLRA), the Court bars, enjoins, restrains and discharges any and all claims for contribution, indemnification or the like, however styled (including any claim where the injury to the person asserting the claim is such person's actual or threatened liability to Plaintiffs, the Settlement Class or the Janus Mutual Funds), by any person or entity, whether arising under state, federal, local, statutory or common law, or any other law, rule or regulation, whether known or unknown, whether accrued or unaccrued, whether asserted or not asserted, based upon, arising out of, relating to, or in connection with, or concerning in any way, the Released Claims, as defined in the Stipulations, (a) against the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties; and (b) by the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties, against any person or entity other than any person or entity whose liability to the Settlement Class has been extinguished pursuant to the Stipulation and this Order and Final Judgment. All such claims for contribution will be barred to the full extent provided by the PSLRA, and all such claims for indemnification or the like will be barred to the maximum extent allowed by applicable state or federal law (including the PSLRA).

11.    Neither this Order and Final Judgment, the Stipulations, nor any of their respective terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein:

(a)    shall be offered or received against any of the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties as evidence for any purpose, shall or be construed as, or shall give rise to any presumption, concession, or admission by any of them with respect to the truth or falsity of any fact alleged by any of the Plaintiffs or the validity of any claim that was or could have been asserted against any of the released parties in the Actions in this Sub-Track or in any other litigation, or of any liability, negligence, fault, culpability, or other wrongdoing of any kind whatsoever by any of the Released Parties;

(b)    shall be offered or received against any of the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties as evidence of, or giving rise to, a presumption, concession or admission of any fault, misrepresentation, negligence, or omission with respect to any statement or written document approved or made by any or all of them, or against the Plaintiffs, any Settlement Class Members or the Fund Shareholders as evidence of any infirmity in the claims of Plaintiffs, Settlement Class Members or the Fund Shareholders;

(c)     shall be offered or received against any of the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties, or against the Plaintiffs, any Settlement Class Members or the Fund Shareholders, as evidence of, or giving rise to, a presumption, concession or admission with respect to any liability, negligence, fault, culpability, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties, in any civil, criminal, administrative action or proceeding, or any legal proceeding of any kind, in any forum, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties, may refer to the Stipulation and this Order and Final Judgment to effectuate the protection from liability granted them thereunder;

(d)     shall be construed against any of the Janus Released Parties, Canary Released Parties, Bank of America Released Parties, Bear Stearns Released Parties, Released Round Hill Parties, and Rydex Released Parties, or the Plaintiffs, any Settlement Class Members or the Fund Shareholders, as an admission, concession, or presumption that the Settlement Amounts under the

Stipulations or the Settlements represents an amount which could be or would have been recovered after trial; or

(e)      shall be construed against the Plaintiffs, any Settlement Class Members or the Fund Shareholders as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable against any Settling Defendants in the Actions in this Sub-Track would not have exceeded the Settlement Amounts.

12.      The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over (a) implementation and enforcement of the Settlements; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the proceeds of the Settlements; (c) disposition of the Settlement Amounts; (d) consideration and approval of the proposed Plan of Allocation; (e) hearing and determining Plaintiffs' Counsel's applications for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (f) enforcing and administering this Order and Final Judgment, including the injunction and bar orders contained herein; (g) enforcing and administering the Stipulations, including any releases executed in connection therewith; and (h) all other matters related or ancillary to the foregoing.

13.      The Court finds that throughout the course of the Actions, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

14.      Separate orders shall be entered regarding approval of the Plan of Allocation and of Plaintiffs' Counsel's applications for attorneys' fees and

reimbursement of litigation expenses as allowed by the Court.  The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation; and/or the applications of Plaintiffs' Counsel for awards of attorneys' fees and reimbursement of expenses.

15.    In the event that any of the Settlements do not become effective in accordance with the terms of the Stipulations, the Effective Date does not occur, or any Stipulation is voided in accordance with its terms, or in the event that the proceeds of any Settlement, or any portion thereof, is returned to any Settling Defendant (or any other person or entity responsible for funding the Settlement Amount), and such amount is not replaced, then this Order and Final Judgment shall be rendered null and void, and shall be vacated to the extent provided by the Stipulations and, in such event, to the extent provided in the Stipulations:

(a)    the Settlement Amounts and the Janus Cost Reduction Amount (less any and all amounts paid or payable, consistent with the limitations set forth in the Stipulations, towards Costs of Notice and Administration and less any and all accrued but as yet unpaid Taxes or escrow fees) shall be returned to the Settling Defendants in accordance with the terms of the Stipulations;

(b)    the Settlements shall be deemed null and void with respect to the Parties and shall have no further force and effect with respect to any of the Parties;

(c)    the Parties to the Stipulations shall be deemed to have reverted to their respective status in the Actions as of the date a day prior to the date of the execution of the Memoranda of Understanding and, except as otherwise expressly

13

provided, the Parties shall proceed as if the Memoranda or Understanding, the Master Agreements, and/or the Stipulations, and any related orders entered in connection with the contemplated settlement of the claims against the Settling Defendants in this Sub-Track, had not been executed or entered; and

(d)      neither the Master Agreements nor the Stipulations (including any of the exhibits thereto), nor any communications or negotiations with respect to the Master Agreements or the Stipulations, nor any of the other severed settlement agreements entered into in any of the other MDL sub-tracks, nor any Settlement Notices or forms of orders or judgments contemplated by the Stipulations, shall be used or referred to in this Sub-Track by any of the parties to the Actions in this Sub-Track.

16.      Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulations.

17.      There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED:**

Dated: Baltimore, Maryland

October 25, 2010

/s/   J. F. M.

J. FREDERICK MOTZ
United States District Judge

14