Case 1:04-md-15863-JFM Document 3514 Filed 10/22/10 Page 1 of 22

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE ALGER, COLUMBIA, JANUS, MFS, ONE GROUP, ALLIANZ DRESDNER AND PUTNAM | No. 04-MD-15863-05 |
| This Document Relates To: | (Hon. J. Frederick Motz) |
| The One Group Subtrack | |

**JUDGMENT APPROVING SETTLEMENTS AND DISMISSING ACTIONS
AGAINST THE SETTLING DEFENDANTS IN THE ONE GROUP SUBTRACK**

J. FREDERICK MOTZ, District Judge

On the 21st and 22nd days of October, 2010, a hearing having been held

before this Court to determine: (1) whether the Investor and ERISA class actions should

be certified, for settlement purposes, as class actions; (2) whether the terms and

conditions of the Stipulation and Agreement of Settlement with the Bank One

Defendants, dated June 3, 2009, and the Amendment to Stipulation and Agreement of

Settlement with the Bank One Defendants, dated February 5, 2010 (the "Bank One

Stipulation"), and the Severed Agreements and Stipulations of Settlement with,

respectively, Banc of America Securities LLC ("BAS"), the Bear Stearns Defendants,

and the Canary Defendants (collectively, the "Stipulations") are fair, reasonable and

adequate for the settlement of all claims asserted by the Plaintiffs against the Settling

Defendants in the One Group Subtrack in MDL 1586; and (3) whether the Court should

enter judgment providing for, among other things, dismissal of Plaintiffs' claims in the

One Group Subtrack in MDL 1586 against the Settling Defendants, on the merits and

with prejudice;

Case 1:04-md-15863-JFM   Document 3524   Filed 10/25/10   Page 2 of 22

And it appearing that, pursuant to the requirements of the Preliminary Approval Order, and the specifications of the Long Form Notice of the proposed Settlement and Hearing, a notice of the hearing substantially in the form approved by the Court was mailed to all Class Members except those persons and entities excluded from the definition of the Class, as shown by the records of Bank One or its transfer agents or as identified through the implementation of the IDC's Plan of Distribution, at the respective addresses set forth in such records, which specifically directed putative Class Members to obtain the Long Form Notice from the website maintained by the Settlement Fund Administrator at *www.onegroupnoticeanddistribution.com*, that the Long-Form Notice was mailed to persons who so requested, and that a publication notice of the hearing in the form approved by the Court was published as directed by the Court;

And the Court, having considered all matters submitted to it at the hearing, and all prior submissions by the parties to the Settlements and others, and otherwise having determined the fairness and reasonableness of the proposed Settlements;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      For purposes of this Judgment, except where defined herein, the Court adopts all defined terms as set forth in the Stipulations or the Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings in the One Group Subtrack (the "Preliminary Order").

2.      Jurisdiction: This Court has jurisdiction over the subject matter of in the One Group Subtrack in MDL 1586 and all matters relating thereto, and over the plaintiffs and the defendants, and to enter this Order and Final Judgment.

2

3.  Certification of Settlement Classes:  For settlement purposes only,

Investor Class Lead Plaintiff has proposed final certification of the following Investor

Class under Fed. R. Civ. P. 23(a) and (b)(3):

> all persons, entities, or legal beneficiaries of or participants
> in any entities who, during the period November 1, 1998 to
> September 3, 2003, inclusive (the "Class Period"),
> purchased or otherwise acquired and/or held shares in any
> of the IDC Funds and who are Fair Fund Recipients or
> Distribution Class Members as defined in the Bank One
> Stipulation.  Excluded from the Investor Class are:  (1) any
> and all defendants in the Actions (the "Defendants"),
> members of the families of the BOIA Directors and
> Officers and other Defendants, and the legal
> representatives, heirs, successors or assigns of any such
> excluded party; and (2) all Investor Class Members who
> timely exclude themselves from the Investor Class in
> accordance with this Hearing Order.

4.  The Court hereby finally FINDS and CONCLUDES that for the

purpose of these Settlements only the Investor Class set forth above satisfies all of the

requirements for certification under Rule 23(a) and Rule 23(b)(3).  The requirements of

Rule 23(a) – numerosity, commonality, typicality, and adequacy – are satisfied, and the

Investor Class also satisfies the requirements for certification under Rule 23(b)(3) as

questions of law or fact common to the Investor Class predominate over individualized

issues, and a class action is superior to other available methods for the fair and efficient

adjudication of the controversy.  Accordingly, the Court finally CERTIFIES the Investor

Class for purposes of these Settlements only, under Rules 23(a) and 23(b)(3).

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the

Court hereby finally certifies the Investor Class Lead Plaintiff, Linda B. Parker, as Class

Representative for the Investor Class and Investor Class Lead Counsel, Milberg LLP, as

Class Counsel for the Investor Class.

      6.    For settlement purposes only, the ERISA Plaintiffs have proposed

final certification of the following ERISA Class under Fed. R. Civ. P. 23(a) and 23(b)(1):

> all participants in or beneficiaries of the Bank One
> Corporation Savings and Investment Plan during the period
> November 1, 1998 to September 3, 2003, inclusive (the
> "Class Period") whose accounts included investments in
> the IDC Funds and who are Fair Fund Recipients or
> Distribution Class Members as defined in the Bank One
> Stipulation. Excluded from the ERISA Class are any and
> all defendants in the Actions (the "Defendants"), members
> of the families of the BOIA Directors and Officers and
> other Defendants, and the legal representatives, heirs,
> successors or assigns of any such excluded party.

      7.    The Court hereby finally FINDS and CONCLUDES that, for the

purpose of these Settlements only, the ERISA Class set forth above satisfies all of the

requirements for certification under Rules 23(a) and 23(b)(1). The requirements of Rule

23(a) – numerosity, commonality, typicality, and adequacy – are satisfied. The ERISA

Class also satisfies the requirements for certification under Rule 23(b)(1) because

adjudications with respect to individual ERISA Class Members would, as a practical

matter, be dispositive of the interests of other ERISA Class Members not parties to the

individual adjudications or would substantially impair their ability to protect their

interests. Accordingly, the Court finally CERTIFIES the ERISA Class for purposes of

these Settlements only, under Rules 23(a) and 23(b)(1).

      8.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the

Court hereby finally certifies Lenore Zarate as Class Representative for the ERISA Class

and Harwood Feffer LLP as Class Counsel for the ERISA Class.

9.      The Investor Class and the ERISA Class shall be known collectively as the "Classes."

10.      <u>Settlement Notices</u>:  The Court finds that the Settlement Notices were transmitted to all members of the Classes who could be identified with reasonable effort, and that the form and method of notifying the Classes of the pendency of the Investor Class Action and the ERISA Class Action as class actions, and the form and method of notice to current shareholders of the Fund Derivative Action, of the terms and conditions of the Settlements, and of procedures for requesting exclusion from the Investor Class or objecting to the Settlements, (a) met the requirements of (i) due process, (ii) Rules 23 and 23.1(c) of the Federal Rules of Civil Procedure, (iii) Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, (iv) any other applicable law, and (v) the Preliminary Order, (b) constituted the best notice practicable under the circumstances, and (c) constituted due and sufficient notice to all persons and entities entitled thereto.

11.      Bank One Defendants have caused to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Mail Notice and the posting of the Long-Form Notice to the settlement website, showing that such mailing and posting have been made in accordance with this Court's Preliminary Order..

12.      <u>Exclusions</u>:  It is hereby determined that all members of the Investor Class who did not elect to exclude themselves by written communication postmarked on or before September 21, 2010, as required in the Settlement Notices, are

5

bound by this Judgment.  No requests for exclusion from the Investor Class have been received.

13.     Approvals:  Pursuant to Rules 23(e) and 23.1 of the Federal Rules of Civil Procedure, this Court grants final approval to the Stipulations and the terms set forth therein.  The Court finds that each of the Stipulations and their terms are fair, reasonable, and adequate in all respects.  The Court specifically finds that the Settlements are rationally related to the strength of Plaintiffs' and Class Members' claims given the risk, expense, complexity, and duration of further litigation.  This Court also finds that the Settlements are the result of arms-length negotiations between experienced counsel representing the interests of the Plaintiffs and the Settling Defendants, after thorough factual and legal investigation.

14.     The Court further finds that the response of the Classes to the Settlements supports approval.  As of the opt-out and exclusion deadlines, no Investor Class Members had opted out and no objections, other than the purported objection by Theodore Bechtold, have been filed.

15.     All objections to the Settlements, to the extent not previously withdrawn, are overruled.

16.     The Court hereby finds, after reviewing the objection submitted by Theodore Bechtold in the Strong sub-track of the MDL Actions and the objections that Theodore Bechtold attempts to raise in this sub-track, that Theodore Bechtold does not purport to represent a class member in the One Group sub-track in MDL-1586 and therefore has no standing to object in the One Group sub-track in MDL-1586.

17.     The Court finds that the Complaints were filed on good faith bases in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.

18.     The Settlements are approved as fair, reasonable and adequate, and in the best interests of the Class Members and current shareholders of the successors to the One Group Mutual Funds.  The parties to the Settlements are directed to consummate the Settlements in accordance with the terms and provisions of the Stipulations.

19.     Dismissal and Releases in the settlement with the Bank One Defendants:[1]  Upon the Effective Date and by operation of this Judgment:

(a)     The Complaints are hereby dismissed without costs and with prejudice in full and final discharge of any and all claims and obligations which were or could have been asserted in the Action, as against the Bank One Defendants, except that Class Plaintiffs' claims relating to non-IDC Funds shall be dismissed without prejudice.

(b)     The Plaintiff Releasors[2] are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other

---

[1]  "Bank One Defendants" means Bank One Corporation ("Bank One"), Banc One Investment Advisors Corporation ("BOIA"), Bank One High Yield Partners, LLC ("BOHYP"), One Group Dealer Services Inc. ("OGDS"), One Group Services Company ("OGSC"), Bank One Trust Company ("BOTC") and the "BOIA Directors and Officers" – Mark A. Beeson, David J. Kundert, Peter W. Atwater, Richard R. Jandrain, Gary J. Madich, John Abunassar, Kenneth T. Stevens, David R. Meuse, William G. Jurgenson, William P. Boardman, Richard W. Vague and Richard R. Wade.

[2]  For purposes of the settlement with the Bank One Defendants, "Plaintiff Releasors" means (i) the Lead Plaintiff on behalf of herself and the other Class Releasees and (ii) the Derivative Plaintiffs on behalf of themselves and all other Derivative Plaintiff Releasees.

capacity, any Released Plaintiffs' Claims[3] against each and all of the Bank One

Defendant Releasees[4], and these Released Plaintiffs' Claims are hereby fully, finally and

---

[3]   For purposes of the settlement with the Bank One Defendants, "Released Plaintiffs' Claims"
means:

(i)        With respect to the Defendant Class Releasees, the release by Lead Plaintiff and
all Class Members of all claims of every nature and description, known and Unknown,
accrued and unaccrued, arising out of or relating to:  market timing, late trading, excessive
trading or short-term trading in the IDC Funds during the Class Period, including without
limitation all claims asserted or that could have been asserted by Lead Plaintiff or any
member of the Class in the Action against the Defendant Class Releasees, whether arising
under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party
claims, whether asserted in the Complaints, in this Court, in any federal or state court, or in
any other court, arbitration proceeding, administrative agency, or other forum in the United
States or elsewhere.

(ii)       With respect to the Defendant Derivative Releasees, the release by Derivative
Plaintiffs of all claims of every nature and description, known and Unknown, accrued and
unaccrued, arising out of or relating to:  market timing, late trading, excessive trading or
short-term trading in the One Group Mutual Funds during the Class Period, including without
limitation all claims asserted or that could have been asserted by Derivative Plaintiffs in the
Action against the Defendant Derivative Releasees, whether arising under state, federal or
foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in
the Complaints, in this Court, in any federal or state court, or in any other court, arbitration
proceeding, administrative agency, or other forum in the United States or elsewhere.

[4]   For purposes of the settlement with the Bank One Defendants, "Bank One Defendant
Releasees" means "Defendant Class Releasees" and "Defendant Derivative Releasees,"
which, respectively, shall each be further defined as follows:

(i)        Defendant Class Releasees shall be defined as:  (1) the Bank One Defendants; (2)
the "Other One Group Parties" identified in the Master Tolling Agreement, dated September
28, 2004, between Class Plaintiffs and Defendants; (3) the "Other One Group Parties"
identified in the Master Tolling Agreement, dated September 28, 2004, between Derivative
Plaintiffs and Defendants; (4) the One Group Mutual Funds; (5) the One Group Trustees; and
(6) JPMorgan Chase, JPMorgan Investment Advisors, JPMorgan Trust I and JPMorgan Trust
II; and each of their respective present and former parents, subsidiaries, divisions and
affiliates, the present and former employees, officers and directors of each of them, the
present and former attorneys, accountants, insurers, and agents of each of them, and the
predecessors, heirs, successors and assigns of each, and any person or entity which is or was
related to or affiliated with any of the foregoing or in which any of the foregoing persons and
entities has or had a controlling interest and the present and former employees, officers and
directors, attorneys, accountants, insurers, and agents of each of them.

(ii)       "Defendant Derivative Releasees" shall be defined as:  (1) the Bank One
Defendants; (2) the "Other One Group Parties" identified in the Master Tolling Agreement,
dated September 28, 2004, between Class Plaintiffs and Defendants; (3) the "Other One

8

Case 1:04-md-15863-JFM   Document 3514   Filed 10/25/10   Page 9 of 22

forever released, relinquished, discharged and dismissed with prejudice and on the merits,

without costs to any party. Nothing in this paragraph is intended to release any claims

against any Non-Settling Defendant.

(c)     The Bank One Defendant Releasors[5] are hereby

permanently barred and enjoined from instituting, commencing or prosecuting, either

directly or in any other capacity, any Released Defendants' Claims[6] against each and all

of the Plaintiff Releasees[7], and these Released Defendants' Claims are hereby fully,

---

Group Parties" identified in the Master Tolling Agreement, dated September 28, 2004, between Derivative Plaintiffs and Defendants; (4) the One Group Mutual Funds; (5) the One Group Trustees; and (6) JPMorgan Chase, JPMorgan Investment Advisors, JPMorgan Trust I and JPMorgan Trust II; and each of their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, and any person or entity which is or was related to or affiliated with any of the foregoing or in which any of the foregoing persons and entities has or had a controlling interest and the present and former employees, officers and directors, attorneys, accountants, insurers, and agents of each of them.

[5]   For purposes of the settlement with the Bank One Defendants, "Bank One Defendant Releasors" means each of the Bank One Defendants, on behalf of themselves and the other Bank One Defendant Releasees (to the extent that the Bank One Defendants or any of them are authorized to bind or act for such Defendant Releasees). "Bank One Defendant Releasor" also means and includes any Bank One Defendant Releasees who are not Bank One Defendants (and who are not bound by the authority or acts of any of the Bank One Defendants) but who avail themselves of the releases provided by the Settlement.

[6]   For purposes of the settlement with the Bank One Defendants, "Released Defendants' Claims" means:
(i)     With respect to Lead Plaintiff and all other Class Members, the release by Defendant Class Releasees of the Class Releasees from any claims of every nature and description, known and Unknown, accrued and unaccrued, arising out of or relating to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).
(ii)     With respect to the Derivative Plaintiffs, the release by Defendant Derivative Releasees of the Derivative Plaintiffs from any claims of every nature and description, known and Unknown, accrued and unaccrued, arising out of or relating to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

[7]   For purposes of the settlement with the Bank One Defendants, "Plaintiff Releasees" means "Class Releasees" and "Derivative Plaintiff Releasees," which, respectively, shall each be

Case 1:04-md-15863-JFM   Document 3524   Filed 10/25/10   Page 10 of 22

finally and forever released, relinquished, discharged and dismissed with prejudice and on the merits, without costs to any party.

(d)     Notwithstanding the provisions of ¶ 18(a), (b) and (c) of this Judgment, in the event that any of the Bank One Defendant Releasees asserts against a Plaintiff Releasor any claim that is a Released Defendants' Claim, then the Plaintiff Releasor shall be entitled to use and assert Released Plaintiffs' Claims against such Bank One Defendant Releasee solely in defense of such claim but not for the purposes of asserting any claim affirmatively against any other Bank One Defendant Releasee.  In the event that any Plaintiff Releasee asserts against a Bank One Defendant Releasor any claim that is a Released Plaintiffs' Claim, then the Bank One Defendant Releasor shall be entitled to use and assert Released Defendants' Claims against such Plaintiff Releasee solely in defense of such claim but not for the purposes of asserting any claim affirmatively against any other Plaintiff Releasee.

20.     Dismissal and Releases in the settlement with BAS:  Upon the Effective Date and by operation of this Judgment:

---

further defined as follows:

(i)     Class Releasees shall be defined as:  the Lead Plaintiff and all other Class Members, ERISA Plaintiffs, their respective present and former parents, subsidiaries, divisions and affiliates, the present and former employees, officers and directors of each of them, the present and former attorneys, accountants, insurers, and agents of each of them, and the predecessors, heirs, successors and assigns of each, and any person or entity in which any of the foregoing has or had a controlling interest or with which it is or was related or affiliated.

(ii)     "Derivative Plaintiff Releasees" shall be defined as:  the Derivative Plaintiffs, the present and former attorneys and agents of each, and the predecessors, heirs, successors and assigns of each, and any person or entity in which any of the foregoing has or had a controlling interest.

(a)     all Released Claims[8] brought by or on behalf of any of the

Releasing Plaintiffs Parties[9] and their respective heirs, executors, administrators,

successors and assigns against the Bank of America Released Parties[10] in any case or

complaint transferred to or filed in MDL-1586, including, without limitation, the Actions,

including specifically, without limitation, the Fourth, Fifth, Twelfth and Thirteenth

Claims for Relief asserted in the Class Complaint, as against any and all of the Bank of

America Released Parties, are to be dismissed with prejudice.  Upon the Effective Date,

all claims or causes of action asserted in the Class Complaint against the Bank of

---

[8]   For purposes of the settlement with BAS, "Released Claims" means any and all claims,
rights, causes of action or liabilities whatsoever against the Bank of America Released
Parties, whether direct, derivative or brought in any other capacity, whether under federal,
state, local, statutory or common law, whether known or unknown (including "Unknown
Claims"), whether suspected or unsuspected, whether accrued or unaccrued, concerning in
any respect, directly or indirectly, market-timing, late-trading, or short-term or excessive
trading in any of the One Group Funds during the Class Period, including any claims that the
Bank of America Released Parties allowed, assisted, cleared, brokered, financed, provided
the means for, subjected investors to or otherwise facilitated market-timing, late-trading, or
short-term or excessive trading and including, without limitation, all claims that were alleged
in the Class Complaint and the Fund Derivative Complaint and all claims that could have
been brought against the Bank of America Released Parties that concern, relate to or arise out
of, in any respect, directly or indirectly, market-timing, late-trading, or short-term or
excessive trading in any of the One Group Funds during the Class Period.

[9]   For purposes of the settlement with BAS, "Releasing Plaintiffs Parties" means Plaintiffs and
all Class Members.

[10]   For purposes of the settlement with BAS, "Bank of America Released Parties" means the
Bank of America Parties [BAS, Bank of America Corporation, and Bank of America, N.A.]
and all of their respective Related Parties ["Related Parties" means (a) with respect to natural
persons, their past or present agents, servants, attorneys, accountants, insurers, co-insurers
and re-insurers, executors and administrators; (b) with respect to legal entities other than
natural persons, their past and present parents, subsidiaries, general partners, limited partners,
officers, directors, trustees, members, employees, agents, servants, attorneys, accountants,
insurers, co-insurers and re-insurers; and (c) the predecessors, successors, heirs and assigns of
the foregoing].

11

America Released Parties on behalf of shareholders that are not Class Members are to be dismissed.

          (b)      all Releasing Plaintiffs Parties, on behalf of themselves, their heirs, executors, administrators, successors and assigns:  (i) shall be conclusively deemed to have fully, finally and forever released, relinquished, and discharged all Released Claims against the Bank of America Released Parties; (ii) shall be conclusively deemed to have covenanted not to sue the Bank of America Released Parties in any action alleging any claim that is a Released Claim; (iii) shall be conclusively deemed to have covenanted not to knowingly and voluntarily assist in any way any third party in commencing or prosecuting any suit against the Bank of America Released Parties relating to any Released Claim, including any derivative suit, and (iv)  shall forever be enjoined and barred from asserting the Released Claims against any Bank of America Released Party in any action or proceeding of any nature.

          (c)      each of the Bank of America Parties, on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall be conclusively deemed to have fully, finally and forever released, relinquished, and discharged all Released Parties' Claims[11], and shall forever be enjoined from prosecuting

---

[11]    For purposes of the settlement with the Bank of America Defendants, "Released Parties' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether under federal, state, local, statutory or common law, whether known or unknown (including "Unknown Claims"), whether suspected or unsuspected, whether accrued or unaccrued, that have been or could have been asserted in the Actions or any other forum by the Bank of America Released Parties or any of them or the successors and assigns of any of them against any of the Plaintiffs, Class Members, Fund Shareholders or their respective attorneys that concern, arise out of or relate in any respect to the institution, prosecution, or settlement of any of the Actions in this Sub-Track (except for claims to enforce the Severed Settlement).

any or all of the Released Parties' Claims, against the Releasing Plaintiffs Parties and
their respective counsel.

      21.   Dismissal and Releases in the settlement with the Bear Stearns
Defendants:[12] Upon the Effective Date and by operation of this Judgment:

      (a)   all claims brought by or on behalf of Class Plaintiff and all
other Class Members against any or all of the Bear Stearns Released Parties[13] in the Class
Action (including, without limitation, the Fourth, Fifth, Twelfth, and Thirteenth Claims
for Relief asserted in the Class Complaint), and any and all claims brought by or on
behalf of Class Plaintiff or any other Class Member(s) against any or all of the Bear
Stearns Released Parties in any other action that concern in any respect, directly or
indirectly, market-timing, late-trading, or short-term or excessive trading in any of the
One Group Mutual Funds during all or any part of the Class Period, shall be dismissed
with prejudice, subject to the jurisdiction of the Court. Upon the Effective Date, all
claims or causes of action asserted in the Class Complaint (including, without limitation,
the Fourth, Fifth, Twelfth and Thirteenth Claims for Relief asserted in the Class

---

[12] "Bear Stearns Defendants" means Bear, Stearns & Co. Inc., Bear, Stearns Securities Corp.,
and The Bear Stearns Companies Inc., currently known as J.P. Morgan Securities Inc., J.P.
Morgan Clearing Corp. and The Bear Stearns Companies LLC, respectively.

[13] For purposes of the settlement with the Bear Stearns Defendants, "Bear Stearns Released
Parties" means the Bear Stearns Defendants and all of their respective Related Parties
["Related Parties" means (a) with respect to natural persons, all of their past or present
agents, servants, attorneys, accountants, insurers, co-insurers and re-insurers, executors and
administrators; (b) with respect to legal entities other than natural persons, all of their past
and present parents, employees, subsidiaries, affiliates, general partners, limited partners,
officers, directors, trustees, members, employees, agents, servants, attorneys, accountants,
insurers, co-insurers and re-insurers, in any and all capacities; and (c) all of the predecessors,
successors, heirs and assigns of the foregoing].

Complaint) against any or all of the Bear Stearns Released Parties on behalf of shareholders that are not Class Members shall be dismissed.

    (b)  all Releasing Plaintiffs Parties[14]: (i) shall be conclusively deemed to have fully, finally and forever remised, released, relinquished, dismissed, discontinued, withdrawn, and discharged all Released Claims[15] against any and all of the Bear Stearns Released Parties; (ii) shall be conclusively deemed to have covenanted not to sue or assert in any manner any claim, right, cause of action, count, or liability against any of the Bear Stearns Released Parties in any action alleging any claim, right, cause of action, count, or liability that is a Released Claim; (iii) shall be conclusively deemed to have covenanted not to assist, engage in, participate in, facilitate, provide information for, or be involved in any way in the commencement, prosecution, continuance, or pursuit by any third party of any legal, administrative, investigative, or any other action or proceeding of any nature or in asserting any claim, count, right, cause of action, or

---

[14] For purposes of the settlement with the Bear Stearns Defendants, "Releasing Plaintiffs Parties" means Class Plaintiff and all other Class Members, in any and all capacities, and their heirs, executors, administrators, successors and assigns.

[15] For purposes of the settlement with the Bear Stearns Defendants, "Released Claims" means any and all claims, rights, causes of action, counts, or liabilities against any or all of the Bear Stearns Released Parties, whether direct, derivative or brought in any other capacity, whether under federal or state law, whether known or unknown (including "Unknown Claims" as defined below), whether suspected or unsuspected, whether accrued or unaccrued, whether asserted or unasserted, concerning in any respect, directly or indirectly, market-timing, late-trading, or short-term or excessive trading in any of the One Group Mutual Funds during all or any part of the Class Period, including any claims that any or all of the Bear Stearns Released Parties allowed, assisted, cleared, brokered, financed, caused, acquiesced in, participated or engaged in, provided the means for, subjected investors to or otherwise facilitated or were responsible for market-timing, late-trading, or short-term or excessive trading and including, without limitation, all of the claims and causes of action that were brought and all of such claims and causes of action that could have been brought against any or all of the Bear Stearns Released Parties in the Class Action or the Fund Derivative Action, or in any other legal proceeding or forum.

liability against any of the Bear Stearns Released Parties relating to any Released Claim, including, without limitation, any derivative action or suit, and (iv) shall forever be enjoined and barred from asserting, or assisting, participating in, providing information for, engaging in, facilitating the assertion of, or being involved in any way in the assertion of, any of the Released Claims against any Bear Stearns Released Party in any legal, administrative, investigative, or any other action or proceeding of any nature.

(c)     each of the Bear Stearns Defendants, on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall be conclusively deemed to have fully, finally and forever remised, released, relinquished, and discharged all Released Parties' Claims[16], and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against the Releasing Plaintiffs Parties and their respective counsel.

22.     Dismissal and Releases in the settlement with the Canary Defendants:[17] Upon the Effective Date and by operation of this Judgment:

---

[16]     For purposes of the settlement with the Bear Stearns Defendants, "Released Parties' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether under federal, state, local, statutory or common law, whether known or unknown (including "Unknown Claims"), whether suspected or unsuspected, whether accrued or unaccrued, whether asserted or unasserted, that have been or could have been asserted in the Class Action or any other legal proceeding or forum by the Bear Stearns Released Parties or any of them or the successors and assigns of any of them against Class Plaintiff or any other Class Members or their respective attorneys that concern, arise out of or relate in any respect to the institution, prosecution, or settlement of the Class Action (except for claims to enforce the Severed Settlement).

[17]     "Canary Defendants" means Canary Capital Partners, LLC; Canary Capital Partners, Ltd.; Canary Investment Management, LLC; and Edward Stern.

(a)     all Released Claims[18] brought by or on behalf of any and/or

all of the Releasing Plaintiffs Parties[19] and their respective heirs, executors,

administrators, successors and assigns against the Canary Released Parties[20] in any case

or complaint transferred to or filed in MDL-1586, including, without limitation, the

Actions, including specifically, without limitation, the Fourth, Fifth, and Thirteenth

Claims for Relief asserted in the Class Complaint, as against any and all of the Canary

Released Parties, are to be dismissed with prejudice.

(b)     all Releasing Plaintiffs Parties, on behalf of themselves,

their heirs, executors, administrators, successors and assigns:  (i) shall be conclusively

deemed to have fully, finally and forever released, relinquished, and discharged all

---

[18]   For purposes of the settlement with the Canary Defendants, "Released Claims" means any and all claims against the Canary Released Parties, whether direct, derivative or brought in any other capacity, whether under federal or state law, whether known or unknown (including "Unknown Claims"), whether suspected or unsuspected, whether accrued or unaccrued, concerning in any respect, directly or indirectly, market-timing, late-trading, or short-term or excessive trading in any of the One Group Mutual Funds during the Class Period, including any claims that the Canary Released Parties allowed, assisted, cleared, brokered, financed, provided the means for, subjected investors to or otherwise facilitated market-timing, late-trading, or short-term or excessive trading and including, without limitation, all claims that were alleged in the Class Complaint and the Fund Derivative Complaint and all claims that could have been brought against the Canary Released Parties concerning in any respect, directly or indirectly, market-timing, late-trading, or short-term or excessive trading in any of the One Group Mutual Funds during the Class Period.

[19]   For purposes of the settlement with the Canary Defendants, "Releasing Plaintiffs Parties" means Plaintiffs and all Class Members.

[20]   For purposes of the settlement with the Canary Defendants, "Canary Released Parties" means the Canary Defendants and their respective Related Parties ["Related Parties" means (a) with respect to natural persons, their past or present agents, servants, attorneys, accountants, insurers, co-insurers and re-insurers, executors and administrators; (b) with respect to legal entities other than natural persons, their past and present, parents, employees, subsidiaries, general partners, limited partners, officers, directors, trustees, members, employees, agents, servants, attorneys, accountants, insurers, co-insurers and re-insurers; and (c) the predecessors, successors, heirs and assigns of the foregoing].

16

Released Claims against the Canary Released Parties; (ii) shall be conclusively deemed to have covenanted not to sue the Canary Released Parties in any action alleging any claim that is a Released Claim; (iii) shall be conclusively deemed to have covenanted not to knowingly and voluntarily assist in any way any third party in commencing or prosecuting any suit against the Canary Released Parties relating to any Released Claim, including any derivative suit, and (iv) shall forever be enjoined and barred from asserting the Released Claims against any Canary Released Party in any action or proceeding of any nature.

        (c)      each of the Canary Defendants, on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall release each and every of the Released Parties' Claims[21], and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against the Releasing Plaintiffs Parties and their respective counsel.

        23.      Notwithstanding the provisions of ¶¶ 19(a), (b) and (c), 20(a), (b) and (c), or 21(a), (b) and (c) of this Judgment, in the event that any of the Bank of America Released Parties, Bear Stearns Released Parties, or Canary Released Parties asserts against a Releasing Plaintiff Party any claim that is a Released Parties' Claim,

---

[21]    For purposes of the settlement with the Canary Defendants, "Released Parties' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether known or unknown (including "Unknown Claims"), that have been or could have been asserted in the Actions or any other forum by the Canary Released Parties or any of them or the successors and assigns of any of them against Plaintiffs or any Class Members or their respective attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of any of the Actions in this Sub-Track (except for claims to enforce the Severed Settlement).

17

Case 1:04-md-15863-JFM   Document 3524   Filed 10/25/10   Page 18 of 22

then the Releasing Plaintiff Party shall be entitled to use and assert Released Claims against such Released Party solely in defense against such claim but not for the purposes of asserting any claim affirmatively against any other Released Party.  In the event that any of Releasing Plaintiffs Parties or their respective counsel asserts against a Bank of America Released Party, Bear Stearns Released Party, and/or Canary Released Party any claim that is a Released Claim, then that Bank of America Released Party, Bear Stearns Released Party, and/or Canary Released Party shall be entitled to use and assert Released Parties' Claims against such Releasing Plaintiffs Parties or their respective counsel solely in defense against such claim but not for the purposes of asserting any claim affirmatively against any other Releasing Plaintiffs Parties or their respective counsel.

24.     The releases of claims set forth in this Judgment do not release any claims of Plaintiffs or the Classes against the Non-Settling Defendants.

25.     Cross-Claim Releases:  Upon the Effective Date and by operation of this Judgment, the Cross-Claim Releases attached hereto as Exhibit 2 shall become effective.

26.     The Court finds the releases set forth in this Judgment to be fair, reasonable, and enforceable under applicable law.

27.     No Admissions by Settling Parties:  Neither the Stipulations, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein shall be:

(a)     Offered or received in evidence against any of the Released Parties for any purpose, construed as, or give rise to any presumption, concession, or admission by any of the Released Parties with respect to the truth or falsity of any

allegation or any claim that has been, could have been or in the future might be asserted

in the Complaints, or otherwise against the Released Parties, or of any purported liability,

fault, wrongdoing or otherwise of the Released Parties; or

        (b)     Offered or received in evidence as proof of a presumption,

concession or an admission of any purported liability, wrongdoing, or fault, by any of the

Released Parties, or any misrepresentation or omission in any statement, document,

report or financial statement heretofore or hereafter issued, filed, approved or made by

any of the Released Parties or otherwise referred to for any other reason, other than for

the purpose of construing, terminating or enforcing the Stipulations; or

        (c)     Construed as a concession or an admission that Class

Plaintiffs or the Class Members or the Derivative Plaintiffs have suffered any damage; or

        (d)     Construed as or received in evidence as an admission,

concession or presumption against Class Plaintiffs or the Class Members or the

Derivative Plaintiffs, or any of them, that any of their claims are without merit or that

damages recoverable under the Complaints would not have exceeded the Settlement

Funds.

        28.     Contribution and Indemnification:  All persons are hereby

permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting,

or asserting any claim for indemnity or contribution, or any other claim where the injury

to the person asserting the claim is such person's actual or threatened liability to the

Plaintiffs, the Class or the successors to the One Group Mutual Funds, against the Bank

One Defendant Releasees, Bank of America Released Parties, Bear Stearns Released

Parties, or Canary Released Parties arising out of, related to, or in connection with the

19

claims or allegations asserted by Plaintiffs in the Actions, whether arising under state,

federal or foreign law as claims, cross-claims, counterclaims, or third-party claims,

whether asserted in the Actions in this Court, in any other federal or any state court, or in

any other court, arbitration proceeding, administrative agency, or other legal proceeding

in the United States or elsewhere.  To the extent permitted under applicable law, all such

persons shall receive a judgment credit; the amount of the credit shall equal the maximum

amount permitted under applicable law..

         29.     To the maximum extent allowed by applicable state or federal law

(including the PSLRA), any and all claims for contribution, and all claims for

indemnification or the like, however styled, by any person or entity, whether arising

under state, federal, local, statutory or common law, or any other law, rule or regulation,

based upon, arising out of, relating to, or in connection with the Released Plaintiffs'

Claims and Released Claims in the Settlements, are hereby barred, enjoined, and

restrained (the "Bar Order").  The Bar Order will bar all such claims for contribution to

the full extent provided by the PSLRA, and all such claims for indemnification or the like

to the maximum extent allowed by applicable state or federal law (including the PSLRA):

(a) against the Bank One Defendant Releasees, Bank of America Released Parties, Bear

Stearns Released Parties, or Canary Released Parties; and (b) by the Bank One Defendant

Releasees, Bank of America Released Parties, Bear Stearns Released Parties, or Canary

Released Parties against any person or entity other than any person or entity whose

liability to the Classes has been extinguished pursuant to the Settlements and this

Judgment; provided, however, that nothing in this paragraph shall apply to claims that

may be asserted by or against the Bank One Defendant Releasees, the Bank of America

Released Parties, Bear Stearns Released Parties, or Canary Released Parties in cases of persons who timely opted out of the Class.

        30.    <u>Retention of Jurisdiction</u>:  This Court retains exclusive jurisdiction over the Parties and the Class Members for all matters relating to the Actions, including the administration, interpretation, effectuation and enforcement of the Stipulations and this Judgment.

        31.    <u>Finality</u>:  The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation; and/or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.  If an appeal from this Judgment is taken in respect of one or more, but not all of the Settlements, the Court will entertain a request for a Rule 54(b) judgment in respect of Settlements from which no appeal is taken.

        32.    <u>Effect of Reversal on Appeal</u>:  If an order reversing, vacating, or modifying in any substantial manner this Judgment triggers rights of termination under the Stipulations, and such rights are exercised, this Judgment (including without limitation the provisions concerning class certification) and the Preliminary Order shall thereupon be vacated to the extent necessary to give effect to such termination, and Plaintiffs will thereupon be obligated to return all settlement payments made in respect of each terminated settlement, with accrued interest, less amounts authorized under the Settlements to be paid from the settlement funds for notice and administration.  This Judgment will remain in effect in respect of Settlements that are not terminated.

33.    There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED:**

Dated:  Baltimore, Maryland
      _October 25_, 2010

                                            J. FREDERICK MOTZ
                                            United States District Judge