IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION ) ) ) This Document Relates To: ) *MFS Sub-Track*, ) 04-md-15863-04 ) ) | MDL 1586 Case No. 04-MD-15863-04 (Hon. J. Frederick Motz) |

[~~PROPOSED~~] ORDER AND FINAL JUDGMENT
WITH RESPECT TO WILSHIRE ASSOCIATES

J. FREDERICK MOTZ, District Judge

This matter came for a hearing on October 21, 2010 before this Court (the "Final Settlement Hearing") to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement with Wilshire Associates, dated and executed as of January 15, 2010 (the "Stipulation"), are fair, reasonable and adequate for the settlement of all claims asserted by Investor Class Lead Plaintiff ("Lead Plaintiff") against Wilshire Associates Incorporated ("Wilshire Associates") in the MFS sub-track in MDL-1586, and should be approved; (2) whether judgment should be entered dismissing, among other things, Lead Plaintiff's claims against Wilshire Associates on the merits and with prejudice; and (3) whether the Released Claims should be released in favor of the Released Parties, including as against all persons or entities who are members of the Investor Class. This Order and Final Judgment incorporates by reference the definitions in this Court's May 19, 2010 Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings in the MFS Sub-Track (the "Preliminary Approval Order"), and all terms used herein shall have the same meanings as set forth in the Preliminary

Approval Order. Any capitalized terms herein that are not defined in the Preliminary Approval Order shall have the same meanings as set forth in the Stipulation.

And it appearing that, pursuant to the specifications of the Court in the Preliminary Approval Order, the Long-Form Notice of the proposed Settlement and hearing, substantially in the form approved by the Court, was posted on the settlement website, www.mutualfundssettlements.com/mfs, and was made available for mailing to Investor Class Members upon request; that the Notice was mailed to all Investor Class Members that were reasonably identifiable as shown by the records of the MFS Defendants or their transfer agents, at the respective addresses set forth in such records; that the Proof of Claim form was posted on the Settlement website, www.mutualfundssettlements.com/mfs, was made available for mailing to Investor Class Members upon request, and was mailed to all Investor Class Members who so requested; and that the Publication Notice, substantially in the form approved by the Court, was published in accordance with the Preliminary Approval Order;

And the Court, having considered all matters submitted to it at the Final Settlement Hearing, along with all prior submissions by the parties and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Class Action and all matters relating thereto, and over all parties to the Class Action.

2. The Court hereby affirms its findings in its Preliminary Approval Order, that for purposes of settlement only, the prerequisites for a class action under Federal

2

Rules of Civil Procedure 23(a) and (b)(3) have been satisfied with respect to the Investor Class in that: (a) the number of Investor Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Investor Class; (c) the claims of the Investor Class Lead Plaintiff are typical of the claims of the class it seeks to represent; (d) Investor Class Lead Plaintiff and Investor Class Lead Counsel have and will fairly and adequately represent the interests of the Investor Class; (e) the questions of law and fact common to the members of the Investor Class predominate over any questions affecting only individual members of the Investor Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Court further affirms its determinations in the Preliminary Approval Order and hereby finally certifies, for purposes of settlement only, an Investor Class consisting of every natural person or any legal entity (including, without limitation, individuals, corporations, employee pension or other benefit or ERISA plans, and trusts) ("Person") who, during the period between and including July 31, 1999 and December 8, 2003 (the "Class Period"), purchased, owned or held shares in any of the MFS Funds set forth on Exhibit 1 hereto. Excluded from the Investor Class are: (i) any and all defendants in the Actions (the "Defendants"); (ii) members of the immediate families (*i.e.*, parents, current or former spouses, siblings, and children), officers, directors, parents, subsidiaries, affiliates, legal representatives, heirs, predecessors, successors and assigns of any of the foregoing excluded parties and any entity in which any of the foregoing excluded parties has, or had during the Class Period, a controlling interest. No Person shall be excluded from the Investor Class solely by virtue of being the beneficial

Case 1:04-md-15863-JFM   Document 3511-8   Filed 10/22/10   Page 4 of 54

owner of any shares of any of the MFS Funds held by or credited to an account of any entity excluded above (*i.e.*, solely by virtue of having held their shares through a brokerage firm that is an excluded party). Also excluded from the Investor Class are the Persons who timely and validly requested exclusion from the Investor Class and the Persons who timely and validly requested exclusion from the ERISA Class, as listed on Exhibit 2 annexed hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of settlement only, this Court affirms its findings in the Preliminary Approval Order and hereby finally certifies Investor Class Lead Plaintiff, the City of Chicago Deferred Compensation Plan, as Class Representative, and finally certifies the law firm of Bernstein Litowitz Berger & Grossmann LLP as Investor Class Lead Counsel.

5. The Court hereby finds that notice of the pendency of this action as a class action and of the proposed Settlement was given to all members of the Investor Class who could be identified with reasonable effort. The form and method of notifying the Investor Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are members of the Investor Class, advising them

of the Settlement, the Plan of Allocation, and Plaintiffs' Counsel's intent to apply for attorneys' fees and reimbursement of litigation expenses associated with the Actions, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are members of the Investor Class to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Investor Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Settlement Notices and the Preliminary Approval Order are bound by this Order and Final Judgment.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to members of the Investor Class. The Court has reviewed all objections filed with the Court and overrules all such objections. The Court hereby finds, after reviewing the objections submitted by Theodore Bechtold in the Strong Sub-track of MDL-1586 and the objections that Theodore Bechtold attempts to raise in this Sub-Track, that Theodore Bechtold has no standing to object in the MFS Sub-Track. This Court further finds that the Settlement set forth in the Stipulation is the result of extensive arm's-length negotiations between experienced counsel representing the interests of the respective parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. Upon the Effective Date:

5

(a) all claims brought by Lead Plaintiff (on behalf of itself and all other Investor Class Members) against Wilshire Associates in the Class Action are to be dismissed with prejudice;

(b) Lead Plaintiff and all other Investor Class Members, on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall be deemed to have released and forever discharged the Released Claims, and shall forever be enjoined from prosecuting the Released Claims, against the Released Parties;

(c) the Released Parties, on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall be deemed to have released and forever discharged the Released Parties' Claims, and shall forever be enjoined from prosecuting the Released Parties' Claims, against the Plaintiff Released Parties; and

(d) the Cross-Claim Releases attached hereto as Exhibit 3 shall become effective.

9. Upon the Effective Date, to the full extent provided by the PSLRA, the Court bars and discharges the Released Parties from any and all claims for contribution by any person or entity, whether arising under state, federal, local, statutory or common law, foreign law, or any other law, rule or regulation, based upon, arising out of, relating to, or in connection with the Released Claims. To the full extent provided by the PSLRA, this bar order will bar all claims for contribution (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or

6

entity whose liability to the Investor Class has been extinguished pursuant to the Stipulation and this Order and Final Judgment.

10. Neither this Order and Final Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein:

(a) shall be offered or received against Wilshire Associates as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Wilshire Associates with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted against Wilshire Associates in the Class Action in this Sub-Track or in any other venue, litigation or proceeding, or of any liability, negligence, fault, or other wrongdoing of any kind of Wilshire Associates;

(b) shall be offered or received against Wilshire Associates as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Wilshire Associates, or against Lead Plaintiff or any other Investor Class Member as evidence of any infirmity in the claims of Lead Plaintiff or any other Investor Class Member;

(c) shall be offered or received against Wilshire Associates, or against Lead Plaintiff or any other Investor Class Member, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Wilshire Associates, in any other civil, criminal, regulatory or administrative

7

action or proceeding, in any forum, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Wilshire Associates may refer to the Stipulation and this Order and Final Judgment to effectuate the protection from liability granted it thereunder;

(d) shall be construed against Wilshire Associates, or Lead Plaintiff or any other Investor Class Member, as an admission, concession, or presumption that the consideration to be given under the Stipulation or the Settlement represents the amount which could be or would have been recovered after trial; or

(e) shall be construed against Lead Plaintiff or any other Investor Class Member as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable against Wilshire Associates in the Class Action in this Sub-Track would not have exceeded the Settlement Amount.

11. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any claim of a member of the Investor Class on equitable grounds and any award or distribution of the Settlement Sum; (c) disposition of the Settlement Sum; (d) consideration and approval of the proposed Plan of Allocation; (e) hearing and determining Plaintiffs' Counsel's applications for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (f) enforcing and administering this Order and Final Judgment; (g) enforcing and administering the Stipulation including any releases

8

executed in connection therewith; and (h) other matters related or ancillary to the foregoing.

12. The Court finds that throughout the course of the Actions, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

13. Separate orders shall be entered regarding approval of the Plan of Allocation and of Plaintiffs' Counsel's applications for attorneys' fees and reimbursement of litigation expenses as allowed by the Court. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation; and/or the applications of Plaintiffs' Counsel for awards of attorneys' fees and reimbursement of expenses.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Sum, or any portion thereof, is returned to Wilshire Associates (or any other person or entity responsible for funding the Settlement Amount), and such amount is not replaced by others, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event:

> (a) the Settlement Sum, less all Costs of Notice and Administration actually incurred and paid or payable from the Settlement Sum in accordance with the terms of this Stipulation, shall be returned to Wilshire Associates in accordance with the terms of the Stipulation;

(b) the Settlement shall be deemed null and void with respect to Lead Plaintiff and Wilshire Associates, and shall have no further force and effect with respect to Lead Plaintiff and Wilshire Associates;

(c) Lead Plaintiff and Wilshire Associates shall revert to their respective positions in the Class Action immediately prior to January 15, 2009 (*i.e.*, the date of execution of the MOU) and, except as otherwise expressly provided, Lead Plaintiff and Wilshire Associates shall proceed as if the Stipulation, and any related orders entered in connection with the contemplated settlement of the claims against Released Parties in this Sub-Track, had not been executed or entered; and

(d) the Stipulation (including any of the attachments thereto), the Settlement Notices and forms of orders and judgment contemplated by the Stipulation, and any communications or negotiations with respect to the Stipulation, shall not be used, entered into evidence or referred to in this Sub-Track by Lead Plaintiff and Wilshire Associates.

15. Without further Order of the Court, Lead Plaintiff and Wilshire Associates may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED:**

Dated: Baltimore, Maryland
        October 25, 2010

　　　　　　　　　　　　　　　　／s／ J. Frederick Motz
　　　　　　　　　　　　　　　　J. FREDERICK MOTZ
　　　　　　　　　　　　　　　　United States District Judge