UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| This Document Relates To: The Putnam Subtrack | Civil Action No. 04-MD-15863 Honorable J. Frederick Motz |
| *Zuber, et al. v. Putnam Investment Management LLC, et al.* | Civil Action No. 04-cv-00564 |

**THE PUTNAM DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO THE DERIVATIVE PLAINTIFFS' MOTION FOR A STAY
OF PROCEEDINGS PENDING DECISION OF APPEAL IN THE JANUS SUBTRACK**

James R. Carroll
Peter Simshauser
Eben Colby
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts  02108
Tel:  (617) 573-4800
Fax:  (617) 573-4822

Counsel for Putnam Investment Management, LLC, Putnam Retail Management, LP, Putnam Retail Management GP, Inc., and Putnam Fiduciary Trust Co.

Dated: February 7, 2011

Defendants Putnam Investment Management, LLC ("Putnam"), Putnam Retail Management, LP, Putnam Retail Management GP, Inc., and Putnam Fiduciary Trust Co. (collectively, the "Putnam Defendants"), respectfully submit this memorandum in opposition to Derivative Plaintiffs' motion for a stay of proceedings pending decision of appeal in the Janus subtrack.

## I. THE BLANKET STAY REQUESTED BY PLAINTIFFS WOULD BE BOTH INEFFICIENT AND UNREASONABLE

The Derivative Plaintiffs' motion to enter a blanket stay in this action until the Fourth Circuit rules in *Janus v. Steinberg* is a further attempt to delay substantive activity in a case that is seven years old and has not advanced past the pleadings stage. In the interest of facilitating the efficient resolution of the case at the earliest date -- which effectively will conclude all activity in the Putnam subtrack -- the motion should be denied.

### A. The Derivative Plaintiffs Have Done Next To Nothing To Advance Their Case, And Should Be Required To State Their Intentions

The Court, both at the October 21, 2010 class settlement approval hearing and subsequently, has expressed its desire to efficiently conclude the few remaining matters in this MDL. In the Putnam subtrack, the derivative Section 36(b) cases, of which this is the lead action, are the only significant matters remaining open.[1] At the October hearing, counsel for the Derivative Plaintiffs -- who rejected the opportunity to participate in the settlement discussions that resolved the investor class actions, despite numerous invitations from all sides and the Fourth Circuit Mediator -- was unprepared to respond to the Court's question about his intentions for prosecuting this case. He accepted the Court's

---

[1]   In the near future, following coordination with Plaintiffs' Liaison Counsel John Isbister and other plaintiffs' counsel in the Putnam subtrack, the parties anticipate informing the Court that all of the remaining open matters in the Putnam subtrack may be closed, with the exception of (a) the derivative cases, and (b) one investor action filed by two Putnam mutual fund shareholders with small holdings who opted out of the Putnam investor class settlement (*Shahi v. Putnam*, no. 04-cv-02605).

invitation to articulate his position in early 2011, but now says only that he wants to wait until after the Fourth Circuit rules in *Janus v. Steinberg* -- presumably sometime in the summer or fall -- to evaluate and identify what he intends to do.

This proposal is inappropriate, especially because the Derivative Plaintiffs have done little if anything to date to prosecute their case. Although the Derivative Plaintiffs filed suit in 2004, the case has not advanced past the pleadings stage. Discovery is closed in this and the other derivative cases; discovery concluded in 2008 in all cases in the Putnam subtrack. The Derivative Plaintiffs did not meaningfully participate in the extensive fact and expert discovery that occurred in 2006-2008. They attended at most a few depositions. They never have designated any expert witness, which presumably would be necessary to attempt to identify any amount of allegedly excessive management fees that the Derivative Plaintiffs contend are attributable to market timing.

Throughout the proceedings in this MDL, the Court generally has not stayed proceedings in one subtrack, over the objection of one side, to await developments in another. (As noted below, in the Franklin Templeton subtrack, where the Court, at both sides' request, has stayed proceedings in the derivative cases, the stay is terminable by either side.) Had the Court done so, the numerous cases would not have advanced as efficiently as they did. Instead, the Court directed the parties in all subtracks to litigate their cases diligently, taking into account developments in other subtracks. That model should continue to apply. Consistent with the Court's direction at the October hearing, it should instruct the Derivative Plaintiffs to identify what their specific intentions are with respect to this action -- either in the case of an affirmance by the Fourth Circuit or in the case of a reversal on a significant issue. Simply put, it is time to stop kicking the can down the road. The Court and the Putnam Defendants are entitled to understand whether there is a scenario under which the Derivative Plaintiffs may, for example,

seek to re-open discovery and name expert witnesses. The Putnam Defendants will vigorously object to any such effort. The time to address these potential outcomes is now -- not six to nine or more months from now (many more months will lapse if, for example, the Fourth Circuit affirms and there are subsequent rehearing and certiorari petitions).

### B.     The Blanket Stay Proposed By The Derivative Plaintiffs Is Unreasonable

When the Derivative Plaintiffs proposed to the Putnam Defendants that proceedings in this case be stayed pending the outcome of *Janus v. Steinberg*, the Putnam Defendants attempted in good faith to reach an agreement on a stay that, in the context of this case, would be sensible. The Derivative Plaintiffs, however, have refused to agree to a sensible stay. Specifically, the Putnam Defendants proposed to stipulate to a stay, in the interest of efficiency, if -- also in the interest of efficiency -- the Derivative Plaintiffs would agree that if the result of the appeal is that proceedings against Janus in this Court are concluded, the same result would apply in this case. The rationale for this proposal is straightforward: the Putnam Defendants are similarly situated to the Janus Defendants, in that payments to be made <u>to the Putnam Funds</u> from the regulatory settlement process (*i.e.*, amounts not repaid directly <u>to Putnam fund shareholders</u>) will substantially exceed the amount of any "excessive fees" deemed potentially recoverable by the Court -- in Putnam's circumstances, such fees at most would be those potentially associated with alleged market timing by employees and in DC/401(k) accounts.

The Derivative Plaintiffs have refused to agree to this reasonable proposal. They apparently seek to preserve the ability to parse the Fourth Circuit's forthcoming decision, and to argue that, if the result is anything other than an across-the-board affirmance, this case is different and ought to be able to proceed.

Because the Derivative Plaintiffs want to reserve the ability to attempt to continue to litigate this case even if the result of the *Janus v. Steinberg* appeal disposes of that case, the Putnam Defendants ought not be prevented from creating now the record establishing the amount of a credit to which they are entitled as a result of their regulatory settlement and other related payments to the Putnam Funds. Doing so will promote efficiency, because that way, following the Fourth Circuit's opinion, the parties will be able to apply it readily to this case, even if it is something other than a complete affirmance.

This approach also is consistent with the stipulated stay previously entered by the Court in the Franklin Templeton subtrack at the request of both sides in that matter, which specifically provided that "[e]ither party may withdraw from the [Stay] upon thirty days' written notice to the other side."

## **CONCLUSION**

For the foregoing reasons, the Putnam Defendants respectfully request that the Court deny Derivative Plaintiffs' motion for a stay of proceedings pending decision of appeal in the Janus subtrack, and instead should instruct the Derivative Plaintiffs to identify their intentions in the event of either an affirmance or reversal (either complete or partial) by the Fourth Circuit (a proposed order is submitted herewith). If the Court were to enter a stay order, it should include the above language allowing either party to terminate it on thirty' days written notice.

Dated: February 7, 2011
       Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll
Peter Simshauser
Eben Colby
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
Tel:  (617) 573-4800
Fax:  (617) 573-4822
Email:  james.carroll@skadden.com

Counsel for Putnam Investment Management, LLC, Putnam Retail Management, LP, Putnam Retail Management GP, Inc., and Putnam Fiduciary Trust Co.