IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| IN RE ALGER, COLUMIBIA, JANUS, MFS, ONE GROUP, PUTNAM, and ALLIANZ-DRESDNER | Case No. 04-md-15863 (Judge J. Frederick Motz) |
| Carl Kircher, et al. v. Putnam Funds Trust, et al. | Case No. JFM-10-1887 |

MEMORANDUM

*Kircher v. Putnam Funds Trust*, JFM-10-1887, was recently transferred from the Southern District of Illinois to this Court to be considered as part of the Mutual Funds MDL proceeding that has been pending before this Court since 2004.[1]  Conditional Transfer Order, July 14, 2010, ECF No. 21.  Defendants Evergreen International Trust and Evergreen Investment Management Company, LLC (collectively, the "Evergreen Defendants") now move to administratively close and terminate with prejudice the *Kircher* action.  For the following reasons, I will grant the Evergreen Defendants' motion.

I. PROCEDURAL BACKGROUND

The procedural history of this case, which has been pending for over seven years, is a long and tortured one.  On September 16, 2003, Plaintiffs Carl Kircher and Robert Brockway ("Plaintiffs") originally filed suit in Illinois state court against Putnam Funds Trust, Putnam Investment Management, LLC (collectively, the "Putnam Defendants"), and the Evergreen Defendants.  Over the next four years, numerous removal and remand proceedings ensued, with

---

[1] For information on the market timing claims at the center of the Mutual Funds MDL, see *In re Mutual Funds Investment Litigation*, 384 F. Supp. 2d 845, 851 n.1 (D. Md. 2005).

the case eventually being remanded for a third time to the Circuit Court for Madison County, Illinois in July 2007. Thereafter, the defendants jointly moved for judgment on the pleadings on the grounds that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f)(1), precluded Plaintiffs' claims.[2] The circuit court denied this motion, and the defendants took an interlocutory appeal to the Appellate Court of Illinois, Fifth District. On January 6, 2010, the appellate court reversed and held that SLUSA did preclude the *Kircher* action and "remand[ed] with directions that the circuit court dismiss this action." *Kircher v. Putnam Funds Trust*, 922 N.E.2d 1164, 1173 (Ill. App. Ct. 2010). On March 30, 2010, the appellate court issued a mandate implementing its decision, and the circuit court responded by dismissing *Kircher* with prejudice on April 5, 2010.

On April 15, 2010, Plaintiffs moved to modify the order so that the dismissal would be without prejudice and requested leave to file an amended complaint. While these motions were pending, Defendants removed the *Kircher* action to the United States District Court for the Southern District of Illinois on April 29, 2010—thirty days after the Appellate Court of Illinois issued its mandate that the case should be dismissed in state court. On May 17, 2010, Plaintiffs filed a motion to remand the case back to state court on the grounds that the removal was untimely, and the defendants filed a joint opposition to this motion to remand on June 21, 2010.

---

[2] The SLUSA was enacted "to preclude the maintenance of certain state-law claims regarding securities as class actions, and to provide for the removal to federal court of class actions asserting those claims." *Dudley v. Putnam Int'l Equity Fund*, GPM-10-328, 2010 U.S. Dist. LEXIS 43787, at *3 (S.D. Ill. May 5, 2010). Specifically, the SLUSA precludes the maintenance of a securities claim and provides for removable to federal court if the action is "(1) a 'covered class action,' (2) that is based on a state law, (3) alleging a misrepresentation or omission of a material fact or use of any manipulative or deceptive device or contrivance, (4) 'in connection with' the purchase or sale of a covered security." *Id.* at *4 (quoting 15 U.S.C. § 78bb(f)(1)).

On July 14, 2010, while Plaintiffs' motion to remand was still pending, the United States Judicial Panel on Multidistrict Litigation, acting pursuant to 28 U.S.C. § 1407, transferred the *Kircher* action to this Court to be considered as part of the ongoing Mutual Funds MDL.[3] JFM-10-1887, Conditional Transfer Order, July 14, 2010, ECF No. 21. On November 15, 2010, I issued an Order and Final Judgment, to which Plaintiffs consented, approving the class settlement in the Putnam Subtrack and settling claims as to the Putnam Defendants. JFM-04-560, Order and Final Judgment, Nov. 15, 2010, ECF No. 321. On January 19, 2011, Plaintiffs also assented to an order granting the Putnam Defendant's Motion for Separate and Final Judgment pursuant to Rule 54(b). JFM-10-1887, Jan. 19, 2011, ECF No. 26.

The Evergreen Defendants now move to administratively close the *Kircher* action. Plaintiffs oppose this motion on the grounds that two of their motions—namely, a motion to remand the case to state court and a motion to modify the circuit court's dismissal order and file an amended complaint—remain pending. Plaintiffs argue that in light of these pending motions, termination of the action at this time would be premature. For the reasons that follow, I reject Plaintiffs' argument and grant the Evergreen Defendants' motion to terminate the *Kircher* action.

II.  ANALYSIS

    A.  Controlling Law

The instant action was filed in state court, removed to the United States District Court for the Southern District of Illinois, and ultimately transferred to this court to be consolidated with similar actions in this MDL proceeding. I note at the outset that "the law of the circuit where the transferee court sits governs questions of federal law in MDL proceedings." *In re Bridgestone/Firestone, Inc.*, 256 F. Supp. 2d 884, 887 (S.D. Ind. 2003); *see also In re*

---

[3] For information on the market timing claims at the center of the Mutual Funds MDL, see *In re Mutual Funds Investment Litigation*, 384 F. Supp. 2d 845, 851 n.1 (D. Md. 2005).

*Temporomandibular Joint Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) ("When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located."). Accordingly, the law of the Fourth Circuit governs the procedural questions presented in this action.

    B.    <u>Plaintiff's Pending Motion to Remand</u>

Plaintiffs first argue that this Court lacks jurisdiction over the case and therefore must remand for a fourth time back to the Illinois circuit court. Plaintiffs admit that the Illinois Appellate Court has held that the *Kircher* action is a "covered class action" under the SLUSA, and they further concede that the SLUSA explicitly provides for the removal to federal court of such actions. However, Plaintiffs contend that the action should nonetheless be remanded back to state court because defendants' removal of the action was untimely. (Pls.' Opp'n at 2-3.)

The federal removal statute, in relevant part, states: "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Plaintiffs argue that the "other paper" from which it could "first be ascertained that the case . . . has become removable" was the Illinois Appellate Court's January 6, 2010 opinion holding that Plaintiffs' claims were covered by SLUSA. Because the Evergreen Defendants did not remove the case until April 29, 2010, which was more than thirty days after the issuance of the opinion, Plaintiffs argue that the removal was therefore untimely. Plaintiffs' then assert that the untimeliness of this removal mandates that the *Kircher* action be remanded back to state court for further proceedings.

Plaintiffs' argument is unconvincing for several reasons. First, it appears that the removal was timely, as it occurred thirty days after the Illinois Appellate Court issued a

mandate—on March 30, 2010—implementing its opinion. Although the appellate court's opinion of January 6 held that Plaintiffs' claims were covered by SLUSA (and therefore removable to federal court), it was not yet clear from the opinion alone that the *Kircher* action would ultimately be removable. This is because Plaintiffs filed a petition for a rehearing in the Illinois Appellate Court soon after the original opinion was issued, raising the possibility of a different outcome upon rehearing. Additionally, when the petition for rehearing was eventually denied, Plaintiffs had further opportunity to seek review of the appellate court's decision in the Illinois Supreme Court, which also may have resulted in a different outcome.[4] It was not until after the deadline for seeking further appellate review had passed—and not until the Illinois Appellate Court had issued the mandate implementing its opinion—that it became clear that the *Kircher* action was removable. Accordingly, because the defendants removed the case thirty days after the issuance of this mandate, the removal was timely under 28 U.S.C. § 1446(b).

Yet I need not rest my decision on this basis because, even if the removal was untimely, Plaintiffs have waived their right to object to the timeliness of the removal through their affirmative activity in federal court. There is no doubt that objections to procedural defects in removal are subject to waiver. *See Payne v. Brake*, 439 F.3d 198, 203-04 (4th Cir. 2006); *see also Dudley v. Putnam Int'l Equity Fund*, GPM-10-328, 2010 U.S. Dist. LEXIS 43787, at *13 (S.D. Ill. May 5, 2010) (holding that "[f]ailure to effect timely removal under 28 U.S.C. § 1446(b) is a procedural defect in removal, not a jurisdictional one" and may be waived by a plaintiff). It is equally well-established a plaintiff who "engages in affirmative activity in federal court typically waives the right to seek remand." *Moffit v. Baltimore Am. Mortg.*, 665 F. Supp.

---

[4] Indeed, the Evergreen Defendants assert that Plaintiffs stated an intention to "ask for permission to appeal to the Illinois Supreme Court," although ultimately such review was not sought. JFM-10-1887, Defs.' Opp'n to Pls.' Mot. to Remand, June 21, 2010, ECF No. 19, at 6.

2d 515, 517 (D. Md. 2009). In this case, although Plaintiffs filed a motion for remand on May 17, 2010, they spent the next six months actively participating in the MDL settlement in federal court instead of pressing their motion to remand. Indeed, Plaintiffs even consented to the Order and Final Judgment in the Putnam Subtrack, which states that this Court "retains jurisdiction . . . over the parties and Class Members for all matters relating to [certain specified actions, including this case]." JFM-04-560, Order and Final Judgment, Nov. 15, 2010, ECF No. 321, ¶ 13. Additionally, Plaintiffs also assented to an order granting the Putnam Defendant's Motion for Separate and Final Judgment pursuant to Rule 54(b). JFM-10-1887, Jan. 19, 2011, ECF No. 26. In light of this prolonged engagement in affirmative activity in federal court, Plaintiffs have waived the right to object to the procedural removal defects, if any, that may be present in this case.[5]

## C. Plaintiffs' Pending Postjudgment Motion to Amend the Complaint

As a fallback position, Plaintiffs argue that even if their motion to remand is denied, the state court's dismissal order should be modified (so that the dismissal would be without prejudice) so that Plaintiffs can obtain leave to file an amended complaint. (Pls.' Opp'n at 4.) Plaintiffs assert that their proposed amended complaint would allege state common law negligence claims that are not precluded by the SLUSA and would therefore allow them to continue to pursue relief for their alleged injuries.

---

[5] It is of little importance that the MDL settlement and the Order and Final Judgment relate only to the Putnam Defendants and not the Evergreen Defendants. Plaintiffs apparently believe that because they stipulated to this Court's entry of judgment only as to certain defendants in the *Kircher* action, they have somehow preserved their objection to the removal of the case as to other defendants in the same action. It simply cannot be true, however, that Plaintiffs can waive their objection to removal and consent to a federal court's entry of judgment as to one part of a case, and then insist on remand back to state court for the disposition of other parts of that same action. The defendants jointly removed the case in its entirety, and Plaintiffs, by engaging in affirmative activity in federal court, have waived the right to object to this removal.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In keeping with Supreme Court precedent, the Fourth Circuit has interpreted this statement to mean that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). For the reasons that follow, however, I conclude that Plaintiffs' motion for leave to file an amended complaint should be denied because Plaintiffs' proposed amendment would be futile.

As an initial matter, I note that the Evergreen Defendants assert that Plaintiffs' postjudgment motion to file an amended complaint is not even a live motion properly before this Court. The Evergreen Defendants emphasize that the Fourth Circuit has implemented the following procedure when a state court judgment is removed to federal court:

> [I]mmediately after removal the district court would adopt the state court judgment as its own. After this adoption, the judgment would be treated the same as other judgments entered by the district court and the parties would follow the ordinary rules regarding post-judgment remedies. . . . For instance, they may file a motion to alter or amend the judgment under Rule 59(e) which must be served no later than [twenty-eight][6] days after the district court's entry of the state court judgment as its own.

*Resolution Trust Corp. v. Allen*, 16 F.3d 568, 573 & n.5 (4th Cir. 1994); *see also Bakery Ctr. Assocs. v. Orientations Gallery*, 54 F.3d 688, 690 (11th Cir. 1995) (describing the Fourth Circuit's procedure as one in which the district court enters a *sua sponte* order adopting the state court judgment, after which the parties may file postjudgment motions). In light of this rule, the Evergreen Defendants argue that Plaintiffs' postjudgment motion must be denied because they

---

[6] In 2009, Rule 59 was amended to allow litigants twenty-eight days, instead of the former ten days, to file postjudgment motions.

failed to file it in federal court within twenty-eight days of the removal of the action.[7] (Defs.' Reply at 3-4.) For the purposes of this memorandum, however, I will assume without deciding that Plaintiffs' postjudgment motion is not time-barred and instead is properly before this Court.

Even if Plaintiffs' postjudgment motion to amend their complaint is properly before this court, it must be denied. Plaintiffs contend that their proposed amended complaint, which would allege "negligent failure to prevent market timing in the mutual funds as issue," would not be precluded by the SLUSA because it would not allege a "misrepresentation or omission" and would therefore not trigger the SLUSA's preclusion provision. (Pls.' Opp'n at 3.) Plaintiffs are incorrect.

In an earlier case in this same MDL proceeding, a group of plaintiffs advanced a nearly identical argument in an attempt to make an end-run around the SLUSA's limitations. *Mehta v. AIG SunAmerica Life Assurance Co.*, 437 F. Supp. 2d 439 (D. Md. 2006), *aff'd sub nom. Wiggenhorn v. AXA Equitable Life Ins. Co.*, 309 F. App'x 722 (4th Cir. 2009). Instead of asserting explicit allegations of misrepresentation or fraud, the *Mehta* plaintiffs, "in an effort to avoid the preemptive scope of the [SLUSA], allege[d] only that the defendants negligently breached state common law duties." *Id.* at 440. In holding that these allegations were still precluded by the SLUSA, I noted that "'[t]he element of a misrepresentation or omission of a material fact is satisfied when a plaintiff alleges a misrepresentation concerning the value of the

---

[7] Although this argument is not without some appeal, I note that the case was initially removed to the district court in the Southern District of Illinois, which is not bound by the Fourth Circuit's requirement that a district court immediately issue an order adopting the state court judgment as its own, and indeed no such order was entered by Judge Gilbert upon the removal of this case to that court. Because the federal court never issued an order adopting the state judgment, it might be unnecessarily harsh to penalize Plaintiffs' for failing to file a separate motion for postjudgment relief in federal court when such a motion was already pending in the state court. Nonetheless, such a result may be required by the law, but, as already stated, I need not reach this question because Plaintiffs' proposed amendment to their complaint would be futile.

securities sold or the consideration received in return.'" *Id.* at 443 (quoting *Araujo v. John Hancock Life Ins. Co.*, 206 F. Supp. 2d 377, 382 (E.D.N.Y. 2002)). I further observed that although the *Mehta* plaintiffs' market timing allegations were couched in terms of a negligence action, "at bottom the plaintiffs simply allege[d] that the defendants incorrectly priced certain investment options provided under the annuities." *Id.* Accordingly, these allegations satisfied the misrepresentation element of the SLUSA and were therefore precluded by the statute.

Similarly, Plaintiffs in this case cannot escape the reach of the SLUSA simply by reasserting their market timing allegations as a negligence claim. At bottom, Plaintiffs ultimately contend only that the Evergreen Defendants permitted market timing by using stale prices in valuing their fund shares. (*See* Compl. ¶ 33.) Because the SLUSA forbids the maintenance of class action suits based on allegations of incorrectly priced securities, *see Mehta*, 437 F. Supp. 2d at 443, whether Plaintiffs allege that the Evergreen Defendants incorrectly priced their securities intentionally or merely negligently is of no moment: the action would be precluded by the SLUSA in either case. *See Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 702 (5th Cir. 2004) ("The issue of preemption thus hinges on the content of the allegations—not on the label affixed to the cause of action."). Thus, granting Plaintiffs request to file an amended complaint would be futile, and Plaintiffs' postjudgment motion to amend their complaint should be denied accordingly.

III. <u>CONCLUSION</u>

Plaintiffs opposed the Evergreen Defendants' motion to administratively close the *Kircher* action on the grounds that termination of the case would be premature in light of the Plaintiffs' two pending motions. As I have resolved both of these motions, the Evergreen

9

Defendants motion to administratively close and terminate with prejudice the *Kircher* action is now granted.

    A separate order is being entered herewith implementing this decision.


Date:  April 20, 2011                       /s/
                                         J. Frederick Motz
                                         United States District Judge