IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| IN RE ALGER, COLUMBIA, JANUS, MFS, ONE GROUP, PUTNAM, and ALLIANZ DRESDNER | Case No. 04-md-15863 (Judge Motz) |
| [Allianz Dresdner Sub-track] | |
| Pingitore v. Allianz Dresdner Asset Management of America, L.P., *et al.* | Case No. 04-md-1933 |
| McBride v. Allianz Dresdner Asset Management of America L.P., *et al.* | Case No. 04-md-1924 |

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENTS AND DISMISSING ACTION AGAINST THE SETTLING DEFENDANTS**

J. FREDERICK MOTZ, District Judge

On the 21st day of October, 2010, and the 22nd day of March, 2011, a hearing having been held before this Court to determine:

(1) whether the settlement embodied in the Stipulation and Agreement of Settlement, dated June 17, 2009 and the amendments thereto, dated January 27, 2010 and April 20, 2010 (collectively the "Stipulation") is fair, reasonable and adequate for the settlement of all claims asserted by the Plaintiffs against the Allianz Defendants and the Individual Defendants (collectively, the "Allianz Settling Defendants") (together, with the

Third Party Settling Defendants (defined below), the "Settling Defendants")[1] in the Actions;

(2) whether the settlements embodied in (a) the Allianz Dresdner (PIMCO)/Bear Stearns Severed Agreement and Stipulation of Settlement dated January 15, 2010 (the "Bear Stearns Severed Settlement"), entered into between Plaintiffs, on the one hand, and Bear, Stearns & Co., Inc., Bear, Stearns Securities Corp. and The Bear Stearns Companies, Inc., currently known as J.P. Morgan Securities, Inc., J.P. Morgan Clearing Corp. and The Bear Stearns Companies LLC, respectively (the "Bear Stearns Entities"), on the other hand; (b) the Allianz Dresdner (PIMCO)/Canary Severed Agreement and Stipulation of Settlement dated January 27, 2010 (the "Canary Severed Settlement"), entered into between Plaintiffs, on the one hand, and Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern (the "Canary Entities"), on the other hand; and (c) the Allianz Dresdner (PIMCO)/BAS Severed Agreement and Stipulation of Settlement dated January 28, 2010 (the "BAS Severed Settlement"), entered into between Plaintiffs and Banc of America Securities LLC ("BAS");[2] are fair, reasonable and adequate for the settlements of all claims asserted by the Plaintiffs against the Third Party Settling Defendants;

(3) whether judgment should be entered dismissing all Released Claims (including as that term is defined in the Third Party Settlements) brought by or on behalf

---

[1] Unless otherwise noted, all capitalized terms shall have the same definition as in the Stipulation.

[2] The Bear Stearns Entities, the Canary Entities and BAS are collectively referred to herein as the "Third Party Settling Defendants." The Bear Stearns Severed Settlement, the Canary Severed Settlement, and the BAS Severed Settlement, are referred to herein jointly as the "Third Party Settlements." The Third Party Settlements, together with the Stipulation, are referred to herein as the "Settlements."

24620105_3.DOC

of the Plaintiff Releasing Parties (and, with respect to the Third Party Settlements, the "Releasing Plaintiffs Parties") against the Allianz Released Parties (and, with respect to the Third Party Settlements, the Released Parties[3]) in any case or complaint transferred to or filed in the Allianz Sub-track with prejudice, and all other claims brought by the Plaintiff Releasing Parties/Releasing Plaintiffs Parties against the Allianz Released Parties or other Released Parties (with respect to the Third Party Settlements) in any case or complaint transferred to or filed in the Allianz Sub-track without prejudice;

(4) whether the Plaintiff Releasing Parties, and (with respect to the Third Party Settlements) the Releasing Plaintiffs Parties, on behalf of themselves, their heirs, executors, administrators, successors, and assigns, shall be deemed to have released and forever discharged the Released Claims, and shall forever be enjoined from prosecuting the Released Claims, against the Allianz Released Parties, or (with respect to the Third Party Settlements), the Released Parties;

(5) whether the Allianz Released Parties and/or the Released Parties shall be deemed to have released and forever discharged the Released Allianz Claims or Released Parties' Claims (as that term is defined in the Third Party Settlements), and shall forever be enjoined from prosecuting the Released Allianz Claims or (with respect to the Third Party Settlements) Released Parties' Claims, against the Plaintiff Released Parties or (with respect to the Third Party Settlements) the Releasing Plaintiffs Parties and Plaintiffs' Counsel; and

---

[3] The "Released Parties" are the Bank of America Released Parties, the Bear Stearns Released Parties, and the Canary Released Parties, as defined in the respective Third Party Settlements.

(6) whether the past and present shareholders in any of the Allianz Funds shall be forever enjoined from prosecuting any claims that allege, concern or relate to any violation of Section 36(b) of the Investment Company Act of 1940 (the "ICA") or any similar claim of excessive fees or breach of fiduciary duty with respect to compensation in relation to the 36(b) Settling Funds during the Class Period;

and it appearing that a Summary Notice of the Final Settlement Hearing, substantially in the form approved by the Court, was mailed to all Class Members except those persons and entities excluded from the definition of the Class, in an original mailing and supplemental mailing, as shown by the records of Allianz Dresdner or its transfer agents, or the records of nominees, at the respective addresses set forth in such records, which specifically directed putative Class Members to obtain the Long Form Notice from the "Website", maintained by the Claims Administrator at www.mutualfundsettlements.com/allianz;

and it appearing that a Publication Notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* (*"WSJ"*), *The New York Times*, and *People* magazine, as well as a press release issued through *PR Newswire* to both its US1 and Financial Markets newslines and banner advertising on various investing e-newsletters such as *MarketWatch, WSJ, and Barron's*, pursuant to the specifications of the Court;

and the Court, having considered all matters submitted to it at the Final Settlement Hearing, along with all prior submissions by the parties to the Settlements and others, and otherwise having determined the fairness and reasonableness of the proposed Settlements;

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of this Judgment, the Court adopts all defined terms as set forth in the Stipulation. Capitalized terms used herein, unless otherwise defined, shall have the meaning set forth in the Stipulation and, with respect to the Third Party Settling Defendants, their respective Third Party Settlements.

2. This Court has jurisdiction over the subject matter of the Actions and all matters relating thereto, and over the Plaintiffs and the Settling Defendants.

3. The Settlements are approved as fair, reasonable and adequate, and in the best interests of the Class Members. The parties to the Settlements are directed to consummate the Settlements in accordance with the terms and provisions of the Stipulation and the Third Party Settlements.

4. The Court reaffirms that all elements for maintenance of the Class Action as a class action have been met. Specifically, the Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Class Lead Plaintiffs are typical of the claims of other Class Members, satisfying Rule 23(a)(3); the Class Lead Plaintiffs are adequate representatives of the Class, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of the Class Action is a superior method of proceeding in this matter, satisfying Rule 23(b)(3)(ii).

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies, for purposes of settlement only, the Class Action as a class action on behalf of: every Person who, during the period February 23, 1999, through February 17, 2004, inclusive ("Class Period"), purchased, owned or held shares in any

Class Settling Funds.[4] Excluded from the Class are: (i) the Allianz Defendants; (ii) the Individual Defendants; (iii) any and all defendants in the Allianz Sub-track other than the Allianz Defendants and the Individual Defendants ("Other Defendants"), including the Third Party Settling Defendants; (iv) members of the immediate families (i.e., parents, spouses, siblings, and children), officers, directors, parents, subsidiaries, affiliates, legal representatives, heirs, predecessors, successors and assigns of any of the foregoing excluded parties, and any entity in which any of the foregoing excluded parties has, or had during the Class Period, a controlling interest; and (v) all trustees and portfolio managers of the Class Settling Funds. Also excluded from the Class are any Persons who timely and validly exclude themselves by filing a request for exclusion from the Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies, for purposes of settlement only, Class Lead Plaintiffs Combined Welfare Fund and Warren Meier as Class Representatives.

7. The Court hereby finds that the forms of ("Notice") described in the Stipulation (i.e., the Long Form Notice, Publication Notice and Summary Notice) provided the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlements and the Plan of Allocation, to all persons entitled to such notice who could be identified with reasonable effort, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process and the Private

---

[4] The "Class Settling Funds" are the PEA Target Fund; PEA Innovation Fund; PEA Opportunity Fund; PIMCO International Fund; PIMCO Precious Metals Fund; RCM International Growth Equity Fund; PEA Renaissance Fund; PEA Growth Fund; and PIMCO International Growth Fund (later known as PIMCO/Allianz Select International Fund).

Securities Litigation Reform Act of 1995 ("PSLRA"). Due and adequate notice of the proceedings was given pursuant to the Preliminary Approval Order dated May 19, 2010, which provided, *inter alia*, for the Notice to be provided to all Class Members, and the Court finds that such Notice offered to Class Members the opportunity to request to be excluded from the Class or to object to the proposed Settlements and to participate in the Final Settlement Hearing thereon, if done so timely and properly. Thus, it is hereby determined that all Class Members who did not elect to exclude themselves by written communication postmarked on or before September 21, 2010, or, with respect to a supplemental mailing authorized by the Court, on or before January 14, 2011, as required in the Notice, are bound by this Judgment. The Court further finds that the form and method of providing notice to current shareholders of all of the Allianz Funds of the Settlement of the Derivative Action was reasonable and adequate, and in compliance with Rule 23.1(c) of the Federal Rules of Civil Procedure.

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval to the Settlements and the terms set forth therein. Further, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement of the Derivative Action. The Court finds that the Settlements and their terms are fair, reasonable, and adequate in all respects and in the best interests of the Plaintiffs and the Class Members. The Court specifically finds that the Settlements are rationally related to the strength of Plaintiffs' and Class Members' claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlements are the result of arms-length negotiations between experienced counsel

representing the interests of the Plaintiffs and the Settling Defendants, after thorough factual and legal investigation.

9. The Court further finds that the response of the Class to the Settlements supports approval. As of the opt-out and exclusion deadlines, 26 Class Members had opted out, and one Class Member had submitted an objection. Additionally, the Court has considered arguments made with respect to the settlement and fee request in this and all other subtracks in this MDL litigation by Theodore Bechtold, Esq., on behalf of Luanne M. Lo Monte, a putative class member in the Strong family of funds, and has found that Ms. Lo Monte has no standing to make any objection in this Allianz Sub-track, as she has made no showing that she was a purchaser or holder in any of the Allianz Class Settling Funds, or any of the Allianz Funds, during the Class Period.

10. The Court has considered the objection, as amended, of Kimberly J. Clifton, represented by attorney Thomas L. Cox, Jr., to the Settlements and the attorneys' fees request, and finds it to be without merit, for the reasons set forth in the Court's Memorandum and Order, dated March 23, 2011.

11. The Actions are hereby dismissed without costs and with prejudice, in that all Released Claims brought by or on behalf of the Plaintiff Releasing Parties (and with respect to the Third Party Settlements, the Releasing Plaintiffs Parties) against the Allianz Released Parties (and with respect to the Third Party Settlements, the Released Parties), in any case or complaint transferred to or filed in the Allianz Sub-track, are dismissed with prejudice, except that all other claims brought by or on behalf of Class Lead Plaintiffs and/or all claims brought by Derivative Lead Plaintiffs against the Allianz Released Parties (and with respect to the Third Party Settlements, the Releasing

Plaintiffs Parties) in the Actions or by any plaintiff in any case transferred to or filed in the Allianz Sub-track with respect to the Other Funds, are to be dismissed without prejudice. The Court finds the Complaints were filed on good faith bases in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.

12. The Court finds the releases set forth in the Settlements to be fair, reasonable, and enforceable under applicable law.

13. The Plaintiff Releasing Parties/Releasing Plaintiffs Parties, on behalf of themselves, their heirs, executors, administrators, successors and assigns, are hereby: (i) permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claims against each and all of the Allianz Released Parties or the Released Parties; (ii) conclusively deemed to have hereby fully, finally and forever released, relinquished, discharged and dismissed with prejudice and on the merits, without costs to any party these Released Claims; (iii) conclusively deemed to have covenanted not to knowingly and voluntarily assist in any way any third party in commencing or prosecuting any suit against the Allianz Released Parties or the Released Parties relating to any Released Claim, including any derivative suit; and (iv) forever enjoined and barred from asserting the Released Claims against any of the Allianz Released Parties or the Released Parties in any action or proceeding of any nature.

14. The Allianz Released Parties (and, with respect to the Third Party Settlements, the Released Parties) are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any

Released Allianz Claims (or, with respect to the Third Party Settlements, the Released Parties' Claims) against each and all of the Plaintiff Released Parties (or, with respect to the Third Party Settlements, the Releasing Plaintiffs Parties and Plaintiffs' Counsel), and these Released Allianz Claims/Released Parties' Claims are hereby fully, finally and forever released, relinquished, discharged and dismissed with prejudice and on the merits, without costs to any party.

15. Past and present shareholders in any of the Allianz Funds, including the 36(b) Settling Funds, shall be forever enjoined from prosecuting any claims that allege, concern or relate to any violation of Section 36(b) of the ICA or any similar claim of excessive fees or breach of fiduciary duty with respect to compensation in relation to the 36(b) Settling Funds during the Class Period.

16. Notwithstanding the provisions of ¶¶ 12 and 13 of this Judgment, in the event that any of the Allianz Released Parties (or, with respect to the Third Party Settlements, the Released Parties) who is not bound by the authority or actions of the Settling Defendants herein asserts against a Plaintiff Releasing Party (or, with respect to the Third Party Settlements, any Releasing Plaintiffs Parties and Plaintiffs' Counsel) any claim that is a Released Allianz Claim (or, with respect to the Third Party Settlements, a Released Parties' Claim), then the Plaintiff Releasing Party (or Releasing Plaintiffs Parties and Plaintiffs' Counsel) shall be entitled to use and assert such factual matters included within the Released Allianz Claims (Released Parties' Claims) only against such Allianz Released Party (or Released Party) in defense of such claim but not for the purposes of asserting any claim affirmatively against any other Allianz Released Party (or, with respect to the Third Party Settlements, any other Released Parties). In the event

that any Plaintiff Released Party (or, with respect to the Third Party Settlements, Releasing Plaintiffs Party) asserts against an Allianz Released Party (or Released Party) any claim that is a Released Claim, then the Allianz Released Party (or Released Party) shall be entitled to use and assert such factual matters included within the Released Claims only against such Plaintiff Released Party (or Releasing Plaintiffs Party) in defense of such claim but not for the purposes of asserting any claim affirmatively against any other Plaintiff Released Party (or Releasing Plaintiffs Party).

17. Neither the Settlements, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the document or statements referred to therein shall be:

(a) Offered or received against the Allianz Released Parties (or, with respect to the Third Party Settlements, the Released Parties) as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Allianz Released Parties (or Released Parties) with respect to the truth of any fact alleged or the validity of any claim that was or could have been asserted against the Allianz Released Parties (or Released Parties) in the Actions, or in any other litigation, or of any purported liability, negligence, fault, or other wrongdoing of any kind of the Allianz Released Parties (or Released Parties); or

(b) Offered or received against the Allianz Released Parties (or Released Parties) as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Allianz Released Parties (or Released Parties), or against the

Plaintiffs or any Class Members as evidence of any infirmity in the claims of Plaintiffs or Class Members;

(c) Offered or received against the Allianz Released Parties (or Released Parties), or against the Plaintiffs or any Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Allianz Released Parties (or Released Parties), in any other civil, criminal or administrative action or proceeding, in any forum, other than such proceedings as may be necessary to effectuate the provisions of the Settlements; provided, however, that the Allianz Released Parties (or Released Parties) may refer to them to effectuate the protection from liability granted them hereunder;

(d) Offered or received against the Allianz Released Parties (or Released Parties), or against the Plaintiffs or any Class Members, as evidence of a presumption, concession or admission that the Class Lead Plaintiffs, Class Plaintiffs, and/or the Class have suffered any damage, or that any particular methodologies, formulas or equations represent the proper or correct ways of calculating the alleged damages of Class Lead Plaintiffs, Class Plaintiffs and/or the Class;

(e) Construed against the Allianz Released Parties (or Released Parties), or against the Plaintiffs or any Class Members, as a concession, admission, or presumption that the consideration to be given under any of the Settlements represents the amount which could be or would have been recovered after trial; or

(f) Construed against the Plaintiffs, or any Class Members, as an admission, concession or presumption that any of their claims are without merit or that

24620105_3.DOC

12

damages recoverable against the Allianz Defendants in the Actions would not have exceeded $9.75 million, or that damages recoverable against the Third Party Settling Defendants would not have exceeded $862,500.

18. All Persons are hereby permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting, or asserting any claim for indemnity or contribution, however denominated, against the Allianz Released Parties, or, with respect to the Third Party Settlements, the Released Parties (including any other claim against the Allianz Released Parties or Released Parties where the injury to the person asserting the claim is such person's actual or threatened liability to Plaintiffs, the Class or the Allianz Releasing Funds), arising out of or related to the claims or allegations asserted by Plaintiffs in the Complaints, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Complaints in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. The Court hereby does (a) discharge, to the full extent permitted under the PSLRA, each of the Allianz Released Parties (or Released Parties) from all claims for contribution by any Person arising out of the Actions, and (b) discharge, to the full extent permitted by any applicable law (whether state, federal, local or statutory law or any other law, rule or regulation) all claims by any Person for contribution or indemnification, however styled (and whether arising under state, federal, local, statutory or common law or any other law, rule or regulation) based upon, arising out of, relating to, or in connection with the Released Claims, with the exception of claims arising out of any indemnification obligations that may presently exist between or among any of the Allianz Released

Parties (or Released Parties). To the extent permitted by the PSLRA or other applicable law (whether state, federal, local, statutory or common law, or any other law, rule or regulation), the Court hereby bars, enjoins, and restrains all claims for contribution or indemnification, however styled, based upon, arising out of, relating to, or in connection with the Released Claims or the Actions, with the exception of claims arising out of any indemnification obligations that may presently exist between or among any of the Allianz Released Parties (or Released Parties), (a) against the Allianz Released Parties/Released Parties; and (b) by the Allianz Released Parties/Released Parties against any Person other than any Person whose liability to the Class has been extinguished pursuant to this Settlement and this Judgment; provided, however, that nothing in this paragraph shall apply to claims that may be asserted by or against the Allianz Released Parties (or Released Parties) in cases of Persons who timely opted out of the Class and did not timely revoke their Request for Exclusion.

19. Each of the individual Class Lead Plaintiffs, the Derivative Lead Plaintiffs, and the named plaintiffs in the Transferred Actions who subsequently did not become Class Lead Plaintiffs or Derivative Lead Plaintiffs shall not threaten, file or prosecute, whether individually, as a class representative, as a derivative plaintiff, or otherwise any claim against any of the Allianz Released Parties (or Released Parties) arising out of or relating to alleged Market Timing in the Allianz Funds not otherwise released herein, including without limitation any claims concerning alleged Market Timing in any of the Other Funds.

20. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to these Actions, including the administration,

interpretation, effectuation and enforcement of the Stipulation, the Third Party Settlements, and this Judgment.

21.     The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation and/or Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses, or any application for reimbursement of Plaintiffs' expenses incurred in prosecuting these Actions pursuant to the PSLRA.

22.     In the event this Judgment does not become Final, or the Settlements do not become effective in accordance with their terms, then this Judgment and the Settlements shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Allianz Settlement Sum or any portion thereof or interest thereon, shall be returned to the Allianz Settling Defendants (and, with respect to the Third Party Settlements, monies paid by the Third Party Settling Defendants shall be returned to them), less any Costs of Notice paid or incurred, as set forth in the Settlements.

23.     These coordinated Actions have been pending since the first of the constituent actions were filed in 2004.  The Settlements resolve all of the claims asserted by Plaintiffs and the Class against the Settling Defendants, and pursuant to the above bar orders, bar any claims for contribution by or against the Settling Defendants.  Permitting the immediate appeal, if taken, of this Judgment does not result in any duplication of review by an appellate court, because if an appellate court were to vacate the Settlements, then the Parties may reasonably continue their prosecution or defense of the claims while this Court continues to preside over other related claims, without a waste of time or

judicial resources. If this Judgment were not immediately appealable, once an appeal were ripe after the conclusion of the entire coordinated litigation, and if the appellate court vacated this Judgment, then this Court would face re-trying the entire litigation as to the Settling Defendants, wasting judicial resources.

24. By reason of the finding in the previous paragraph, there is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED:**

Dated: Baltimore, Maryland
          4/26    , 2011

　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　J. FREDERICK MOTZ
　　　　　　　　　　　　　　　　　　　　United States District Judge