IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| IN RE ALGER, COLUMBIA, JANUS, MFS, ONE GROUP, PUTNAM, and ALLIANZ DRESDNER | Case No. 04-md-15863 (Judge Motz) |
| [Allianz Dresdner Sub-track] | |
| Pingitore v. Allianz Dresdner Asset Management of America, L.P., *et al.* | Case No. 04-md-1933 |
| McBride v. Allianz Dresdner Asset Management of America L.P., *et al.* | Case No. 04-md-1924 |

## ORDER AWARDING FEES AND EXPENSES TO PLAINTIFFS' COUNSEL AND THE PLAINTIFFS' AWARD IN CONNECTION WITH THE SETTLEMENT IN THE ALLIANZ DRESDNER SUB-TRACK

J. FREDERICK MOTZ, District Judge

On the 21st day of October, 2010, and the 22nd day of March 2011, a hearing having been held before this Court to consider Plaintiffs' Counsels' application for an award of attorneys' fees and expenses, and Plaintiffs' application for reimbursement pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") of their expenses (including lost wages) incurred in prosecuting the Actions (the "Fee and Expense Award");

And it appearing that a summary notice of the Final Settlement Hearing, substantially in the form approved by the Court, was mailed to all Class Members, except those

persons and entities excluded from the definition of the Class, in an original mailing and and supplemental mailing, as shown by the records of the Allianz Defendants (Allianz Global Investors of America L.P., Allianz Global Investors Distributors LLC, Allianz Global Investors Funds Management LLC, and PEA Capital LLC), their transfer agents, or the providers of omnibus accounts in the Class Settling Funds, at the respective addresses set forth in such records, which specifically directed putative Class Members to obtain the Long Form Notice from the Website maintained by the Class Administrator at www.mutualfundsettlements.com/allianz, which included a description of Plaintiffs' Counsels' application for an award of attorneys' fees and expenses, and reimbursement of expenses to Plaintiffs;

And it appearing that a publication notice of the Final Settlement Hearing substantially in the form approved by the Court was published in *The Wall Street Journal* (*"WSJ"*), *The New York Times*, and *People* magazine, as well as a press release issued through *PR Newswire*, to both its US1 and Financial Markets newslines, and banner advertising on various investing e-newsletters such as *MarketWatch, WSJ, and Barron's* pursuant to the specifications of the Court;

And the Court, having considered all matters submitted to it at the Final Settlement Hearing, along with all prior submissions by the parties to the Settlements and others, and otherwise having by separate order approved the Settlement;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation and Agreement of Settlement entered into by Plaintiffs, on the one hand, and the

Allianz Defendants and the Individual Defendants, on the other hand, dated June 17, 2009 and amendments thereto dated January 27, 2010, and April 20, 2010 (collectively the "Stipulation").

2. Plaintiffs' Counsel are hereby awarded 25% of the Settlement Benefit (defined below) in fees, which sum the Court finds to be fair and reasonable, and $283,670.54 in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Counsel from the Settlement Amount (defined below) with interest from the date such Settlement Amount was funded to the date of payment at the same net rate that the Settlement Amount earns. Class Lead Counsel shall have sole and complete discretion to allocate that portion of the Fee and Expense Award going to counsel in the Class Action among such counsel and Derivative Lead Counsel shall have sole and complete discretion in the allocation of that portion of the Fee and Expense Award going to counsel in the Derivative Action. Further, Plaintiffs are awarded a total of $15,100 in reimbursement of their expenses incurred (including lost wages/employee time) in prosecuting the Actions, pursuant to the PSLRA.

3. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Amount, the Court has considered and found that:

(a) the Settlements have created a fund of $10,612,500 in cash (the "Settlement Amount") that is already on deposit, plus interest thereon, and that the Allianz Defendants are responsible for paying approximately 92.5% of the costs of notice and administration of the Settlements (a benefit currently approximated at $1.85 million) (collectively, the "Settlement Benefit"), and that numerous Class Members will benefit from the Settlements created by Plaintiffs' Counsel;

(b) Over 1,860,223 copies of the Summary Notice of Settlement of Class Action and Derivative Action (the "Notice") were disseminated to putative Class Members and

Derivative Lead Plaintiffs indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 25% of the Settlement Benefit and for reimbursement of expenses in an amount of approximately $300,000, and reimbursement of Plaintiffs' expenses in prosecuting the Actions in an amount of approximately $50,000, and one objection was filed against the terms of the proposed Settlements or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice and no objections were filed against the proposed Plaintiffs' Award. The Court has considered arguments made with respect to the settlement and fee request in this and all other subtracks in this MDL litigation by Theodore Bechtold, Esq., on behalf of Luanne M. Lo Monte, a putative class member in the Strong family of funds, and finds that Ms. Lo Monte has no standing to make any objection in this Allianz Sub-track, as she has made no showing that she was a purchaser or holder in any of the Allianz Class Settling Funds, or any of the Allianz Funds, during the Class Period. The Court has also considered the objection, as amended, of Kimberly J. Clifton, represented by attorney Thomas L. Cox, Jr., to the Settlements and the attorneys' fees request, and finds it to be without merit, for the reasons set forth in the Court's Memorandum and Order, dated March 23, 2011;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlements with skill, perseverance and diligent advocacy;

(d) The Actions involve complex factual and legal issues and were actively prosecuted over five years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlements there would remain a significant risk that Plaintiffs, the Class and the 36(b) Settling Funds may have recovered less or nothing from the Allianz Defendants, the Individual Defendants (Stephen J. Treadway, Kenneth

W. Corba, and John E. Cashwell, Jr.), Bear, Stearns & Co., Inc., Bear, Stearns Securities Corp. and The Bear Stearns Companies, Inc., currently known as J.P. Morgan Securities, Inc., J.P. Morgan Clearing Corp. and the Bear Stearns Companies LLC (collectively, the "Bear Stearns Entities"), Canary Capital Partners, LLC, Canary Capital Partners, Ltd., Canary Investment Management, LLC, and Edward Stern (collectively, the "Canary Entities"); and Banc of America Securities LLC (collectively the "Settling Defendants");

(f)     Plaintiffs' Counsel have devoted over 5,643 hours, with a lodestar value of $3,584,674, to achieve the Settlements;

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Amount are fair and reasonable and consistent with awards in similar cases;

(h)     Plaintiffs incurred expenses in prosecuting the Actions (including lost wages/employee time) in an amount of approximately $15,100;

(i)     Plaintiffs' efforts in prosecuting the Actions contributed substantially to the recovery obtained for the Class and the 36(b) Settling Funds herein.

4.     Exclusive jurisdiction is hereby retained over the "Parties" (i.e., Plaintiffs and the Settling Defendants) and the Class Members for all matters relating to the Actions, including the administration, interpretation, effectuation and enforcement of the Stipulation, the separate settlement agreements between Plaintiffs and each of (i) the Bear Stearns Entities; (ii) the Canary Entities; and (iii) the Banc of America Entities (collectively the "Third Party Settlements"), and this Order.

5.     These coordinated Actions have been pending since the first of the constituent actions were filed in 2004. The Stipulation and the Third Party Settlements resolve all of the claims asserted by Plaintiffs and the Class against the Settling Defendants, and pursuant to the

bar orders in the Judgment bars any claims for contribution by or against the Settling Defendants. Permitting the immediate appeal, if taken, of this Order Awarding Fees and Expenses does not result in any duplication of review by an appellate court, because if an appellate court were to vacate the Stipulation or the Third Party Settlements, then the parties may reasonably continue their prosecution or defense of the claims while this Court continues to preside over any other related claims, without a waste of time or judicial resources. If this Order Awarding Fees and Expenses were not immediately appealable, once an appeal were ripe after the conclusion of the entire coordinated litigation, and if the appellate court vacated this Order Awarding Fees and Expenses, then this Court would face re-trying the entire litigation as to the Settling Defendants, wasting judicial resources.

By reason of the finding in the previous paragraph, there is no just reason for delay in the entry of this Order Awarding Fees and Expenses and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED:**

Dated: Baltimore, Maryland
_4/26_____, 2011

_____
J. FREDERICK MOTZ
United States District Judge