## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL 1586 |
| This Document Relates To: The Putnam Subtrack | Civil Action No. 04-MD-15863 Honorable J. Frederick Motz |
| *Shahi, et al. v. Putnam Investments, et al.* | Civil Action No. 04-2605 |

### PUTNAM'S OPPOSITION TO
### PLAINTIFFS' MOTION FOR SUGGESTION TO REMAND

Defendant Putnam U.S. Holdings I, LLC (sued herein as "Putnam Investments") submits this Memorandum of Law in opposition to Plaintiffs' motion requesting a suggestion for remand of their tag-along action from this Court to the District of Vermont.

The motion should be denied. By seeking to litigate the pretrial phase of their market timing case in a court that has no familiarity with such cases, Plaintiffs are attempting to undercut the basic purpose of the MDL process -- ensuring consistent and efficient treatment of related cases.

Plaintiffs' principal argument, that remand is appropriate in light of the passage of time, is groundless. The Putnam subtrack has proceeded efficiently and has culminated, following extensive discovery and summary judgment rulings in Putnam's favor, in a class settlement. All of the activities in the Putnam subtrack were matters of public record and Plaintiffs were free to participate in them as they saw fit. Moreover, <u>after Plaintiffs opted out of Putnam's class settlement in 2010, they did nothing to prosecute their case</u>. Having elected not to participate in any of the earlier proceedings in the Putnam subtrack, or to initiate activity in

their case after the class settlement was finalized more than two years ago, Plaintiffs should not be heard to complain about the passage of time.  Now that Plaintiffs apparently intend to pursue their case, the most efficient way to proceed is under this Court's continued MDL oversight.

**I.      BACKGROUND**

    **A.      This MDL**

The Putnam subtrack of this MDL initially encompassed more than seventy of the more than 300 civil actions that were filed against various families of mutual funds.  All of the actions in this subtrack alleged Putnam to be liable for violations of federal and/or state securities laws and other state statutes, or at common law for allowing or failing to prevent market timing activity in Putnam mutual funds.

On February 20, 2004, the JPML issued its Transfer Order transferring ninety-six actions against six mutual fund families to the District of Maryland.  *In re Mut. Fund Inv. Litig.*, 310 F. Supp. 2d 1359 (J.P.M.L. 2004).  In ordering the transfer of actions against different mutual fund families to the same district, the Panel explained that the cases presented a prototypical opportunity for MDL treatment:

> [A]ll actions in these seven dockets involve common questions of fact concerning allegations of market timing and/or late trading in the mutual fund industry.  Whether the actions be brought by securities holders seeking relief under the federal securities laws or shareholders suing derivatively on behalf of the involved mutual funds, all actions can be expected to focus on similar mutual fund trading practices and procedures with some common defendants and/or witnesses.  Section 1407 centralization of all the actions as one multidistrict docket (MDL-1586) in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Congregating these mutual fund market timing/late trading actions there is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.  Resolution of overlapping issues, concerning similar conduct in the mutual fund industry, will be streamlined.

Id. at 1361 (citation omitted). The JPML subsequently transferred more than 200 additional related actions pending in twenty-two districts against various mutual fund families to the District of Maryland.

### 1. Plaintiffs' Complaint And The JPML's Order Denying Their Motion To Avoid Transfer

On January 27, 2004, Plaintiffs Kaveh S. Shahi and his wife, Leslie S. Shahi, filed an action against Putnam in Windsor Superior Court, Windsor County, State of Vermont. On January 29, 2004, Putnam removed the action to the District of Vermont pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a), on the basis that Plaintiffs' claims create both federal question and diversity jurisdiction. No. 04-23 (D. Vt. Jan. 29, 2004), ECF No. 1. Putnam subsequently noticed the case to the JPML as a related action to the earlier-filed market timing cases against it.

On April 5, 2004, the JPML conditionally transferred this action to this Court as part of CTO-2. MDL No. 1586 (J.P.M.L. April 5, 2004), ECF No. 108. Plaintiffs subsequently moved to vacate the conditional transfer order. MDL No. 1586 (J.P.M.L. May 5, 2004), ECF No. 135.

In an order dated August 6, 2004, the JPML denied Plaintiffs' motion to vacate (as well as a second such motion filed by another plaintiff). MDL No. 1586 (J.P.M.L. Aug. 6, 2004), ECF No. 163. In its order, the JPML rejected Plaintiffs' arguments that their action raised unique claims that should not be heard as part of the Putnam subtrack of this MDL:

> On the basis of the papers filed and hearing session held, the Panel finds that these two actions share sufficient questions of fact with actions in this litigation previously transferred to the District of Maryland. Transfer of these two actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will also serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of

> Maryland was a proper Section 1407 forum for actions arising out of allegations of market timing and/or late trading in the mutual fund industry. *See In re Mutual Funds Investment Litigation,* 310 F. Supp. 2d 1359 (J.P.M.L. 2004).
>
> The *Wayne County* and *Shahi* plaintiffs argue that the presence of unique questions of fact in these actions should produce a different result. We are unpersuaded by this argument. Indeed, we point out that inclusion of these actions in MDL-1586 has the salutary effect of placing all actions involving mutual fund market timing/late trading factual issues before judges in a single district who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re MultiPiece Rim Products Liability Litigation,* 464 F. Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties by streamlining the litigation taken as a whole.

Id. at 1-2.

### B.   **This Court Has Presided Over The Putnam Cases Efficiently**

A summary of the proceedings in the Putnam subtrack of this MDL -- all presided over by this Court -- demonstrates that they have proceeded with maximum efficiency. The Court presided ably over the coordinated pretrial proceedings that resulted in Putnam obtaining dismissal of and/or summary judgment on virtually all of the claims against it, together with a class settlement. The class settlement was reached while an appeal was pending on the summary judgment ruling in Putnam's favor on the investor class plaintiffs' claim. All that remains in the Putnam subtrack are any necessary pretrial activities in this action.

A brief chronology of significant events in the Putnam subtrack follows:

- In 2004, the Court appointed the Ohio Tuition Trust Authority as lead plaintiff under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B).

- In 2005, in a decision in the Janus subtrack that subsequently was applied to the Putnam subtrack and others, the Court dismissed claims against certain broker dealers

for vagueness, dismissed 1933 Securities Act claims for failure to allege sale for less than purchase, dismissed Section 36(b) Investment Company Act claims based on a holding that the statute applies only to compensation, and dismissed Investment Company Act Sections 34(b) and 36(a) claims for lack of a private right of action. *In re Mut. Fund Inv. Litig.*, 384 F. Supp. 2d 845 (D. Md. 2005) (Janus subtrack); No. 04-560 (D. Md. Nov. 3, 2005), ECF No. 22 (applying to Putnam subtrack).

- The Court subsequently entered orders dismissing the claims against certain additional (but not all) of the defendants in the Putnam subtrack. No. 04-560 (D. Md. May 31 and July 7, 2006), ECF Nos. 83 and 94.

- In 2006, the class plaintiffs in the Putnam subtrack filed a second consolidated amended complaint against the Putnam defendants, which alleged among other things that Putnam allowed certain shareholders to engage in market timing trading of shares of Putnam mutual funds. No. 04-560 (D. Md. Aug. 22, 2006), ECF No. 98. The complaint, like the *Shahi* Plaintiffs' complaint in this action, asserted claims under the Securities Exchange Act of 1934 and additional theories. The Shahis' complaint is available at No. 04-23 (D. Vt. Feb. 6, 2004), ECF No. 5.

- Extensive fact and expert discovery ensued. The Putnam defendants produced hundreds of thousands of documents and the class plaintiffs conducted dozens of depositions. In 2008, after the conclusion of discovery, the Putnam defendants moved for summary judgment. No. 04-560 (D. Md. July 2, 2008), ECF No. 219.

- The Court granted summary judgment on most but not all of the class claims, and requested additional briefing on the claims as to which it did not grant summary judgment. No. 04-560 (D. Md. Dec. 30, 2008), ECF No. 262.

- In 2009, the Court granted summary judgment on the remaining class claims.  No. 04-560 (D. Md. May 14, 2009), ECF No. 280.

- In 2010, while the class plaintiffs' appeals of the Court's summary judgment orders were pending before the Fourth Circuit, a class action settlement was entered and approved by the Court.  No. 04-560 (D. Md. Nov. 15, 2010), ECF No. 321.

- After 2010, the Court has focused both on resolving those cases in the Putnam subtrack that had been stayed during the above-described proceedings or that were not concluded as a result of the summary judgment orders and class settlement.  For example, (1) in 2011, the Court entered an order dismissing a putative state law class action originally filed in Madison County, Illinois, No. 04-560 (D. Md. Jan. 19, 2011), ECF No. 326; and (2) in January 2012, the Court entered an order dismissing an action that purported to allege federal derivative claims against Putnam.  No. 04-15863 (D. Md. Jan 6, 2012), ECF No. 3616.

   **C.**     **The *Shahi* Plaintiffs' Motion To The JPML For Remand**

The Court has continued until the present to oversee the conclusion of this MDL proceeding.  On July 18, 2012, the Court entered an order identifying a series of fifty-nine cases, including this one, and stating that "unless counsel show good cause to the contrary within 30 days, the cases below will be administratively closed."  No. 04-15863 (D. Md. July 18, 2012), ECF No. 3621.  All of these cases except this one have been closed or dismissed.  *See* No. 04-15863 (D. Md. Aug. 17, 2012), ECF No. 3622 (administratively closing fifty-seven of the cases); No. 04-2618 (D. Md. July 18, 2012), ECF No. 9 (approving voluntary dismissal of one of the cases).

After receiving the Court's July 18, 2012 administrative order, the Plaintiffs did not contact the Court.  Rather, on August 13, 2012, they filed with the JPML a motion to remand,

without first seeking the suggestion of remand required by the JPML Rule 10.3 (a).[1]  MDL No. 1586 (J.P.M.L. Aug. 13, 2012), ECF No. 253.  Only <u>after</u> that motion was fully briefed before the JPML -- it remains undecided as of this date -- did Plaintiffs file their motion in this Court for a suggestion of remand.  *See* MDL No. 1586 (J.P.M.L.), ECF Nos. 258-266.

## II. ARGUMENT

Plaintiffs' motion for a suggestion for remand is ill-founded and should be summarily denied.

### A. There Is No Basis To Remand This Action

Plaintiffs err in arguing that the reasons for including their case in the MDL no longer apply.  This Court has presided over years of pretrial activities in all of the market timing cases against Putnam.  It is readily apparent that this Court can most efficiently preside over necessary pretrial activities in this action.  Among other things:

- This Court most efficiently can determine the nature and extent of necessary and appropriate pretrial motion practice and discovery (if any), and establish a reasonable schedule;

- This Court most efficiently can preside over Putnam's motion to dismiss all or parts of the complaint, which motion in part will be based on the Court's earlier rulings in the Putnam subtrack;

---

[1]  J.P.M.L. Rule 10.3(a) provides in relevant part (emphasis added):

> <u>Because the Panel is reluctant to order a remand absent the suggestion of the transferee judge, the motion must include:  (i) An affidavit reciting whether the movant has requested a suggestion of remand and the judge's response,</u> whether the parties have completed common discovery and other pretrial proceedings, and whether the parties have complied with all transferee court orders.

7

- This Court most efficiently can preside over any necessary discovery, above and beyond the extensive discovery already conducted in other related cases; and
- This Court most efficiently can address any pretrial dispositive motions, just as it previously ruled on summary judgment motions in the Putnam subtrack.

Any other judge, including a judge in the District of Vermont as proposed by Plaintiffs, would be far less equipped to preside over pretrial activities in this case. Such a judge would face a steep learning curve requiring the assimilation of an extensive amount of information about earlier proceedings and underlying facts -- matters with which this Court is closely familiar. It makes no sense to remand this action to a judge in another district who completely lacks familiarity with the relevant factual and legal considerations. Remanding this case would frustrate the purposes of the MDL process.

The JPML's opinion in *In re Holiday Magic Securities and Antitrust Litigation*, 433 F. Supp. 1125 (J.P.M.L. 1977), is on point. There, the plaintiffs in an action that had been transferred by the JPML for MDL consolidation moved for remand following a class settlement that, together with certain bankruptcy proceedings, resulted in the plaintiffs' action being the only matter that remained to be litigated in the MDL. Like the Plaintiffs here, the plaintiffs in *In re Holiday Magic* who sought remand had opted out of the class settlement. In *In re Holiday Magic*, just as in *Shahi v. Putnam*, "pretrial proceedings [were] not complete." 433 F. Supp. at 1126. Like the Plaintiffs here, the plaintiffs seeking remand in *In re Holiday Magic* argued that "remand is appropriate at this time because [theirs] is the only action in this litigation actively being prosecuted in the transferee district." *Id.* The JPML rejected this argument and held that the plaintiffs had not met their heavy burden to demonstrate that remand was warranted in light of the MDL transferee court's familiarity with the litigation:

> Absent a notice of suggestion of remand from the transferee judge to the Panel, any party advocating remand before the Panel bears a strong burden of persuasion. We rule that movants have not met this burden here and that the motion for remand is premature. Judge Burke has become thoroughly familiar with the issues in this entire litigation and is in the best position to determine the future course of Ward and the non-settling claims in other actions in the transferee district in relation to each other, in relation to the recently affirmed class action settlement, and in relation to the bankruptcy proceedings.

*Id.* The same considerations apply fully here and demonstrate that Plaintiffs' motion should be denied.[2]

Lastly, Putnam's opposition to Plaintiffs' motion is not, as they argue, "tactical" or intended to disadvantage them. Rather, as shown, basic consideration of judicial efficiency and of fairness to the parties and the judiciary militate for continued MDL treatment of this case. Nor will there be any meaningful geographic disadvantage to Plaintiffs by litigating in this Court. The Court can continue to conduct status conferences and hearings by telephone, as it has for many years in this MDL.

### III.   CONCLUSION

For the above reasons, Putnam respectfully requests that the *Shahi* Plaintiffs' motion for a suggestion for remand be summarily denied, without oral argument.

---

[2] The possibility that issues of state law may arise during pretrial activities in this case is not a reason to remand it. This Court is familiar with issues of federal and state law relating to market timing, because the cases in the MDL have included both. Moreover, the JPML has long recognized that the fact that an action involves state law claims is not a reason to exclude it from MDL centralization. *E.g., In re A. H. Robins Co. "Dalkon Shield" IUD Prods. Liab. Lit.*, 438 F. Supp. 942, 943 (J.P.M.L. 1977) ("[I]t is not peculiar for a federal district judge to be faced with applying law of a state other than the one wherein his or her district is located, and thus the presence of foreign state law in multidistrict litigation is of no particular consequence."); *In re Sugar Indus. Antitrust Litig. (E. Coast)*, 471 F. Supp. 1089, 1094 (J.P.M.L. 1979) ("The fact that [the claims involved in the state law action] are brought under state law serves as no impediment to Section 1407 transfer."). Also, even if all federal claims were dismissed, this case will remain in federal court because diversity lies.

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
Tel:  (617) 573-4800
Fax:  (617) 573-4822
Email:  james.carroll@skadden.com

Counsel for Defendant Putnam Investments