IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MUTUAL FUNDS | ) | MDL 1586 |
| INVESTMENT LITIGATION | ) | |
| | ) | Case No. 04-MD-15863-04 |
| This Document Relates To: | ) | (Hon. J. Frederick Motz) |
| *MFS Sub-Track*, | ) | |
|     04-md-15863-04 | ) | |
| | ) | |

**INVESTOR CLASS LEAD PLAINTIFF'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF MOTION FOR APPROVAL OF DISTRIBUTION PLAN**

Dated:  December 20, 2012

Court-appointed Investor Class Lead Plaintiff, the City of Chicago Deferred Compensation Plan ("Lead Plaintiff"), respectfully submits this reply memorandum in further support of its motion for entry of the [Proposed] Order Approving Distribution Plan (the "Distribution Order") in the MFS Sub-Track of MDL-1586 – *In re Mutual Funds Investment Litigation* (the "Action").[1]

## **INTRODUCTION**

On November 13, 2012, Lead Plaintiff filed its Motion for Approval of Distribution Plan (Dkt. No. 3628) (the "Distribution Motion") requesting that the Court enter the proposed Distribution Order which would, among other things, (a) approve the administrative determinations of the Court-approved Claim Administrator, The Garden City Group, Inc. ("GCG"), accepting and rejecting the Proofs of Claim submitted in this Action, and (b) direct the distribution of the settlement proceeds to Authorized Claimants in accordance with the Plan of Allocation previously approved by the Court.  As set forth in the Zuena Declaration filed in support of the Distribution Motion, twenty-eight claimants (out of the more than 270,000 claimants who submitted claims in the case) have an outstanding request for Court-review of the rejection of their claim (the "Contesting Claimants").  Each Contesting Claimant was served with the Distribution Motion papers,[2] and six of these claimants (of which five are related) have submitted a response to the Distribution Motion:  (1) Maxine Davis (Claim No. 1447087; Contested Claim No. 13); (2) B. K. Ring (Claim No. 17128522; Contested Claim No 6); (3) Bobby K. Ring SSB Roth IRA Custodian (Claim No. 18479305; Contested Claim No. 7); (4) Bobby K. Ring SSB IRA Custodian (Claim No. 18479332; Contested

---

[1] All capitalized terms not otherwise defined herein shall have the meanings as ascribed to them in the Declaration of Jason Zuena in Support of Motion for Approval of Distribution Plan filed with the Court on November 13, 2012 (Dkt. Nos. 3628-3, 4) (the "Zuena Declaration" or "Zuena Decl.").

[2] The Contesting Claimants were sent via regular, first-class U.S. mail, a copy of (i) the Distribution Motion, including the proposed Distribution Order attached thereto as Exhibit 1; (ii) Investor Class Lead Plaintiff's Memorandum in Support of Motion for Approval of Distribution Plan (Dkt. No. 3628-2) ("Distribution Memorandum"); (iii) the Zuena Declaration; (iv) that portion of Exhibit B to the Zuena Declaration which relates to their Contested Claim; and (v) the Certificate of Service (Dkt. No. 3628-5).

Claim No. 8); (5) Verna W. Ring c/o B.K. Ring SSB Spousal IRA Custodian (Claim No. 18479196; Contested Claim No. 9); and (6) Verna W. Ring c/o B.K. Ring (Claim No 18479306; Contested Claim No. 10).[3]  As explained below, with the consent of Ms. Davis, GCG has been able to obtain her Class Period year-end shareholding information from MFS, which has allowed GCG to correct Ms. Davis's claim and add it to the list of accepted claims; accordingly, Ms. Davis's request for Court review has been mooted.  However, as discussed below, the five remaining claims filed by Bobby and Verna Ring and/or their retirement accounts (the "Ring Claimants") remain ineligible for payment because they have failed to provide any information showing that they owned any MFS Funds during the Class Period, and therefore GCG has no basis for determining whether, or to what extent, the Ring Claimants are eligible to participate in the Settlements.

As set forth in the Distribution Memorandum at p. 7, n.7 (*see also* Zuena Declaration ¶ 42 at n.12), there are also three claimants who have valid claims but who have recently filed belated objections to the terms of the Plan of Allocation – a plan of allocation that was previously approved and so-ordered by the Court (after notice and hearing) more than two years ago in October 2010.  Each of these three claimants was served with copies of the Distribution Motion papers, and two of them have submitted a response.  First, Ms. Sandra Singer (on behalf of Lucille Sand Decd IRA) (Claim No. 8308577) has filed a response that objects to the Distribution Motion primarily because (in accordance with the Court's prior orders) it would authorize the distribution of payments only to Authorized Claimants whose *pro rata* payment amounts are equal to or greater than $20 minimum payment threshold set forth in the Plan of Allocation.  And second, Mr. Jeff Mitchell (Claim Nos. 05372064 and 07797900) objects to Distribution Motion because he asserts that the formulas set forth in the Court-approved Plan of Allocation which were used to calculate Class Members'

---

[3] Contested Claim Nos. 6 – 10 and the responses to the Distribution Motion submitted with respect to these claims were filed by the same two individuals, namely Bobby R. Ring and Verna W. Ring.

Recognized Claim amounts should be modified.  As explained below, however, after Class Members were given the opportunity in 2010 to object to the terms of the Plan of Allocation (including the $20 minimum payment threshold and the Plan's formulas for calculating Recognized Claims), the Court approved the Plan by Order dated October 25, 2010.  That Order was not only properly entered, it has also been final for more than two years.  Thus, the time for Ms. Singer and Mr. Mitchell to object to the Plan of Allocation has long since passed, and Lead Plaintiff requests that the Court authorize the distribution of the MFS settlement proceeds in accordance with the previously approved Plan of Allocation.

The responses to the Distribution Motion submitted by Ms. Davis, the Ring Claimants, Ms. Singer and Mr. Mitchell are addressed below.

## THE RESPONSES RECEIVED FROM CLASS MEMBERS TO THE DISTRIBUTION MOTION

### I.   Maxine Davis (Claim No. 1447087; Contested Claim No. 13)

As set forth below, Lead Plaintiff respectfully submits that this contested claim is now moot.

Ms. Davis's claim was initially recommended for rejection by the Court because she failed to provide any information concerning her ownership of MFS Funds during the Class Period.  *See* Zuena Declaration at Exhibit B.  In response to the Distribution Motion, Ms. Davis submitted a letter to the Court and to Lead Counsel (*see* Exhibit 1 to the accompanying Declaration of John J. Mills (the "Mills Declaration")), in which she explained that she did not receive GCG's prior correspondence regarding her claim until shortly before the filing of the Distribution Motion and her efforts to obtain her shareholding information from the MFS toll-free hotline had been unsuccessful.[4]

---

[4] In an attempt to assist Ms. Davis with her claim, GCG mailed a personalized letter to Ms. Davis on March 9, 2012 which explained to Ms. Davis that she might be able to acquire the information and documentation necessary to substantiate her claim by contacting the MFS toll-free hotline provided in the letter.  *See* Zuena Decl. Exh. B, 13-14.  As of the filing of the Distribution Motion, GCG had not received a response to its March 9, 2012 letter, and GCG's further efforts to reach out to Ms. Davis by telephone had been unsuccessful

With the consent of Ms. Davis, GCG has obtained from MFS a statement of Ms. Davis's MFS shareholding balances evidencing her Class Period year-end holdings of MFS Funds. *See* Supplemental Declaration of Jason Zuena in Further Support of Motion for Approval of Distribution Plan (the "Supplemental Zuena Declaration" or "Supplemental Zuena Decl."), filed herewith, at ¶ 2. Using this information, GCG has appropriately updated Ms. Davis's claim on her behalf, and now recommends that her claim (Claim Number 1447087) be removed from the list of Rejected Claims (attached as Exhibit C-3 to the Zuena Declaration) and that it instead be added to the list of Timely Eligible Claims (attached as Exhibit C-1 to the Zuena Declaration). *Id.*[5]

## II.     The Ring Claimants (Claim N. 17128522; Contested Claim No. 6); (Claim No. 18479305; Contested Claim No 7); (Claim No. 18479332; Contested Claim No. 8); (Claim No. 18479196; Contested Claim No. 9); and (Claim No. 18479306; Contested Claim No. 10)

GCG has recommended that the claims filed by Mr. and Mrs. Ring be rejected by the Court because these claimants have failed to provide any information concerning their ownership of MFS Funds during the Class Period. *See* Zuena Declaration at Exhibit B. The Ring Claimants appear to be "Indirect Investors" who held their shares through their brokers, rather than "Direct Investors" who held their shares directly through MFS. Accordingly, as GCG has explained to Mr. Ring in numerous telephone conversations prior to the filing of the Distribution Motion, neither GCG nor MFS has access to the claimants' financial information that would be necessary to complete their claims and make them eligible to share in the distribution of the settlement proceeds. *See* Exh. B to Zuena Declaration, at 10-11.

---

(Ms. Davis did not provide a telephone number with her submission and GCG was unable to locate a working phone number for her prior to the filing of the Distribution Motion). *Id.*

[5] Although Ms. Davis has a valid Recognized Claim amount of $10.16, because her estimated *pro rata* payment amount is less than the $20 minimum payment threshold, Lead Counsel has advised Ms. Davis that she is not eligible to receive a payment from the settlement proceeds under the terms of the Court-approved Plan of Allocation. *See* Supplemental Zuena Declaration ¶ 2, n.2.

In response to the Distribution Motion, Mr. and Mrs. Ring submitted a letter to the Court

(copy attached as Exhibit 2 to the Mills Declaration) stating that their documentation was destroyed

in a flood in 2004 and that their attempts to obtain their MFS shareholding information from

multiple brokerage firms has "failed to garner any cooperation or results."[6]  Unfortunately, in

circumstances where claimants are unable to provide any information regarding their MFS Fund

shareholdings during the Class Period, GCG must reject the claims submitted because GCG has no

basis for determining whether, or to what extent, the claimants can participate in the Settlements.

Accordingly, it is respectfully requested that the Court approve GCG's administrative determinations

rejecting the claims submitted by Mr. and Mrs. Ring.

## III.    Sandra Singer (Claim No. 8308577)

As previously set forth in the Distribution Motion papers, Ms. Singer (on behalf of Lucille

Sand Decd IRA) has filed a valid claim in this Action (Claim No. 8308577).[7]  As shown by GCG's

detailed claim analysis attached as Exhibit C to the Supplemental Zuena Declaration (which Lead

Counsel sent to Ms. Singer on November 12, 2012), under the Court-approved Plan of Allocation

Ms. Singer's claim results in a Recognized Claim of $17.11, which converts on a *pro rata* basis to a

putative payment amount of approximately $9.[8]  *See* Zuena Supplemental Decl. ¶¶ 6-7.  Ms. Singer's

---

[6] The Rings' letter attaches a bill for remediation of water damage to their basement that they state destroyed their documents.   Mr. and Mrs. Ring had also previously informed GCG prior to the filing of the Distribution Motion that their shareholding information had been destroyed by the 2004 flood in their home.

[7] A copy of Ms. Singer's Online Claim Confirmation (which has been redacted to protect the claimant's personal information) is attached as Exhibit B to the Supplemental Zuena Declaration.

[8] As set forth in ¶O on pages 9-10 of the Long-Form Notice (copy attached to the Mills Declaration as Exhibit 11), and as shown by Ms. Singer's detailed claim calculation (attached as Exhibit C to the Supplemental Zuena Declaration), an Authorized Claimant's "Recognized Claim" is calculated under the Plan of Allocation by multiplying the average number of shares of the MFS Funds held by the claimant during each of the five "Intervals" during the Class Period by the applicable "Alleged Dilution Losses Per Share" (as set forth on Table A on page 11 of the Long-Form Notice).   Under the Plan of Allocation, each Authorized Claimant's *pro rata* share of the settlement proceeds is determined by dividing the claimant's Recognized Claim by the total of all Recognized Claims of all Authorized Claimants, multiplied by the total amount available distribution.  *See* Long-Form Notice, page 10, ¶ P.  Based on an estimated distributable amount of $59 million

5

claim is thus not eligible for payment because her putative payment amount is less than the $20

minimum payment threshold provided for in the Court-approved Plan of Allocation.

Ms. Singer has submitted an objection to the Distribution Motion (copy attached as Mills

Decl. Exh. 3) that opposes the motion on several grounds.  However, the crux of her objection is her

opposition to the Court-approved $20 minimum payment threshold, which precludes her from

receiving payment from the MFS settlement proceeds.[9]

As set forth in Plaintiff's final approval papers filed in support of the Plan of Allocation back

in 2010 (*see* Dkt. No. 3491 at 12-13), minimum payment thresholds are common in class action

settlements because they prevent the settlement fund from being depleting by the administrative

costs of paying out very small claims.  *See, e.g., In re Merrill Lynch & Co. Research Reports Sec.*

*Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 4526593, at *12 (S.D.N.Y. Dec. 20, 2007) (approving

and a total Recognized Claim amount of approximately $106.6 million, each Authorized Claimant will receive approximately 55% of his, her or its Recognized Claim amount from the distribution of the MFS settlement proceeds, subject to the $20 minimum payment amount set forth in the Plan of Allocation.

[9] In her submission, Ms. Singer also objects to the following aspects of the Distribution Motion:  (i) the mechanism for the re-distribution of the settlement proceeds remaining after the Initial Distribution (proposed Distribution Order, ¶ 3(f)), (ii) the deadline for Authorized Claimants to cash their Distribution checks (proposed Distribution Order, ¶ 3(d)); (iii) the release of claims related to the claims administration process (proposed Distribution Order, ¶ 3(g)); and (iv) GCG's requested fees and expenses (proposed Distribution Order, ¶ 3(i)). [In addition, Ms. Singer also raises issues completely unrelated to the Distribution Motion, such as her objection to Plaintiffs' Counsel's application for an award of attorneys' fees and expenses, which the Court already considered and ruled on back in October 2010, and claims related to Massachusetts G.L. ch. 93A.]  Like the $20 minimum payment provision, the mechanism for the re-distribution of the settlement proceeds and the deadline for Authorized Claimants to cash their Distribution checks were established by (and plainly disclosed in) the Court-approved Plan of Allocation.  *See* Long-Form Notice, page 10, ¶ Q. Accordingly, Lead Plaintiff's Distribution Motion simply seeks approval for a distribution of the MFS settlement proceeds that is fully consistent with previously approved provisions of the Plan of Allocation. Furthermore, as set forth in the Distribution Memorandum, to allow for the full and final distribution of the MFS settlement proceeds, it is necessary to bar any further claims against the Net Settlement Fund and the OAG/Canary Fund beyond the amounts allocated to Authorized Claimants, and to release all persons involved in the claims administration process (such as Plaintiffs' Counsel and GCG) from any claims arising out of such involvement.  *See* Distribution Memorandum at 13-14; *see also* similar orders approving distribution plan entered by this Court in the Pilgrim Baxter Sub-Track (Case No. 1:04-cv-00882-JFM, Dkt. No. 24, ¶ 3(g)) and Invesco Sub-Track (Case No. 1:04-md-15864-JFM, Dkt. No. 1115, ¶ 3(g)) (approving release of such claims).  Finally, although Ms. Singer states that GCG's fees and expenses are "excessive," she has provided no evidence that the costs incurred by GCG to provide notice to the Class or to administer the claims process herein were anything other than necessary and appropriate.

$50 minimum distribution amount and noting that "courts have approved minimum payouts in class action settlements in order to foster the efficient administration of the settlement."); *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1268 (D. Kan. 2006) ($25 minimum approved).   In this case in particular, where more than 222,600 eligible claims were filed by members of the Settlement Class, it was appropriate to establish a reasonable minimum payment threshold to avoid the expenses associated with paying out tens of thousands of claims with relatively small values.   For this reason, the proposed Plan of Allocation properly provided for a $20 minimum payment threshold.

On October 25, 2010 – after Class Members were provided with notice of the terms of the proposed Plan of Allocation and the opportunity to object to the $20 minimum payment threshold (and any other aspect of the Plan)[10] – the Court entered its Order Approving the Plan of Allocation in the MFS Sub-Track.   That October 2010 Order was properly entered – over an objection that raised the same issue that Ms. Singer now seeks to re-litigate – and that Order has been final for more than two years.[11]   Thus, the opportunity for Ms. Singer to object to the $20 cut-off for payment (or to any of the other terms of the Plan of Allocation) has long passed.[12]   Accordingly, the Court should reject

---

[10] In accordance with the Court-approved notice procedures, the full terms of the proposed Plan of Allocation were set forth in the Long-Form Notice, which has been publicly available on the Settlement Website since June 30, 2010.  Given that Ms. Singer filed her claim through the Settlement Website using the on-line claim filing procedures, Ms. Singer clearly had access to (and in fact visited) the Settlement Website, and was able to review and download the Long-Form Notice which contained the full terms of the Plan of Allocation.

[11] In response to the Notices that were issued in the summer of 2010, the *only* objection to the Plan of Allocation in the MFS Sub-Track (submitted by a Mr. Theodore Bechtold) also specifically opposed the Plan's $20 minimum payment threshold provision.  Accordingly, the $20 minimum payment issue is one that the Court presumably already fully considered back in 2010.  Ms. Singer, in her recent submission, attempts to downplay the significance of this Court's prior consideration of this very issue by suggesting that John Mills, Esq., of Bernstein Litowitz Berger & Grossmann LLP violated Fed. R. Civ. P. Rule 11 in connection with Lead Plaintiff's October 6, 2010 reply papers addressing Mr. Bechtold's objection on this issue.  *See* Plaintiffs' Suppl. Memorandum of Law in Further Support of Final Approval of Proposed Settlements [and] Plan of Allocation of Settlement Proceeds in the MFS Sub-Track, filed October 6, 2010 (Dkt. No. 3491 at 9-13).  Pursuant to Local Rule 105(8)(b) of the District of Maryland, Lead Counsel will not respond to Ms. Singer's meritless suggestion of a Rule 11 violation unless requested by the Court.

[12] It should be stressed that all Class Members have been able to review the terms of the Plan of Allocation since it was made publicly available in the summer of 2010.  When Ms. Singer requested an update on the

Ms. Singer's objection to the Distribution Motion and enter the proposed Order Approving

Distribution Plan, which directs the Claim Administrator to distribute the settlement proceeds in

accordance with the Plan of Allocation that was previously approved by the Court in October 2010.[13]

## IV.    Jeff Mitchell (Claim Nos. 05372064 and 07797900)

As set forth in Distribution Motion papers filed with the Court on November 13, 2012, Mr.

Mitchell has filed two valid claims in this Action (Claim Nos. 05372064 and 07797900).[14]   As

shown in GCG's detailed claim analysis (attached as Exhibit E to the Supplemental Zuena

Declaration, which Lead Counsel sent to Mr. Mitchell on September 4, 2012), under the Court-

approved Plan of Allocation Mr. Mitchell's two claims each result in a Recognized Claim of $0.82,

---

status of the claims administration process in this case (on October 2, 2012), GCG reviewed her file and advised her that, based on the small size of her "Recognized Claim" amount, she would not be eligible to receive a distribution because her "payment" amount would be less than the $20 minimum payment threshold under the Plan of Allocation. Although Ms. Singer complains that she was not told earlier that her claim was too small to be entitled to a payment under the Plan of Allocation, per standard claims processing procedures, GCG does not provide class members with this information until late in the claims administration process, because until the claims administration process is nearly complete one cannot calculate the expected *pro rata* payment amount.  (Under the Plan of Allocation, claimants' expected "payment" amounts are calculated by comparing their Recognized Claim against the *total* Recognized Claims of *all* Authorized Claimants, and thus cannot be estimated with any precision until the claims of all claimants have been reviewed and processed). However, the formula for calculating claimants' "Recognized Claim" amounts, the method of determining "payment" amounts, the $20 minimum payment threshold, and all other aspects of the Plan Allocation have *all* been publicly available since the summer of 2010 – and indeed were only approved by the Court in October 2010 after full compliance with the notice and hearing provisions of Rule 23.  Ms. Singer's objections, which go to the terms of the Court-approved Plan of Allocation, are thus plainly untimely regardless of when she learned what the *result* of the claims administration process would be in her particular case.

[13] If the Court enters the proposed Distribution Order, GCG estimates that 109,700 Authorized Claimants (of which roughly 850 are "omnibus account" claimants that incorporate claims of untold hundreds or thousands of persons who hold through a common "omnibus" account) will be eligible for payment and approximately 112,800 will fall under the $20.00 cut-off of payment.  *See* Supplemental Zuena Decl. ¶ 6, n.5.  Once the Distribution Order is entered by the Court, Lead Counsel will direct GCG to post a notice on top of the Settlement Website reminding Authorized Claimants that, pursuant to the Plan of Allocation previously approved by the Court, they will not receive a payment from the MFS Settlements if their *pro rata* distribution amount is less than the $20 cut-off for payment.

[14] Both of Mr. Mitchell's claims were actually filed by his wife, Wanda Mitchell, on behalf of their daughters' accounts, each of which held 66 shares of the MFS Massachusetts Investor Trust fund during the Class Period.  Copies of the Claim Forms submitted by Ms. Mitchell are attached to the Supplemental Zuena Declaration as Exhibit D (redacted to remove all personal information such as the claimant's street address and social security number).

resulting in a *pro rata* putative payment amount of approximately $0.45 for each claim.  *See* Zuena Supplemental Decl. ¶ 9.  Accordingly, neither of Mr. Mitchell's claims is eligible for payment from the MFS settlement proceeds because the payment amount for each claim falls under the Plan of Allocation's $20 minimum payment threshold.

However, despite the fact that his total calculated *pro rata* payment amount from the MFS Settlements is approximately $0.90, or $0.45 for each claim – and hence well under the Court-approved $20 threshold – Mr. Mitchell has submitted an objection to the Distribution Motion (copy attached as Exhibit 5 to the Mills Declaration) which asserts that he is entitled to a payment of $80.76 from the MFS settlement proceeds (or $40.38 for each claim he has submitted here).  In short, Mr. Mitchell claims that he has discovered an error in the formulas set forth in the Court-approved Plan of Allocation that have been used to calculate Class Members' Recognized Claim amounts.  Specifically, Mr. Mitchell claims that one of the "Alleged Dilution Losses Per Share" amounts set forth in Table A of the Long-Form Notice – which were calculated and verified by Lead Plaintiff's outside damages expert based on the expert's independent analysis of relevant data – were incorrectly calculated.

However, Mr. Mitchell neither disputes the calculation of his claim under the formulas set forth in the Court-approved Plan of Allocation, nor does he provide ***any*** factual evidence to support his claim that any formulas were incorrectly calculated or that he is otherwise entitled to a payment of $40.38 for each of his claims filed in this matter.  It is also respectfully submitted that the absence of any objections other than from Mr. Mitchell to the formulas (including the "Alleged Dilution Losses Per Share" figures) that Lead Plaintiff's expert calculated provides further compelling evidence that Lead Plaintiff's expert's damages formulas were (and continue to be) entirely reasonable, fair and appropriate.

Moreover, Mr. Mitchell also ignores the fact that, after notice and an opportunity to object were provided to the Class, the formulas for the calculation of Recognized Claim amounts (including the "Dilution Loss" figures that he now disputes) – and all other aspects of the Plan of Allocation – were approved by the Court in October 2010.  The Order approving the Plan of Allocation is now final.[15]  Thus, to the extent that alternative formulas for the calculation of Recognized Claim amounts might exist, the time for Mr. Mitchell to propose them expired over two years ago.

Accordingly, the Court should reject Mr. Mitchell's objections.

## CONCLUSION

For the foregoing reasons as well as for all of the reasons set forth in its opening papers in support of its motion, Lead Plaintiff respectfully requests that its Motion for Approval of Distribution Plan be approved, and that the [Proposed] Order Approving Distribution Plan be entered.

Dated:  December 20, 2012                              Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

___/s/ *William C. Fredericks*_____
William C. Fredericks
John J. Mills
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

***Lead Counsel for the Investor Class Lead Plaintiff and the Investor Class***

#692174

---

[15] Mr. Mitchell has ignored Lead Counsel's repeated attempts to explain to him that the terms of the Plan of Allocation have already been approved by the Court, and that his claims are not eligible for payment because they fall well below the $20 minimum payment threshold.  Indeed, prior to the filing of the Distribution Motion, Lead Counsel not only had multiple telephone conversations with Mr. Mitchell, but also  sent him four detailed emails (copies attached as Exhibits 6 – 9 to the Mills Declaration) to try to explain why he was not entitled to a payment under the Court-approved Plan of Allocation.