### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | ) **MDL-1586** ) ) **Case No. 04-md-15863** ) |
| Columbia sub-track | ) |

## [Proposed] CLASS DISTRIBUTION ORDER

**WHEREAS**, on October 25, 2010, this Court entered an Order and Final Judgment with the Settling Defendants in the Columbia Sub-Track approving the terms and conditions of the Stipulation of Settlement with the Columbia Defendants and Defendant Bank of America, dated and executed as of September 14, 2007 and the Severed Agreements and Stipulations of Settlement with, respectively, the Bear Stearns Defendants, the Canary Defendants, and the Security Brokerage Parties (the "Stipulations"), collectively as being fair, reasonable, and adequate for the settlement of all claims asserted by the Plaintiffs against the Settling Defendants in the Columbia sub-track in MDL-1586; and

**WHEREAS**, on October 25, 2010, this Court entered an Order Approving Plan of Distribution in the Columbia Sub-Track, which among other things approved the Plan of Allocation of Net Settlement Funds (the "Plan of Allocation"), as set forth starting on page 8 of the printed Long-Form Notice of Pendency and Proposed Settlements of Class and Derivative Actions, Motion for Attorneys' Fees and Expenses, and Settlement Hearing provided to Class members herein, and directed the Settlement Administrator to utilize the Plan of Distribution as the basis for calculating and paying the amounts to be distributed to Class Members; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulations and the Plan of Allocation; and

**WHEREAS**, this Court has retained exclusive jurisdiction over the Settling Parties and the Class Members for all matters relating to the Columbia sub-track in MDL-1586, including the administration, interpretation, effectuation and enforcement of the Stipulations and the Order and Final Judgment.

**NOW, THEREFORE**, upon reading and filing the Plaintiffs' Motion, the Affidavit of Elizabeth K. Nelson in Support of Motion for Distribution of Settlement Proceeds in the Columbia Sub-Track (the "Nelson Affidavit") of Rust Consulting, Inc. ("Rust"), and the accompanying Memorandum of Law, and upon all prior proceedings herein and after due deliberation, and all initial capitalized terms used but not otherwise defined herein having the meanings ascribed to them in the Stipulations and Plan of Distribution; it is hereby

**ORDERED**, that the administrative determinations of the Settlement Administrator accepting and rejecting Claims from data provided by Columbia Defendants for those Class Members who invested in Columbia Mutual Funds through direct Columbia Funds Services, Inc. retail accounts, from "hard-copy" Proof of Claim forms from those Class Members who invested in Columbia Mutual Funds through brokers or other intermediaries, and from Electronically Filed Claims from banks, nominees, or other representatives on behalf of their customers or clients, as described in the Nelson Affidavit, are APPROVED; and it is further

**ORDERED**, that the administrative determinations of the Settlement Administrator calculating the Recognized Claims for the Class Members whose Claims were accepted, as described in the Nelson Affidavit, are APPROVED; and it is further

**ORDERED**, that the administrative determinations of the Settlement Administrator REJECTING all other Claims be approved, and said claims are hereby REJECTED; and it is further

2

**ORDERED**, that in accordance with the Court-approved Plan of Allocation, the balance of the Settlement Funds, after payment of court-approved attorneys' fees and litigation expenses (the "Net Settlement Funds"), will be split into a component for the Columbia Mutual Funds and a component for Class Members (the "Class Settlement Funds") and the Class Settlement Funds and the OAG/Canary Fund shall be distributed to the Class Members whose Recognized Claim amounts, as calculated by the Settlement Administrator and as described in the Nelson Affidavit, would, when comparing the total of all Class Members' Recognized Claims to the Class Settlement Funds and the OAG/Canary Fund available for distribution, entitle them to receive at least $10.00 on a *pro rata* basis; and it is further

**ORDERED**, that as provided in the Plan of Allocation, no payment shall be made to any Class Member whose Recognized Claim amounts, as calculated by the Settlement Administrator and as described in the Nelson Affidavit, would, when comparing the total of all Class Members' Recognized Claims to the Class Settlement Funds and the OAG/Canary Fund available for distribution, entitle them to receive less than $10.00 on a *pro rata* basis; and it is further

**ORDERED**, that the payments to be distributed to the Class Members shall bear the notation ""CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION TO OTHERS IF NOT CASHED BY [DATE 180 DAYS AFTER ISSUE DATE]." Lead Class Counsel and the Settlement Administrator are authorized to take appropriate action to locate and or contact any Class Member who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such Class Members shall be payable from the unclaimed/un-cashed monies remaining in the Class Settlement Funds; and it is further

3

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after the initial distribution of the Class Settlement Funds by the Settlement Administrator, any funds remain by reason of un-cashed distributions or otherwise, then, after the Settlement Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Class Settlement Funds cash their distributions, any balance remaining in the Class Settlement Funds one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Class Settlement Funds for such re-distribution.  If six months after such re-distribution, $25,000 or more shall remain in the Class Settlement Funds, a second re-distribution shall be made to Class Members who have cashed their re-distributions and who would receive at least $10.00 from such second re-distribution, after payment of any unpaid costs or fees incurred in administering the Class Settlement Funds for such second re-distribution.  If six months after the first re-distribution less than $25,000 shall remain in the Class Settlement Funds, or if there has been a second re-distribution, six months after the second re-distribution, any funds still remain in the Class Settlement Funds, then such balance shall be distributed to the Columbia Mutual Funds in accordance with a plan of allocation to be reasonably determined by Lead Fund Derivative Counsel in consultation with counsel for the then-current trustees of the Columbia Funds family of mutual funds; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the data and claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds are released and discharged

4

from any and all claims arising out of such involvement, and all Class Members, whether or not

they are to receive payment from the Class Settlement Funds are barred from making any further

claim against the Class Settlement Funds or the released persons beyond the amount allocated to

them pursuant to this Order, and it is further

    **ORDERED**, that the Settlement Administrator is hereby authorized to destroy paper

copies and electronic copies of the Claims and all supporting documentation three (3) years after

distribution of the Class Settlement Funds and OAG/Canary Fund; and it is further

    **ORDERED**, that this Court retain jurisdiction over any further application or matter

which may arise in connection with this Action; and it is further

    **ORDERED**, that no claim submitted, and no deficient claim corrected, after June 15,

2013 may be accepted for any reason whatsoever.

Dated: Baltimore, Maryland               **BY THE COURT:**
    _____, 2013

                                        _____
                                        J. Frederick Motz
                                        United States District Judge