IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | *<br>*<br>*   MDL No. 04-MD-15863<br>* |
| IN RE PUTNAM SUBTRACK<br>SHAHI, ET AL. V. PUTNAM INVESTMENT | *   Civil No. JFM-04-2605<br>*<br>* |

******

MEMORANDUM

This action is the sole remaining case in this MDL proceeding. It is brought against Putnam U.S. Holdings I, LLC, named in the complaint as "Putnam Investments." Plaintiffs have declined to dismiss the action despite the fact that previously in the MDL proceeding I have ruled in favor of Putnam. In August 2013, I entered a Memorandum and Order in this action holding that the Complaint failed to meet pleading standards but giving plaintiffs an opportunity to amend the complaint if they chose to do so. I warned plaintiffs that if they "seek to assert viable claims under federal securities laws, they will need to allege facts and/or legal arguments beyond those alleged by the MDL plaintiffs."

Plaintiffs have not done so. Rather, they argue that (1) as to their claim under Rule 10b-5, the fact that I previously denied a motion to dismiss filed by Putnam, *see In Re Mutual Funds Investment Litig.*, 384 F. Supp. 2d 845 (D. Md. 2005) means that I must dismiss Putnam's present motion, and (2) as to their claim under the Securities Act, they are entitled to rescission.

None of plaintiffs' arguments are correct. As to the claim under Rule 10b-5, plaintiffs are correct that I previously ruled against Putnam. However, the Judicial Panel on Multidistrict Litigation transferred this action to the District of Maryland for the resolution of pretrial

proceedings, and I eventually granted summary judgment in favor of Putnam. All plaintiffs, including the plaintiffs in this action, were ably represented by counsel in the conducting of discovery and the filing of summary judgment motions in the MDL proceeding. To now deny Putnam's motion to dismiss, without requiring plaintiffs to plead facts that were not alleged in the complaint filed in the MDL proceeding, would be to undermine the MDL process by permitting these plaintiffs to relitigate the same pretrial issues that have already been litigated in the MDL proceeding.[1]

Plaintiffs' claims under the Securities Act and Vermont law likewise fail. Even though plaintiffs are apparently seeking only rescission, not damages, they have made no allegations removing this case from the ambit of my prior rulings that they cannot prove they suffered any loss - an element of their claims, *see In Re Mutual Funds Investment Litig.,* 384 F. Supp. 2d 866-67 (D. Md. 2005); *Saunders v. Putnam Am. Gov't Income Fund*, No. 04-560, 2005 WL 4147187 (D. Md. November 3, 2005).

A separate order granting Putnam's motion and dismissing this action is being entered herewith.

Date:   November 27, 2013        /s/
                                 J. Frederick Motz
                                 United States District Judge

---

[1] Alternatively, if I were to deny Putnam's motion to dismiss, I would enter summary judgment on its behalf in light of the record that was established in the MDL proceeding.